*Dennis Rollins*
NAME
*9925708*
PRISON IDENTIFICATION/BOOKING NO.
*441 Bauchet St. Los Angeles*
ADDRESS OR PLACE OF CONFINEMENT
*CA. 90012.*

Note:     If represented by an attorney, provide name, address & telephone
number. *It is your responsibility to notify the Clerk of Court in
writing of any change of address.*

FEE DUE

FILED
CLERK, U.S. DISTRICT COURT

NOV – 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY     MAD     DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*Dennis Rollins*
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

*Superior Court of*
NAME OF WARDEN, (or other authorized person having custody of
petitioner) *Los Angeles.*

Respondent.

CASE NUMBER:

CV  *2:08-CV-7300-RSW (JWS)*
To be supplied by the Clerk of the United States District Court

CR  *BA328441*
Criminal case under which sentence was imposed.

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY
### (28 U.S.C § 2241)

## INSTRUCTIONS - READ CAREFULLY

This petition shall be legibly handwritten or typewritten, signed by *the petitioner, under penalty* of perjury. You must set forth CONCISELY the answer to each question in the proper space on the form. Any false statement of *a material* fact may serve as the basis for prosecution and conviction for perjury.

You must not attach separate pages to this petition except that ONE separate additional page is permitted in answering Question No.9.

Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

If you are seeking leave to proceed *in forma pauperis* (without paying the $5.00 filing fee and other court costs), then you must also execute the declaration on the last page, setting forth information which establishes your inability to pay the fees and costs of the proceedings or to give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $25.00, you must pay the filing fee as required by the rule of the district court.

When the petition is completed, the original and 3 copies, must be mailed to the Clerk of the United States District Court for the Central District of California, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, Attention: Intake/Docket Section.

Only one sentence, conviction or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petitions.

FILED
CLERK, U.S. DISTRICT COURT

OCT 3 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY     MAD     DEPUTY

CV-69 (12/03)

PLEASE COMPLETE THE FOLLOWING: (*Check appropriate number*)

This petition concerns:
1. ☐ a conviction.
2. ☐ a sentence.
3. ☐ jail or prison conditions.
4. ☐ prison discipline.
5. ☐ a parole problem.
6. ☑ other.

## PETITION

1. Place of detention _Men's Central County Jail, Los Angeles._

2. Name and location of court which imposed sentence _210 West Temple Street_
_Los Angeles CA. 90012._

3. The indictment number or numbers (if known) upon which, and the offense or offenses for which, sentence was imposed:
   a. _Fundamental Rights Violation_
   b. _Penal Codes §§ 999A, 1237, 1466, 118, 127, 166, 1331._
   c. _CCP § 904.1,_

4. The date upon which sentence was imposed and the terms of the sentence:
   a. _____
   b. _____
   c. _____

5. Check whether a finding of guilty was made:
   a. ☐ After a plea of guilty
   b. ☐ After a plea of not guilty
   c. ☐ After a plea of nolo contendere

6. If you were found guilty after a plea of not guilty, check whether that finding was made by:
   a. ☐ a jury
   b. ☐ a judge without a jury

7. Did you appeal from the judgment of conviction or the imposition of sentence? ☐ Yes ☐ No

8. If you did appeal, give the following information for each appeal:

   **CAUTION:** *If you are attacking a sentence imposed under a federal judgment, you must first file a direct appeal or motion under 28 U.S.C. §2255 in the federal court which entered the judgment.*

   a. (1) Name of court _Second Appellate District_
      (2) Result _denied without opinion_
      (3) Date of result _Feb 14, 2008_
      (4) Citation or number of opinion _B205127_

(5) Grounds raised (*list each*):

(a) _Constitution due process_

(b) _Right to Cross-examine Witness_

(c) _Perjury and insubordination of perjury_

(d) _Unconstitutional and invalid prior_

b. (1) Name of court _Supreme Court_

(2) Result _did not receive a denial or Opinion_

(3) Date of result _Aug. 7, 2008._

(4) Citation or number of opinion _S159958, S161428_

(5) Grounds raised (*list each*):

(a) _Constitution due process_

(b) _Right to Cross-examine Witness_

(c) _Perjury and insubordination of perjury._

(d) _Unconstitutional and invalid prior_

9. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a SINGLE page only behind this page.

**CAUTION:** *If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions in support of your grounds. A rule of thumb to follow is - who did exactly what to violate your rights at what time and place.*

a. Ground one: _Denied Continuance - Substantial Rights violation._

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _Sept. 17, 07 preliminary hearing transcripts page 1 lines 22 thru page 2 lines 1-5. Oct. 24, 07 page 1 lines 24 thru page 2, 3, 4. Plaintiff petitioner did not receive his pro. per. status in which to properly prepare for the preliminary hearing, petitioners request was necessary to prepare a meritous defense._

b. Ground two: _Denied Right to Confront witnesses, M.O. Talbott and Dias, (officers) and Jesus Torres._

Supporting FACTS (tell your story BRIEFLY without citing cases or law): _Oct. 26, 07 preliminary H.T. page 6 line 5-27, page 18 lines 9-28 thru page 19 lines 1-6. petitioner asked to Cross examine the police officer and was denied without consideration of his circumstances. No ability to Subpoena witnesses, or file motions, research right to use of prior misdemeanor, etc._

Contempt - Right to compulsory process

c. Ground three:

Supporting FACTS (tell your story BRIEFLY without citing cases or law): Sept. 17, 2007 preliminary H.T. page 3 Line 6, 7. and Lines 21-25. Oct. 24, 2007 Lines 27 thru page 2 Lines 1-5. Oct. 26, 07 page 6 Line 15-27 petitioner States: Witness Sanchez was present at the Sept 17, 07 hearing but didn't volunteer to be a Witness. Mr Torres violated a Cant order by refusing to give his testimony, perjury testimony under Oath. False Representation)

d. Ground four: perjury testimony, and misdeclaration of perjury and false impersonation,

Supporting FACTS (tell your story BRIEFLY without citing cases or law): Oct. 26, 2007 preliminary H.T. page 10 Line 21- page 22 Line 1. page 9 Line 6-12, page 8 Line 17-20. page 12 Lines 20-28. page 13 Lines 18-22. See also Ex- hibits- A, B, C, D, E, H. petitioner has filed motions against the perjury, but has been ignored by the Cant. prosecution plan at the eleventh hour is to introduce this testimony and the testimony of a witness who has failed to be Submit at trial.

10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or any other applications, petitions or motions with respect to this conviction?   ☑ Yes ☐ No

11. If your answer to Question No. 10 was yes, give the following information:

   a. (1) Name of Court ___Second Appellate district___

      (2) Nature of proceeding ___reconsideration review___

      (3) Grounds raised ___Jan 4, 2008 motion hearing.___
unconstitutional use of prior, Remoteness, Right to con- front witnesses, Right to Continuance, Witness dis- qualified according to EV.C 701 etc.

      (4) Result ___denied with out opinion___

      (5) Date of result ___Feb. 14, 2008.___

      (6) Citation or number of any written opinions or orders entered pursuant to each disposition.
___B 205127.___

b. (1) Name of Court _____ *Superior Court of Los Angeles*

(2) Nature of proceeding _____ *Contempt and perjury.*

(3) Grounds raised _____ *Constitutional Right to Compulsory process and the right to Cross-examination. Disqualification of witness.*

(4) Result _____ *refuse to answer writ.*

(5) Date of result _____ *date submitted July 13, 2008.*

(6) Citation or number of any written opinions or orders entered pursuant to each disposition.

12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

13. Are you presently represented by counsel?  ☐ Yes  ☑ No

If so, provide name, address and telephone number _____

Case name and court _____

14. If you are seeking leave to proceed in forma pauperis, have you completed the declaration setting forth the required information?  ☑ Yes  ☐ No

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding,

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____
                        Date

_____
Signature of Petitioner

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)

CV-27 (02/05)

*Dennis Kollins*

_____
                Petitioner

*Superior Court of Los Angeles*

_____
                Respondent(s)

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

I, _____*Dennis Kollins*_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed? ☐ Yes  ☑ No

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____*SSA*_____

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?     ☐ Yes  ☑ No
   b. Rent payments, interest or dividends?                ☐ Yes  ☑ No
   c. Pensions, annuities or life insurance payments?      ☐ Yes  ☑ No
   d. Gifts or inheritances?                               ☐ Yes  ☑ No
   e. Any other sources?                                   ☐ Yes  ☑ No

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

   _____

3. Do you own any cash, or do you have money in a checking or savings account? *(Include any funds in prison accounts)*  ☐ Yes  ☑ No

   If the answer is yes, state the total value of the items owned: _____

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property? *(Excluding ordinary household furnishings and clothing)*  ☐ Yes  ☑ No

   If the answer is yes, describe the property and state its approximate value: _____

   _____

---

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C § 2241)**

CALIFORNIA

CDC 1676 (4/91)

CHARGE SHEET/PAROLE VIOLATION REPORT AND SCHEDULING REQUEST

**ATTORNEY COPY**

REPORT TO:
[ ] BOARD OF PRISON TERMS
[ ] NARCOTIC ADDICT EVALUATION AUTHORITY

DISTRIBUTION: DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
2ND COPY - ILA.
3RD COPY - PAROLEE
4TH COPY - U.S.

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| K 99347 | Rollins, Dennis | Same | III/AV I | [ ] YES [ ] NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 9-1-07 | LAPD- RAMPART | [ ] MANDATORY [X] NON-MANDATORY | 9925708-LACJ |

| ARREST CODE * | * ARREST CODES: |
|---|---|
| B | A  P&CSD STAFF ALONE           B  LAW ENFORCEMENT AGENCY ALONE |
|   | AB  P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY    D  LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 9-1-07 | 9-4-07 | Intact | Ibrahim | SUSP | SUSP | [ ] |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1.  ABSCONDING (021) | 4. |
| 2.  Petty Theft with Prior (670) | 5. |
| 3.  Use of Alcohol (011) | 6. |

| REASON FOR RETAINING PAROLE HOLD; PAROLEE DANGER TO: | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|
| [X] ABSCOND [ ] SELF [X] PROPERTY-OTHERS [X] SAFETY-OTHERS | | |

## Supporting Evidence

### Charge I
On 8-20-07, Subject reported to the Antelope Valley Parole Office and stated he was homeless. Subject was referred and instructed to report to the Antelope Valley Homeless Shelter. On 8-23-07, Agent of Record went to the Antelope Valley Homeless Shelter where Subject was supposed to be residing and was told Subject never reported. Agent of Record attempted to contact Subject to no avail and Subject made no attempt to contact his Agent of Record. On 8-23-07 a Miscellaneous Decision was submitted and Subjects Parole was suspended effective 8-20-07. He remained at Large and unaccounted for until his arrest by LAPD-Rampart on 9-1-07.

### Charge II
On 9-1-07 LAPD-Rampart Officers Diaz #38437 and Talbot #31941 responded to a Food 4 Less Market Petty Theft Call. Upon their arrival they met with Store Security Officer Sanchez who detained Parolee Rollins. Officer Sanchez stated that Parolee Rollins entered the Food 4 less store and selected a twelve pack of Heineken Beer. Parolee Rollins made no attempt to pay for the beer and walked out of the store. Parolee Rollins was placed under private persons arrest by Store Security.

### Charge III
On 9-1-07, Parolee Rollins was arrested at a Food 4 Less Market while attempting to steal a twelve pack of Heineken Beer. Parolee Rollins has a Special Condition of parole signed and dated 10-5-06 Stating "You Will Abstain from the use of Alcohol and not frequent businesses whose primary function is to serve Alcoholic Beverages". Subject also wrote and signed a statement form stating he was intoxicated.

## Parole Statement:

| PAROLEES NAME | CDC NUMBER |
|---|---|
| Rollins, Dennis | K 99347 |

Page 1 of 4

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

page 7 of 7

" Certificate Will Follow
waiting for departmental
process "

Please forward more
Habeas Corpus forms.
x 4 ea.

**S161428**

RECEIVED

MAR – 4 2008

CLERK SUPREME COURT

1 of 18

SUPREME COURT
**FILED**

MAR – 4 2008

Frederick K. Ohlrich Clerk

Deputy

1. Dennis Rollins
2. Booking No. 9925708
3. 2500-A-09
4. 441 Bauchet St.
5. Los Angeles CA 90012
6.
7.           California Supreme Court
8.                                   Case No. B205127
9. Dennis Rollins               Petition for Writ of
10.            petitioner          Mandate Superior Court
11. Vs                            No. BA328441,
12. Superior Court of            Memorandum of Points and
13. Los Angeles                  Authorities in Support
14.            Respondant          Thereof   STAY
15.
16.                Introduction  I
17. Petitioners Commitment is Unlawful due to denial
18. of Substaintial Right during preliminary process.
19. petitioners 1993 misdemeanor penal Code §484
20. Case No. PA015443 does not Qualify as a prior for the
21. purpose of penal Code §666. Petitioner also Claims
22. protection of Law under Evidence Code §701(a)2
23. Disqualifies a witness who is incapable of understanding
24. the duty to tell the Truth. Petitioner further Complains
25. of inappropriate Exercise of Courts power by the
26. application of Courts own Rules, Conflicting with
27. the existing Laws or Cal. Rules of Court.
28. Deprivation of Right to a Fair and impartial trial

1. process is being demostrated against petitioner.
2. <u>Parties II</u>
3. Dennis Rollins, Booking No. 9925708 Superior Court No. BA-
4. 328441. I am presently being detained at the men's
5. Central Jail in the County of Los Angeles. The Director
6. and Superior is Sheriff Leroy Baca.
7. <u>Statement of facts III</u>
8. January 4, 2008 petitioner was scheduled to
9. appear in a motion hearing before Judge CH Rehm at
10. 210 West temple Street, Los Angeles CA 90012.
11. Representing the people is Norman Hearon deputy
12. district attorney.
13. District Attorney violated Cal. Rules of Court 34.111
14. No opposition was received to petitioners timely filed motions.
15. During argument and presentation of petitioners motions
16. petitioner was rudely interrupted with Complaints by Judge
17. CH Rhem to Quickly put a End to the motion hearing.
18. petitioner alleges his motions were not taken into
19. consideration fairly and motions were denied without
20. Considering material facts. petitioner was not afforded the
21. opportunity to take a brief Recess and Return to Continue
22. presentation and argument of material facts.
23. petitioner further alleges Bias and prejudice
24. demostrated towards him by the Judge, denial of
25. pro per funds. denial of due process Right to Subpoena
26. Records / Transcripts, denial of Right to find prescheduled
27. motion hearing.
28. petitioner alleges Judge was disqualified which is

1. is a Clear picture of his Fairness and Consideration
2. in the ruling on motions of the petitioners. Petitioner
3. Concludes Saying bad faith action are being demonstrated
4. towards petitioner to hinder his ability to appeal to a
5. higher Court and to prevent petitioner from timely filing
6. motions.

7. Contentions IV

8.    1.) Improper Limitations on defendants opportunity
9. to Cross-examine adverse Witness Who was in attendance
10. at the preliminary hearing.
11. Foster V Superior Court of SanFrancisco (1980 1st Dist)
12. 110 Cal App 3d 174, 167 Cal Rptr 749, 1980 Cal App
13. Lexis 2236.

14.    2.) Denied a Substantial Right to prepare an
15. affirmative Defense for the preliminary hearing.
16. Wizar V Superior Court of San Bernardino County
17. (1981 4th Dist) 124 Cal App 3d 190, 177 Cal Rptr 88
18. 1981 Cal App Lexis 2207.

19.    3.) Evidence of a Fact Concerning a Misdemeanor
20. Conviction, Whether documentary or testimonial is
21. inadmissible Hearsay When offered to prove the Conduct
22. or impeach a Witness.
23. People V Wheeler (1992) 4 Cal 4th 284, 291, 14 Cal
24. Rptr 2d 418, 841 P 2d 938. 1992 Cal Lexis 6099.
25. People V James (1969) 274 Cal App 2d 608, 612.
26. 79 Cal Rptr 182

27.    4.) It is an abuse of discretion in the admission
28. of a prior Conviction because of (Remoteness.)

1. people V Antick (1975) 15 Cal 3d 79, 123 Cal Rptr
2. 475, 539. p 2d 43 apply guidelines in (Beagle)
3. people v Beagle (1972) 6 Cal 3d 411, 99 Cal Rptr 313,
4. 492 p 2d 1; Rely on Gordon V United States (D.C. cir
5. 1967) 383 F 2d 936, 940-941.
6.      5.) A person is disqualified to be a Witness for one
7. of two Reasons. Evidence Code § 701(a) 2
8. people V Dennis (1998) 17 Cal 4th 468, 71 Cal Rptr 2d
9. 680, 950 p 2d 1035. 1998 Cal Lexis 483.
10.      6.) Estoppel by own Statement or Conduct.
11. Citizen's Suburban Co. V Rosemont Development Co.
12. (1966 3d Dist) 244 Cal App 2d 666, 53 Cal Rptr
13. 551, 1966 Cal App Lexis 1620.
14.      7.) California Rules of Court § 4.111 all pretrial
15. motions must be Served and filed at least 10 Calendar
16. days. Kalivas V Barry Controls Corp (1996 2nd Dist)
17. 49 Cal App 4th 1152. Panchita Hall V Superior Court of
18. Los Angeles. 133 Cal App 4th 908
19.      8.) Defendants due process Right to effective Counsel
20. includes Right to pro-per funds.
21. people V Faxel (1979 2nd Dist) 91 Cal App 3d 327,
22. 154 Cal Rptr 132, 1979 Cal App Lexis 1576.
23.                Prayer for Relief V
24. petitioner is facing a great injustice, deprivation of
25. State and federal Statutory Rights and or Constitutional
26. Save by Writ of Mandate. Wherefore petitioner pray
27. to the Court to;
28. 1) prohibit further proceedings

2) Dismissal, for violations of due process Right

3) Declaration of Rights.

4) Sanction for violations of Rules of Court.

5) Grant any other and further relief the Court deems proper

Date; Jan. 7, 2008

Dennis Rollins

Respectively Submitted

## Verification

I Dennis Rollins State;

I am the petitioner in this action. I have read the foregoing petition for Writ of Mandate and facts Stated therein are true of my own knowledge except as to matters that are therein Stated on my own information and belief, and as to those matters I believe them to be true. petitioner further States, that he is making Request for Transcripts / Records by Subpoena and that the Statement therein reflect the true Record.

I declare Under penalty of perjury of the State of California Laws that the Statements are true and correct and this declaration was executed on:

Jan 7, 2008  at Los Angeles County.

Dennis Rollins

petitioner

9925708.

number

S159958

Supreme Court number

1.  _Memorandum of points and Authorities_
2.  Oct. 24, 2007 petitioner noticed the Court for further
3.  Continuance under penal Code § 861, § 1050. due to
4.  unjustifiable interference with judicial process being
5.  demonstrated against petitioner by the County Jail facility
6.  with access to the Law Library. Petitioner was denied
7.  Continuance which in turn denied petitioner of a Reasonable
8.  opportunity to prepare an affirmative defense.
9.  _Wizar V Superior Court of San Bernardino County_
10.  _(1981 4th Dist)_ 124 Cal App 3d 190, 177 Cal Rptr 88,
11.  1981 Cal App Lexis 2207.
12.  Commitment is unlawful where it appears that
13.  during the Course of the preliminary examination the
14.  defendant was denied a Substantial Right. A defendant
15.  is denied a Substantial Right and is therefore not given
16.  a reasonable opportunity to prepare an affirmative
17.  defense for his preliminary hearing.
18.  _Jennys V Superior Court (1967)_ 66 C 2d 867, 59
19.  Cal Rptr 440, 428 p 2d 304, 1967 Cal Lexis 351
20.  Determination of Whether in any given Case
21.  Continuance Should be granted normally rest in trial Courts
22.  discretion, but that discretion may not be exercised in
23.  Such Manner as to deprive defendant of Reasonable
24.  Opportunity to prepare his defense.
25.  10-26-07 petitioners Right to access Law Library
26.  Continued to be violated unjustifiably. petitioner had
27.  not been able to Subpoena Witnesses or Records. So
28.  according to Evidence Code § 711 and § 775.

1. petitioner motioned the Court because of his circumstances,
2. for the right to Cross-examine a witness who was in atten-
3. dance at the hearing. The Court denied petitioner's Right to
4. Compel attendance of witness and defendant's Right to
5. Confront witness/accuser.
6.      Where it appears that during the Course of a preliminary
7. hearing examination a defendant has been denied a
8. Substantial Right, and improper limitations on defendants
9. opportunity to Cross-examine adverse witness. The
10. Commitment is unlawful within the meaning of 995 and
11. must be set aside.
12. Foster V Superior Court of Sanfrancisco (1980 1st Dist)
13. 110 Cal App 3d 174, 167 Cal Rptr 749, 1980 Cal App
14. Lexis 2236.
15.      petitioners 1993 Misdemeanor penal Code § 484.
16. Case No. PA 015443 does not Qualify as a prior for the
17. purpose of penal Code § 666. A Recidivist petty thief is
18. the target penal Code § 666 is a Recidivist Statute for
19. in hanced punishment. petitioner is not a Recidivist petty
20. thief nor is his 1993 Charge a Subsequent offense. the
21. purpose of deterring recidivism would not be furthered
22. by imposing enhanced punishment on a person who was not
23. previously Convicted of a theft related Felony before the
24. Commission of the present.
25. People V Mascarelli 2002 Cal App Lexis 1685
26. B149449
27.      petitioner Claims the 1993 prior Misdemeanor is
28. unconstitutionally in Valid to use for impeachment or

1. to prove the Credibility of persons. Cal. Const. article
2. 1 § 28(f) States prior felony Convictions can be used
3. without Limitations for the purpose of impeachment. Article 1
4. § 28(d) generally makes relevant evidence admissible
5. abrogates the felony Conviction — Only Rule, Evidence Code
6. § 788 and gives the Courts broad descretion to admit
7. or exclude acts of dishonesty or Moral turpitude. Article
8. 1 § 28(d) prohibits the exclusion of relevant evidence, but
9. expresses that Nothing in this Section Shall affect any
10. existing Statutory rule of Evidence relating to privilege
11. or Hearsay. Evidence "relevant" to the fact of a
12. misdemeanor Conviction Whether documentary or
13. testimonial is inadmissible hearsay when offered to
14. prove the underlying Conduct of the Crime or for
15. impeachment of a Witness.
16. people V James (1969) 274 Cal App 2d 608, 612.
17. 79 Cal Rptr 182.
18. people V Wheeler (1992) 4 Cal 4th 284, 291. 14 Cal
19. Rptr 2d 418, 841 p 2d 938, 1992 Cal Lexis 6099.
20. 	Recidivist petty thief is the target of penal code
21. § 666. petitioner Raises Claims that his 1993 prior
22. misdemeanor is to Remote to Claim petitioner as a
23. recidivist petty thief.
24. people V Antick (1975) 15 Cal 3d 79, 123 Cal Rptr 475.
25. 539 p 2d 43. the first case to apply (Beagle) guidelines;
26. people V Beagle (1972) 6 Cal 3d 411, 99 Cal Rptr 313,
27. 492 p 2d 1; Rely on Gordan V united States (D.C. Cir
28. 1967) 383 F. 2d 936, 940-941. We found an abuse of

1. discretion in the admission of prior Conviction because of
2. Remoteness. The probative Value is substantially out
3. weighed by the probability that it's admission will Create
4. substantial danger or Undue prejudice of Confusing the
5. issue or of misleading the Jury.
6.     The nearness or Remoteness of the prior Conviction is a
7. factor of No Small importance, purpose of inquiring into the
8. nature of the prior Conviction is to See Whether it is Similar
9. to the Currently Charged offense, people V Craigle Supra
10. 6 Cal 3d at p. 453 Here the prior rape as a Sex offense
11. was Similar to the Current penal Code §288 Charges,
12. However, Similarity of offenses Weighs in favor of
13. Exclusion because of the danger that the jury will reason
14. "if he did it before he probably did so this time." the
15. error of admission expose to the Jury to proof of his
16. participation in activity other then the Charged offense. It
17. is highly probable that Such evidence Significantly influence
18. a guilty verdict.
19.     A Fundamental rule of evidence that you cannot prove
20. the Commission of an act by Showing the Commission of
21. Similar acts by the Same person at other times and under
22. other Circumstances.
23. Brokopp V Ford motor Co. (1977) 71 Cal App 3d 841, 851
24.     under Statute authorizing exclusion of prejudical
25. evidence the "prejudice" involved is not the prejudice or
26. damage to a defense that naturally flows from relevant
27. highly probative evidence; rather the Statute uses the
28. word in it's etymological sense of "prejudging"

1. a person or cause on the basis of extraneus factors

2. people v Mullens (2004) 119 Cal App 4th 648.

3. people v Harris (1998) 60 Cal App 4th 727

4. As a general rule, every person, irrespective of age

5. is qualified to be a witness, and no person is disqualified

6. to testify to any matter. However a person maybe

7. disqualified as a witness for one of two reasons (1) the

8. witness is incapable of expressing himself or herself so as

9. to be understood (2) the witness is incapable of understand-

10. ing the duty to tell the truth.

11. people v Dennis (1998) 17 Cal 4th 468, 71 Cal Rptr 2d

12. 680, 950. p 2d 1035. 1998 Cal Lexis 483.

13. A Trial Judge has the Right to disregard the un-

14. contradicted and unimpeached testimony of any witness

15. or the effect of any prima facie showing thereon, when

16. he is satisfied that the witness is not telling the

17. truth or his testimony is inherently improbable due to

18. it's inaccuracy, due to uncertainty, lapse of time, or

19. intrest or bias of the witness. All of these things maybe

20. properly considered in determining the weight to be given

21. the testimony of the witness. A witness maybe contra-

22. dicted by the facts he states as completely as by direct

23. adverse testimony, and there maybe so many omissions

24. in his account of particular transactions or of his own

25. Conduct as to discredit "His Whole Story."

26. people v Frankenthal 91 Cal App 2d 189, 204 p 2d 614,

27. 617. Burns v Radvich 77 Cal App 2d 697, 176 p

28. 2d 77 Garcia v Maggini Co. v Sanfilippo 56 Cal App

1. 348, 205 p 74. 98 Cal App 2d 346.
2.     Estoppel by own Statement or Conduct, When ever
3. a party has by his own Statement or Conduct intentionally
4. and deliberately led another to believe a particular thing
5. True and to act upon Such belief, he is not in any
6. Litigation arising out of Such Statement or Conduct permitted
7. to contradict it. An estoppel binds not only the guilty
8. party but those in privity with him. Evidence Code § 623
9. Citizen's Suburban Co. v Rosemont Development Co.
10. (1966 3d Dist.) 244 Cal App 2d 666, 53 Cal Rptr 551.
11. 1966 Cal App Lexis 1620.
12.     Mr Sanchez is in violation of penal Code § 148.9
13. false representation of Identity to peace officer.
14.     Cal Rules of Court § 4.111 (a) time for filing papers
15. and proof of Service unless otherwise ordered or Specifically
16. provided by the Law, all pretrial motions, accompanied by
17. a memorandum must be Served and filed at least 10
18. Calender days, all papers opposing the motion at least
19. 5 Calender days, and all reply papers at least 2 court
20. days before the time appointed for hearing. proof of Service
21. of the moving papers must be filed no Later than 5 Calender
22. days before the time appointed for hearing.
23.     (b) Failure to Serve and file timely points and
24. Authorities........
25.     Even properly adopted Local rules are only Valid
26. to the extent they do not conflict with existing Law
27. or the Cal Rules of Court as provided in Code of Civil
28. Proc. § 575.1 Subd (a) and Gov. Code § 68070

1. Subd (a) This is true of a Local Court room rule as well
2. as of an informal Court policy. While trial Judges have
3. inherent power to control Litigations before them they have
4. NO authority to issue Local Court room Rules that Conflict
5. with any State wide Statute rule of Law or Cal judicial
6. Council Rule, then it is an inappropriate exercise of
7. that Courts powers.
8.     Kalivas v Barry Controls Corp (1996 2nd Dist) 49 Cal App
9. 4th 1152. paschita Hall v Superior Court of Los Angeles
10. 133 Cal App 4th 908
11.       In a Criminal prosecution the defendant is due Process
12. Right to effective Counsel includes the right to Ancillary
13. Services necessary in the preparation of a defense. Such
14. Right is Codified in penal Code § 987.2
15. people v Faxel (1979 2nd Dist) 91 Cal App 3d 327,
16. 154 Cal Rptr 132. 1979 Cal App Lexis 1576.
17.        Conclusion
18. for the above Stated reasons, the relief Sought in this
19. petition Should be granted. Petitioner entertains
20. Reasonable doubt that he will receive a fair and
21. impartial trial. II Samuel 23:3 He who rules
22. over men must be Just, Ruling in the fear of God

24. Date: Jan 7, 2008
25.        Dennis Rablen
26.        Respectfully Submitted

13.

1. Declaration of Dennis Rollins, Booking No. 9925708,
2. 2500-A-09 at 441 Bauchet St. Los Angeles CA 90012.
3. I Dennis Rollins declare that I am the Attorney of
4. Record in Case No. BA328441 and I am the petitioner
5. in Case No. B205127/S159958. I declare under
6. penalty of perjury of the Laws of the State of California
7. that the Statements are true and Correct to the best of
8. my knowledge. In the pro per module at the men's County
9. Jail facility there is No Copy machine for the pro pers
10. to make the necessary amount of Copies. (please, make
11. the Copies for me.) I further testify to the fact that the
12. private investigator assigned to assist me with my
13. Case have abandon Ship and has been inneffective with
14. any type of assistance I have submitted motions to
15. the Court for reappointment of private investigator. I've
16. also submitted demand for Transcripts/Records. 2 -
17. Notices of motion hearing on these vital issue were also
18. submitted but the Court refuses to reply. please
19. Consider my petition and take into account the unjustifiable
20. interferences with my judicial process. I declare that
21. the Statements made in the Writ of Mandate are
22. a reflection of the actual Record/Transcript of the
23. Courts. petitioner Will access these Records/Transcripts
24. in time.
25. Executed on Feb, 27, 2008
26.                                            Dennis Rollins
27.                                         Attorney of Record
28.

1 of 2

1. Dennis Rollins
2. Booking no. 99.25708
3. 2500 — D — 1
4. 441 Bauchet St.
5. Los Angeles CA. 90012

6.
7. California Supreme Court
   Case no. S161428
8.
9. Dennis Rollins
10.        petitioner          Ex parte Motion
11. Vs                         Concerning
12.        Respondent          Erronious Denial
13. Superior Court of
14. Los Angeles.

15.
16. Notice is here by given to the Supreme Court
17. of the State of California. A Writ of Mandate
18. was filed in the Supreme Court Jan. 31, 2008
19. S160476. The writ was transferred to the Court
20. of appeal, Second Appellate District Division
21. Eight to be considered with ( S159958 / B205
22. 124) That Writ was filed Feb. 14, 2008 Case
23. No. B205386. This Writ was then sent back to
24. the Supreme Court after it's denial and
25. assigned a new Supreme Court number S161429
26. filed and denied Mar. 19, 2008.
27.     This Writ is the only denial I received in
28. March, 2008. My first Writ of mandate was

Filed with the Supreme Court Jan. 18, 2008.
Supreme Court No. S159958 which was first
transferred to the Court of Appeal, Second
Appellate District for Consideration in light of Hagan
V Superior (1962) 57 cal 2d 767.  The Second Appellate
filed it and denied it Feb. 14, 2008. Case No. B205
127. The writ was then sent back to the Supreme
Court and filed Mar. 4, 2008 Case No. S161428
I have not received any denial of the writ
I assumed the Courts were waiting for the Trans-
cripts. Aug. 7, 2008 was the first time I re-
ceived any type notice Concerning my writ of
mandate with issues Concerning Fundamental
Rights Violations and Stay of proceedings

     In view of this grave mistake, It doesn't
appear that my writ was given the proper dis-
cretional review. Please properly review my
issues and then if denied, It need to be denied
with a written explanation.


I declare under penalty of perjury of the State
of California Laws, that the Statements are True
and Correct to the best of my knowledge.


Date Executed Aug. 8, 2008

_____
declarant

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. 34          HON. STEVEN J. KLEIFIELD, JUDGE

PEOPLE OF THE STATE OF CALIFORNIA,          )
                                            )
                          PLAINTIFF,        )
                                            )
VS.                                         )  CASE NO. BA328441
                                            )
                                            )
DENNIS ROLLINS,                             )
                                            )
                          DEFENDANT.        )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SEPTEMBER 17, 2007

APPEARANCES:

FOR THE PEOPLE:          STEVE COOLEY, DISTRICT ATTORNEY
                         BY:  SHALINI M. MANAKTALA, DEPUTY
                         210 WEST TEMPLE STREET
                         18-709 CLARA SHORTRIDGE FOLTZ
                         CRIMINAL JUSTICE CENTER
                         LOS ANGELES, CALIFORNIA 90012

FOR THE DEFENDANT:       IN PROPRIA PERSONA

AMY SCHLOTTERBECK, CSR NO. 12991
OFFICIAL REPORTER



```
 1   CASE NUMBER:              BA328441

 2   CASE NAME:                DENNIS ROLLINS

 3   LOS ANGELES, CALIFORNIA   SEPTEMBER 17, 2007

 4   DEPARTMENT NO. 34         HON. STEVEN J. KLEIFIELD

 5   APPEARANCES:              SHALINI M. MANAKTALA FOR THE

 6                             PEOPLE; DENNIS ROLLINS IN PRO PER.

 7   REPORTER:                 AMY SCHLOTTERBECK, CSR NO. 12991

 8   TIME:                     A.M. SESSION

 9

10       THE COURT:  ROLLINS.  CASE BA328441 AND 6BY07326,

11   DENNIS ROLLINS.

12       MR. ROLLINS:  HOW YOU DOING?

13       THE COURT:  IS THAT YOU?

14       MR. ROLLINS:  YES.

15       THE COURT:  OKAY.  WE HAVE THE RIGHT CASE.

16       MS. MANAKTALA:  SHALINI MANAKTALA FOR THE PEOPLE,

17   YOUR HONOR.  AND IT APPEARS MR. ROLLINS IS REPRESENTING

18   HIMSELF.

19       THE COURT:  YES.  THIS SAYS HERE FOR PRELIMINARY HEARING

20   AS AN EIGHT OF TEN.  MR. ROLLINS, WHAT IS THE STATUS?  ARE

21   YOU READY TO GO TODAY OR ARE YOU --

22       MR. ROLLINS:  YOUR HONOR, I HAVE NOT BEEN AFFORDED THE

23   OPPORTUNITY TO RECEIVE MY PRO PER STATUS.  I'M STILL BEING

24   PROCESSED THROUGH THE COUNTY JAIL FACILITY.  I HAVEN'T HAD

25   THE TIME TO BE ABLE TO FILE THE RIGHT MOTIONS AND GET THE

26   DOCUMENTS RESEARCHED AND THINGS LIKE THAT.  AND I FEEL LIKE

27   RIGHT NOW I NEED TO BUILD SOME KIND OF DEFENSE BEFORE I GET

28   STARTED ON THE PRELIMINARY, BECAUSE I FEEL THE PRELIMINARY
```

2

1    PROCESS IS A VERY IMPORTANT PROCESS.  AND IF I COULD

2    JUST ASK FOR 30 DAYS ON AN EXTENSION SO THAT I CAN GET TO THE

3    LIBRARY.  SOMEHOW, THEY CAN HONOR MY PRO PER STATUS, AND I

4    CAN BE ABLE TO DO THIS RESEARCH AND DO THE SUBPOENAS LIKE I

5    NEED TO.  I THINK THAT EVERYTHING WILL GO SMOOTH.

6        THE COURT:  DO YOU WANT TO SET A -- SAY IF WE PUT IT

7    OVER ABOUT 30 DAYS, DO YOU WANT TO SET IT AT ANOTHER EIGHT OF

8    TEN DATE OR A ZERO OF TEN DAY?

9        MS. MANAKTALA:  WILL YOU BE READY ON THE NEXT DATE TO DO

10   THE HEARING?

11       MR. ROLLINS:  YES, ON THE NEXT DATE I WILL BE READY.

12       MS. MANAKTALA:  THEN WE WOULD REQUEST AN EIGHT OF TEN

13   DATE.

14       MR. ROLLINS:  CAN I SAY ONE MORE THING?  IS IT

15   POSSIBLE -- WOULD I NEED A COURT ORDER TO HAVE THEM TO HONOR

16   MY PRO PER STATUS AT THE COUNTY FACILITY?

17       THE COURT:  WELL, THERE IS ALREADY --

18       MR. ROLLINS:  BECAUSE I'VE HEARD SOME PEOPLE WERE HAVING

19   PROBLEMS GETTING INTO THE MODULE THERE.

20       THE COURT:  WELL, THERE WAS AN ORDER ON SEPTEMBER 5TH.

21       MR. ROLLINS:  YES, I REMEMBER.

22       THE COURT:  AS TO WHY IT'S -- HAVE YOU RECEIVED THE

23   ACCESS TO THE PRO PER FUNDS?

24       MR. ROLLINS:  NO, I HAVEN'T, SIR.  IN FACT, I HAVEN'T

25   EVEN GOT A COPY OF THAT ORDER, NOR HAVE I RECEIVED ALL -- ALL

26   OF THE DISCOVERY PAPERWORK.

27       THE COURT:  ALL RIGHT.  SHE'LL MAKE A COPY OF THE ORDER

28   FOR YOU IF THAT WILL HELP.

1    MR. ROLLINS:  THANK YOU.

2    THE COURT:  AND WITH RESPECT TO PUTTING IT OVER, WHAT I

3    WOULD LIKE TO DO IS PUT IT OVER TO THE 24TH OF OCTOBER IF

4    THAT'S ALL RIGHT WITH YOU?

5    MR. ROLLINS:  THAT'S FINE, SIR.

6    MS. MANAKTALA:  THAT'S FINE WITH THE PEOPLE.  IF I COULD

7    JUST HAVE WITNESSES ORDERED BACK FOR THAT DATE.

8    THE COURT:  ALL RIGHT.

9    AND MR. ROLLINS, YOU HAVE THE RIGHT TO A SPEEDY

10   PRELIMINARY HEARING WITHIN TWO COURT DAYS OF TODAY'S DATE AND

11   60 CALENDAR DAYS OF THE DATE OF YOUR ARRAIGNMENT.

12   DO YOU GIVE UP THOSE RIGHTS AND AGREE THAT WE CAN

13   PUT THIS OVER TO OCTOBER 24TH, AND START YOUR PRELIMINARY

14   HEARING WITHIN TWO COURT DAYS OF THAT DATE?

15   MR. ROLLINS:  YES, I DO, YOUR HONOR.

16   THE COURT:  ALL RIGHT.  THEN PRELIMINARY HEARING IS

17   CONTINUED TO OCTOBER 24TH, 2007 AS AN EIGHT OF TEN.

18   MR. ROLLINS:  THANK YOU, SIR.

19   THE COURT:  YOU'RE WELCOME.  AND SHE'LL BE BACK THERE IN

20   JUST A MOMENT WITH YOUR COPY OF THAT ORDER.

21   MS. MANAKTALA:  AND WITNESSES, YOUR HONOR, ON THIS

22   MATTER, ARE MR. JESUS TORRES, COMMON SPELLING -- STAND UP,

23   SIR -- IN THE FIRST ROW.  AND OFFICERS TALBOT AND DIAZ.

24   THE COURT:  OKAY.  YOU ARE ALL ORDERED BACK FOR

25   OCTOBER 24TH, 2007 AT 8:30 A.M.

26   MR. ROLLINS:  YES, SIR.

27   MS. MANAKTALA:  THANK YOU, YOUR HONOR.

28   (PROCEEDINGS WERE CONCLUDED FOR THE DAY.)

# CALIFORNIA APPELLATE COURTS

Case Information

Change court

| | |
|---|---|
| Supreme Court | **Supreme Court** |
| Welcome | Court data last updated: 07/23/2008 01:53 PM |
| Search | Case Summary   Docket   Briefs |
| E-mail | Disposition   Parties and Attorneys   Lower Court |
| Calendar | |
| Help | ## Case Summary |
| Opinions | |

**Supreme Court Case:** S161428

**Court of Appeal Case(s):** no data found

**Case Caption:** ROLLINS v. S.C. (PEOPLE)

**Case Category:** Original Proceeding - Criminal (non-HC)

**Start Date:** 03/04/2008

**Case Status:** closed

**Issues:** none

**Disposition Date:** 03/19/2008

**Case Citation:** none

## Cross Referenced Cases

S161429 ROLLINS v. S.C. (PEOPLE)

**Click here** to request automatic e-mail notifications about this case.

©2007 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

### Case Information



Supreme
Court

Welcome

Search

E-mail

Calendar

Help

Opinions

C|C
home

## Supreme Court

Change court

Court data last updated 07/23/2008 01:53 PM

**Case Summary**    **Docket**    **Briefs**
**Disposition**    **Parties and Attorneys**    **Lower Court**

## Docket (Register of Actions)

### ROLLINS v. S.C. (PEOPLE)
### Case Number S161428

| Date | Description | Notes |
|------|-------------|-------|
| 03/04/2008 | Petition for mandate/prohibition & stay filed (criminal) | Petitioner Dennis Rollins in pro per |
| 03/19/2008 | Petition for writ of mandate/prohibition & stay denied | |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT NO. 34                    HON. STEVEN J. KLEIFIELD, JUDGE

PEOPLE OF THE STATE OF CALIFORNIA,    )
                                      )
                        PLAINTIFF,    )
                                      )
                                      )    CASE NO. BA328441
VS.                                   )
                                      )
                                      )
DENNIS ROLLINS,                       )
                                      )
                        DEFENDANT.    )
_____)

          I, AMY SCHLOTTERBECK, OFFICIAL REPORTER OF THE

SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF

LOS ANGELES, DO HEREBY CERTIFY THAT I DID CORRECTLY REPORT

THE PROCEEDINGS CONTAINED HEREIN AND THAT THE FOREGOING PAGES

1 THROUGH 4 COMPRISE A FULL, TRUE AND CORRECT TRANSCRIPT OF

THE PROCEEDINGS AND TESTIMONY TAKEN IN THE MATTER OF THE

ABOVE-ENTITLED CAUSE ON NOVEMBER 28, 2007.


          DATED THIS 2ND DAY OF JULY, 2008



                              _____
                              AMY SCHLOTTERBECK, CSR NO. 12991
                              OFFICIAL REPORTER

1
2          SUPERIOR COURT OF THE STATE OF CALIFORNIA

3                  FOR THE COUNTY OF LOS ANGELES

   DEPARTMENT 34                    HON. STEVEN KLEIFIELD,
3  JUDGE

4

5

   PEOPLE OF THE STATE OF CALIFORNIA,    )
6                                        )
                            PLAINTIFF,   )
7          VS.                           ) NO.  BA328441
                                         )
8  DENNIS ROLLINS,                       )
                            DEFENDANT    )
9  _____  )

10           REPORTER'S TRANSRIPT OF PROCEEDINGS
                    OCTOBER 24, 2007
11                  PAGES 1 THROUGH 4

12
   APPEARANCES:
13
   FOR THE PEOPLE:     STEVE COOLEY, DISTRICT ATTORNEY
14                     BY: STACY SOLOMONS, DEPUTY
                       18000 FOLTZ CRIMINAL JUSTICE CENTER
15                     210 WEST TEMPLE STREET, 18TH FLOOR
                       LOS ANGELES, CALIFORNIA  90012

16

17  FOR THE DEFENDANT:  IN PROPRIA PERSONA

18

19

20

21

22

23

24

25

26

27       MARY LU MURPHY, CSR. NO. 5178
              OFFICIAL REPORTER

28

1    LOS ANGELES, CALIFORNIA; THURSDAY, OCTOBER 24, 2007

2                          10:30 A.M.

3    DEPARTMENT 34              HON. STEVEN KLEIFIELD, JUDGE

4              (APPEARANCES AS HERETOFORE NOTED.)

5              (MARY LU MURPHY, OFFICIAL REPORTER.)

6

7        THE COURT:  NO. 4, BA328441, PEOPLE VERSUS

8    DENNIS ROLLINS.

9        THE DEFENDANT:  HELLO, YOUR HONOR, HOW ARE YOU?

10        THE COURT:  I AM FINE, THANK YOU.

11              HOW ARE YOU?

12        THE DEFENDANT:  I AM DOING OKAY SO FAR, SIR.

13        THE COURT:  ALL RIGHT.

14              AND MR. ROLLINS IS PRESENT IN CUSTODY.

15              AND FOR THE PEOPLE?

16        MS. SOLOMONS:  STACY SOLOMONS FOR THE PEOPLE,

17    YOUR HONOR.

18        THE COURT:  MR. ROLLINS, JUST TO MAKE SURE FOR THE

19    RECORD, YOU ARE REPRESENTING YOURSELF, CORRECT?

20        THE DEFENDANT:  YES, SIR, THAT'S CORRECT.

21        THE COURT:  AND WHAT IS THE STATUS OF THE

22    PRELIMINARY HEARING?

23              WE ARE EIGHT OF TEN.

24        MS. SOLOMONS:  YOUR HONOR, I AM ASKING TO TRAIL

25    WITHIN THE PERIOD TO THE LAST DAY.  I WOULD LIKE TO GO

26    TO THE TEN OF TEN DATE, WHICH IS THE 26TH.

27        THE COURT:  AND THE REASON FOR NOT PROCEEDING

28    TODAY?

1    MS. SOLOMONS: MY WITNESS WAS UNAVAILABLE TODAY.

2    THE COURT: AND YOU ANTICIPATE YOUR WITNESS WILL BE

3    AVAILABLE ON FRIDAY?

4    MS. SOLOMONS: (HE)ABSOLUTELY WILL BE AVAILABLE

5    FRIDAY.

6    THE COURT:  MR. ROLLINS, DO YOU WISH TO BE HEARD ON

7    TRAILING TO FRIDAY?

8    THE DEFENDANT:  YEAH.

9    YOU KNOW, I AM HAVING A SIMILAR PROBLEM,

10    YOUR HONOR.  I HAVE CAME IN ON THE 17TH TO ASK FOR AN

11    EXTENSION FOR THE 30 DAYS.  I HAVE CAME BACK ON AN

12    ACCIDENT ON 9/24, WHICH SHOULD HAVE BEEN NINE -- I MEAN

13    10/24, WHICH IS TODAY.  I ASKED FOR IF POSSIBLE THAT YOU

14    COULD PROBABLY INTERVENE WITH THEM AT THE COUNTY JAIL.

15    THE COUNTY JAIL FACILITY IS STILL NOT GIVING ME MY PRO

16    PER STATUS.

17    I HAVE FILED MANY COMPLAINTS.  AS A MATTER OF

18    FACT, I HAVE SOME EXHIBITS HERE FOR YOU TO LOOK AT.  I

19    FILED MANY, MANY COMPLAINTS ASKING FOR THE STATUS.

20    I ALSO FILED A WRIT OF HABEAS CORPUS MANDATE

21    TO THE APPELLATE COURT TO SEE WHETHER OR NOT I CAN GET

22    AN INJUNCTION OR A DECLARATION TO INTERVENE IN THAT

23    SITUATION.

24    SO I AM GOING TO NEED SOME TIME TO GET THIS

25    PRO PER STATUS SET UP.  I THINK THAT THE PRELIMINARY

26    PROCESS IS VERY IMPORTANT, ESPECIALLY FOR ME IN MY CASE.

27    MS. SOLOMONS: I DON'T -- I WOULDN'T SEE TO GET

28    INVOLVED IN WHETHER OR NOT THE DEFENDANT IS GRANTED HIS

1   PRO PER STATUS IN JAIL. I MEAN, HE'S CHOSEN TO

2   REPRESENT HIMSELF.

3          THE PEOPLE ARE READY FOR THE PRELIMINARY

4   HEARING WITHIN THE PERIOD. WE ARE ASKING TO GO TO THE

5   TRAILING DATE.

6          THE COURT: ALL RIGHT.

7          WELL, THE COURT THAT ISSUED THE ORDER TO THE

8   SHERIFF FOR PRO PER FUNDS, WHICH CONTROLS THE GIVING OF

9   THE FUNDS, I AM NOT SURE HOW THAT --

10         THE DEFENDANT: IT'S 9/24, I THINK.

11         THE COURT: I'M SORRY?

12         THE DEFENDANT: I HAVE A DATE 9/5. I AM SORRY.

13         THE COURT: SEPTEMBER 5TH, CORRECT.

14         I UNDERSTAND YOUR PARTICULAR CIRCUMSTANCE, BUT

15  I THINK THAT THAT IS NOT A REASON TO NOT TRAIL THE CASE

16  TO THIS FRIDAY AS REQUESTED BY THE PEOPLE.

17         SO THAT WOULD BE -- THAT WOULD BE LAST DAY,

18  OCTOBER 26TH, 2007, AND THAT'S DAY TEN OF TEN.

19         SO ANYHOW, WE'LL TRAIL THE MATTER TO FRIDAY.

20         THE DEFENDANT: YEAH, I UNDERSTAND THE

21  CIRCUMSTANCES.

22         WHAT I AM SAYING IS THAT I AM NOT

23  COMPLAINING -- YOU KNOW, I LOVE THE FACT THAT I CAN BE

24  ABLE TO REPRESENT MYSELF IN THIS CASE, BECAUSE I'VE HAD

25  SOME PROBLEMS WITH THE DEFENDANTS -- DEFENDERS, YOU

26  KNOW, EARLIER ON.

27         MY PROBLEM IS THAT IN ORDER FOR ME TO RECEIVE

28  A FAIR PROCESS, TRIAL PROCESS, WHICH I NEED, I NEED TO

4

1    SEND OUT SUBPOENAS. I NEED TO HAVE RECORDS AND THINGS

2    OF THAT NATURE SO THAT I CAN PRESENT THEM IN COURT IN

3    ARGUMENT.

4        IF I DON'T HAVE ACCESS TO THAT STATUS, I WON'T

5    BE ABLE TO HAVE THOSE NECESSARY ITEMS THAT I NEED. AND

6    IT'S VERY IMPORTANT TO THIS PRELIMINARY PROCESS, BECAUSE

7    THIS CAN DETERMINE WHETHER OR NOT, YOU KNOW, WHETHER I

8    AM INNOCENT OR GUILTY.

9        THE COURT: ALL RIGHT.

10        I HEAR WHAT YOU'RE SAYING.

11        THE DEFENDANT: YES.

12        THE COURT: BUT I WILL GRANT THE PEOPLE'S REQUEST

13    TO TRAIL THE MATTER TO FRIDAY, OCTOBER 26TH, AND WE'LL

14    SEE YOU BACK THEN.

15        THE DEFENDANT: OKAY.

16

17        (THE PROCEEDINGS WERE CONCLUDED.)

18

19

20

21

22

23

24

25

26

27

28

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3    DEPARTMENT 34          HON. STEVEN KLEIFIELD, JUDGE

4

5

THE PEOPLE OF THE STATE OF CALIFORNIA,)

6                                      )
                        PLAINTIFF,     )

7        VS.                           ) NO. BA328441
                                       ) REPORTER'S

8    DENNIS ROLLINS,                   ) CERTIFICATE
                                       )

9                        DEFENDANT.    )
     _____)

10

11

12

13          I, MARY LU MURPHY, OFFICIAL REPORTER OF THE

14    SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

15    COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

16    FOREGOING PAGES, 1 THROUGH 4, COMPRISE A TRUE AND

17    CORRECT PARTIAL TRANSCRIPT OF THE PROCEEDINGS REPORTED

18    BY ME IN THE MATTER OF THE ABOVE-ENTITLED CAUSE ON THE

19    DATE OF OCTOBER 24, 2007.

20          DATED THIS 4TH DAY OF JANUARY, 2008.

21

22

23                    _____
                      MARY LU MURPHY, CSR NO. 5178

24                    OFFICIAL REPORTER

25

26

27

28

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 34                    HON. STEVEN J. KLEIFIELD, JUDGE


PEOPLE OF THE STATE OF CALIFORNIA,    )
                                      )
                         PLAINTIFF,   )
          VS.                         )  NO.  BA328441
                                      )
DENNIS ROLLINS,                       )
                                      )
                         DEFENDANT.   )
_____)


REPORTER'S TRANSCRIPT OF PRELIMINARY HEARING
OCTOBER 26, 2007


APPEARANCES:

FOR THE PEOPLE:          STEVE COOLEY, DISTRICT ATTORNEY
                         BY: TAPTI PATEL
                         CERTIFIED LAW CLERK
                         210 W. TEMPLE STREET
                         18TH FLOOR
                         LOS ANGELES, CA  90012



FOR DEFENDANT:           IN PROPRIA PERSONA

COPY

HTA 11/9/07                    MARY LU MURPHY, CSR #5178
DEPARTMENT 127                 OFFICIAL REPORTER

NOV 05 2007

accord

It's apparent the defendant was looking for something as stated in the investigation Report of detective J. Cortina on 9-5-07 and Continued on page 9. line 6-8. there were no visible signs for direction of Customers Service", Shopping Cart areas, page 15. lines 1-20. Mr Sanchez testified in his 4 year observation He has Witnessed Consumers Taking Items (Grabbing) off the Shelves without first offering payment and walking throughout the Stores building Structure page 12. lines 1-8.
As was the defendant Consumer.

Contradiction

Mr Sanchez States in his inconsistancies that he and the Security card were notified page 9. line 6 and that they both seen the Suspect in the Camera System page 9. line 6-8. Continued on page 13 lines 18-21. Mr Sanchez also States He didn't leave his office page 13. lines 5-18. Mr Sanchez further States the Security guard Stopped the defendant page 8. line 24 and that he was there behind the suspect pg 8. line 25. Mr Sanchez further Continues no Contact with defendant on page 13 lines 13-18.

Conclusion

150

Not only are there inconsistencies in Mr Sanchez Statements but there are also (blatant) lie's; Mr Sanchez States knowingly and intelligent that he Reported on an official police Report that he was a Store Security guard. page 10 lines 24-28, page 11. line 1-4. In making the official report page 2 Mr Sanchez is with 1 and noted in the Investigation Section Mr Sanchez States he observed the defendant Select a Twelve pack of Heineken beer from the Shelf, inconsistant with the Statement on page 8. line 17-20, Mr Sanchez was also interviewed for a official investigation by the department of Corrections parole officer on 9-5-07 making when he Choose to Continue making false Statements. See parole Charge Sheet pg 2 under Security Officer Statements agent of the real interviewed Security officer Sanchez who Stated Subject admitted to Stealing the beer, also inconsistant with page 10. page line 3, 4, and Continues in his manipulation over being Security. Mr Sanchez we know is attempting to Clean up the Truth involving the mistaken Judgement of the real Security officer, Torres. Sanchez is Claiming to be in two places at the same time.

OCt 26    A8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

M A S T E R   I N D E X

CHRONOLOGICAL INDEX OF WITNESSES

| PEOPLE'S | DIRECT | CROSS | REDIRECT | RECROSS | VOL. |
|----------|--------|-------|----------|---------|------|
| SANCHEZ, SAMUEL | 7/20 | 10/31 | | | 2 |

DEFENDANT: _____
no defense

(NONE WERE PRESENTED IN THIS VOLUME.)

in hand cuffs in the building checking the Store, where defendant was looking for the missing back pac left in a Shopping Cart while the defendant was in Search for the Beverage area.

16b

the True Security officer of the Store is Jesse Torres who failed to answer Court Subpeneas in this matter, who also Committed a mistaken Judgement known as "Jumping the Gun" by placing the defendant in hand cuff and arresting him because the defendant was Scanning the area's in Search for his missing back pack he placed in a Shopping Cart while he was in Search for the Beverage area. (the wheel on the Cart was wobbling)



oct 26

A8

1

2                    M A S T E R   I N D E X

3

4                         EXHIBITS

5

6   PEOPLE'S                    FOR I.D.   IN EVD.   WITHDRAWN

7

8   1 - DOCKET              *pg* 16    *pg.* 19

9

10

11

12

13

14

15

16

17

18  DEFENSE                    FOR I.D.   IN EVD.   WITHDRAWN

19  *law library access violated*

20

21          (NONE WERE PRESENTED IN THIS VOLUME.)

22

23

24

25

26

27

28

1. where were you when the defendant entered the store

2. what did you observe in the Camera System

3. where did you Come in Contact with the defendant

4. did you ~~detain~~ stop the defendant in the front ~~of the Store~~ Cashier area or back ~~employee~~ near the freezers.

5. where you in the office with ~~the Store manager~~ anyone/who observing the defendant by Camera.

6. Was anyone with you at the time you approached the defendant.

7. When the two female officers were Takening the defendant to the patrol vehicle, they Stopped before Exiting the Store to ask you where you detained the defendant. ~~was~~ your reply "Right there," "Just past the ~~the~~ Cashiers Stand."

8. How long have you been a Security Guard for the Store.

9. How long have you been in the Security field.

10. Have you ever been arrested.

11. are you a Legal Resident of the U.S. (Green Card)

12. what was the defendant wearing / color / ~~what type of clothes~~

13. before ~~when~~ you approached the defendant did you first notify anyone.

14. Names of all Security officers.

15. what is your policy involving arresting Consumers. — COPY

16. you were Subpoenaed for 10-24-07 and 10-26-07 why did you not respond.

17. are there video tapes of the defendant backing your Statements.

18. were any portion of these tapes altered for any reason.

19. ~~Was the defendant~~ Was anyone with you when the officers took the defendant to the vehicle

20. The assistance from the office to the front

Oct 26

18

1    LOS ANGELES, CALIFORNIA; FRIDAY, OCTOBER 26, 2007

2                          4:00 P.M.

3    DEPARTMENT 34              HON. STEVEN J. KLEIFIELD, JUDGE

4            (APPEARANCES AS HERETOFORE NOTED.)

5          (MARY LU MURPHY, OFFICIAL REPORTER.)

6

7        THE COURT:  CASE NO. 3, BA328441, PEOPLE VERSUS

8    DENNIS ROLLINS.

9            MR. ROLLINS IS PRESENT IN COURT.

10        DEFENDANT ROLLINS:  GOOD MORNING, YOUR HONOR.

11        THE COURT:  GOOD AFTERNOON.

12        DEFENDANT ROLLINS:  I MEAN GOOD AFTERNOON.

13        THE COURT:  YES.

14            AND FOR THE PEOPLE?

15        MS. PATEL:  TAPTI PATEL, CERTIFIED LAW CLERK UNDER

16    THE DIRECT SUPERVISION OF DEPUTY DISTRICT ATTORNEY

17    GRACE PAK FOR THE PEOPLE.

18        THE COURT:  MR. ROLLINS, DO YOU WAIVE A READING OF

19    THE COMPLAINT AND STATEMENT OF YOUR RIGHTS AT A

20    PRELIMINARY HEARING?

21        DEFENDANT ROLLINS:  DO I WAIVE THE READING OF THE

22    COMPLAINT AND THE STATEMENT OF MY RIGHTS?

23        THE COURT:  YES.

24        DEFENDANT ROLLINS:  NO, I WOULD LIKE TO HEAR THOSE.

25        THE COURT:  OKAY.

26            YOU ARE CHARGED IN FELONY COMPLAINT BA328441

27    WITH A SINGLE COUNT WHICH ALLEGES THAT ON OR ABOUT

28    SEPTEMBER 1, 2007 IN THE COUNTY OF LOS ANGELES YOU

1. When you arrived at the scene what was explained to you about the incident.

2. Who explained this to you.

3. What was that person position with the Store.

4. What was the attitude of the defendant in voluing his detention by Store Security.

5. When you and your partner escorted the defendant in hand cuffs towards the patrol vehicle, you had to walk through the Store towards the front area where the Cashier Stands were located, do you recall stopping in that area and asking the Security officer where exactly did he detain the defendant do you also recall the reply was "Right there, just past the Cashier Stands.

6. What is this term; City attorney Disclosure Statement

7. is it evidence listed.


Detective Cortina

1. Was an Investigation pretained

2. Was the back pac located.

3. the interpretation in the Statement the defendant made was interpreted incorrectly; "Defendant intention was to pay for the Item with the money inside his back pack. the back pack is missing." — (Request addendum to the Statement for clearity)

4. What was the attitude of the defendant Concerning his arrest.

Subponea
   Store video tapes. 9-1-07 3:15 pm. – 4:15. – officers
   Employees policy                2:pm – 3 pm – defendant

Cashier Rosa O.

1. Did you see the Security Stop the defendant in the Cashier area

2. Did the Security mention the incident when requesting the receipt    A8

1    COMMITTED THE CRIME OF PETTY THEFT WITH PRIORS IN

2    VIOLATION OF PENAL CODE SECTION 666, A FELONY, IN THAT

3    YOU DID UNLAWFULLY AND IN VIOLATION OF PENAL CODE

4    SECTION 484(A) STEAL, TAKE AND CARRY AWAY THE PERSONAL

5    PROPERTY OF FOOD-FOR-LESS.

6              IT IS FURTHER ALLEGED THAT YOU WERE PREVIOUSLY

7    CONVICTED IN THE STATE OF CALIFORNIA OF A VIOLATION OF

8    PENAL CODE SECTION 484(A), DATE OF CONVICTION

9    NOVEMBER 22ND, 1993 IN CASE NUMBER PA015443 IN

10   LOS ANGELES SUPERIOR COURT, AND THAT YOU SERVED A TERM

11   IN A PENAL INSTITUTION AND WAS IMPRISONED THEREIN AS A

12   CONDITION OF PROBATION.

13             IT IS FURTHER ALLEGED THAT YOU HAVE PURSUANT

14   TO PENAL CODE SECTION 1170.12 (A) THROUGH (D AND 667(B)

15   THROUGH (I), THAT YOU HAVE SERVED THREE PRIOR

16   CONVICTIONS OF A SERIOUS OR VIOLENT FELONY OR JUVENILE

17   ADJUDICATION.

18             THE FIRST IS CASE NUMBER GA020281, PENAL CODE

19   SECTION 245.2, CONVICTION DATE OCTOBER 12, 1994,

20   LOS ANGELES SUPERIOR COURT; AND ALSO TWO CONVICTIONS FOR

21   PENAL CODE SECTION 422, BOTH IN LOS ANGELES SUPERIOR

22   COURT, THE FIRST BEING CASE NUMBER PA028561, CONVICTION

23   DATE MAY 20, 1998, THE SECOND BEING CASE NUMBER

24   MA024833, DATE OF CONVICTION OCTOBER 10, 2002.

25             IT IS ALSO ALLEGED PURSUANT TO PENAL CODE

26   SECTION 667.5(B) THAT YOU SUFFERED TWO CONVICTIONS FOR

27   PENAL CODE SECTION -- OF PENAL CODE SECTION 422, BEING

28   THOSE SAME TWO CASES THAT I JUST PREVIOUSLY REFERENCED,

4. Who the
defendant.

160.

* Back Ground Check of Wit. 1 & Wit. 2
   Character back ground.


potential witnesses

Mary Rollins - money
Mr. Phil - Back pack : Hope for the homeless 4206 Kent St.
                                        Dream Center / Angeles Temple.
Erick - money/back pack.

Monica - back pack



oct 26

18

1   AND THAT YOU DID NOT REMAIN FREE OF PRISON CUSTODY FOR

2   AND DID COMMIT AN OFFENSE RESULTING IN A FELONY

3   CONVICTION DURING A PERIOD OF FIVE YEARS SUBSEQUENT TO

4   THE CONCLUSION OF SAID TERM.

5           DURING THE COURSE OF THIS PRELIMINARY HEARING

6   YOU HAVE THE RIGHT TO CONFRONT AND CROSS-EXAMINE ANY

7   WITNESSES THAT TESTIFY AGAINST YOU.

8           YOU HAVE THE RIGHT TO SUBPOENA WITNESSES TO

9   COURT TO TESTIFY ON YOUR BEHALF.

10          YOU HAVE THE RIGHT TO PRESENT EVIDENCE ON YOUR

11  BEHALF IF PERMITTED BY THE COURT BASED ON AN OFFER OF

12  PROOF, AND YOU HAVE THE RIGHT TO REMAIN SILENT AND NOT

13  TO INCRIMINATE YOURSELF.  SO YOU CAN REFUSE TO AND

14  DECIDE NOT TO TESTIFY.

15          ARE THE PEOPLE READY TO PROCEED?

16      MS. PATEL:  WE ARE, YOUR HONOR.

17      THE COURT:  PEOPLE MAY CALL THEIR FIRST WITNESS.

18      MS. PATEL:  THE PEOPLE CALL SAM SANCHEZ TO THE

19  STAND.

20          AND FOR THE RECORD, YOUR HONOR, I AM NOW BEING

21  SUPERVISED BY KAVEH FATURECHI.

22      THE COURT:  IS THE OFFICER ALSO A WITNESS?

23          ARE YOU GOING TO BE CALLING ONE WITNESS?

24      MS. PATEL:  WE MIGHT BE CALLING TWO, YOUR HONOR,

25  DEPENDING ON WHAT'S SOLICITED FROM THIS ONE WITNESS.

26      THE COURT:  IS SHE HERE?

27      MS. PATEL:  SHE IS OUTSIDE.

28

```
1                    SAMUEL SANCHEZ,

2   CALLED AS A WITNESS BY THE PEOPLE, WAS SWORN

3   AND TESTIFIED AS FOLLOWS:

4

5        THE CLERK:  YOU DO SOLEMNLY STATE THAT THE

6   TESTIMONY YOU MAY GIVE IN THE CAUSE NOW PENDING BEFORE

7   THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH AND

8   NOTHING BUT THE TRUTH, SO HELP YOU GOD?

9        THE WITNESS:  YES.

10       THE CLERK:  THANK YOU, SIR.  YOU MAY BE SEATED IN

11  THE WITNESS BOX.

12            AND FOR THE RECORD, SIR, PLEASE STATE AND

13  SPELL YOUR FIRST AND LAST NAMES.

14       THE WITNESS:  FIRST NAME SAMUEL, LAST NAME SANCHEZ.

15  S-A-M-U-E-L, SANCHEZ, S-A-N-C-H-E-Z.

16       THE CLERK:  THANK YOU.

17       THE COURT:  YOU MAY PROCEED.

18       MS. PATEL:  THANK YOU, YOUR HONOR.

19

20            *   DIRECT EXAMINATION

21  BY MS. PATEL:

22       Q.   GOOD AFTERNOON, MR. SANCHEZ.

23            ON SEPTEMBER 1ST, 2007 AT AROUND 3:15 P.M.,

24  WHERE WERE YOU?

25       A.   I WAS IN MY OFFICE AT FOOD-FOR-LESS.

26       Q.   AND WHERE IS THAT LOCATED?

27       A.   ON SIXTH AND BURLINGTON.

28       Q.   OKAY.
```

1          IS THAT IN THE CITY AND COUNTY OF

2     LOS ANGELES?

3          A.    YES.

4          Q.    AND WHAT DO YOU DO FOR FOOD-FOR-LESS?

5          A.    I AM THE STORE MANAGER OF THE STORE.    STORE

6     MANAGER.

7          Q.    OKAY.

8                AND ON THAT DAY, TIME AND LOCATION, DO

9     YOU -- DID YOU SEE ANYONE HERE TODAY THAT YOU SAW ON

10    THAT DATE?

11         A.    YES.

12         Q.    WHO DO YOU SEE?

13         A.    I SEE THE SUSPECT, WEARING A BLUE JUMPSUIT.

14    THE COURT:    IDENTIFYING THE DEFENDANT.

15    MS. PATEL:    THANK YOU.

16         Q.    AND DID ANYTHING UNUSUAL HAPPEN ON THAT DATE?

17         A.    YES.    A SECURITY GUARD NOTIFIED ME SAYING WE

18    HAD A PERSON WHO GRABBED A 12-PACK OF HEINEKEN BEER AND

19    WAS TRYING -- WAS EXITING THROUGH THE CHECKSTANDS

20    WITHOUT PAYING FOR IT.

21         Q.    OKAY.

22                AND WHAT DID YOU DO ONCE YOU LEARNED THAT

23    INFORMATION?
                    → (another)
24         A.    (THE) SECURITY GUARD STOPPED HIM OUTSIDE THE

25    STORE.    I WAS STANDING RIGHT BEHIND THE SUSPECT, AND WE

26    ASKED HIM IF HE HAD A RECEIPT FOR THE BEER, AND HE SAID

27    HE DIDN'T HAVE A RECEIPT AND HE DIDN'T HAVE ANY MONEY.

28         Q.    OKAY.

1          TAKING YOU BACK BEFORE YOU SAW THE

2     DEFENDANT OUTSIDE IN PERSON, DID YOU HAVE THE

3     OPPORTUNITY TO SEE HIM IN ANOTHER MANNER?

4          A.   YES, IN THE CAMERA SYSTEM.

5          Q.   WHAT DID YOU SEE THE DEFENDANT DO?

6          A.   WE WERE NOTIFIED -- WE SEEN THE SUSPECT

7     THROUGH THE CAMERAS BEING NERVOUS, GOING BACK AND FORTH

8     IN FRONT OF THE CHECKSTAND, AND THEN HE WALKED THROUGH

9     THE CHECKSTANDS AND DID NOT PAY FOR THE ITEM.

10         Q.   AND DID YOU PERSONALLY SEE THIS THROUGH THE

11    CAMERA?

12         A.   YES.

13         Q.   OKAY.

14              AND DID YOU NOTICE WHETHER THE DEFENDANT

15    ATTEMPTED TO PAY FOR THE ITEM?

16         A.   NO.

17         Q.   OKAY.

18              AND WHAT HAPPENED WHEN YOU WENT -- NO, YOU

19    DIDN'T SEE IT, OR NO, HE DIDN'T ATTEMPT TO PAY?

20         A.   HE DIDN'T ATTEMPT TO PAY FOR THE ITEM.

21         Q.   OKAY.

22              AND WHEN YOU WENT OUTSIDE, WHAT HAPPENED?

23         A.   WE ASKED HIM FOR THE RECEIPT FOR THE ITEM, AND

24    HE SAID HE DIDN'T HAVE THE RECEIPT.

25         Q.   DID THE DEFENDANT SAY ANYTHING ELSE?

26         A.   HE HAD NO MONEY, AND THAT HE NEEDED TO DRINK A
                *pac pac missing*          *Water in the employee's break room*
27    BEER.

28         Q.   I'M SORRY?