1        A.    HE NEEDED TO DRINK SOME BEER.    HE WAS

2    INTOXICATED.

3        Q.    DID HE SAY ANYTHING ELSE?

4        A.    NO.

5        Q.    OKAY.

6              AND WHAT HAPPENED NEXT?

7        A.    WE ASKED FOR THE BEER, AND HE RESISTED GIVING

8    US THE BEER.    WE TOOK THE BEER FROM HIM AND THEN WE

9    ARRESTED HIM.

10       Q.    OKAY.

11             WHAT'S THE VALUE OF THE BEER THAT HE TOOK?

12       A.    IT WAS ABOUT $11 AND SOME CHANGE.

13    MS. PATEL:   OKAY.    THANK YOU.

14             NOTHING FURTHER, YOUR HONOR.

15    THE COURT:   MR. ROLLINS, DO YOU HAVE ANY QUESTIONS?

16    DEFENDANT ROLLINS:   YES, I DO.

17    THE COURT:   ALL RIGHT.

18             YOU MAY PROCEED.

19    DEFENDANT ROLLINS:   YEAH.

20

21                    CROSS-EXAMINATION

22    BY DEFENDANT ROLLINS:

23       Q.    MR. SANCHEZ, HOW ARE YOU?

24             YOU STATE IN YOUR OFFICIAL REPORT ON THE

25    POLICE REPORT THAT YOU WERE ACTING AS THE STORE

26    DETECTIVE DURING THAT TIME, AND YOU STATE NOW ON YOUR --

27    ON THE RECORD THAT YOU WERE STORE MANAGER AND THAT YOU

28    WERE NOTIFIED BY THE STORE SECURITY; IS THAT CORRECT?

1    A.    (YES).    I'VE BEEN A MANAGER THERE FOR FOUR YEARS

2    ALREADY.

3    Q.    SO YOU ARE NOT SECURITY?

4    A.    (NO.) I AM THE STORE MANAGER.

5    Q.    OKAY, OKAY.  I ALSO WANT TO ASK YOU ANOTHER.

6          WERE YOU THERE WHEN THE OFFICERS HAD

7    ESCORTED ME OUT OF THE STORE TO THE -- YOU KNOW,

8    ESCORTED ME OUT OF THE STORE TOWARDS THEIR CAR DURING

9    THAT TIME?

10    A.    ( YES.

11    Q.    DO YOU RECALL WHAT THE OFFICER HAD SAID TO YOU

12    AT THE TIME?

13          SHE MADE A STATEMENT TO YOU AT THE TIME.

14    SHE STOPPED AND SHE MADE STATEMENT WITH THE OTHER

15    OFFICER AT THE TIME.

16    A.    I DON'T RECALL ANY STATEMENT.

17    Q.    YOU DON'T RECALL ANYTHING AT ALL?  OKAY.

18          NOW, WHEN YOU SAY THAT YOU STOPPED -- THAT

19    I WAS OUTSIDE OF THE STORE, ARE YOU SAYING THAT I WAS

20    OUTSIDE THE BUILDING OF THE STORE, OUT OF THE STORE?

21    A.    OUTSIDE OF THE BUILDING, YES.

22    Q.    OKAY.

23          CAN YOU -- HOW LONG HAVE YOU BEEN

24    SECURITY -- NOT SECURITY, BUT MANAGER IN THE STORE

25    THERE?

26          HOW LONG HAVE YOU BEEN A MANAGER THERE?

27    A.    FOUR YEARS.

28    Q.    FOUR YEARS?  OKAY.

1          SO I GUESS I IMAGINE IN FOUR YEARS YOU HAVE

2    SEEN SOME DIFFERENT THINGS GO ON IN THE STORE SUCH AS --

3    SUCH AS HAVE YOU EVER OBSERVED ANYONE IN THE STORE

4    GETTING THINGS OFF OF THE SHELVES AND NOT PAYING FOR

5    THEM, AND JUST WALKING AROUND AND GETTING THINGS FROM

6    OTHER AREAS BEFORE OFFERING PAYMENT TO THE CASHIERS?

7          HAVE YOU EVER OBSERVED THAT BEFORE?

8    A.    YES.

9    Q.    OKAY.

10         DO YOU REMEMBER -- DO YOU RECALL -- CAN YOU

11   RECALL WHAT I WAS WEARING DURING THAT TIME?

12   A.    SOME BLUE JEANS AND A -- YOU HAD AN OPEN

13   SHIRT. Ref pg 15.C7

14   Q.    AND WHAT COLOR SHIRT?

15   A.    I DON'T RECALL THE COLOR. Ref. pg 15.C.7.

16   Q.    OKAY.

17   THE COURT:  HIS ANSWER WAS OPEN SHIRT.  OPEN SHIRT

18   IS WHAT HE SAID.

19   DEFENDANT ROLLINS:  OPEN SHIRT, OKAY.

20   Q.    MR. SANCHEZ, WHERE WERE YOU AT THE TIME THAT I

21   ENTERED THE STORE, WHEN THE DEFENDANT ENTERED THE -- I

22   AM SORRY.

23   A.    I WAS IN MY OFFICE.

24   Q.    OH, YOU WERE IN THE OFFICE?

25         WAS ANYONE WITH YOU?

26   A.    NO

27   Q.    SO WERE YOU BY YOURSELF?

28   A.    YES.

1    Q.    AND WHERE DID YOU FIRST COME IN CONTACT WITH

2    THE DEFENDANT?

3    A.    WHEN I WAS NOTIFIED BY (THE) SECURITY GUARD.
                                    → (another)
4    Q.    OKAY.

5          YOU WERE NOTIFIED BY THE SECURITY GUARD,

6    BUT DID YOU COME IN CONTACT WITH HIM AFTER YOU GOT

7    NOTIFIED, OR HOW DID YOU GUYS COME -- HOW DID YOU COME

8    IN CONTACT WITH THE DEFENDANT?

9    A.    I WAS OBSERVING HIM THROUGH THE CAMERA SYSTEM.

10   Q.    SO YOU WALKED OUT OF YOUR OFFICE AND THEN --

11   A.    NO.  I HAD THE CAMERA SYSTEM IN MY OFFICE.

12   Q.    OKAY, OKAY.

13         SO WHAT HAPPENED AFTER YOU OBSERVED HIM?

14   WERE YOU THERE WHEN THE SECURITY OFFICER DETAINED HIM OR

15   HELD HIM FOR ARREST?

16         WERE YOU THERE DURING THAT TIME, (OR HOW DID

17   YOU COME IN CONTACT WITH THE DEFENDANT?)

18   A.    (WE) OBSERVED THE SUSPECT THROUGH THE CAMERA

19   SYSTEM.

20   Q.    WE?  WHO IS (WE?)
                      →
21   A.    ME AND (THE) SECURITY GUARD. (and another)

22   Q.    SO SOMEONE WAS THERE?

23         OKAY.  MR. SANCHEZ, DO YOU RECALL THE

24   DEFENDANT ASKING FOR VIDEOTAPES OF THE INCIDENT?

25   A.    NO, I DON'T RECALL.

26   Q.    OKAY.

27         DO YOU HAVE VIDEOTAPES?

28   A.    YES.

```
1          Q.    OKAY.

2                MR. SANCHEZ, DO YOU RECALL -- DO YOU RECALL

3   MAKING A STATEMENT TO THE DEFENDANT WHEN I WAS BEING

4   DETAINED IN YOUR OFFICE THERE?

5                WAS THAT YOUR OFFICE THAT THE DEFENDANT WAS

6   BEING DETAINED IN UNTIL THE POLICE ARRIVED, AND YOU MADE

7   A STATEMENT THERE?

8          A.    NO, IT WAS AN EMPLOYEE BREAK ROOM.

9          Q.    OKAY.   WELL, THE EMPLOYEES' BREAK ROOM.

10               CAN YOU RECALL A STATEMENT THAT YOU MADE TO

11  THE DEFENDANT INVOLVING YOUR NORMAL POLICY OR PRACTICE

12  OF DEALING WITH SHOPLIFTERS THERE?   IT HAD SOMETHING TO

13  DO WITH BASICALLY CITATIONS, OR SOMETHING LIKE THAT.

14         A.    NO, I DON'T RECALL.

15         Q.    YOU DON'T RECALL THAT?   OKAY.

16               SO WERE YOU THERE AT THE TIME WHEN THE

17  DEFENDANT WAS BEING TAKEN OUT BY THE POLICE OFFICERS?

18               WERE YOU THERE AT THAT TIME WHEN HE WAS

19  BEING TAKEN OUT, OR WERE YOU STILL IN YOUR OFFICE?

20         A.    I WAS THERE.

21         Q.    YOU WERE THERE FOLLOWING THEM OUT?

22         A.    YES, YES.

23         Q.    ALL RIGHT.

24               HAVE YOU EVER SEEN THE DEFENDANT IN THE

25  STORE PRIOR TO ANY OF THESE -- TO THE INCIDENT OF

26  9/1/07?

27         A.    NO.

28         Q.    OKAY.
```

error (25)

1          DOES THE STORE HAVE WHAT THEY CALL SIGNS OR

2     DISPLAYS THAT ARE VISIBLE THAT ARE POSTED THAT WOULD

3     INSTRUCT A PERSON TO WHERE CUSTOMER SERVICE IS LOCATED,

4     OR MAYBE THE SHOPPING CART AREAS?

5          DO YOU HAVE SIGNS IN YOUR STORE SUCH AS

6     THAT?

7          A.   I DON'T UNDERSTAND.  *Ref. pg 8. L. 26,27  pg 10. L. 7-9.*
                                      *Pg 9. L. 25,26.*

*error (8)*
*error (9)*
           Q.   WELL, YOU KNOW, WHEN SOMEONE -- USUALLY WHEN A

      PERSON -- SOMETIMES PEOPLE GO TO STORES AND THEY END UP

10    LOSING ITEMS, AND WHEN THEY LOSE THE ITEMS YOU MAYBE GO

11    TO A CUSTOMER SERVICE DEPARTMENT OR SERVICE DESK AND

12    THEY ASK ONE OF THESE PERSONNEL THERE IF THEY HAD EITHER

13    FOUND IT, OR IF IT WAS A LOST AND FOUND OR SOMETHING

14    LIKE THAT.  USUALLY THERE ARE SIGNS THERE THAT TELL YOU

15    WHERE THE DESKS ARE AT.

16          DO YOU HAVE THAT IN YOUR STORE?

17    A.   WE HAVE CUSTOMER SERVICE, YES, UP FRONT.

18    Q.   DO YOU HAVE VISIBLE SIGNS AS TO WHERE IT'S

19    LOCATED?

20    A.   THERE ARE NO SIGNS.  IT'S IN FRONT.

21    Q.   WHERE IS THE FRONT?  WAS THE FRONT WHERE THE

22    DEFENDANT WAS DETAINED, OR IS THERE ANOTHER SECTION TO

23    THE STORE?

24    A.   WHERE THE DEFENDANT WAS DETAINED WAS THE BREAK

*error (25)*
      ROOM, AND IT'S --

26    Q.   I AM TALKING ABOUT WHEN HE WAS FIRST DETAINED

27    BY THE OFFICER THERE FOR THE ARREST, WHEN HE WAS FIRST

28    ARRESTED.

```
 1              LET ME REPHRASE THAT.

 2              WHEN THE DEFENDANT WAS ARRESTED BY YOU ON A

 3   CITIZEN'S ARREST, WAS THAT THE FRONT AREA, OR IS THERE A

 4   FRONT AREA SOMEWHERE ELSE TOTALLY?

 5         A.   THE FRONT AREA IS SOMEWHERE ELSE. Ref. pg. 10, L. 8, 9.

 6         Q.   OKAY.

 7              SO DID YOU NOTICE THE DEFENDANT WHEN HE

 8   FIRST CAME IN THE STORE?

 9         A.   NO.

10   DEFENDANT ROLLINS:  NO?  OKAY.

11         OKAY, I'M DONE.

12   THE COURT:  OKAY, THANK YOU.

13              ANY REDIRECT?

14   MS. PATEL:  NO REDIRECT, YOUR HONOR.

15   THE COURT:  OKAY, THANK YOU.  YOU ARE EXCUSED.

16   MS. PATEL:  NO FURTHER WITNESSES, YOUR HONOR.

17              PEOPLE HAVE A SIX-PAGE DOCUMENT WE'D LIKE TO

18   MARK PEOPLE'S 1 FOR IDENTIFICATION.

19              IT APPEARS TO BE A CERTIFIED COPY OF A DOCKET,

20   AND ON PAGE 2 IT INDICATES THAT A PERSON BY THE NAME OF

21   DENNIS ROLLINS WAS CONVICTED FOR VIOLATION OF PENAL CODE

22   SECTION 484 IN CASE NUMBER PA015443, AND HE WAS

23   SENTENCED TO 45 DAYS OF COUNTY JAIL.

24   THE COURT:  HAS MR. ROLLINS BEEN SHOWN THE EXHIBIT?

25   DEFENDANT ROLLINS:  YEAH.  YOU KNOW, I HAVE A COPY

26   OF A REPORT THAT STATES THAT SAME THING.

27              CAN I SEE THAT JUST FOR A SECOND?

28   MS. PATEL:  SURE.
```

```
 1              DEFENDANT ROLLINS:  OKAY.

 2                   YEAH, I NEED THIS.  I DIDN'T HAVE TIME TO

 3         ORDER THESE TRANSCRIPTS.

 4                   ARE THESE ORIGINAL TRANSCRIPTS FROM THAT --

 5         THE PA015443 DURING 1983?

 6                   CAN I HAVE COPY OF THESE?

 7              MR. FATURECHI:  WE CAN MAKE A COPY FOR YOU.

 8                   DO YOU NEED ONE TODAY?

 9              DEFENDANT ROLLINS:  YES, I DO.  I HAVEN'T HAD A

10         CHANCE TO ENTER THE LAW LIBRARY AT ALL, SO I AM GOING

11         BLIND RIGHT NOW.

12              MR. FATURECHI:  IF YOU CAN TAKE A LOOK AT IT RIGHT

13         NOW, BECAUSE THE PEOPLE ARE GOING REQUEST THAT THE JUDGE

14         ADMIT THIS INTO (EVIDENCE).

15                   SO WHAT THIS IS, IT'S A CERTIFIED DOCKET WHICH

16         PRETTY MUCH HAS ALL YOUR COURT APPEARANCES THAT YOU

17         ATTENDED.  IT'S CERTIFIED ON THE LAST PAGE WHERE YOU SEE

18         THAT STAMP.

19                   IF YOU LOOK ON THE SECOND PAGE, IT SHOWS THE

20         DATE, I BELIEVE IT'S NOVEMBER 22ND, AND THAT'S THE DATE

21         OF CONVICTION.

22              DEFENDANT ROLLINS:  THESE ARE ALL DIFFERENT ARRESTS

23         HERE.

24              MR. FATURECHI:  THAT'S JUST FOR CASE NUMBER

25         PA015443, AND THAT JUST TALKS ABOUT EVERY COURT DATE IN

26         THAT CASE NUMBER, WHAT HAPPENED ON THAT COURT DATE.

27              DEFENDANT ROLLINS:  OKAY.

28                   OKAY.  IT JUST TALKS ABOUT THAT ONE CASE,
```

error (4)

1    OKAY?  THAT'S THE 15-YEAR OLD PETTY THEFT WITH A PRIOR.

2         MR. FATURECHI:  YES, SIR.

3         DEFENDANT ROLLINS:  IN '93.

4              YEAH, I WOULD NEED A COPY OF THIS IF YOU

5    COULD, PLEASE.

6         MR. FATURECHI:  YOU WILL GET ONE IN THE FUTURE.

7         THE COURT:  WE'LL MAKE A COPY FOR YOU.  I DON'T

8    KNOW IF IT WILL BE TODAY.

9         DEFENDANT ROLLINS:  IF I COULD GET AHOLD OF IT THAT

10   WOULD BE NICE, BECAUSE LIKE I TOLD YOU YESTERDAY OR THE

11   DAY BEFORE YESTERDAY, I'VE BEEN DEPRIVED OF MY RIGHTS OF

12   ACCESS TO LAW LIBRARY AT THE COUNTY, AND I FILED THE --

13   A WRIT OF MANDATE TO THE APPELLATE COURT ASKING THEM IF

14   THEY WOULD INTERVENE WITH ME TO TRY TO, YOU KNOW, MAKE

15   AN INJUNCTION OR A DECLARATION SO I CAN GET IN THERE AND

16   AT LEAST GET SOME WRITING PAPER.  I HAVE TO WRITE ON THE

17   BACK OF THESE TRANSCRIPTS, AND I HAVE TO USE THIS LITTLE

18   PEN.

19              SO I HAVE REALLY BEEN DEPRIVED A LOT OF

20   OPPORTUNITIES TO BE ABLE TO DO LEGAL RESEARCH, AND I AM

21   GOING BLIND RIGHT NOW.  I AM JUST DOING THE BEST I CAN

22   RIGHT NOW WITH NOTES I HAVE.

23         THE COURT:  ALL RIGHT.

24         DEFENDANT ROLLINS:  OKAY.

25         THE COURT:  LET ME --

26         DEFENDANT ROLLINS:  CAN I ASK YOU ANOTHER QUESTION,

27   SIR?

28         THE COURT:  SURE.

1      DEFENDANT ROLLINS:  I WANTED TO KNOW WHETHER THE

2    POLICE OFFICER WAS -- I REALLY WANTED TO ASK HIM *Her*

3    QUESTIONS, THE POLICE OFFICER.  I REALLY WANTED TO

4    SUBPOENA HER TO COURT AND HAVE HER TO ANSWER A QUESTION.

5          THE COURT:  WELL, THAT'S BEYOND WHAT I CAN DEAL

6    WITH RIGHT NOW.  WHEN YOU ARE ARRAIGNED ON THE

7    INFORMATION YOU WILL BE GIVEN ANOTHER OPPORTUNITY IF YOU

8    WISH TO BE REPRESENTED BY COUNSEL.

9          DEFENDANT ROLLINS:  OKAY.

10          THE COURT:  AND THAT IS ALWAYS AVAILABLE TO YOU AT

11    THAT TIME.

12              ARE PEOPLE OFFERING PEOPLE'S 1 BY REFERENCE?

13          MS. PATEL:  YES, YOUR HONOR.

14          THE COURT:  ANY OBJECTION, MR. ROLLINS?

15          DEFENDANT ROLLINS:  REPEAT THAT, YOUR HONOR.  I

16    MISSED IT.

17          THE COURT:  THE PEOPLE ARE OFFERING (EXHIBIT 1 INTO

18    EVIDENCE)(BY REFERENCE ONLY).

19          DEFENDANT ROLLINS:  AS A REFERENCE, YES.  THAT'S

20    OKAY AS A REFERENCE.

21          THE COURT:  ALL RIGHT.

22          ✱ (THAT WILL BE ADMITTED BY REFERENCE ONLY.)

23              PEOPLE?

24          MS. PATEL:  NO FURTHER WITNESSES.

25              THE PEOPLE REST.

26          THE COURT:  MR. ROLLINS, DO YOU HAVE ANY

27    AFFIRMATIVE DEFENSE TO OFFER?

28          DEFENDANT ROLLINS:  YEAH, YOUR HONOR.

1      JUST BASED UPON MR. SANCHEZ'S TESTIMONY

2   THERE -- WHICH I FIND IS CONFLICTING TO THE OFFICIAL

3   REPORT, I JUST WISH I HAD -- WE HAD THE OPPORTUNITY TO

4   HAVE SOME MORE WITNESSES HERE SO I COULD GET SOME MORE

5   OF THESE ANSWERS.  I HAVE SOME QUESTIONS FOR THE POLICE

6   OFFICER, WHO CAN TESTIFY TO AN INCIDENT THAT THEY -- AND

7   MADE STATEMENT ON HERE THAT'S TOTALLY FALSE.

8      BUT SINCE THAT'S NOT GOING TO HAPPEN, I HAVE

9   ALSO SAID THAT -- I WOULD ALSO SAY THAT MISTER -- I JUST

10  FEEL THAT THESE -- I JUST FEEL THERE IS CONFLICTING

11  STATEMENTS IN ALL THESE TRANSCRIPTS.

12      I HAVE ONE OF THE POLICE REPORTS HERE.

13      I HAVE A TRANSCRIPT FROM THE PAROLE DEPARTMENT

14  WHICH I AM DEALING WITH RIGHT HERE, A STATEMENT FROM

15  MR. SANCHEZ.

16      IT STATES IN THIS REPORT THAT MR. SANCHEZ WAS

17  WITNESS NO. 1.  HE ALSO SAID THAT HE WAS A STORE

18  DETECTIVE, AND I JUST -- I JUST DISAGREE WITH, YOU KNOW,

19  WITH A LOT OF THINGS THAT'S BEING SAID HERE.

20      AND I JUST WISH I HAD A BETTER OPPORTUNITY TO

21  PRESENT THIS CASE, AND WHAT I HAVE -- FROM WHAT HE IS

22  SAYING RIGHT HERE NOW, IT JUST APPEARS TO ME TO BE A

23  BUNCH OF MUMBO JUMBO.  IT'S LIKE THEY JUMPED THE GUN ON

24  SOMETHING AND MISJUDGED ME.

25      I AM ASKING THE COURT FOR A VERBAL DISMISSAL

26  AND 995, IF I COULD HAVE THAT, BECAUSE I DON'T SEE FROM

27  WHAT HE'S SAYING THAT TO BE TRUE BASED UPON THESE

28  RECORDS HERE.

1       MR. FATURECHI:  AND YOUR HONOR, I BELIEVE THE

2   DEFENDANT IS ALSO ASKING FOR A MOTION TO DISMISS BASED

3   ON THE INSUFFICIENCY OF THE EVIDENCE; THAT THE PEOPLE

4   HAVEN'T PROVED THE CHARGE AT PRELIM HERE.

5       DEFENDANT ROLLINS:  YES, I AM.  YES, I AM.

6           YES, I AM SIR.

7       THE COURT:  ALL RIGHT.  A 995 MOTION IS SOMETHING

8   YOU CAN BRING BEFORE THE NEXT JUDGE.

9           THE MOTION TO DISMISS IS DENIED.

10          IT APPEARING TO ME FROM THE EVIDENCE PRESENTED

11  THAT THE FOLLOWING OFFENSE HAS BEEN COMMITTED AND THAT

12  THERE IS SUFFICIENT CAUSE TO BELIEVE THE FOLLOWING

13  DEFENDANT GUILTY THEREOF; TO WIT, DENNIS ROLLINS,

14  COUNT 1, PENAL CODE SECTION 666.

15          I ORDER THAT THE DEFENDANT BE HELD TO ANSWER

16  THEREFORE, AND BE ADMITTED TO BAIL IN THE SUM OF

17  $165,000, AND BE COMMITTED TO THE CUSTODY OF THE SHERIFF

18  OF LOS ANGELES COUNTY UNTIL SUCH BAIL IS GIVEN.

19          DATE OF ARRAIGNMENT WILL BE NOVEMBER 9, 2007

20  IN DEPARTMENT 127.  THAT'S 127 AT 8:30 A.M.

21          MR. ROLLINS, WOULD YOU LIKE ME TO ORDER A

22  PRE-PLEA REPORT, A PROBATION REPORT?

23      DEFENDANT ROLLINS:  NO, SIR.  I NEED TO HAVE SOME

24  TRANSCRIPTS.  WE TALKED ABOUT THAT ONE THERE.

25          I WAS JUST WONDERING BECAUSE I WAS HAVING A

26  PROBLEM WITH THE PRO PER STATUS IF YOU COULD ISSUE ME

27  ANOTHER ORDER SO I CAN -- YOU KNOW, I CAN GET THIS

28  STATUS GOING, AND I ALSO NEED A COPY OF THE PRO PER

1    APPLICATION THAT I MADE, IF THAT'S POSSIBLE.

2         THE COURT:  THE FARETTA WAIVER FORM?

3         DEFENDANT ROLLINS:  YOU ISSUED ME AN ORDER RIGHT

4    HERE.  HERE IT IS.  IT SAYS IT'S AN ORDER TO THE

5    SHERIFFS FOR PRO PER FUNDS -- NOT YOU, BUT IT WAS ISSUED

6    ON 9/5, I AM SORRY.  I DIDN'T MEAN TO SAY IT WAS YOU.

7         THE COURT:  RIGHT, COMMISSIONER HALL.

8         DEFENDANT ROLLINS:  AND IT WAS ORDERED ON 9/5/07.

9              AND I HAVE BEEN STRUGGLING TO GET IN THAT LAW

10   LIBRARY, TO GET SOME SUPPLIES AND RESEARCH DONE, AND I

11   HAVE NOT HAD THE OPPORTUNITY AT ALL.

12             I WAS WONDERING IF YOU COULD ISSUE ME ANOTHER

13   ORDER SO I COULD TRY TO ATTEMPT THIS AGAIN.  AS A MATTER

14   OF FACT, I HAVE LIKE TWENTY COMPLAINTS IN TOTAL ASKING

15   THE COUNSEL IF THEY WOULD HONOR MY PRIVILEGE.

16   *County*   THE APPLICATION I AM TALKING ABOUT IS THE

17   APPLICATION THAT I MADE, THE VERY FIRST APPLICATION THAT

18   I MADE TO REQUEST PRO PER STATUS.

19        THE COURT:  THERE IS AN ORDER OF SEPTEMBER 5TH,

20   2007 IN THE FILE, AND I AM PRESUMING THAT THAT WAS FAXED

21   TO THE SHERIFF'S DEPARTMENT.

22        DEFENDANT ROLLINS:  RIGHT.  I HAVE A COPY OF THAT.

*error* (23)  BUT APPARENTLY -- I DON'T KNOW, THEY ARE NOT

24   RESPONDING TO IT.  THEY ARE NOT EVEN RESPONDING TO MY

25   COMPLAINT AT ALL, NONE OF THEM.

26        THE COURT:  RIGHT.

27             WELL, MY CONCERN IS THAT IF WE SENT A NEW ONE,

28   THEN THAT WILL THEN --

1   DEFENDANT ROLLINS:  I'M THINKING IT MIGHT GET THEM

2   JUMP STARTED AT LEAST.

3       THE COURT:  I AM NOT SURE IF THAT WOULD HELP OR

4   HURT.  IT'S UP TO YOU, SIR.  ALL WE CAN DO IS WE CAN --

5   IS THERE ANY WAY TO CHECK THAT?  WE CAN CHECK TO SEE IF

6   IT WAS FAXED.

7       I AM JUST GOING TO HOPE THAT YOU GET WHAT YOU

8   NEED, AND IF IT HASN'T HAPPENED BY YOUR ARRAIGNMENT ON

9   THE INFORMATION, BRING THAT TO THE ATTENTION OF THE

10  JUDGE IN 127.  I AM JUST CONCERNED IF WE DO ANYTHING NOW

11  IT WILL PUT YOU BACK AT THE END OF THE LINE, OKAY?

12      DEFENDANT ROLLINS:  ALL RIGHT.

13      THE COURT:  THANK YOU.

14      MS. PATEL:  THANK YOU YOUR HONOR.

15      DEFENDANT ROLLINS:  THANK YOU, YOUR HONOR.

16      THE COURT:  YOU'RE WELCOME.

17

18      (THE PROCEEDINGS WERE CONCLUDED.)

19

20

21

22

23

24

25

26

27

28

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                  FOR THE COUNTY OF LOS ANGELES

 3    DEPARTMENT 34              HON. STEVEN KLEIFIELD, JUDGE

 4


 5
      THE PEOPLE OF THE STATE OF CALIFORNIA,)
 6                                          )
                              PLAINTIFF,    )
 7            VS.                           ) NO. BA328441
                                            ) REPORTER'S
 8    DENNIS ROLLINS,                       ) CERTIFICATE
                                            )
 9                            DEFENDANT.    )
      _____)
10


11


12    STATE OF CALIFORNIA    )
                             )   SS
13    COUNTY OF LOS ANGELES  )

14            I, MARY LU MURPHY, OFFICIAL REPORTER OF THE

15    SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

16    COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

17    FOREGOING PAGES, 1 THROUGH 23, COMPRISE A TRUE AND

18    CORRECT TRANSCRIPT OF THE PROCEEDINGS REPORTED BY ME IN

19    THE MATTER OF THE ABOVE-ENTITLED CAUSE ON THE DATE OF

20    OCTOBER 26, 2007.

21            DATED THIS 2ND DAY OF NOVEMBER, 2007.

22

23

24                          _____
                            MARY LU MURPHY, CSR NO. 5178
25                          OFFICIAL REPORTER

26    Need _____ in dept. 34
27    before preliminary 9-11 ___ to 10-26-07 .

28
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEPARTMENT 127                     HON. C.H. REHM, JUDGE


**COPY**

PEOPLE OF THE STATE OF CALIFORNIA,            )
                                              )
                            PLAINTIFF,        )
                                              ) SUPERIOR COURT
                      VS.                     ) NO. BA32 8441
                                              )
DENNIS ROLLINS,                               )       JUL 03 2008
                                              )
                            DEFENDANT.        )


REPORTER'S TRANSCRIPT OF PROCEEDINGS

JANUARY 4, 2008


APPEARANCES:
FOR THE PEOPLE:         STEVE COOLEY, DISTRICT ATTORNEY
                        BY:  NORMAN HEARON, DEPUTY
                        18000 FOLTZ CRIMINAL JUSTICE CENTER
                        210 WEST TEMPLE STREET, 18TH FLOOR
                        LOS ANGELES, CALIFORNIA 90012


FOR DEFENDANT:          IN PROPRIA PERSONA


                            ROSEMARY ARTEAGA, CSR NO. 11671
                                 OFFICIAL REPORTER

```
 1   CASE NUMBER:        BA328441

 2   CASE NAME:          PEOPLE VS. DENNIS ROLLINS

 3   LOS ANGELES, CA     JANUARY 4, 2008

 4   DEPARTMENT 127      HON. C.H. REHM, JUDGE

 5   REPORTER:           ROSEMARY ARTEAGA, CSR NO. 11671

 6   TIME:               MORNING SESSION.

 7

 8   APPEARANCES:

 9              DEFENDANT IS PRESENT IN PROPRIA PERSONA,

10              PEOPLE ARE PRESENT AND REPRESENTED BY

11              DEPUTY DISTRICT ATTORNEY NORMAN HEARON.

12

13                     (THE FOLLOWING PROCEEDINGS

14                     WERE HELD IN OPEN COURT:)

15

16       THE COURT:  THESE ARE THE CASES OF THE PEOPLE

17   VERSUS DENNIS ROLLINS, R-O-L-L-I-N-S, CASE NO. BA328441

18   AND    6PY07826.

19              LET THE RECORD REFLECT THAT THE PEOPLE ARE

20   PRESENT BY THEIR COUNSEL, MR. HEARON.

21              MR. ROLLINS IS PRESENT IN CUSTODY

22   REPRESENTING HIMSELF.

23              DO YOU WISH TO CONTINUE TO REPRESENT

24   YOURSELF, MR. ROLLINS?

25       THE DEFENDANT:  YES, SIR.

26       THE COURT:  THANK YOU.

27              WE'RE HERE TODAY IN THE BA CASE FOR

28   PRETRIAL CONFERENCE AND TO CONSIDER VARIOUS MOTIONS FOR
```

1    MR. ROLLINS.  THOSE MOTIONS INCLUDE:  A PETITION FOR WRIT

2    OF HABEAS CORPUS; A MOTION TO SUPPRESS THE TESTIMONY OF

3    SAMUEL SANCHEZ, A WITNESS IN THE PRELIMINARY HEARING; A

4    MOTION TO SUPPRESS, EVIDENCE OF CASE PA015443, AN ALLEGED

5    STRIKE CONVICTION SUFFERED BY MR. ROLLINS THAT WAS

6    PRESENTED AT THE PRELIMINARY HEARING; AND A MOTION UNDER

7    PENAL CODE SECTION 995 BY MR. ROLLINS TO SET ASIDE THE

8    INFORMATION IN THIS CASE.

9                DID I MISS ANYTHING HERE, MR. ROLLINS?

10               THE DEFENDANT:  NO, YOUR HONOR.  I WOULD LIKE TO

11   MAKE A STATEMENT WHEN I GET A CHANCE.

12               THE COURT:  OKAY.  YOU HAVE THE FLOOR.

13               WHY DON'T YOU GO AHEAD AND MAKE THAT

14   STATEMENT.

15               THE DEFENDANT:  YES.  I WOULD LIKE TO MOTION THE

16   COURT TO TAKE NOTICE TO THE CALIFORNIA RULES OF COURT

17   4.111.  I HAVE NOT RECEIVED AN OPPOSITION IN REFERENCE TO

18   THESE MOTIONS, SO I ASSUME THAT THE DISTRICT ATTORNEY

19   CONCURS TO THE MOTION.

20               THE COURT:  OKAY.  THANK YOU.

21               DOES THE DISTRICT ATTORNEY WISH TO BE

22   HEARD?

23          MR. HEARON:  YOUR HONOR, WITH REGARD TO THE 995

24   MOTION, THE PEOPLE DID FILE A RESPONSE ON JANUARY 2ND,

25   YOUR HONOR.  I DID SEND THAT RESPONSE THROUGH THE MAIL TO

26   THE ADDRESS THAT WAS LISTED ON THE MOTION THAT MR.

27   ROLLINS SUBMITTED.

28               HOWEVER, I WOULD ASSUME THAT HE HAD NOT

1    RECEIVED IT BY TODAY.  I DO HAVE AN EXTRA COPY FOR HIM
2    WITH REGARD TO THE 995 MOTION.
3         THE COURT:  OKAY.  JUST SO THE RECORD IS CLEAR,
4    ARE THE PEOPLE OPPOSING MR. ROLLINS' MOTION TO SET ASIDE
5    THE INFORMATION?
6         MR. HEARON:  YES.
7         THE COURT:  ARE THE PEOPLE OPPOSING MR. ROLLINS'
8    MOTION TO SUPPRESS EVIDENCE OF AN ALLEGED PRIOR
9    CONVICTION IN BA015443?
10        MR. HEARON:  YES, YOUR HONOR.
11        THE COURT:  ARE THEY OPPOSING HIS MOTION TO
12   SUPPRESS THE TESTIMONY OF MR. SANCHEZ, THE WITNESS AT HIS
13   PRELIMINARY HEARING?
14        THE COURT:  YES, YOUR HONOR.
15            OKAY.  HERE IS THE SITUATION, MR. ROLLINS.
16   APPARENTLY THE PEOPLE'S OPPOSITION TO THE MOTION TO SET
17   ASIDE THE INFORMATION DID NOT REACH YOU.  THEY HAVE GIVEN
18   YOU ONE TODAY.  THEY ARE OPPOSING YOUR OTHER MOTIONS.  I
19   DON'T KNOW HOW YOU WISH TO PROCEED IN THAT SITUATION.  IF
20   YOU ARE GOING TO NEED SOME TIME TO ADDRESS WHATEVER THE
21   PEOPLE'S OPPOSITION MIGHT BE, YOU CERTAINLY HAVE A RIGHT
22   TO THAT TIME.
23            WHAT WOULD YOU LIKE TO DO, SIR?
24        THE DEFENDANT:  WELL, YOUR HONOR, LOOKING AT THE
25   CALIFORNIA RULES OF COURT, IT TALKS ABOUT THE MOTIONS
26   BEING MADE TEN DAYS BEFORE THE HEARING AND THE
27   OPPOSITIONS BEING IN REPLY FIVE DAYS.  I AM JUST
28   RECEIVING THIS OPPOSITION, WHICH IS -- I AM JUST SAYING

1    IN VIOLATION OF THOSE RULES.
2         THE COURT:  I UNDERSTAND EXACTLY WHAT YOU ARE
3    SAYING.  I DON'T WANT YOU TO FEEL PRESSURED BECAUSE
4    CERTAINLY IF YOU --
5         THE DEFENDANT:  I GOT YOU.
6         THE COURT:  AS I HAVE EXPLAINED, IF YOU BROUGHT A
7    LOT OF MOTIONS TO COURT AND SAID LET'S HEAR THOSE TODAY
8    AND THE PEOPLE DID NOT HAVE A CHANCE TO REVIEW THOSE AND
9    MAKE UP THEIR MIND ON WHAT THEY WANTED TO DO, THAT WOULD
10   NOT BE FAIR.  IT IS CERTAINLY NOT FAIR UNDER THESE
11   CONDITIONS TO HAVE YOU RESPOND TO THINGS THAT YOU ARE NOT
12   PREPARED TO RESPOND TO.
13        THE DEFENDANT:  I AM READY TO ARGUE.
14        THE COURT:  IF YOU WANT SOME ADDITIONAL TIME, THAT
15   IS FINE.  WE CAN CERTAINLY PROVIDE THAT.
16             WHAT DO YOU FEEL COMFORTABLE DOING TODAY?
17        THE DEFENDANT:  I AM READY TO ARGUE THE ISSUES, I
18   JUST WANT TO NOTE FOR THE RECORD THAT I DID NOT HAVE THE
19   PROPER RULES RESPONSE.
20        THE COURT:  OKAY. THANK YOU.  YOU HAVE YOUR RECORD
21   THERE.
22             LET'S START FIRST WITH YOUR PETITION OF
23   WRIT OF HABEAS CORPUS.  IN THAT WRIT -- REALLY IT DOESN'T
24   REQUIRE A RESPONSE FROM THE DISTRICT ATTORNEY'S OFFICE --
25   YOU'VE ASKED FOR INJUNCTIVE AND DECLARATORY RELIEF
26   CONCERNING YOUR ISSUES TO THE LAW LIBRARY.  YOU ASKED THE
27   COURT TO PROVIDE YOU CIVIL COURT FORMS AND CIVIL TORT
28   ACTION PACKETS, INCLUDING CAUSES OF ACTION.

1          FIRST, LET ME EXPLAIN TO YOU.  THIS COURT

2    IS NOT IN ANY POSITION PURSUANT TO A WRIT OF HABEAS

3    CORPUS TO PROVIDE INJUNCTIVE OR DECLARATORY RELIEF.  A

4    WRIT OF HABEAS CORPUS ONLY ADDRESSES YOUR INCARCERATION

5    STATUS.  SO TO THE EXTENT YOU WANT THIS COURT TO PROVIDE

6    DOCUMENTS, LET ME SUGGEST TO YOU, YOU DO HAVE A PRIVATE

7    INVESTIGATOR AND YOU ARE CERTAINLY ENTITLED TO A RUNNER,

8    IF YOU WANT A RUNNER, IN ADDITION TO YOUR PRIVATE

9    INVESTIGATOR.  SIMPLY ASK YOUR PRIVATE INVESTIGATOR TO

10   PICK UP WHATEVER YOU WANT. YES, SIR.

11          THE DEFENDANT: YES, YOUR HONOR.  AS A FACT THAT

12   WRIT WAS NOT FILED IN THIS COURT.  I DON'T KNOW HOW YOU

13   ENDED UP WITH THAT WRIT.  IT IS JUST WAY BEYOND ME HOW

14   YOU GOT THAT.

15          THE COURT:  OKAY.  SO WHAT WOULD YOU LIKE ME TO DO

16   WITH THIS WRIT?  WHERE DID YOU INTEND IT TO GO?  LET ME

17   ASK YOU THAT WAY.

18          THE DEFENDANT:  IN FACT, IT WAS DIRECTED TO THE

19   APPELLATE COURT, THE COURT OF APPEALS THERE.  I DON'T

20   KNOW HOW YOU GOT THAT.  I REALLY DON'T KNOW.

21          THE COURT:  OKAY.  WELL --

22          THE DEFENDANT:  MAYBE THEY SENT IT TO YOU.

23          THE COURT:  -- WE WILL DO THIS:  WE WILL NOT RULE

24   ON THIS.  WE WILL MAKE A COPY AND KEEP IT IN THE FILE.

25   IF YOU WANT THIS ORIGINAL WRIT BACK, SO YOU CAN --

26          THE DEFENDANT:  NO. I HAVE A COPY SO YOU CAN KEEP

27   IT IN YOUR FILE. I AM SORRY.

28          THE COURT:  IT'S OKAY.  MAYBE YOU JUST MEANT THIS

1    AS A COPY TO PROVIDE NOTICE TO THE COURT.  IS THAT --

2         THE DEFENDANT:  NO.  I DIDN'T SEND IT TO YOU.  I

3    SENT IT TO THE APPELLATE COURT.

4         THE COURT:  OKAY.  THEN PLEASE BE SURE THAT IT

5    GETS TO THE APPELLATE COURT AND WE WILL JUST KEEP THIS

6    COPY IN THE FILE.  FAIR ENOUGH?

7         THE DEFENDANT:  YES, SIR.

8         THE COURT:  AND THE RECORD SHOULD REFLECT THAT

9    MR. ROLLINS' STANDBY COUNSEL IS HERE.

10            MAY WE ASK STANDBY COUNSEL TO STATE HIS

11   APPEARANCE FOR THE RECORD.

12        MR. MERRITT:  BRENT MERRITT, M-E-R-R-I-T-T.

13        THE COURT:  THANK YOU.  I AM SORRY THAT I DIDN'T

14   ASK YOU THAT EARLIER.

15            WHY DON'T WE TAKE UP MR. ROLLINS' MOTION TO

16   SET ASIDE THE INFORMATION UNDER PENAL CODE SECTION 995.

17            ARE WE READY TO DO THAT, MR. ROLLINS?

18        THE DEFENDANT:  YES, WE ARE SIR.

19        THE COURT:  MR. ROLLINS HAS FILED THIS MOTION TO

20   SET ASIDE THE INFORMATION UNDER PENAL CODE SECTION 995.

21   HE CONTENDS THAT HE WAS NOT LEGALLY COMMITTED BY THE

22   MAGISTRATE AT THE PRELIMINARY HEARING.  HE WAS DENIED A

23   SUBSTANTIAL RIGHT AT THE PRELIMINARY HEARING.  HE WAS

24   COMMITTED WITHOUT REASONABLE AND PROBABLE CAUSE.

25            AND, IF I UNDERSTAND YOU CORRECTLY,

26   MR. ROLLINS, YOU ARE ALSO SAYING THAT UNDER PENAL CODE

27   SECTION 1538.5 SUBPARAGRAPH (M) THERE WAS AN UNREASONABLE

28   SEARCH AND SEIZURE ISSUE THAT WAS NOT ADDRESSED AT YOUR

1  PRELIMINARY HEARING OR DID I JUST MISSUNDERSTAND YOU?

2       THE DEFENDANT:  YOU MUST HAVE MISUNDERSTOOD THAT,

3  SIR.

4       THE COURT:  OKAY.  MR. ROLLINS ASSERTS THAT HE WAS

5  DENIED A SUBSTANTIAL RIGHT AT HIS PRELIMINARY HEARING

6  WHEN HE WAS DENIED A CONTINUANCE TO PREPARE FOR HIS

7  PRELIMINARY HEARING.

8            HE FELT THIS WAS NECESSARY BECAUSE HE WAS

9  NOT PROVIDED ACCESS TO THE CUSTODIAL LAW FACILITIES.

10           FURTHERMORE, HE HAD RECEIVED NO RULING FROM

11  THE COURT OF APPEAL ON HIS WRIT OF MANDATE AND INJUNCTION

12  PROCEEDINGS TO COMPEL GREATER ACCESS TO THOSE FACILITIES.

13  HE ALSO WANTED TO SUBPOENA POLICE OFFICERS TO TESTIFY AS

14  A DEFENSE WITNESS, BUT HE WAS NOT ALLOWED A CONTINUANCE

15  TO DO SO.

16           ADDITIONALLY, THE PROSECUTION WITNESS,

17  MR. SANCHEZ, GAVE CONFLICTING TESTIMONY AND LACKED

18  CREDIBILITY.

19           DID I SET THOSE THINGS OUT CORRECTLY,

20  MR. ROLLINS?

21       THE DEFENDANT:  YES, YOU HAVE.

22       THE COURT:  DID YOU WANT TO ADD ANYTHING TO THOSE

23  GROUNDS TODAY?

24       THE DEFENDANT:  NO.

25       THE COURT:  OKAY.  THE PEOPLE FILED A WRITTEN

26  OPPOSITION AND CONTEND THAT MR. ROLLINS HAS ESTABLISHED

27  NO GROUND ON WHICH TO SET ASIDE THE INFORMATION.

28           MR. ROLLINS, WHAT WOULD YOU LIKE TO ADD, IF

1    ANYTHING?

2        THE DEFENDANT:  YES, YOUR HONOR.  I WOULD JUST

3    LIKE TO STATE THE FACTS AND ARGUE THE ISSUES.  ONE OF THE

4    MAJOR ISSUES THAT I WANTED TO ARGUE IS THAT, YOU KNOW, I

5    ASKED FOR A CONTINUANCE.  THE WRIT THAT YOU JUST RECEIVED

6    FROM THE APPELLATE COURT IS THE WRIT THAT I HAD TO MAKE

7    THE INJUNCTION AND APPEAL WITH SO THAT I COULD BE ABLE TO

8    HAVE TIME TO PREPARE AN AFFIRMATIVE DEFENSE.

9        I HAD EXPLAINED TO THE COURT.  ON 9/15 I

10    WAS GRANTED MY PRO PER STATUS.  ON 9/17 I WAS SCHEDULED

11    FOR THE PRELIMINARY HEARING.  AND WHAT I DID, I WASN'T

12    PREPARED FOR THE PRELIMINARY HEARING AT THAT TIME SO I

13    WAIVED -- I MOTIONED THE COURT TO ASK FOR A CONTINUANCE.

14    THEY GAVE ME A CONTINUANCE UNTIL 10/24.

15        THE COURT SUMMONED ME BACK AT 9/24 AND

16    DURING THAT TIME I TOLD THE COURT THAT I WAS STILL

17    EXPERIENCING PROBLEMS RECEIVING MY PRO PER STATUS.  AND I

18    ASKED THE COURT IF THEY COULD INTERVENE DURING THAT TIME,

19    IF THERE WAS ANYTHING THEY COULD DO, SUCH AS GIVING ME A

20    COURT ORDER OR CALL THE COUNTY JAIL TO SEE IF THEY COULD

21    PLACE ME IN THE PRO PER STATUS BECAUSE OF MY UPCOMING

22    PRELIMINARY DATE.

23        THE COURT RESPONDED TO ME THAT THERE WAS

24    NOTHING THEY COULD DO, THAT THEY COULDN'T GET INVOLVED.

25    THAT IS WHY I HAD TO PUT THE WRIT IN.  ON 10/24, WAS THE

26    DAY THAT I HAD -- THE PRELIMINARY HEARING WAS SCHEDULED

27    ON THAT DAY.  WHEN I WENT INTO THE HEARING, THE

28    PROSECUTION ANNOUNCED THAT THEY WERE NOT READY AT THAT

1    TIME; SO, YOU KNOW, I WAS STILL EXPERIENCING THE SAME

2    PROBLEMS I WAS HAVING WITH THE PRO PER STATUS AND NOT

3    BEING ABLE TO BUILD A POSITIVE AFFIRMATIVE DEFENSE.

4              I ALSO HADN'T HAD ACCESS TO COURTS AND

5    THINGS LIKE THAT THAT I NEEDED, SO I ASKED IF I COULD

6    HAVE A FURTHER CONTINUANCE AND THE COURT DENIED ME THE

7    CONTINUANCE.  AND I WAS JUST READING UNDER JENNINGS V.

8    SUPERIOR COURT, 66 CAL 2ND, AND UNDER JENNINGS V.

9    SUPERIOR COURT, IT TALKS ABOUT MY RIGHTS BEING VIOLATED

10   IN THAT AREA.

11             OKAY.  YES.  IT SAYS THAT IT IS JENNINGS V.

12   SUPERIOR COURT AND THE PEOPLE V. MURPHY.  IT, SAYS

13   DETERMINATION OF WHETHER IN ANY CASE A CONTINUANCE SHOULD

14   BE NORMALLY GRANTED, IT RESTS ON THE TRIAL COURT.  IT

15   SAYS, DISCRETION -- BUT THE DISCRETION MAY NOT BE

16   EXERCISED IN SUCH A MANNER TO DEPRIVE THE DEFENDANT OF A

17   REASONABLE OPPORTUNITY TO PREPARE A DEFENSE.

18             I DID NOT -- AND I QUOTED THAT.  THE COURT

19   DENIED MY MOTION AND THEY TRAILED FOR THE PROSECUTION.

20   THEY ADDED A FEW DAYS, BUT THEY WOULDN'T ALLOW ME TIME TO

21   GET PREPARED.  SO THE COURT WAS WELL INFORMED THAT I HAD

22   NOT BEEN PREPARED AN AFFIRMATIVE DEFENSE WHEN I STOOD AT

23   THE HEARING.

24             THE HEARING WAS HELD ON 10/26.  ON 10/26 MY

25   CIRCUMSTANCE WERE STILL THE SAME AND DURING THAT TIME I

26   WAS COMPELLED TO HAVE THE HEARING TO MOVE FORWARD THE

27   HEARING BECAUSE I HAD NO ALTERNATIVE.  AT THAT TIME

28   DURING THE HEARING, I HAD CROSS-EXAMINED MR. SANCHEZ.

1    AND IF YOU NOTICED IN THE TRANSCRIPTS, YOU

2    WILL SEE HERE WHERE THE D.A. WAS ASKED DURING THAT TIME

3    WERE THERE ANY OTHER ANY OTHER WITNESSES?

4         THE COURT:  YES, SIR.  I READ THE TRANSCRIPT.

5         DFS ATTY:  AND THE D.A. SAYS, YES, THERE IS ONE

6    OUTSIDE, WHICH WAS THE POLICE OFFICER.  AND THE D.A., YOU

7    KNOW, HAD HER THERE FOR -- PENDING IN CASE SHE NEEDED TO

8    BE CALLED AS A WITNESS.

9         NOW I EXPLAINED TO THE COURT, THAT I HAD

10   NOT HAD -- SINCE I HADN'T HAD THE OPPORTUNITY TO SUBPOENA

11   MY WITNESSES OR TO CONFIRM MY WITNESSES OR TO SUBPOENA

12   RECORDS, I ADDRESSED THE COURT UNDER EVIDENCE CODE 775.

13   AND I ASKED THE COURT ON ITS OWN MOTION TO MAKE IT

14   AVAILABLE TO ME SO THAT I COULD BE ABLE TO ASK THIS

15   WITNESS A FEW QUESTIONS THAT WAS FAMILIAR ON WHAT TOOK

16   PLACE IN THE CRIME.

17        THE COURT DENIED ME.  AND IF YOU LOOK  --

18   IF YOU LOOK ON PAGE -- YEAH, YOU LOOK ON PAGE -- I THINK

19   IT IS PAGE 26.  I AM NOT SURE WHICH PAGE.  YOU WILL SEE

20   WHERE THE COURT SAYS, WELL I DON'T HAVE TIME FOR THIS

21   RIGHT NOW.

22        PAGE 19, LINES ONE THROUGH SIX, THAT IS IT.

23   PAGE 19 -- LOOK AT PAGE 19 ON THE TRANSCRIPTS AND LOOK AT

24   LINES ONE THROUGH SIX.

25        THE COURT:  OKAY.  JUST LET'S PUT THAT IN THE

26   RECORD.

27        THAT INDICATES, AS FOLLOWS --

28        THE DEFENDANT:  YEAH, I HAD TOLD -- THIS IS WHERE

1    I ASKED, YOU KNOW -- YOU KNOW, BEGGING THEM ABOUT MY

2    RIGHTS BEING VIOLATED, AND I MADE STIPULATIONS IN THERE

3    ABOUT ME NOT HAVING THE PROPER OPPORTUNITY TO PREPARE A

4    DEFENSE, AND I ASKED FOR THAT ONE QUESTION UNDER THAT

5    EVIDENCE CODE.

6                    AND I MOTIONED THE COURT FOR THAT AND THE

7    COURT DENIED ME THAT RIGHT AND UNDER FOSTER V. SUPERIOR

8    COURT.  YOU KNOW, IT TALKS ABOUT RIGHTS -- A PERSON'S

9    RIGHTS BEING VIOLATED OR IMPROPER LIMITATIONS ON

10   DEFENDANT'S RIGHTS AND THE OPPORTUNITY TO CROSS-EXAMINE

11   AT FIRST WITNESS.  IT SAYS, CONSTITUTIONAL DENIAL OF

12   SUBSTANTIAL RIGHT.  THAT IS UNDER FOSTER V. SUPERIOR

13   COURT.

14                    IT ALSO TALKS ABOUT IT IN WIZARD V.

15   SUPERIOR COURT OF THE SAN BERNARDINO COUNTY.  IT TALKS

16   ABOUT -- IT SAYS HERE, THE COURT SETS ASIDE AN

17   INFORMATION IF THE DEFENDANT HAS NOT BEEN LEGALLY

18   COMMITTED BY A MAGISTRATE.

19                    IT SAYS, COMMITMENT IS UNLAWFUL WHERE IT

20   APPEARS THAT DURING THE COURSE OF A PRELIMINARY HEARING

21   EXAMINATION THE DEFENDANT HAS BEEN DENIED A SUBSTANTIAL

22   RIGHT.

23                    A DEFENDANT IS DENIED A SUBSTANTIAL RIGHT

24   AND IS THEREFORE NOT GIVEN A REASONABLE OPPORTUNITY TO

25   PREPARE AN AFFIRMATIVE DEFENSE FOR HIS PRELIMINARY

26   HEARING.

27                    SO THESE ARE TWO DIFFERENT SCENARIOS WHERE

28   I WAS DENIED A SUBSTANTIAL RIGHT TO BE ABLE TO, YOU KNOW,

```
1     TO PROCEED WITH A FAIR TRIAL.

2                   AND I WASN'T GIVEN THAT OPPORTUNITY.  AND

3     UNDER THE CIRCUMSTANCES, YOU KNOW, ME ASKING SEVERAL

4     TIMES FOR HELP FROM THE COURT AND ALL I ASKED THE COURT

5     TO DO DURING THAT TIME IS TO LET ME HAVE THIS ONE WITNESS

6     TO ASK THIS ONE WITNESS A QUESTION AND WE COULD HAVE

7     PRETTY MUCH SUMMONED THIS WHOLE CASE UP.

8            THE COURT:  AND ACCORDING TO YOUR MOTION TO SET

9     ASIDE THE INFORMATION ON PAGE SEVEN, YOU SAY, YOU WANTED

10    TO SUBPOENA THAT OFFICER.

11           THE DEFENDANT:  YES.

12           THE COURT:  BECAUSE YOU HAD A DEFENSE TACTIC IN

13    MIND.

14           THE DEFENDANT:  RIGHT.  EXACTLY.

15           THE COURT:  AND YOU WANTED TO GET THAT OFFICER'S

16    TESTIMONY.

17           THE DEFENDANT:  YES.

18           THE COURT:  CONCERNING THE PLACE THE SECURITY

19    GUARD ARRESTED YOU.

20           THE DEFENDANT:  YES, YOUR HONOR.

21           THE COURT:  WHETHER IT WAS IN OR OUTSIDE THE

22    STORE.

23           THE DEFENDANT:  YES.

24                  THE OFFICER THERE DURING THAT TIME WERE

25    FRESH IN THE MIND -- WERE FRESH IN THE MIND.  THEIR

26    MEMORY WAS FRESH.  THERE SHE WAS RIGHT THERE AVAILABLE

27    READY TO BE CALLED AS A WITNESS AND THE PROSECUTION JUST

28    HAPPENED TO NOT CALL HER, BUT SHE WAS READY AND SHE WAS
```

1    AVAILABLE RIGHT THERE.  I COULD HAVE EASILY ASKED HER THE

2    QUESTION.

3                    SHE WAS FAMILIAR WITH THE ACTUAL AREA WHERE

4    THEY SAID THEY ACTUALLY STOPPED ME IN THE STORE.  SHE

5    ASKED THAT QUESTION BEFORE SHE TOOK ME TO THE VEHICLE AND

6    I WAS GOING TO USE HER AS A WITNESS FOR ME DURING THAT

7    TIME AND THEY DENIED ME THAT OPPORTUNITY.

8                    I WANTED TO SUBPOENA HER AND I TOLD THE

9    COURT I JUST DIDN'T BECAUSE MY RIGHTS WERE BEING VIOLATED

10   WITH ACCESS TO THE LAW LIBRARY.  I COULD NOT DO THAT.  IF

11   I COULD JUST HAVE THAT OPPORTUNITY, IT WOULD MAKE A LOT

12   OF DIFFERENCE.

13           THE COURT:  I DID READ THE TRANSCRIPT.  SO THE

14   PERSON REFERRED TO ON PAGE SIX OF THE PRELIMINARY HEARING

15   TRANSCRIPT WHERE THE DISTRICT ATTORNEY INDICATES ON LINES

16   22 THROUGH 28 THAT THEY MIGHT BE CALLING TWO WITNESSES.

17           THE DEFENDANT:  YES, SIR.

18           THE COURT:  AND ONE OF THE WITNESSES INDICATED AS

19   SHE IS OUTSIDE.

20           THE DEFENDANT:  YES, SIR.

21           THE COURT:  THAT IS THE WITNESS YOU ARE REFERRING

22   TO --

23           THE DEFENDANT:  YES, SIR.

24           THE COURT:  -- LATER IN THE PROCEEDING --

25           THE DEFENDANT:  THAT IS EXACTLY RIGHT.

26           THE COURT:  -- ON PAGE 19 WHERE YOU SAY YOU WANTED

27   TO SUBPOENA THAT PERSON?

28           THE DEFENDANT:  YES, SIR.

1    THE COURT:  DID I MISS SOMETHING IN THE

2    TRANSCRIPT?

3    DID YOU EVER SAY TO THE COURT OR COUNSEL,

4    THE PERSON WAITING OUTSIDE IS THE PERSON I WANT TO --

5    THE DEFENDANT:  YES.

6    THE COURT:  WHERE DID YOU SAY THAT?

7    THE DEFENDANT:  I SAID TO THE COURT -- I AM TRYING

8    TO FIND IT WHERE I SAID TO THE COURT.  LET ME GET MY

9    NOTES TOGETHER.  LET ME SLOW DOWN.

10    THE COURT:  SURE.  TAKE YOUR TIME.

11

12    (PAUSE IN THE PROCEEDINGS.)

13

14    THE DEFENDANT:  HERE IT IS.  IF YOU START ON AT

15    PAGE 18 AT LINE 26, THIS IS WHERE I MADE MY MOTION FOR

16    THE COURT RIGHT HERE.  I ASKED THE COURT -- THE COURT

17    ASKED ME A QUESTION.  AND I SAID AT 26, I SAID, YES.  CAN

18    I ASK ANOTHER QUESTION, SIR?

19    HE SAYS, YES.  SO WE GO TO 19.  I SAID, I

20    WANT TO KNOW WHETHER THE POLICE OFFICER, WAS -- SEE, NOW

21    THE COURT STENOGRAPHER KIND OF RAN OUT OF GAS OR

22    SOMETHING THERE BECAUSE SHE DIDN'T PUT IN A FULL SENTENCE

23    IN A LOT OF THESE TRANSCRIPTS HERE.

24    BUT I SAID, I REALLY WANT TO ASK HIM -- YOU

25    KNOW, SHE SAID HIM, BUT I SAID, "HER" -- HER A QUESTION.

26    SEE THAT?

27    THE COURT:  I CERTAINLY CAN.

28    THE DEFENDANT:  THE POLICE OFFICER.  THE WHOLE

1    SENTENCE SHOULD HAVE BEEN LIKE YOUR HONOR, THERE IS AN

2    OFFICER OUT THERE, AND I WOULD LIKE TO ASK HER A

3    QUESTION.  SHE IS ONE OF -- YOU KNOW, SHE IS

4    PARTICIPATING.  YOU KNOW, I WANT TO SUBPOENA HER.  AND

5    THEN WE GO GO DOWN HERE AND KEEP SAYING DOWN HERE.  IT

6    SAYS, WELL -- I SAID, I REALLY WANTED TO SUBPOENA HER TO

7    THE COURT TO HAVE HER ANSWER THE QUESTION.

8                THAT IS -- THIS IS EXACTLY WHERE I WAS

9    TRYING TO BEG THE COURT HERE TO ALLOW HER TO COME ANSWER

10   THAT ONE QUESTION.

11               THE COURT:  OKAY.  THANK YOU.

12               THE DEFENDANT:  YES, SIR.

13               THE COURT:  IS THERE ANYTHING ELSE YOU WOULD LIKE

14   TO ADD TO YOUR WRITTEN MOTION?

15               THE COURT:  IF YOU WANT TO FURTHER DISCUSS THE

16   TESTIMONY OF THE WITNESS.

17               THE DEFENDANT:  WELL, YOUR HONOR, I HAVE THAT ON

18   THE SUPPRESSION.

19               THE COURT:  OKAY. WE WILL TAKE THAT UP --

20               THE DEFENDANT:  I FIGURED THAT WOULD BE BEST

21   EXPLAINED ON THE SUPPRESSION AREA.

22               THE COURT:  ALL RIGHT.  DID YOU WANT TO ADD

23   ANYTHING ELSE TO YOUR CONTENTION THAT THE EVIDENCE DID

24   NOT ESTABLISH THE ALLEGED VIOLATION OF PENAL CODE SECTION

25   666?

26               THE DEFENDANT:  WELL, I JUST WANT TO MAKE NOTE

27   THAT IN THE TRANSCRIPT -- THAT IN THE TRANSCRIPT YOU WILL

28   SEE THAT ON PAGE 21 LINES ONE THROUGH SIX WHERE THE

1   PROSECUTION CONCURRED WITH ME ABOUT THE EVIDENCE BEING

2   INSUFFICIENT.

3               IT IS ON PAGE 21, LINES ONE THROUGH SIX.

4   THE PROSECUTION CONCURRED WITH ME ON THAT.

5               AND I WANTED TO ALSO MAKE NOTE THAT IN THE

6   EVIDENCE CODE THERE IT SAYS -- IT TALKS ABOUT -- LET ME

7   SEE WHICH ONE.  I WANT TO PEAK IN HERE.  I THINK I

8   EXPLAINED 775.  YEAH, 775.  IT SAID, THE COURT ON ITS OWN

9   MOTION ON THE MOTION OF ANY PARTY MAY CALL A WITNESS AND

10  INTERROGATE THEM THE SAME AS IF IT HAD BEEN PRODUCED BY A

11  PARTY TO THE ACTION.

12               SO, YOU KNOW, I JUST REALLY DON'T

13  UNDERSTAND WHY I COULD NOT ASK THAT QUESTION BEING IN THE

14  CIRCUMSTANCE THAT I HAD WITH THAT LAW LIBRARY.  IT WAS

15  QUITE UNDERSTANDABLE THAT I WAS IN A SITUATION DURING

16  THAT TIME.

17               THE COURT:  OKAY.

18               THE DEFENDANT:  THANK YOU, SIR.

19               THE COURT:  MR. HEARON, DO THE PEOPLE WISH TO BE

20  HEARD?

21               MR. HEARON:  YOUR HONOR, WITH REGARD WHETHER OR

22  NOT THERE WAS PROBABLE CAUSE TO COMMIT MR. ROLLINS FOR

23  THE OFFENSE, I WOULD SUBMIT ON MY MOVING PAPERS.

24               HOWEVER, WITH REGARD TO -- I DON'T KNOW

25  WHERE TO BEGIN -- MR. ROLLINS' CONTENTIONS THAT HE WAS

26  DENIED AN AFFIRMATIVE DEFENSE, YOUR HONOR, IN LOOKING AT

27  THE TRANSCRIPT, IT APPEARS IT IS PRETTY SELF-EVIDENT.

28  THE COURT DID ASK HIM WHETHER OR NOT HE HAD AN

1    AFFIRMATIVE DEFENSE.  AND STARTING FROM PAGE -- I THINK

2    IT IS PAGE 18, YOUR HONOR.  BUT SUBSEQUENTLY, YOUR HONOR,

3    MR. ROLLINS SAID THAT HE WISHED THAT HE HAD ADDITIONAL

4    WITNESSES THERE AT THE PRELIMINARY HEARING.  I DON'T KNOW

5    THE WITNESSES HE WAS REFERRING TO.  BUT THE OFFICER WHO,

6    I BELIEVE, MR. ROLLINS SAID HE WANTED TO CALL AS A

7    POTENTIAL WITNESS TO ESTABLISH AN AFFIRMATIVE DEFENSE,

8    APPARENTLY IT APPEARS FROM THE TRANSCRIPT WAS AT THE

9    PRELIMINARY HEARING AND WAS AVAILABLE TO BE CALLED.

10            SO, YOUR HONOR, I WOULD SUBMIT THAT THE

11   REASON WHY IT WASN'T DONE, I DON'T KNOW, YOUR HONOR; BUT

12   IT WAS CERTAINLY THE OPPORTUNITY FOR HIM TO CALL THAT

13   WITNESS.

14            SO, YOUR HONOR, I WOULD SUBMIT THAT THERE

15   WAS NOT ANY WILLFUL DENIAL OF HIS RIGHT TO ESTABLISH AN

16   AFFIRMATIVE DEFENSE.

17            THE COURT:  THANK YOU.

18            MR. ROLLINS, IS THERE ANYTHING YOU WOULD

19   LIKE TO SAY IN REBUTTAL TO WHAT THE DISTRICT ATTORNEY

20   JUST TOLD US?

21            THE DEFENDANT:  YES, SIR.

22            YOU KNOW, IN THE TRANSCRIPT YOU WILL FIND

23   WHERE I MADE A LOT -- I TALKED A LOT ABOUT ME -- MY

24   RIGHTS BEING VIOLATED, ME NOT HAVING THE OPPORTUNITY TO

25   BUILD A DEFENSE.

26            I WISH I HAD ACCESS TO THE LIBRARY AND AS I

27   SHOWED YOU JUST A SECOND AGO, YOUR HONOR, RIGHT WHERE I

28   SAID -- I SAID THE OFFICER.  I DID MENTION THE OFFICER

1    OUTSIDE.  AND I JUST FEEL THAT THAT WAS A SUBSTANTIAL

2    RIGHT THAT I REALLY HAD AND I REALLY NEEDED THAT RIGHT

3    AND BECAUSE I COULD HAVE PROBABLY SOLVED THIS CASE.  THIS

4    CASE SHOULDN'T HAVE WENT THIS FAR.

5            THE COURT:  THANK YOU, VERY MUCH.

6            THE DEFENDANT:  THANK YOU, SIR.

7            THE COURT:  I APPRECIATE THE PRESENTATION OF BOTH

8    SIDES.

9            THE DEFENDANT:  THANK YOU, VERY MUCH.

10           THE COURT:  AN ACCUSED MAY BE HELD TO ANSWER IF

11   THE EVIDENCE PRESENTED TO THE MAGISTRATE AT THE

12   PRELIMINARY HEARING PROVIDES PROBABLE CAUSE TO BELIEVE

13   THAT THE ACCUSED COMMITTED THE ALLEGED OFFENSE.

14               IN RIDEOUT V. SUPERIOR COURT, 67 CAL 2ND

15   471 AT PAGE 474, THE CALIFORNIA SUPREME COURT NOTED THAT

16   EVIDENCE WHICH WILL JUSTIFY A PROSECUTION NEED NOT BE

17   SUFFICIENT TO SUPPORT A CONVICTION.

18               PROBABLE CAUSE IS SHOWN IF A PERSON OF

19   ORDINARY CAUTION AND PRUDENCE WOULD BE LED TO BELIEVE AND

20   CONSCIENTIOUSLY ENTERTAINED A STRONG SUSPICION OF THE

21   GUILT OF THE ACCUSED.

22               AN INFORMATION WILL NOT BE SET ASIDE OR A

23   PROSECUTION THEREON PROHIBITED IF THERE IS SOME RATIONAL

24   GROUND FOR ASSUMING THE POSSIBILITY THAT AN OFFENSE HAS

25   BEEN COMMITTED AND THE ACCUSED IS GUILTY OF IT.

26               THE REVIEWING COURT MAY NOT SUBSTITUTE ITS

27   JUDGMENT AS TO THE WEIGHT OF THE EVIDENCE FOR THE

28   MAGISTRATE.  AND IF THERE IS SOME EVIDENCE TO SUPPORT THE

1  INFORMATION, THE COURT WILL NOT INQUIRE INTO ITS

2  SUFFICIENCY.  EVERY LEGITIMATE INFERENCE THAT MAY BE

3  DRAWN FROM THE EVIDENCE MUST BE DRAWN IN FAVOR OF THE

4  INFORMATION.

5         A REVIEW OF THE PRELIMINARY HEARING

6  TRANSCRIPT IN THIS CASE DISCLOSES THAT MR. SAMUEL

7  SANCHEZ, S-A-N-C-H-E-Z, TESTIFIED THAT HE WAS THE STORE

8  MANAGER FOR THE FOOD FOR LESS STORE IN LOS ANGELES ON THE

9  DATE OF THE SUBJECT EVENTS.

10        A SECURITY GUARD NOTIFIED MR. SANCHEZ THAT

11  SOMEONE HAD TAKEN A TWELVE PACK OF BEER AND LEFT WITHOUT

12  PAYING FOR IT.  THAT PERSON WAS STOPPED OUTSIDE OF THE

13  STORE.  THAT PERSON HAD NO RECEIPT FOR THE ITEM.  THAT

14  PERSON HAD NO MONEY TO PAY FOR THE ITEM.  THAT PERSON

15  SAID HE NEEDED TO DRINK SOME BEER.  THAT PERSON WAS

16  INTOXICATED.  THAT PERSON WAS IDENTIFIED AS MR. ROLLINS,

17  THE DEFENDANT.

18        MR. SANCHEZ HAD ALSO SEEN MR. ROLLINS ON

19  THE STORE CAMERA SYSTEM.  HE WATCHED MR. ROLLINS AS HE

20  APPEARED TO BE NERVOUS.  MR. ROLLINS WALKED BACK AND

21  FORTH IN FRONT OF THE CHECK STAND.  THEN WALKED THROUGH

22  THE CHECK STAND WITHOUT PAYING FOR THE ITEM.

23        MR. ROLLINS WAS SUBSEQUENTLY ARRESTED FOR

24  THE ALLEGED VIOLATION OF PENAL CODE SECTION 666.

25        A CERTIFIED COPY OF PART OF THE COURT

26  DOCKET IN CASE PA015443 STATING THAT DENNIS ROLLINS WAS

27  CONVICTED FOR A VIOLATION OF PENAL CODE SECTION 484 AND

28  SENTENCED TO 45 DAYS IN COUNTY JAIL IN THAT MATTER WAS

1    ADMITTED INTO EVIDENCE BY REFERENCE.

2              MR. ROLLINS EXPLAINED TO US TODAY THAT HE

3    BELIEVED THE DISTRICT ATTORNEY CONCURRED WITH HIS MOTION

4    TO DISMISS.  THE PRELIMINARY HEARING TRANSCRIPT PAGE 21,

5    LINES ONE THROUGH SIX STATE AS FOLLOWS:

6              "THE PROSECUTOR:  "YOUR HONOR, I BELIEVE

7    THE DEFENDANT IS ALSO ASKING FOR A MOTION TO DISMISS

8    BASED ON THE INSUFFICIENCY OF THE EVIDENCE IN THAT THE

9    PEOPLE HAVEN'T PROVED THE CHARGE HERE.

10              MR. ROLLINS:  YES, I AM.  YES, I AM.  YES,

11   I AM, SIR."

12              THAT DOESN'T INDICATE TO THIS COURT,

13   MR. ROLLINS, THAT THE PEOPLE CONCUR WITH YOU THAT THERE

14   IS ANY GROUND TO DISMISS THE ALLEGATION.

15              MR. ROLLINS ALSO INDICATES THAT HE BELIEVES

16   A SUBSTANTIAL RIGHT WAS VIOLATED WHEN HE WAS NOT GIVEN A

17   CONTINUANCE IN ORDER TO OBTAIN A POLICE OFFICER AS A

18   WITNESS REGARDING WHETHER MR. ROLLINS WAS ARRESTED INSIDE

19   OR OUTSIDE THE STORE.

20              IT DOES NOT APPEAR TO THIS COURT THAT ANY

21   SUBSTANTIAL RIGHT THAT MR. ROLLINS WAS VIOLATED.  THE

22   TESTIMONY FROM MR. SANCHEZ INDICATED THAT MR. ROLLINS WAS

23   ARRESTED OUTSIDE OF THE STORE.  AND THE COURT APPRECIATES

24   YOUR PRESENTATION, MR. ROLLINS.

25              AND AT THIS TIME THE COURT FINDS THAT THE

26   EVIDENCE PRESENTED AT THE PRELIMINARY HEARING PROVIDES A

27   RATIONAL GROUND FOR ASSUMING THE POSSIBILITY THAT A

28   VIOLATION OF PENAL CODE SECTION 666 HAD BEEN COMMITTED

1    AND THAT MR. ROLLINS IS GUILTY OF THIS VIOLATION.

2              AS TO MR. ROLLINS' DESIRE TO CALL THAT

3    POLICE OFFICER AS A WITNESS, SHE WAS THERE, MR. ROLLINS.

4    YOU COULD HAVE SIMPLY SAID, THAT POLICE OFFICER THAT IS,

5    OUTSIDE IN THE HALLWAY, THAT IS THE PERSON I WANT TO

6    CALL.

7         THE DEFENDANT:  THE JUDGE DENIED THAT, SIR.

8         THE COURT:  OKAY. WE WILL HAVE TO DISAGREE THAT

9    YOU EVEN ASKED FOR THAT.

10             SO AT THIS TIME IT APPEARS THAT THE DEFENSE

11   HAS PRESENTED AN INSUFFICIENT BASIS TO CONCLUDE THAT THE

12   HOLDING ORDER WAS WITHOUT REASONABLE OR PROBABLE CAUSE

13   BECAUSE OF INSUFFICIENCY OF THE EVIDENCE OR THAT

14   MR. ROLLINS WAS DENIED ANY SUBSTANTIAL RIGHT TO HIS

15   PREJUDICE AT THE PRELIMINARY HEARING AND THE DEFENSE

16   MOTION IS DENIED.

17             WHAT WOULD WE LIKE TO TAKE UP NEXT, THE

18   MOTION TO SUPPRESS THE --

19        THE DEFENDANT:  THE WITNESS.

20        THE COURT:  OKAY.

21             ARE THE PEOPLE READY TO ADDRESS THAT?

22        MR. HEARON:  YES, YOUR HONOR.

23        THE COURT:  MR. ROLLINS HAS FILED THE MOTION

24   UNDER --

25        MR. HEARON:  YOUR HONOR, I AM SORRY TO INTERRUPT

26   THE COURT.  PERHAPS THE WITNESS IS IN COURT.  PERHAPS HE

27   SHOULD BE OUTSIDE.  I WILL ASK HIM TO STEP OUTSIDE.

28        THE DEFENDANT:  YES.  THANK YOU.

1    THE COURT:  THE GENTLEMAN IN THE COURT WILL YOU

2    HAVE A SEAT OUT IN THE HALLWAY UNTIL WE CALL YOU IN FOR

3    THIS HEARING.  THANK YOU VERY MUCH.

4    THE DEFENDANT:  THANK YOU, SIR.

5    THE COURT:  THE GENTLEMAN HAS LEFT THE COURTROOM.

6    MR. ROLLINS' MOTION TO SUPPRESS THE

7    TESTIMONY OF SAMUEL SANCHEZ SETS OUT THAT AS FAR AS

8    MR. ROLLINS IS CONCERNED, MR. SANCHEZ GAVE CONFLICTING

9    TESTIMONY AND HE IS NOT CREDIBLE.

10    DID I BASICALLY SET THAT OUT CORRECTLY,

11    MR. ROLLINS?

12    THE DEFENDANT:  YES, YOU DID, SIR.

13    THE COURT:  WOULD YOU LIKE TO TALK TO US ABOUT

14    THAT.

15    THE DEFENDANT:  YES, I WOULD SIR.

16    THE DEFENDANT:  OKAY, SIR, IF YOU WOULD TURN TO

17    PAGE 12 OF THE TRANSCRIPT.  IF YOU TAKE A LOOK AT LINES

18    23 THROUGH LINES 28, THIS IS WHERE MR. SANCHEZ ADMITS

19    BEING ALONE IN HIS OFFICE.

20    HE SAID, I WAS IN MY OFFICE, AND HE SAID HE

21    WAS ALONE.  I ASKED HIM -- IT WAS ASKED, WAS ANYBODY WITH

22    YOU?  HE SAYS, NO.

23    SO YOU WERE LEFT ALONE?

24    HE SAYS, YES.

25    IF YOU LOOK AT PAGE EIGHT -- GO BACK TO

26    PAGE EIGHT OF THE TRANSCRIPT, PAGE EIGHT, LINE 17, IS

27    WHERE MR. SANCHEZ STATES THAT A SECURITY GUARD NOTIFIED

28    HIM.  HE SAYS, A SECURITY GUARD NOTIFIED ME, SAYING "WE".

23

1   OKAY.

2             PAGE 13, LINES THREE.  IF YOU LOOK AT PAGE

3   13 AND LINES THREE, YOU WILL SEE HERE HE CONFIRMS THIS

4   RIGHT HERE.  MR. SANCHEZ CONFIRMS HE WAS NOTIFIED BY A

5   SECURITY GUARD HERE.

6             AND ON PAGE 13, LINES TEN, HE ALSO

7   CONFIRMED AT LINE TEN AND 11.  HE SAYS -- SO HE CONFIRMS

8   THAT HE WAS AT HIS OFFICE AT THAT TIME TOO AS WELL.

9             HE STATES HE WAS OBSERVING ME THROUGH A

10  CAMERA AND SO FORTH.  NOW, IF WE TAKE A LOOK AT THIS

11  EXHIBIT -- I MEANT TO HAVE COPIES MADE FOR THE COURT, BUT

12  I HAVE A DISCOOPERATIVE INVESTIGATOR, SIR.  YOU GUYS HAVE

13  TO BEAR WITH ME A MOMENT.

14            THE COURT:  SURE.  WHAT WOULD YOU LIKE TO PRESENT?

15            THE DEFENDANT:  I WOULD LIKE TO PRESENT THIS

16  DOCUMENT.  THIS IS A DOCUMENT FROM THE POLICE REPORT AND

17  IT ACTUALLY HAS A NUMBER ON IT.  IT IS 070224 AND IT SAYS

18  98.  THIS IS AS EXHIBIT A.  I WOULD LIKE TO PRESENT THIS

19  TO THE COURT.

20            THE COURT:  HAND THAT TO THE BAILIFF.  THE BAILIFF

21  IS GOING TO SHOW IT TO THE DISTRICT ATTORNEY AND THEN HE

22  WILL HAND IT TO THE COURT.

23            THE DEFENDANT:  I HAVE TO READ SOMETHING FROM IT.

24            THE COURT:  SURE.  WE WILL GIVE IT BACK TO YOU.

25  HAVE YOU SEEN THAT DOCUMENT, MR. HEARON?

26            MR. HEARON:  YES, YOUR HONOR.

27            THE DEFENDANT:  NOW, IF YOU LOOK AT THIS REPORT --

28  I WILL CALL IT EXHIBIT A.  YOU WILL SEE WHERE AT THE TOP

1    IT IS NOTED AS MR. SAM SANCHEZ. AND HE -- IF YOU LOOK AT

2    THE RECORD ON PAGE EIGHT -- LET'S GO BACK TO PAGE EIGHT

3    ON THE TRANSCRIPTS. GO BACK TO PAGE EIGHT.

4            I AM GOING TO TRY TO SLOW DOWN A LITTLE

5    BIT. I AM SORRY. PAGE EIGHT, LOOK AT LINES 17 AND 19 --

6    THROUGH 19.

7            HE SAYS, YES. I WAS NOTIFIED BY THE

8    SECURITY GUARD. HE NOTIFIED ME, WE HAD A PERSON WHO

9    GRABBED SOME BEER.

10           NOW RIGHT HERE ON THIS SPECIFIC POLICE

11   REPORT, THIS DOCKET RIGHT HERE, UNDER WITNESS ONE IS

12   MR. SANCHEZ WHO CLAIMS TO BE A STORE SECURITY PERSONNEL.

13   HE MAKES A STATEMENT.

14           HE SAYS, I OBSERVED THE DEFENDANT PASS

15   THROUGH NUMBERS OPEN MANNED CASH REGISTER. AND HE SAID

16   HE OBSERVED ME WALK TO THE FRONT OF THE STORE. HE SAID,

17   HE ALSO OBSERVED THE WITNESS EXITING THE STORE AND HE

18   ALSO CONFIRMED TO THE POLICE OFFICER THAT HE WAS ALSO

19   STORE SECURITY.

20           THE COURT: OKAY. DID YOU WANT THE COURT TO LOOK

21   AT THAT?

22           THE DEFENDANT: YES.

23           THE COURT: WILL YOU HAND THAT TO THE BAILIFF.

24   THE COURT WILL LOOK AT IT. AND WHY DON'T WE DO THIS: WE

25   WILL CONSIDER THIS AS DEFENSE EXHIBIT A BY REFERENCE AND

26   WHAT THAT MEANS IS, I WILL TAKE A LOOK AT THIS,

27   MR. ROLLINS. AND THEN I WILL GIVE IT BACK TO YOU SO YOU

28   WILL HAVE IT FOR YOUR FILE.

1       THE DEFENDANT:  THANK YOU, SIR.

2

3               (PAUSE IN THE PROCEEDINGS.)

4

5       THE COURT:  THE COURT HAS REVIEWED THAT.  THANK

6  YOU VERY MUCH.  I WILL RETURN IT TO YOU, MR. ROLLINS.

7       THE DEFENDANT:  SO YOU SEE WHERE HE SAYS -- YOU

8  KNOW, ON THE TRANSCRIPT HE SAYS HE WAS NOTIFIED BY THE

9  SECURITY THAT TOLD HIM THIS INFORMATION.  THEN, HE GOES

10  ON THE POLICE REPORT TO TELL THE POLICE OFFICER THAT HE

11  WAS THE ONE THAT OBSERVED ALL OF THIS AND MADE THE

12  STATEMENT TO THE POLICE OFFICER, INCLUDING THE STATEMENT

13  THAT HE WAS A SECURITY OFFICER.

14       THE COURT:  OKAY.

15       THE DEFENDANT:  NOW, WE CAN MOVE ON.  LET ME GO

16  OVER HERE TO PAGE NINE.  LOOK AT PAGE NINE.  LET'S GO TO

17  PAGE NINE OF THE TRANSCRIPT AND LOOK AT LINE SIX.

18       THE COURT:  YES, SIR.

19       THE DEFENDANT:  OKAY.  MR. SANCHEZ SAYS HERE -- HE

20  FURTHER CONTRADICTS HIS STATEMENT BY SAYING "WE WERE

21  NOTIFIED".  SEE?

22       THE COURT:  YES, SIR.

23       THE DEFENDANT:  AT ONE POINT ON PAGE EIGHT HE

24  SAYS, I WAS NOTIFIED. NOW HE SAYS, WE WERE NOTIFIED.  HE

25  SAYS, WE SEEN THE SUSPECT THROUGH THE CAMERA, WHICH HE

26  CONFIRMS BEING IN HIS OFFICE.

27               LET'S TURN TO PAGE 13.  LET'S LOOK AT LINES

28  18 AND LOOK AT LINES 18 THROUGH 22.

1    NOW, MR. SANCHEZ STATES HERE -- HE SAYS --

2   HE CONFIRMS "WE" AS BEING HIMSELF AND THE SECURITY GUARD

3   RIGHT HERE WHO HAD SUPPOSEDLY NOTIFIED HIM WHO WAS ALONE

4   IN HIS OFFICE.

5    SO HE IS SAYING HERE -- I SAID, WHO IS WE?

6   HE SAYS, WE, ME AND THE SECURITY GUARD.  I SAID, SO --

7   HERE AT 22.  SOMEONE WAS THERE THEN.  SO YOU WEREN'T

8   ALONE.

9    SO HE CONFIRMS THAT.  HE SAYS -- HE

10   CONFIRMS THAT HE WASN'T ALONE.

11    IF YOU WILL GO WITH ME NOW TO PAGE EIGHT,

12   BACK TO PAGE EIGHT.  I AM SORRY IF I AM MOVING A LITTLE

13   TOO FAST.  I WILL TRY TO SLOW DOWN.

14    THE COURT:  NO.  YOU ARE DOING JUST FINE.

15    THE DEFENDANT:  THANK YOU.  LOOK AT LINES 17

16   THROUGH 19 ONE MORE TIME.

17    THE COURT:  YES, SIR.

18    THE DEFENDANT:  UNDER EVIDENCE CODE 8 SUBSECTION

19   8.  THERE IS A THING THAT IS CALLED -- YOU KNOW, IT TALKS

20   ABOUT PAST TENSE, PRESENT TENSE.  YOU KNOW, IT IS

21   SOMETHING WE LEARNED IN ELEMENTARY SCHOOL ABOUT THE

22   TENSE.

23    AND, IF YOU WILL NOTICE THIS STATEMENT

24   HERE, THE INFERENCES THAT ARE DRAWN FROM THAT ARE PAST

25   TENSE.  HE SAID, YES, A SECURITY GUARD NOTIFIED ME

26   SAYING -- HE SAYS, WE HAD A PERSON, WAS TRYING.  THEN HE

27   SAYS, WAS EXITING.  SEE, WHAT I AM SAYING?

28    THE COURT:  YES, SIR.

1    THE DEFENDANT:  THEN ALL OF A SUDDEN HE GOES IN

2    AND SAYS THAT THE PERSON -- HE IS IMPLYING HERE THAT THE

3    PERSON DID NOT SUCCEED AND THEN SOMEWHERE ELSE IN THE

4    TRANSCRIPT HE MENTIONS SOMETHING TOTALLY DIFFERENT.

5    OKAY.  LET'S GO TO PAGE 8.  I AM AT PAGE 8

6    RIGHT NOW.  LOOK AT LINES 24 WHERE HE CONTRADICTS THE

7    STATEMENT, THE SECURITY GUARD STOPPED HIM OUTSIDE THE

8    STORE.  PAGE 8 LINE 24, THIS IS WHERE HE SAYS THE

9    SECURITY GUARD STOPPED HIM OUTSIDE THE STORE.

10   NOW THIS STATEMENT RIGHT HERE CONTRADICTS

11   17 THROUGH 19 BECAUSE THE PRESENT AND PAST TENSE IS WHAT

12   HE IS USING IN THESE STATEMENTS HERE ARE IMPLYING OR

13   GIVING ME INFERENCES THAT THIS HAD ALREADY HAD HAPPENED.

14   IF YOU LOOK AT PAGE 11, LINES 18 THROUGH

15   21, MR. SANCHEZ CONFIRMS AS BEING OUTSIDE OF THE

16   BUILDING.  SO WHAT I AM TRYING TO DO IS ESTABLISH THE

17   FACT THAT HE IS TALKING ABOUT HIMSELF BEING OUTSIDE.

18   HE TALKS ABOUT THE BUILDING OUTSIDE --

19   BEING OUTSIDE OF THE BUILDING IS BEING OUTSIDE OF THE

20   STRUCTURE, ON PAGE EIGHT LINES 25.

21   HE CONFIRMS MR. SANCHEZ BEING OUTSIDE OF

22   THE BUILDING ALSO ON PAGE 9, LINE 22.  I AM SORRY IF I AM

23   BEING A LITTLE TOO FAST.

24   THE COURT:  NOT AT ALL.

25   THE DEFENDANT:  HE SAYS NOW THIS IS PAGE NINE --

26   PAGE TEN, LINES EIGHT AND NINE, IF YOU WILL LOOK AT PAGE

27   TEN, LINES EIGHT AND LINES NINE.

28   THE COURT:  YES, SIR.

1          THE DEFENDANT:  YOU WILL SEE THERE WHERE

2    MR. SANCHEZ STATES THE DEFENDANT WAS FIRST ARRESTED.

3          THE COURT:  ALL RIGHT.  IF YOU LOOK AT PAGE 15,

4    LINES 26 -- ON 15:26, AND PAGE 16 LINE 1 THROUGH 5, YOU

5    WILL SEE WHERE MR. SANCHEZ CONTRADICTS HIS STATEMENT OF

6    BEING OUTSIDE IN THE FRONT AREA OF THE STORE WHERE HE

7    ALLEGED THAT DEFENDANT WAS FIRST ARRESTED.  SEE, BECAUSE

8    I CONSTANTLY ASKED HIM HERE -- I SAID RIGHT HERE -- I

9    SAID, I AM TALKING ABOUT WHEN HE WAS FIRST DETAINED BY

10   THE OFFICER THEREFORE THE ARREST WHEN HE WAS FIRST

11   ARRESTED.  I GO ON TO SAY, LET ME REPHRASE THIS.

12          I SAID, WHEN THE DEFENDANT WAS ARRESTED BY

13   YOU IS THAT THE FRONT AREA OF THE STORE OR IS THERE A

14   FRONT AREA SOMEWHERE ELSE.

15          SO HE STATES RIGHT THERE THAT THE FRONT

16   AREA WAS SOMEWHERE ELSE TOTALLY.

17          SO NOW LET'S GO DOWN HERE TO PAGE 13.  I AM

18   SORRY.  I AM GOING TO PAGE 13 LINES FIVE THROUGH LINES

19   18.

20          THE COURT:  YES, SIR.

21          THE DEFENDANT:  I SAID, SO YOU WERE NOTIFIED BY

22   THE SECURITY GUARD. HE SAID HE DID -- HE WAS.

23          SEE, MR. SANCHEZ IMPLIES -- THIS IMPLIES

24   MR. SANCHEZ NEVER LEFT HIS OFFICE AT ALL BECAUSE HERE IS

25   WHERE I ASKED HIM.  I SAID, WERE YOU NOTIFIED BY

26   SECURITY?  HE SAYS, YES.

27          I SAID, WHEN DID YOU COME IN CONTACT WITH

28   HIM?  AFTER YOU GOT NOTIFIED OR HOW DID YOU GUYS COME IN

29

1    CONTACT, YOU KNOW, WITH THE DEFENDANT?  AND HE SAYS -- HE

2    CONSISTENTLY SAYS HE WAS JUST LOOKING THROUGH THE CAMERA.

3            THE COURT:  OKAY.

4            THE DEFENDANT:  NOW IF WE TAKE -- I WANT YOU TO

5    TAKE A LOOK AT THIS EXHIBIT B.

6            THE COURT:  ALL RIGHT.  IF YOU WILL GO THROUGH THE

7    SAME PROCESS.  HAND IT TO THE BAILIFF.  THE BALIFF WILL

8    SHOW THE DISTRICT ATTORNEY AND THEN THE BAILIFF WILL

9    BRING IT UP HERE AND WE WILL CONSIDER IT EXHIBIT B BY

10   REFERENCE.

11           THE DEFENDANT:  THIS WOULD BE EXHIBIT B.  OKAY.

12               EXHIBIT B IS A PAROLE REPORT.  IT IS AN

13   OFFICIAL RECORD BY A PAROLE OFFICER AND IT IS A PAROLE

14   REPORT WITH MR. SANCHEZ'S STATEMENTS ON THERE.

15           THE COURT:  HAS THE DISTRICT ATTORNEY HAD AN

16   OPPORTUNITY TO REVIEW THAT?

17           MR. HEARON:  YES, I HAVE.

18           THE COURT:  OKAY.  THANK YOU, MR. ROLLINS.  I HAVE

19   HAD A CHANCE TO LOOK AT THESE TWO PAGES.

20           THE DEFENDANT:  OKAY, SIR.

21           THE COURT:  I WILL RETURN THE DOCUMENTS TO YOU.

22           THE DEFENDANT:  I TRIED TO HAVE COPIES MADE FOR

23   YOU BUT LACK OF COOPERATION.

24           THE COURT:  THAT IS FINE.

25           THE DEFENDANT:  IF YOU TAKE A LOOK AT CHARGE TWO

26   IN EXHIBIT B.  WELL NOTICE HERE WHERE MR. SANCHEZ

27   CONTINUES TO MAKE HIS CLAIM AND CONTRADICTS HIMSELF AND

28   STILL SAYS THAT HE IS A SECURITY GUARD.  HE STATES TO THE

1    OFFICER -- HE SAYS -- I WILL JUST READ IT TO YOU.

2    IT SAYS, ON 9/1 RAMPART OFFICERS DIAS AND

3    TALBERT RESPONDED TO FOOD FOR LESS STORE.  UPON THEIR

4    ARRIVAL THEY MET WITH THE STORE SECURITY OFFICER,

5    MR. SANCHEZ, WHO DETAINED MR. ROLLINS.

6    OKAY.  SO HE CONTINUED TO MAKE THAT

7    STATEMENT THAT WE MENTIONED IN EXHIBIT A TO NOT ONLY TO

8    THE OFFICERS, BUT TO THE PAROLE OFFICER.  HE MADE ANOTHER

9    STATEMENT THAT HE WAS THE ONE THAT OBSERVED ME.  HE WAS

10   THE ONE WHO SAW ME.  AND THE SECURITY GUARD -- IMPLYING

11   THAT THE SECURITY GUARD WASN'T THE ONE WHO INFORMED HIM.

12   THIS IS WHAT I GET FROM THIS.

13   THE COURT:  THANK YOU.

14   THE DEFENDANT:  ALSO --

15   THE COURT:  LET ME SEE IF I CAN SAVE US ALL SOME

16   TIME HERE.  I BELIEVE YOU PROVIDED ALL OF THESE CITATIONS

17   IN YOUR WRITTEN MOTION.

18   THE DEFENDANT:  YES.

19   THE COURT:  OKAY.  I APPRECIATE THAT.  WE'RE NOT

20   GOING TO MAKE YOU GO THROUGH THAT PROCESS AGAIN IN COURT.

21   WE HAVE THEM IN.  BUT IN ADDITION TO WHAT IS IN YOUR

22   WRITTEN MOTION, IS THERE ANYTHING THAT YOU WOULD LIKE TO

23   ADD?

24   THE DEFENDANT:  YES, I WOULD.  ONE SECOND SIR.

25   YES.  UNDER EVIDENCE CODE 701, IT STATES UNDER EVIDENCE

26   CODE 701 THAT A PERSON IS DISQUALIFIED TO BE A WITNESS

27   AND.  UNDER THE CASE PEOPLE V. DENNIS, 1998 CASE.  IT IS

28   17 CAL APP. 4TH.  IT SAYS, AS A GENERAL RULE EVERY PERSON

1    IRRESPECTIVE OF THEIR AGENCY IS QUALIFIED TO BE A WITNESS

2    AND NO PERSON IS DISQUALIFIED TO TESTIFY TO ANY MATTER.

3    HOWEVER, A PERSON MAY BE DISQUALIFIED AS A WITNESS FOR

4    ONE OF TWO REASONS:  ONE, THE WITNESS IS INCAPABLE OF

5    EXPRESSING HIMSELF OR HERSELF SO AS TO BE UNDERSTOOD.

6              IF YOU TURN TO ME -- GO TO PAGE 13 IN THE

7    TRANSCRIPT, IF YOU LOOK AT LINES ONE THROUGH 19, YOU WILL

8    SEE HERE WHERE THE INFERENCES THAT ARE DRAWN FROM HERE

9    ARE ALMOST TO THE POINT WHERE YOU CAN'T UNDERSTAND.  IT

10   IS ALMOST LIKE I AM TALKING TO SOMEBODY THAT DOESN'T

11   UNDERSTAND ENGLISH.

12        THE COURT:  I UNDERSTAND YOUR ARGUMENT.

13        THE DEFENDANT:  SO, YOU KNOW, IT SOUNDS LIKE HE IS

14   NOT CAPABLE OF UNDERSTANDING.

15        THE COURT:  LET ME SEE IF WE CAN MOVE THIS ALONG

16   BECAUSE WE HAVE BEEN GOING AT THIS ALMOST AN HOUR AND I

17   HAVE TO CONCLUDE HERE FOR THE LUNCH BREAK SO WE NEED TO

18   GET EVERYTHING ELSE YOU WANT TO GET IN HERE QUICKLY,

19   MR. ROLLINS.

20        THE DEFENDANT:  NUMBER TWO SAYS, THAT A WITNESS IS

21   INCAPABLE OF UNDERSTANDING THE DUTY OF TELLING THE TRUTH

22   AS REFLECTED ON THE OFFICIAL REPORT HERE.

23              AND ALSO JUST TO SUM IT UP, I WANT TO SAY

24   THAT PENAL CODE 148.9 TALKS ABOUT FALSE REPRESENTATION OF

25   IDENTITY TO A PEACE OFFICER WHILE HE IS ON HIS DUTY.

26        THE COURT:  YES, SIR.  I BELIEVE ALL OF THAT WAS

27   IN YOUR MOTION.

28        THE DEFENDANT:  YES, IT IS IN THE MOTION.  UH-HUH.

1    THE COURT:  THANK YOU.  LET ME SEE IF THE PEOPLE

2  WOULD LIKE TO RESPOND.

3    MR. HEARON:  YOUR HONOR, JUST BRIEFLY.  I DON'T

4  THINK THAT THERE IS ANYTHING CONFLICTING IN MR. SANCHEZ'S

5  TESTIMONY.  IT IS IN RESPONSE TO DIFFERENT QUESTIONS THAT

6  WERE ASKED.  AND PARTICULARLY HE WAS ASKED, WHEN WAS IT

7  WHEN HE FIRST CAME IN CONTACT WITH THE DEFENDANT.  HE

8  TESTIFIED THAT HE WAS IN HIS OFFICE OBSERVING HIM FOR THE

9  FIRST TIME THROUGH THE SECURITY CAMERA.

10    YOUR HONOR, MR. ROLLINS SAYS THAT -- POINTS

11  OUT THAT MR. SANCHEZ SAID THAT HE WAS ALONE; BUT, YOUR

12  HONOR, A SIMPLE QUESTION COULD HAVE BEEN ASKED --

13  ADDITIONAL QUESTIONS.  THERE IS NOTHING TO PRECLUDE THE

14  SECURITY GUARD FROM COMING IN AT A LATER TIME AND

15  INFORMING MR. SANCHEZ OF WHAT CRIMES HE OBSERVED ON THE

16  CAMERA, WHICH HE WAS ALSO TESTIFYING TO AT THE

17  PRELIMINARY HEARING.

18    AND THERE IS NOTHING TOTALLY INCONSISTENT

19  OR IMPOSSIBLE OR IMPROBABLE FOR WHETHER OR NOT

20  MR. SANCHEZ WAS IN THE OFFICE BY HIMSELF AT ONE POINT AND

21  LATER JOINED BY THE SECURITY GUARD, AND THEN SUBSEQUENTLY

22  FOLLOWING THE SECURITY GUARD OUT OF THE STORE WHEN

23  MR. ROLLINS WAS DETAINED.

24    I DON'T THINK THAT THERE IS ANYTHING THAT

25  WOULD PREVENT THAT FROM HAPPENING, BUT NONE OF THOSE

26  QUESTIONS WERE ASKED.

27    WITH REGARD TO MR. SANCHEZ BEING

28  DISQUALIFIED, YOUR HONOR, I DON'T THINK THAT THERE IS

1    ANYTHING TO SUGGEST THAT HE DID NOT UNDERSTAND THE

2    QUESTIONS THAT WERE BEING ASKED EITHER ON DIRECT OR

3    CROSS-EXAMINATION.

4                    AND WITH REGARD TO EXHIBIT B, YOUR HONOR,

5    AND A FOR THAT MATTER NEITHER OF THOSE REPORTS WERE

6    AUTHORED BY MR. SANCHEZ.  EXHIBIT A BEING THE POLICE

7    REPORT AND THE PAROLE REPORT.

8                    THIS EXHIBIT B, YOUR HONOR, IT IS VERY

9    POSSIBLE THAT IT COULD HAVE BEEN A MISTAKE, OR PERHAPS

10   MR. SANCHEZ IS, IN FACT, NOT ONLY THE STORE MANAGER, BUT

11   ALSO WORKS IN SECURITY.  AGAIN THAT IS A QUESTION THAT

12   COULD HAVE BEEN ASKED AT THE PRELIMINARY HEARING.

13   OTHERWISE, I WOULD SUBMIT.

14                    THE COURT:  THANK YOU.

15                    MR. ROLLINS, WHAT WOULD YOU LIKE TO ADD IN

16   REBUTTAL, SIR?

17                    THE DEFENDANT:  YES, SIR.  I WOULD LIKE TO ADD

18   THAT ON PAGE TEN OF THE TRANSCRIPT, LINES 23 YOU WILL SEE

19   WHERE I QUESTION MR. SANCHEZ IN REFERENCE TO THAT.

20                    I ASKED MR. SANCHEZ.  I SAID, YOU STATE ON

21   AN OFFICIAL REPORT -- ON THE POLICE REPORT THAT YOU WERE

22   ACTING AS A STORE SECURITY AT THAT TIME AND I SAID, NOW

23   YOU ARE STATING SOMETHING TOTALLY DIFFERENT AND HE SAYS,

24   YES.  HE AGREES WITH ME.

25                    THE COURT:  OKAY.  BASED ON WHAT HAS BEEN

26   PRESENTED TODAY, MR. ROLLINS, WHAT YOU REALLY ARE FOCUSED

27   ON ARE YOUR CONCERNS ABOUT EVALUATIONS THAT MR. SANCHEZ

28   PROVIDED INCONSISTENT TESTIMONY.

1    THE DEFENDANT:  YEAH, AND HIS ABILITY TO TELL THE

2    TRUTH, YOU KNOW.

3    THE COURT:  JUST A SECOND.  BUT BASED ON WHAT IS

4    HERE ON THIS RECORD IN FRONT OF THIS COURT, THERE IS

5    NOTHING THAT INDICATES THAT MR. SANCHEZ IS AN INCOMPETENT

6    WITNESS.

7    AS TO THE INCONSISTENCIES IN HIS TESTIMONY,

8    YOU CERTAINLY WILL HAVE THE OPPORTUNITY AT TRIAL TO TALK

9    TO HIM ABOUT THOSE.  AND TO THE EXTENT YOU ALSO ALLEGE

10   THAT THESE KINDS OF INCONSISTENCIES DIMINISHES

11   CREDIBILITY SO THAT THE MAGISTRATE AT THE PRELIMINARY

12   HEARING SHOULD NOT HAVE CONSIDERED HIS TESTIMONY, AS I

13   SAID EARLIER, IN PEOPLE V. RIDEOUT PAGE 474, THE SUPREME

14   COURT SAID THAT ESSENTIALLY IF THERE IS ANY EVIDENCE, FOR

15   THE ALLEGED VIOLATION, THE REVIEWING COURT CANNOT

16   SUBSTITUTE ITS JUDGMENT FOR THAT OF THE MAGISTRATE WHO

17   HEARD THE EVIDENCE.

18   SO I APPRECIATE YOUR PRESENTATION, BUT THE

19   DEFENSE MOTION TO SUPPRESS THE TESTIMONY OF SAMUEL

20   SANCHEZ PURSUANT TO 1538.5 IS DENIED.

21   AS TO YOUR NEXT MOTION, WHICH WOULD BE TO

22   SUPPRESS THE EVIDENCE OF YOUR PRIOR CONVICTION IN CASE

23   NUMBER PA015443 IN ADDITION TO WHAT IS IN YOUR WRITTEN

24   MOTION, IS THERE ANYTHING YOU WOULD LIKE TO PRESENT

25   TODAY?

26   THE DEFENDANT:  NO, YOUR HONOR.  JUST MAKE THE

27   STATEMENT THAT THE -- THAT THE PRIOR IS INCONSTITUTIONAL

28   OR INVALID AND IT WAS BECAUSE I WAS NOT PREPARED FOR AN

1    AFFIRMATIVE DEFENSE DURING THE TIME.  THAT IT JUST WENT

2    RIGHT ON BY ME WHEN THEY OFFERED IT INTO EVIDENCE AS YOU

3    CAN SEE ON THE RECORD.

4         THE COURT:  AS I SAID, I HAVE REVIEWED THE

5    PRELIMINARY HEARING TRANSCRIPT.

6              ON PAGE 28 IT DOES INDICATE THAT IT WAS

7    PRESENTED TO YOU AND YOU DID NOT OBJECT TO ITS ENTRY.

8              LET ME SEE IF THE PEOPLE HAVE ANYTHING.

9         MR. HEARON:  NO, YOUR HONOR.  IN OUR OPINION, IT

10   WAS ADMITTED.  IT WAS A CERTIFIED DOCUMENT.  THE COURT

11   TOOK IT INTO EVIDENCE BY REFERENCE SHOWING THE CONVICTION

12   FOR PETTY THEFT IN THAT CASE.  I SUBMIT.

13        THE COURT:  THANK YOU.

14             IS THERE ANYTHING YOU WANT TO DO ADD IN

15   REBUTTAL TO THAT, MR. ROLLINS?

16        THE DEFENDANT:  YES, YOUR HONOR, UNDER THE STATE

17   CONSTITUTION -- YOU KNOW, NOT UNITED STATES, BUT THE

18   CALIFORNIA CONSTITUTION SUBSECTION 28 (F) TALKS ABOUT THE

19   USE OF PRIOR FELONIES.  THAT CONVICTION IS A MISDEMEANOR,

20   WHICH UNDER THAT CONSTITUTION SAYS THAT IT IS HEARSAY AND

21   UNDER EVIDENCE CODE 1200 IT TALKS ABOUT HEARSAY BEING

22   INADMISSIBLE EVIDENCE AND ESPECIALLY WHEN IT IS USED IN A

23   WAY THAT WOULD PREJUDICE MY RIGHTS.

24        THE COURT:  OKAY.

25        THE DEFENDANT:  AND NOT JUST THAT, BUT THE PRIOR

26   OFFENSE, UNDER PEOPLE V. WELCH, IT SAYS, IF THE PRIOR

27   OFFENSE IS A MISDEMEANOR DEAL WITH SUBSECTION 17B  AND

28   THE SENTENCE WAS SUSPENDED.  IT WAS A PROBATION SENTENCE.

```
1    IT WAS, YOU KNOW, IT WAS 45 DAYS IN COUNTY JAIL AND YOU
2    KNOW, IT IS CONSIDERED NOT A JUDGMENT OR A SENTENCE, YOU
3    KNOW, UNDER PEOPLE V. WELCH.
4              YOU KNOW, I ALSO WANT TO TALK ABOUT THE
5    PEOPLE V. WHEELER.  UNDER PEOPLE V. WHEELER, IT IS NOT
6    ADMISSIBLE BECAUSE OF WHAT I JUST STATED IN THE
7    CONSTITUTION.
8              I ALSO WANT TO BRING UP THE -- I WANT TO
9    BRING UP THE LIMITATIONS OF THE TIME IN PEOPLE V. ANTIK
10   (PHONETIC) IT TALKS ABOUT THE REMOTENESS OF TIME ON
11   PRIORS.
12             AND, IF YOU NOTICE THAT THIS PRIOR WAS BACK
13   IN 1993, IT WAS A MISDEMEANOR.  IT IS ALMOST -- I WOULD
14   SAY CLOSE TO 15 YEARS OLD NOW.  AND NOT JUST THAT, IT WAS
15   ACCEPTED.  YOU KNOW, THERE IS A WHOLE BUNCH OF CONFUSING
16   ISSUES DEALING WITH THE PLEA AGREEMENT DEALING WITH THAT
17   CRIME.
18             THE PREJUDICE WOULD OUTWEIGH THAT
19   DEFINITELY.  I WOULD LIKE THE COURT TO USE ITS DISCRETION
20   UNDER 352 BECAUSE THE PROBATIVE VALUE IS SUBSTANTIALLY
21   OUTWEIGHED BY THE PROBABLITY THAT THE ADMISSION WILL
22   CREATE A SUBSTANTIAL DANGER OF UNDUE PREJUDICE.  IT WILL
23   CONFUSE AND MISLEAD THE JURY AND THE UNDERLYING FACTS OF
24   THE PLEA AGREEMENT UNDER 1192.7 TELLS YOU.  YOU KNOW, IT
25   SAYS, THE DEFENDANT AGREES TO PLEAD GUILTY ON THESE
26   CONDITIONS.  THERE IS A LOT OF LEGAL REASONS WHY I
27   ACCEPTED THAT DEAL.
28             THE COURT:  I UNDERSTAND AND I APPRECIATE YOUR
```

1    PRESENTATION.

2    BUT FOR PURPOSES OF ESTABLISHING A PRIOR

3    CONVICTION AS PART OF THE ALLEGED VIOLATION OF PENAL CODE

4    SECTION 666, THIS DOCUMENT DOES COME IN AS AN EXCEPTION

5    TO THE HEARSAY RULE.

6    YOU WILL HAVE THE OPPORTUNITY TO ATTACK THE

7    UNDERLYING CIRCUMSTANCES OF THE CONVICTION AT TRIAL FOR

8    PURPOSES OF SENTENCING OR TO ATTEMPT TO PRECLUDE THE

9    PEOPLE FROM ESTABLISHING IT AS A PRIOR CONVICTION, BUT IT

10    CAME IN AT A PRELIMINARY HEARING.  IT WAS NOT OBJECTED TO

11    AND IT DOESN'T APPEAR ANYTHING AT THIS TIME ON THIS

12    RECORD TO INDICATE THAT IT WAS IMPROPERLY ADMITTED, SO

13    THE DEFENSE MOTION TO SUPPRESS THE EVIDENCE UNDER PENAL

14    CODE SECTION 1538.5 OF THIS PRIOR CONVICTION IS DENIED.

15    I THINK THAT CONCLUDES ALL OF YOUR MOTIONS

16    HERE TODAY, MR. ROLLINS.

17    LET ME POINT SOMETHING OUT TO YOU.  YOU

18    SAID ON THE RECORD AT THE PRELIMINARY HEARING, YOU HAVE

19    TOLD US A NUMBER OF TIMES TODAY THE DIFFICULTY OF YOUR

20    CIRCUMSTANCES REPRESENTING YOURSELF AS YOUR OWN ATTORNEY.

21    THIS COURT EXPLAINED TO YOU THAT PEOPLE WHO

22    REPRESENT THEMSELVES AS THEIR OWN ATTORNEY WHEN THEY ARE

23    IN CUSTODY HAVE THESE DIFFICULTIES.

24    DO YOU WANT TO CONTINUE REPRESENTING

25    YOURSELF AT THIS TIME?

26    THE DEFENDANT:  YES, I DO.

27    THE COURT:  THAT CERTAINLY IS YOUR RIGHT.

28    THE DEFENDANT:  YEAH.

1        THE COURT:  ALL RIGHT.  THANK YOU.

2        THE DEFENDANT:  YOUR HONOR, I WOULD LIKE TO -- YOU

3   KNOW, I JUST FOUND THIS HERE.  THIS IS AN EX-PARTE MOTION

4   FOR FUNDS.  I AM COLD OUT OF FUNDS.

5        THE COURT:  MAYBE, BUT --

6        THE DEFENDANT:  I NEED TO HAVE FUNDS.  I DON'T

7   HAVE ANY PRO PER FUNDS AT ALL.  THE LAST TIME I SAW YOU

8   WAS ABOUT A MONTH AGO.

9        THE COURT:  HOLD ON, MR. ROLLINS.  AS I EXPLAINED

10  TO YOU, YOU HAVE HAD -- TO THE BEST OF THIS COURT'S

11  RECOLLECTION RIGHT NOW -- DOUBLE THE AMOUNT OF FUNDS THAT

12  ARE GIVEN TO PEOPLE WHO REPRESENT THEMSELVES.  YOU HAVE

13  HAD $40 AT ONE POINT AND $45 AT ANOTHER POINT.  THAT IS

14  $85.

15       THE DEFENDANT:  THAT IS CORRECT.

16       THE COURT:  IF YOU WANT TO BRING A MOTION FOR

17  ADDITIONAL FUNDS, WE CAN'T DO THAT NOW.  WE WILL HAVE TO

18  SET THAT FOR AS EARLY AS POSSIBLE, SO YOU WILL HAVE THE

19  OPPORTUNITY TO PRESENT ALL YOUR RECEIPTS.  AND THE COURT

20  WILL MAKE A DETERMINATION WHETHER YOU ARE ENTITLED TO

21  ADDITIONAL FUNDS.  AND I WILL TELL YOU THAT IS GOING TO

22  BE A HEAVY BURDEN, MR. ROLLINS, SINCE YOU HAVE ALREADY

23  GOTTEN DOUBLE WHAT A PRO PER GETS. AS A PRO PER --

24       THE DEFENDANT:  YOUR HONOR, BUT --

25       THE COURT:  JUST A MINUTE.  I WILL LET YOU TALK AS

26  SOON AS YOU LET ME PONTIFICATE.  JUST BECAUSE YOU ARE

27  REPRESENTING YOURSELF AND WANT TO DO A LOT OF THINGS,

28  DOES NOT ENTITLE YOU TO DO THEM.

1          THE COURT HAS TO REVIEW YOUR REQUEST AND

2    MAKE A DETERMINATION TO SEE IF THEY ARE VALID.  I KNOW

3    PEOPLE OFTEN FEEL IF I COULD HAVE MORE SUBPOENAS, IF I

4    COULD JUST GET MORE BY WAY OF DOCUMENTS, IF I COULD JUST

5    MAKE SOME MORE PHONE CALLS.  THE PROBLEM IS AS SOMEBODY

6    WHO IS NOT FAMILIAR WITH THE LAW, WHO IS NOT FAMILIAR

7    WITH ALL OF THE DISCOVERY AND EVIDENCE REQUIREMENTS, YOU

8    SPEND A LOT OF TIME SPINNING YOUR WHEELS AND DOING THINGS

9    THAT ARE NOT UNNECESSARY.  I AM NOT SAYING YOU ARE DOING

10   THAT, BUT I AM JUST SAYING IT IS A COMMON SITUATION.

11          SO WHAT YOU MAY FEEL ENTITLES YOU TO FUNDS

12   IS NOT NECESSARILY A VALID GROUND FOR THEM.  SO THE COURT

13   WILL CONSIDER YOUR MOTION AND WE WILL PUT THAT ON

14   CALENDAR WHEN WE ALL COME BACK TO COURT THE NEXT TIME AND

15   THAT HAS BEEN SET AS JANUARY 25, 2008.

16          THE DEFENDANT:  YOUR HONOR, I WOULD DEFINITELY

17   NEED -- BECAUSE I HAVE THESE OTHER MOTIONS COMING UP, I

18   NEED PAPER AND PENCILS AND THINGS LIKE THAT.  AND, YOU

19   KNOW, I NEED TO MAKE CALLS TO MY INVESTIGATOR.

20          I MIGHT NEED TO MAKE A MOTION FOR A NEW

21   INVESTIGATOR BECAUSE I HAVE HAD PROBLEMS WITH THE ONE I

22   HAVE.  IF I DON'T HAVE ANY PRO PER FUNDS -- AND LIKE YOU

23   SAID I GOT OVER $85, BUT THAT IS OVER A FIVE-MONTH PERIOD

24   OF TIME.

25          THE COURT:  THAT IS RIGHT.  WE ARE NOT GOING TO

26   ARGUE.  I WILL TELL YOU WHAT I WILL DO.  I WILL PUT IT ON

27   CALENDAR FOR NEXT FRIDAY.

28          THE DEFENDANT:  I HAVE RECEIPTS HERE.

1          THE COURT:  HANG ON.  I AM NOT GOING TO LOOK AT

2     THOSE TODAY.  WE'RE ALREADY WAY INTO THE LUNCH HOUR.  WE

3     HAVE A LOT OF PEOPLE WHO HAVE GIVEN YOU A LOT OF TIME

4     THIS MORNING AND IT IS NOT FAIR TO KEEP THEM.

5               WE WILL PUT IT ON CALENDAR FOR NEXT FRIDAY

6     JANUARY 11TH, 2008 HERE IN DEPARTMENT 127.  JUST LEAVE

7     ALL OF THOSE DOCUMENTS IF YOU WOULD WITH THE BAILIFF.

8     THE COURT WILL CONSIDER THEM.  HAVE YOUR PRIVATE

9     INVESTIGATOR BRING OVER ANY ADDITIONAL MATERIALS YOU WANT

10    THE COURT TO CONSIDER.  THANK YOU FOR YOUR TIME HERE

11    TODAY.  WE WILL SEE YOU NEXT TIME.

12          MR. MERRITT:  YOUR HONOR, I MAY NOT BE HERE ON THE

13    NEXT COURT DATE BECAUSE I HAVE A HEARING WITH JUDGE

14    SHAPIRO, BUT I WILL CALL IN AND FIND OUT WHAT THE NEXT

15    DAYS ARE.

16          THE COURT:  THANK YOU VERY MUCH.

17

18               (PROCEEDINGS WERE CONCLUDED.)

19

20

21

22

23

24

25

26

27

28

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3

4    DEPARTMENT 127                    HON. C.H. REHM, JUDGE

5

6    THE PEOPLE OF THE STATE OF CALIFORNIA,     )
                                                )
7                          PLAINTIFF,           )    REPORTER'S
                                                )    CERTIFICATE
8                VS.                            )
                                                )    NO. BA328441
9                                               )
     DENNIS ROLLINS,                            )
10                                              )
                           DEFENDANT.           )
11   _____)

12

13          I, ROSEMARY ARTEAGA, CSR NO. 11671, OFFICIAL

14   REPORTER OF THE SUPERIOR COURT OF THE STATE OF

15   CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, DO HEREBY

16   CERTIFY THAT THE FOREGOING PAGES, 1 THROUGH 40,

17   INCLUSIVE, COMPRISE A FULL, TRUE, AND CORRECT TRANSCRIPT

18   OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER ON

19   JANUARY 4, 2008.

20          DATED THIS 2ND DAY OF JULY, 2008.

21

22

23          _____
            ROSEMARY ARTEAGA, CSR NO. 11671
24          OFFICIAL REPORTER

25

26

27

28

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 01/25/08

------------------------------------------------------------------------

CASE NO. BA328441

THE PEOPLE OF THE STATE OF CALIFORNIA
                        VS.
DEFENDANT 01: DENNIS ROLLINS

------------------------------------------------------------------------

INFORMATION FILED ON 11/09/07.

COUNT 01: 666 PC FEL - PETTY THEFT W/PRIOR JAIL TERM.

ON 01/25/08 AT 1000 AM IN CENTRAL DISTRICT DEPT 127

CASE CALLED FOR PRETRIAL AND MOTION

PARTIES: CAROL H. REHM JR. (JUDGE)  ANNE NGUYEN  (CLERK)
         ROSEMARY H. ARTEAGA       (REP)  NORMAN HEARON  (DA)

DEFENDANT IS PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL
DEFENDANT APPEARS IN PRO PER

BAIL SET AT $165,000

-BKG: 9925708 W/6PY07326

.
THE MATTER RETURNED FROM DEPARTMENT 100 FOR RECONSIDERATION OF
COURT RULING THAT DEFENDANT'S CIVIL CODE OF PROCEDURE SECTION

170.6 WAS TIMELY FILED.

.
AFTER RECONSIDERATION, COURT FINDS THAT THE SECTION 170.6 OF
CIVIL CODE OF PROCEDURE WAS TIMELY. IN RE ABDUL Y. (1982) 130
CAL.APP. 3D) 847, 857-858. PEOPLE V. BRIGGS 87 CAL.APP.4TH 312,
317, DISTRICT ATTORNEY AGREES THAT THIS COURT DID NOT RULE ON
MATTERS OF CONTESTED FACTS IN DENYING DEFENDANT'S MOTION TO
DISMISS (PENAL CODE SECTION 995) AND MOTION TO SUPPRESS (PENAL
CODE SECTION 1538.5).-- ONLY RULED THAT DEFENDANT'S
INTERPRETATION OF LAW RE WITNESS'S CONFLICTING STATEMENTS MAKING
THAT WITNESS INCOMPETENT.

.
THE MATTER IS TRANSFERRED TO DEPARTMENT 128 FORTHWITH FOR
MOTION AND PRETRIAL CONFERENCE AS DIRECTED BY DEPARTMENT 100.

COURT ORDERS AND FINDINGS:

-THE COURT ORDERS THE DEFENDANT TO APPEAR ON THE NEXT COURT DATE.

NEXT SCHEDULED EVENT:
                                    PRETRIAL AND MOTION
                    PAGE NO.   1    HEARING DATE: 01/25/08

CASE NO. BA328441
DEF NO.  01                              DATE PRINTED 01/25/08

01/25/08  1100 AM  PRETRIAL AND MOTION   DIST CENTRAL DISTRICT DEPT 128

CUSTODY STATUS: DEFENDANT REMANDED


01/25/08


I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ELECTRONIC MINUTE
ORDER  ON FILE IN THIS OFFICE AS OF THE ABOVE DATE.

JOHN A. CLARKE , EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT,  COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA

BY _____, DEPUTY



COPY

```
1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                    FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT NO. 128            HON. MARCIA N. REVEL, JUDGE

4

5   THE PEOPLE OF THE STATE OF CALIFORNIA,    )
                                              )
6                        PLAINTIFF,           )
                                              ) SUPERIOR COURT
7              VS.                            ) NO. BA328441
                                              )
8   DENNIS ROLLINS,                           )
                                              )  JUL 29 2008
9                        DEFENDANT.           )
    _____   )

10

11

12                   TRANSCRIPT OF PROCEEDINGS

13                  THURSDAY, MARCH 13, 2008

14

15

16  APPEARANCES:

17

18  FOR THE PEOPLE:        STEVE COOLEY, DISTRICT ATTORNEY
                           BY:  DARA WILLIAMS, DEPUTY
19                         1800 FOLTZ CRIMINAL JUSTICE CENTER
                           210 WEST TEMPLE, 18TH FLOOR
20                         LOS ANGELES, CALIFORNIA 90012

21  FOR DEFENDANT:         PRO PER

22

23

24

25

26

27                         GRACE E. DONESTER, CSR NO. 3329
                           OFFICIAL REPORTER
28
```

```
 1  CASE NUMBER:              BA328441
 2  CASE NAME:               PEOPLE VS. DENNIS ROLLINS
 3  LOS ANGELES, CALIF.      THURSDAY, MARCH 13, 2008
 4  DEPARTMENT NO. 128       HON. MARSHA N. REVEL, JUDGE
 5  REPORTER:                GRACE E. DONESTER, CSR NO. 3329
 6  TIME:                    A.M. SESSION
 7
 8  APPEARANCES:
 9       (THE DEFENDANT BEING PRESENT AND IN PRO PER;
10       THE PEOPLE BEING REPRESENTED BY DARA WILLIAMS,
11       DEPUTY DISTRICT ATTORNEY, THE FOLLOWING
12       PROCEEDINGS WERE HELD:)
13
14       THE COURT:  BA328441.  THIS IS AN ADD ON.  PEOPLE
15  VERSUS DENNIS ROLLINS.
16            GOOD MORNING, MR. ROLLINS.
17       DEFENDANT ROLLINS:  GOOD MORNING.
18       THE COURT:  FIRST OF ALL, LET ME TELL YOU, WHEN
19  YOU SEND ME A LETTER -- FIRST OF ALL, I WAS OFF WORK
20  SEVERAL DAYS BECAUSE I HAD TOTAL LARYNGITIS AND WAS
21  ORDERED TO HAVE TOTAL BED REST.  BECAUSE YOU WANT
22  SOMETHING THAT DAY, I MIGHT NOT BE HERE, AND WHENEVER I
23  GOT IT, THAT DAY MIGHT HAVE PASSED.
24            BECAUSE YOU DECIDE THAT YOU WANT TO BE
25  BROUGHT OUT TO COURT ON A CERTAIN DAY DOESN'T MEAN THAT
26  I CAN DO IT.  I HAVE 30 CASES ON CALENDAR, A JURY TRIAL,
27  AND MOTION.  WE CAN'T JUST ORDER YOU IN ON THAT DATE
28  BECAUSE YOU WANT THAT DAY, BUT YOU ARE HERE.  THE
```

1  SOONEST DATE THAT WE CAN ORDER YOU OUT HERE -- THIS IS

2  BEFORE YOU WERE SUPPOSED TO BE SET HERE -- IS THE

3  SOONEST DATE THAT WE COULD ADVANCE IT TO.

4         I'M LETTING YOU KNOW THAT YOU'RE NOT BEING

5  IGNORED, BUT IT IS HUMANLY IMPOSSIBLE TO DO ALL OF OUR

6  WORK PROPERLY AND TO DO AN ADD ON JUST BECAUSE THAT'S

7  THE DATE THAT YOU WANTED.

8         IT IS MY UNDERSTANDING REGARDING YOUR

9  INVESTIGATOR THAT HE WAS OUT ILL, AND, FINALLY, WHEN HE

10 WAS WELL AND WENT TO SEE YOU, YOU DIDN'T WANT HIM

11 ANYMORE.

12        BUT WITHOUT GOING INTO THAT, DID YOU REQUEST

13 A DIFFERENT INVESTIGATOR?

14    DEFENDANT ROLLINS:  YES, I DID.

15    THE COURT:  IS HE ON THE LIST; HE OR SHE?

16    DEFENDANT ROLLINS:  I WAS TOLD --

17    THE COURT:  I ONLY APPOINT PEOPLE ON THE LIST.

18    DEFENDANT ROLLINS:  I WAS TOLD THAT HE WAS.  I WAS

19 REFERRED TO HIM.  HIS NAME IS -- GIVE ME A MINUTE.

20    THE COURT:  I WILL.  AND WE WILL CHECK TO SEE IF

21 HE'S ON THE LIST.

22    DEFENDANT ROLLINS:  HIS NAME IS JOHN D -- I THINK

23 IT'S MOUZAKIS, OR SOMETHING LIKE THAT.

24    THE COURT:  I'VE NEVER HEARD OF HIM.  THAT DOESN'T

25 MEAN ANYTHING.  WE WILL CHECK TO SEE IF HE'S ON THE

26 LIST.

27    THE WITNESS:  IT'S SPELLED M-O-U-Z-A-K-I-S.  JOHN

28 D.

1      THE COURT:  HOLD ON.  SHE'S LOOKING IT UP NOW.

2  WHILE SHE'S LOOKING IT UP, WHO REFERRED YOU TO HIM?

3  ANOTHER PRO PER?

4      DEFENDANT ROLLINS:  YES, ANOTHER PRO PER.

5      THE COURT:  WE WILL SEE.  I HAVE TO SEE IF HE'S ON

6  THE LIST.  I WILL TRY TO CHECK, TOO.  HOLD ON.  UNLESS

7  HE'S ON THE LIST, HE WON'T GET PAID, AND I DON'T THINK

8  HE WANTS TO DO IT FOR FREE.  SO HOLD ON.

9      THE CLERK:  MOUZAKIS?

10      DEFENDANT ROLLINS:  THAT'S IT.

11      THE CLERK:  JOHN D. MOUZAKIS.

12      DEFENDANT ROLLINS:  YES, MA'AM.  YES, YOUR HONOR.

13      THE CLERK:  IT SAYS HIS SPECIALTY IS CORPORATE

14  FRAUD.

15      THE COURT:  ARE YOU SURE THAT YOU WANT THAT

16  INVESTIGATOR?

17      DEFENDANT ROLLINS:  I WANT HIM BECAUSE HE DOES

18  GOOD WORK.  YOU KNOW TEE TEE WILLIAMS; THE GUY -- I KNOW

19  HIM BY THE NAME OF TEE TEE WILLIAMS.  I DON'T KNOW HIM

20  BY THE NAME THAT WE TALKED ABOUT.  WHEN I GOT BACK TO

21  THE MODULE, I REMEMBER YOU TELLING ME TO SEE IF I CAN

22  GET MR. MICHAEL WILGASH (PHONETIC) TO RELEASE THE

23  INFORMATION TO ME; ALL MY MATERIAL.

24      THE COURT:  WHO IS WILGASH?

25      DEFENDANT ROLLINS:  WILGASH IS THE ONE THAT IS

26  SUPPOSEDLY WORKING --

27      THE COURT:  OH.  OH.  THE ONE THAT --

28      DEFENDANT ROLLINS:  I TRIED TO CONTACT

1  MR. WILGASH, AND EVENTUALLY I GOT IN TOUCH WITH HIM AND

2  HE NEVER SHOWED UP.

3       THE COURT:  HOLD ON.  DO YOU HAVE HIS NUMBER THERE

4  OR NOT?

5       DEFENDANT ROLLINS:  NOT ON ME.

6       THE COURT:  WELL --

7       DEFENDANT ROLLINS:  HE NEVER SHOWED UP.

8       THE CLERK:  I HEARD OF HIM, BUT I DON'T KNOW IF WE

9  EVER HAD HIM ON A CASE.

10      THE COURT:  WELL, I'M GOING TO ASK HIM FOR THE

11 STUFF.

12      DEFENDANT ROLLINS:  HE TELLS ME THAT HE FORGOT

13 ABOUT ME FOR TWO MONTHS.

14      THE CLERK:  AREA CODE 626 --

15      THE COURT:  HOLD ON.

16      THE CLERK:  (626) 791-9726.

17      THE COURT:  HOLD ON.  WILGASH IS HIS NAME?

18      DEFENDANT ROLLINS:  YES, YOUR HONOR.

19

20      (THE COURT USES THE COURT TELEPHONE.)

21

22      THE COURT:  NOW, I DON'T KNOW IF THIS OTHER PERSON

23 CAN TAKE YOUR CASE NOW OR NOT.  LET ME JUST DOUBLE

24 CHECK.

25      DEFENDANT ROLLINS:  OKAY.

26      THE COURT:  DO YOU HAVE -- WHAT'S THE OTHER

27 PERSON'S NUMBER?

28      THE CLERK:  AREA CODE (909) 980-3709.

1      THE COURT:  WHAT'S HIS NAME?   HOW DO YOU PRONOUNCE

2  IT?

3      THE CLERK:  JOHN MOUZAKIS.

4

5      (THE COURT USES THE COURT TELEPHONE.)

6

7      THE COURT:  NOW, I DON'T KNOW IF THIS OTHER PERSON

8  CAN TAKE YOUR CASE NOW OR NOT.  LET ME JUST DOUBLE

9  CHECK.

10     DEFENDANT ROLLINS:  OKAY.

11     THE COURT:  DO YOU HAVE -- WHAT'S THE OTHER

12  PERSON'S NUMBER?

13     THE CLERK:  AREA CODE (909) 980-3709.

14     THE COURT:  WHAT'S HIS NAME?   HOW DO YOU PRONOUNCE

15  IT?

16     THE CLERK:  JOHN MOUZAKIS.

17

18     (THE COURT USES SPEAKERPHONE AND THE

19      CONVERSATION IS REPORTED AS FOLLOWS:)

20

21     MR. MOUZAKIS:  JOHN MOUZAKIS SPEAKING.

22     THE COURT:  IS THIS MR. MOUZAKIS?

23     MR. MOUZAKIS:  YES, IT IS.

24     THE COURT:  I HAVE YOU ON SPEAKERPHONE IN COURT.

25  THERE'S A PRO PER THAT REQUESTED YOUR SERVICES BECAUSE

26  YOU CAME HIGHLY RECOMMENDED FROM ANOTHER PRO PER.

27     MR. MOUZAKIS:  OKAY.

28     THE COURT:  I WANT TO KNOW IF YOU'LL BE AVAILABLE

1  TO TAKE THE CASE.  THIS IS A PETTY THEFT WITH A PRIOR,

2  AND HE NEEDS SOMEBODY THAT ISN'T SO BUSY THAT THEY CAN'T

3  GET TO HIM.  SO I JUST WANT TO KNOW IF YOU CAN TAKE THE

4  CASE.

5       MR. MOUZAKIS:  WHO IS THIS AGAIN?

6       THE COURT:  I HAVE YOU ON SPEAKERPHONE.  HE'S NAME

7  IS DENNIS ROLLINS.

8       MR. MOUZAKIS:  YES.  I BELIEVE HE SENT ME A

9  LETTER.  I WILL ACCEPT THE APPOINTMENT.

10      THE COURT:  BEFORE WE GET OFF THE PHONE, I NEED TO

11  FIND OUT IF THERE'S ANYTHING ELSE THAT I NEED TO FIND

12  OUT.

13           ABOUT HOW MANY HOURS DO YOU REQUEST OR DO

14  YOU THINK YOU NEED ON THIS CASE OR DO YOU KNOW YET?

15      MR. MOUZAKIS:  I HAVE NO IDEA, MA'AM.

16      THE COURT:  ALL RIGHT.  HOLD ON A SECOND.

17           MR. ROLLINS.

18      DEFENDANT ROLLINS:  I REQUEST WE START WITH 30

19  HOURS.

20      THE COURT:  YOU ARE NOT GETTING 30 HOURS.  A

21  MURDER CASE DOESN'T GET 30 HOURS.

22      DEFENDANT ROLLINS:  20?

23      THE COURT:  NOT 20.

24      DEFENDANT ROLLINS:  THAT'S WHAT I'M SAYING.

25      THE COURT:  HERE IS WHAT WE WILL START WITH.  WE

26  WILL START WITH 10 HOURS, AND IF IT IS LEGITIMATE --

27  WHEN I SAY "LEGITIMATE," NOT THAT HE WOULD ASK FOR

28  ANYTHING ILLEGITIMATE, BUT LEGITIMATE INVESTIGATION

1   MATTERS.  I'M GOING TO FIRST START WITH 10 HOURS, AND --
2   I'M SORRY, MR. INVESTIGATOR.  I FORGOT YOUR LAST NAME.
3       MR. MOUZAKIS:  MOUZAKIS.
4       THE COURT:  IF YOU NEED ADDITIONAL HOURS -- YOU
5   CAN CALL ME ON THE PHONE AND TELL ME HOW MANY MORE HOURS
6   YOU NEED AND FOR WHAT PURPOSE, AND I'LL BE MORE THAN
7   HAPPY TO AUTHORIZE IT ON THE PHONE SO THERE'S NO DELAY
8   IN PREPARATION.
9       MR. MOUZAKIS:  THAT WILL BE FINE.
10      THE COURT:  IS THERE ANYTHING ELSE THAT WE NEED
11  BEFORE I HANG UP THE PHONE, MR. ROLLINS, FROM THE
12  INVESTIGATOR?
13      MR. MOUZAKIS:  IN ORDER FOR ME TO SEE HIM AND FIND
14  OUT WHAT THE ISSUES ARE, IN ORDER FOR ME TO VISIT HIM IN
15  JAIL, I NEED A MINUTE ORDER FAXED TO ME OR MAILED.
16      THE COURT:  ALL RIGHT.  FAX IS FASTER, SO WHAT'S
17  YOUR FAX NUMBER.
18      THE CLERK:  I HAVE IT.
19      THE COURT:  YOU HAVE IT.  SO YOU NEED A COPY OF
20  THE MINUTE ORDER APPOINTING YOU, AND AT THIS POINT
21  SAYING THAT IT IS GOOD FOR 10 HOURS; RIGHT.
22      THE CLERK:  AND HE CAN VISIT HIM AT THE JAIL.
23      THE COURT:  AND YOU CAN VISIT HIM AT THE JAIL.
24      MR. MOUZAKIS:  YES.
25      THE COURT:  ALL RIGHT.  THAT'S FINE.
26      MR. MOUZAKIS:  THANK YOU.
27      THE COURT:  ALL RIGHT.  THAT'S GOOD.
28      DEFENDANT ROLLINS:  THANK YOU, YOUR HONOR.

1

2          (THE END OF THE SPEAKERPHONE CONVERSATION.)

3

4          THE COURT:  NOW, WE HAVE YOU SET FOR ALL YOUR

5   MOTIONS FOR THE DATE OF MARCH 28TH.

6          DEFENDANT ROLLINS:  YES, MA'AM.

7          THE COURT:  WHAT I WANT TO FIND OUT, IS THAT DATE

8   STILL GOOD FOR YOU, OR BECAUSE YOU'RE NOW GETTING THE

9   INVESTIGATOR, DOES THAT DATE NEED TO BE CHANGED.  I WANT

10  TO KNOW WHILE YOU'RE HERE NOW.

11               IF YOU THINK YOU HAVE ENOUGH TIME TO DO WHAT

12  YOU'RE SUPPOSED TO DO, WE WILL SET ALL YOUR MOTIONS FOR

13  THAT DATE.  IF YOU NEED MORE TIME, WE WILL VACATE THAT

14  DATE AND PICK ANOTHER DATE.  YOU TELL ME.

15         DEFENDANT ROLLINS:  I KNOW I WILL NEED MORE TIME

16  BECAUSE --

17         THE COURT:  BY THE WAY, THERE WAS SOMETHING ELSE.

18  I DID NOT REVIEW YOUR FILE LAST NIGHT BECAUSE I FORGOT

19  THAT WE ADVANCED IT FOR TODAY, BUT I DO RECALL YOU

20  REQUESTED THAT THE COURT ORDER CERTAIN TRANSCRIPTS

21  REGARDING -- I DON'T KNOW IF IT WAS THE PRIORS OR

22  WHATEVER.  WE DON'T DO THAT HERE.

23               YOU HAVE TO NOTIFY THE COURTS WHERE THESE

24  THINGS TOOK PLACE, AND THOSE REPORTERS WERE NOT THE

25  PEOPLE THAT DO THAT WORK FOR YOU AND FIND OUT AND DO

26  THAT.  SO JUST BECAUSE YOU ASK FOR IT -- IT IS NOT THAT

27  I DON'T WANT TO GIVE YOU CERTAIN THINGS.  IT IS JUST

28  THAT'S NOT WHAT WE DO HERE.  THAT'S SOMETHING TOTALLY

1  SEPARATE.

2              BUT LET'S TALK ABOUT THE DATE FIRST.

3  REGARDING WHAT'S GOING ON, DO YOU WANT TO KEEP THE DATE

4  FOR ALL THE MOTIONS ON MARCH 28TH OR DO YOU NEED TO

5  CHANGE THAT DATE?

6       DEFENDANT ROLLINS:  I NEED TO MOVE THAT DATE TO --

7  TO A MONTH AHEAD OF THAT BECAUSE THE INVESTIGATOR --

8       THE COURT:  I UNDERSTAND.  THAT'S WHY I'M ASKING

9  YOU.  WHAT DATE ARE YOU ASKING FOR?  I'M JUST CHECKING

10  MY CALENDAR.

11       DEFENDANT ROLLINS:  APRIL 28TH.

12       THE COURT:  I'M SORRY.  APRIL 28TH?

13       DEFENDANT ROLLINS:  YEAH.

14       THE COURT:  SURE.  ONE SECOND.

15       MS. WILLIAMS:  THAT'S FOR JURY TRIAL OR PRETRIAL?

16       THE COURT:  IS THAT GOING TO BE -- IS THAT FOR

17  JURY TRIAL MOTIONS OR PRETRIAL MOTIONS?

18       DEFENDANT ROLLINS:  JUST PRETRIAL MOTIONS FOR THAT

19  DATE.

20       THE COURT:  I PUT THAT ON MY CALENDAR SO I WILL

21  KNOW.

22       MS. WILLIAMS:  SHOULD WE MAKE THAT AS 0 OF 30

23  BECAUSE I HAVE TO SUBPOENA WITNESSES --

24       THE COURT:  I'M GUESSING 0 OF 30.

25       MS. WILLIAMS:  BECAUSE I HAVE TO SUBPOENA

26  WITNESSES FOR THE 4TH, SO I'D RATHER NOT HAVE TO

27  SUBPOENA WITNESSES AGAIN.

28       THE COURT:  THAT DATE IS 0 OF 30 FOR PRETRIAL

1  MOTIONS, AND THEN WE WILL PICK A TRIAL DATE WITHIN THAT
2  TIME.
3              IS THAT OKAY WITH YOU?
4       DEFENDANT ROLLINS:  YES.
5       THE COURT:  MR. ROLLINS, YOU HAVE THE RIGHT TO BE
6  BROUGHT TO TRIAL SOONER.  ARE YOU WILLING TO GIVE UP
7  THAT RIGHT, AND AGREE THAT YOU NEED NOT BE BROUGHT TO
8  TRIAL UNTIL WITHIN 30 DAYS AFTER APRIL 28TH.
9              IS THAT ALL RIGHT WITH YOU, SIR?
10      DEFENDANT ROLLINS:  YES.  THAT'S AGREEABLE.
11      THE COURT:  THAT WILL BE THE DATE FOR ALL THE
12 MOTIONS.  THAT'S PLENTY OF TIME FOR THE NEW INVESTIGATOR
13 TO GET ALL SET.
14      DEFENDANT ROLLINS:  I WANT TO BE PREPARED BECAUSE
15 RIGHT NOW I'M WORKING ON MY JURY INSTRUCTIONS, BUT IF
16 I'M NOT READY THAT DAY, I'M NOT -- IF I'M NOT READY THAT
17 DAY --
18      THE COURT:  YOU SAID WORKING ON JURY INSTRUCTIONS?
19 YOU DON'T HAVE TO WORK TOO HARD ON JURY INSTRUCTIONS
20 BECAUSE PETTY THEFT WITH A PRIOR, THEY ARE PRETTY
21 STANDARD JURY INSTRUCTIONS.
22      MS. WILLIAMS:  AND WE DON'T NEED THEM ON APRIL
23 28TH.
24      THE COURT:  WE CERTAINLY DON'T NEED THEM IN APRIL.
25 THAT WILL ONLY BE WHEN IT GOES TO TRIAL.
26      DEFENDANT ROLLINS:  THERE'S ANOTHER LITTLE MATTER
27 THAT I'M WORKING ON AS WELL, YOUR HONOR.  I ALSO WOULD
28 LIKE TO SAY THAT I WANT TO GIVE THE INVESTIGATOR A

1    CHANCE TO GET THE MATERIAL THAT I NEED.  AND WITH

2    DISCOVERY, I'M HERE TODAY BECAUSE I PUT IN A MOTION THAT

3    I GAVE TO YOU THAT IS VITAL FOR ME TO HAVE DISCOVERY.

4         THE COURT:  HOLD ON.  LET ME SEE WHAT DISCOVERY

5    YOU ARE TALKING ABOUT.  WHY DON'T YOU TELL ME.  TELL ME

6    ONE THING AT A TIME.  WE WILL GO OVER IT.  WHAT IS IT

7    THAT YOU'RE ASKING FOR, BECAUSE YOU COULD BE ASKING FOR

8    THINGS THAT ARE NOT FOR ME TO GIVE YOU AND FOR THE

9    DISTRICT ATTORNEY TO GIVE YOU.

10           LET ME FIRST FIND OUT -- I'M ASSUMING THAT

11   YOU TURNED OVER ALL POLICE REPORTS; ANYTHING THAT YOU

12   WOULD HAVE TO PRESENT ON THIS CASE.

13        MS. WILLIAMS:  THE CASE WAS ORIGINALLY IN 127.  SO

14   MY ANSWER TO THAT IS, YES; HOWEVER -- I DID NOT

15   PERSONALLY DO IT, BUT MY UNDERSTANDING IS THAT

16   DISCOVERY -- ACCORDING TO THE -- WHAT I UNDERSTAND ABOUT

17   THE CASE, DISCOVERY, COMPLETE DISCOVERY HAS BEEN

18   PROVIDED.  IF THERE'S SOMETHING SPECIFIC THAT DEFENDANT

19   ROLLINS IS MISSING, HE CAN CERTAINLY TELL ME THAT.

20           I DO HAVE A SET OF DISCOVERY FOR HIS STANDBY

21   COUNSEL.  I THOUGHT I GAVE IT TO HIM MYSELF ANOTHER

22   TIME, BUT THERE IS ANOTHER SET IN HERE.

23        THE COURT:  OH, WE SHOULD LET STANDBY COUNSEL

24   KNOW.  WE WILL HAVE TO CALL HIM AND LET HIM KNOW THE

25   DATE.  HE DIDN'T KNOW THAT WE WERE COMING IN TODAY.

26        MS. WILLIAMS:  BRET MERRITT (PHONETIC).

27        THE COURT:  SO JUST BE SPECIFIC.  WHAT DISCOVERY

28   ARE YOU ASKING FOR?

1    DEFENDANT ROLLINS:  IN MY DISCOVERY MOTION, MY

2  INFORMAL MOTION, I ASKED FOR ALL TYPES OF EXCULPATORY

3  EVIDENCE.

4    THE COURT:  OKAY.  STOP.  DO YOU HAVE ANY

5  EXCULPATORY EVIDENCE?

6    MS. WILLIAMS:  ONLY WHAT'S BEEN TURNED OVER.

7    THE COURT:  WHAT ELSE?

8    DEFENDANT ROLLINS:  I'VE ASKED FOR THINGS THAT

9  WOULD BE EITHER FAVORABLE TO THE DEFENSE OR HARMFUL TO

10  THE DEFENSE SUCH AS --

11    THE COURT:  GO AHEAD.

12    DEFENDANT ROLLINS:  SUCH AS VIDEOS AND TAPES AND

13  THINGS LIKE THAT.

14    THE COURT:  ARE YOU AWARE OF ANY VIDEOS?

15    MS. WILLIAMS:  I'M NOT AWARE OF ANYTHING THAT

16  HASN'T BEEN TURNED OVER.  LET ME JUST CHECK ONE THING.

17    THE COURT:  SHE'S DOUBLE-CHECKING.  WHERE DID THIS

18  ALLEGEDLY OCCUR?

19    MS. WILLIAMS:  FOOD 4 LESS.  IT DOESN'T INDICATE

20  IN OUR SUMMARY THAT THERE WAS A VIDEO, BUT I'M GOING TO

21  CHECK THE REPORT ITSELF, IF I COULD FIND IT WITH ALL THE

22  OTHER MOTIONS.

23    THE COURT:  SURE.

24    MS. WILLIAMS:  YOU CAN ASK HIM OTHER QUESTIONS --

25  THE NEXT QUESTION WHILE I'M LOOKING FOR IT.

26    THE COURT:  SHE'S LOOKING.  IF SHE FINDS --

27    MS. WILLIAMS:  I REMEMBER NOW SPECIFICALLY.

28  ACCORDING TO SAM SANCHEZ, HE SAID THAT THERE WAS NO

1  VIDEO.  APPARENTLY THIS IS A CASE WHERE THEY THOUGHT

2  THERE MIGHT BE A VIDEO, AND THEN WE SPOKE TO THE

3  DETECTIVE ON THE CASE, AND THERE'S NO SURVEILLANCE VIDEO

4  IN THE POLICE FILE.  SO, IN OTHER WORDS --

5       THE COURT:  THE QUESTION IS THIS:  THERE MAY NOT

6  BE ANY VIDEO IN THE POLICE FILE.  THE QUESTION WOULD BE

7  DOES FOOD 4 LESS HAVE ANY VIDEO?

8       MS. WILLIAMS:  I UNDERSTAND THAT, BUT IF THE

9  POLICE DON'T TAKE IT INTO CUSTODY, THEN WE DON'T HAVE

10 IT.  SO, ONE, WE DON'T HAVE TO TURN IT OVER.  WE CAN TRY

11 TO GET IT FROM FOOD 4 LESS, BUT HE COULD ALSO TRY TO GET

12 IT FROM FOOD 4 LESS.

13      THE COURT:  I THINK WHAT HE'S SAYING, IF YOU

14 INTEND TO USE THE VIDEO, HE WANTS DISCOVERY OF IT.  I

15 WAS GOING TO SAY MAYBE HE WANTS IT BECAUSE MAYBE IT

16 SHOWS THAT HE DIDN'T DO ANYTHING.

17      MS. WILLIAMS:  MY UNDERSTANDING IS THAT THE POLICE

18 DO NOT HAVE CUSTODY OF THE VIDEO.

19      THE COURT:  I GUESS YOU COULD ASK YOUR

20 INVESTIGATOR TO CHECK WITH FOOD 4 LESS AND SEE IF THEY

21 HAD A VIDEO.

22      DEFENDANT ROLLINS:  I PLAN TO.

23      MS. WILLIAMS:  SAM SANCHEZ, WHO IS THE SECURITY

24 GUARD AT FOOD 4 LESS, WHO SIGNED A PRIVATE PERSON

25 CERTIFICATE, ALSO SAID THERE'S NO VIDEO.

26      THE COURT:  WELL, IF THE PERSON WHO IS A SECURITY

27 PERSON FOR FOOD 4 LESS SAYS THERE'S NO VIDEO, THERE'S NO

28 VIDEO.

1    MS. WILLIAMS:  SAM SANCHEZ SAYS THERE IS NO VIDEO.

2  HE SAID HE CHECKED WITH LAPD TO SEE IF THEY HAVE A

3  VIDEO, AND THEN WE CHECKED WITH LAPD AND THEY DON'T HAVE

4  A VIDEO.

5       SO I CAN'T SAY WITH ANY CERTAINTY THAT NO

6  VIDEO WAS EVER TAKEN, BUT I CAN SAY THAT FOOD 4 LESS

7  DOES NOT HAVE A VIDEO, IF THEY EVER DID, AND THERE'S NO

8  INDICATION THAT LAPD TOOK A VIDEO IN CUSTODY, AND IT IS

9  NOT IN ANY OF THE ITEMS BOOKED AT LAPD.

10    THE COURT:  SO THE PEOPLE DON'T HAVE ANY EVIDENCE

11  TO PRODUCE IN YOUR TRIAL REGARDING A VIDEO.  OKAY.

12       WHAT ELSE?  WAIT UNTIL THAT MACHINE STOPS.

13  GO AHEAD.  WHAT'S THE NEXT THING THAT YOU WANT TO KNOW

14  BY WAY OF DISCOVERY.

15    DEFENDANT ROLLINS:  THE NEXT THING THAT I WANTED
                                       and witnesses
16  TO KNOW IS WHETHER OR NOT THE OFFICER (SIC) HAS ANY KIND

17  OF TESTIMONY OR ANYTHING LIKE THAT; ANY ADDITIONAL

18  TESTIMONY TO WHAT'S GOING ON.  ANY TESTIMONY AT ALL?

19    THE COURT:  ALL SHE WOULD KNOW IS WHAT'S IN THE

20  POLICE REPORTS.

21    DEFENDANT ROLLINS:  RIGHT.

22    THE COURT:  AND IT WOULD HAVE TO BE REGARDING THAT

23  SUBJECT MATTER.  SHE CAN'T KNOW EVERY SINGLE WORD THAT

24  THEY ARE GOING TO SAY.

25    DEFENDANT ROLLINS:  OKAY.

26    THE COURT:  IT IS NOT GOING TO BE SUCH A SURPRISE

27  THAT IT NOT IN THE REPORT AND SOMETHING YOU DON'T KNOW

28  ABOUT.



1    MS. WILLIAMS:  AS FAR AS I KNOW, THE GENERAL
2  CIRCUMSTANCES OF WHAT HAPPENED ARE CONTAINED IN THE
3  REPORTS.  OBVIOUSLY, WHEN YOU PUT INDIVIDUALS ON THE
4  STAND, SOMETIMES THEY EXPOUND UPON WHAT THEY ALREADY
5  SAID, BUT I DON'T EXPECT THAT IT WOULD BE ANYTHING MORE
6  THAN THAT.

7          OBVIOUSLY AT THE PRELIMINARY HEARING THERE
8  WAS SOME TESTIMONY.  I'M NOT SURE IF THE OFFICERS
9  TESTIFIED OR ONLY THE SECURITY OFFICER, BUT THAT SHOULD
10  ALSO BE LOOKED UP BY THE DEFENDANT WITH REGARD TO THEIR
11  PARTICULAR STATEMENTS.  IT LOOKS LIKE IT WAS ONLY THE
12  SECURITY GUARD THAT WAS AT THE PRELIMINARY HEARING.

13          THE COURT:  ANYTHING ELSE?

14          DEFENDANT ROLLINS:  THAT WOULD SUFFICE RIGHT
15  THERE.

16          THE COURT:  OKAY.

17          DEFENDANT ROLLINS:  I NEED TO ASK THE NEXT
18  QUESTION.  WE WERE TALKING ABOUT THE RECORDS AND THE
19  TRANSCRIPTS, AND I UNDERSTAND THAT YOU CAN'T GET RECORDS
20  OUTSIDE OF THE COURT.  THE RECORDS THAT I WAS REQUESTING
21  WERE RECORDS FOR THE -- ALL OF THE PROCEEDINGS IN THE
22  COURT, SO I CAN USE THEM FOR THE APPELLATE COURT WHERE I
23  WILL HAVE MY APPEAL ISSUE.

24          THE COURT:  LET'S SAY YOU ARE IN COURT AND YOU
25  COME OUT AND THE JUDGE JUST SAYS, "HERE IS WHAT YOU'RE
26  CHARGED WITH," AND SAY, "HOW DO YOU PLEAD?"  AND YOU
27  SAY, "NOT GUILTY."  IT IS COSTLY FOR THE COURT TO ORDER
28  A TRANSCRIPT AND HAVE IT PREPARED IF IT HAS NO

1  RELEVANCE.
2          WHAT I'M SAYING IS THAT A TRANSCRIPT SUCH AS
3  THAT WOULDN'T BE SOMETHING YOU WOULD NEED FOR APPEAL
4  UNLESS YOU'RE SAYING YOU WERE NEVER TOLD -- YOU WERE
5  NEVER ARRAIGNED OR SOMETHING LIKE THAT.  SO A TRANSCRIPT
6  OF EVERY SINGLE THING THAT EVER HAPPENED IN YOUR CASE
7  WOULDN'T BE ORDERED UNLESS IT IS RELEVANT FOR SOMETHING.
8          SO IF YOU WERE TO INDICATE THAT I NEED THE
9  TRANSCRIPT OF THE PROCEEDINGS ON SUCH AND SUCH DATE
10  BECAUSE THE COURT RULED AGAINST ME ON THAT, OR I NEVER
11  HAD, YOU KNOW, SOMETHING, THEN THERE MIGHT BE SOME TO
12  ORDERING A TRANSCRIPT, BUT YOU ARE ALREADY WORRYING
13  ABOUT AN APPEAL, AND YOU HAVEN'T BEEN CONVICTED OF
14  ANYTHING.
15          WHAT IF YOU'RE FOUND NOT GUILTY?
16          DEFENDANT ROLLINS:  THAT'S TRUE.  I AM ALREADY --
17  I'M ALREADY IN THE SUPREME COURT RIGHT NOW WITH AN ISSUE
18  ON A 99A -- A 999-A  FOR RECONSIDERATION ON MOTION
19  HEARING.  I NEED THOSE TRANSCRIPTS.  I'VE BEEN TRYING TO
20  GET THOSE TRANSCRIPTS SO I CAN --
21          THE COURT:  I DON'T KNOW.  YOU WOULD HAVE TO TELL
22  ME SPECIFICALLY.  ARE YOU TALKING ABOUT -- OKAY.  ONE
23  SECOND.  FIRST OF ALL, DID SOMETHING OCCUR IN THE COURT
24  BEFORE YOU CAME HERE?
25          DEFENDANT ROLLINS:  YES.
26          THE COURT:  YOU WOULD HAVE TO CONTACT THAT COURT,
27  THAT COURT REPORTER, TO TRY TO SEE IF THE JUDGE WILL
28  ORDER THAT.

1    DEFENDANT ROLLINS:  CORRECT.

2    THE COURT:  SINCE YOU'VE BEEN IN THIS COURT -- LET

3  ME SEE WHAT HAPPENED.  THEN YOU WERE NEXT DOOR.

4    DEFENDANT ROLLINS:  YES.

5    THE COURT:  IF YOU NEED SOMETHING FROM NEXT DOOR,

6  YOU HAVE TO CONTACT NEXT DOOR, NOT ME.  AND SINCE YOU'VE

7  BEEN HERE -- LET'S SEE.  THAT'S ONLY BEEN SINCE -- IT

8  SEEMS LIKE WE'VE BEEN TOGETHER FOREVER.  I MEAN I'VE

9  SEEN -- IT SEEMS LIKE WE SPENT A LOT OF TIME TOGETHER,

10  BUT I THINK THE FIRST TIME THAT YOU APPEARED IN THIS

11  COURT --

12    MS. WILLIAMS:  IT WAS THE LAST TIME THAT HE WAS

13  HERE.

14    THE COURT:  IS THAT IT?

15    DEFENDANT ROLLINS:  BEFORE I WENT TO 127, I MET

16  YOU.

17    THE COURT:  I'M TRYING TO SEE.  ON JANUARY 25TH.

18  DID WE MEET BEFORE THAT DATE?

19    DEFENDANT ROLLINS:  WE MET BEFORE THAT DATE.

20    THE COURT:  BECAUSE I WAS STANDING IN.

21    DEFENDANT ROLLINS:  WE MET NOVEMBER 9TH.

22    MS. WILLIAMS:  THAT'S BECAUSE YOU WERE STANDING

23  IN.  YOU WERE DOING 127'S CALENDAR THAT DAY.

24    THE COURT:  LET ME SEE WHAT HAPPENED THAT DAY.

25    MS. WILLIAMS:  I BELIEVE --

26    THE COURT:  I THOUGHT THAT I MET YOU  -- HERE IT

27  IS.  YES.  NOVEMBER 9TH.  YOU WERE ARRAIGNED THAT DAY.

28    DEFENDANT ROLLINS:  YES, MA'AM.

1    THE COURT:  AND I TRIED TO TALK YOU OUT OF

2  REPRESENTING YOURSELF.  I DIDN'T DO A VERY GOOD JOB

3  BECAUSE YOU'RE REPRESENTING YOURSELF.

4    MS. WILLIAMS:  I THINK HE WAS HERE JANUARY 25TH.

5    THE COURT:  AND JANUARY 25TH WAS THE NEXT DATE.

6         ARE YOU REQUESTING A TRANSCRIPT OF NOVEMBER

7  9TH WHEN --

8    DEFENDANT ROLLINS:  I WANT MY PROCEEDINGS.

9    THE COURT:  I'M SAYING AS FAR AS WHAT I CAN ORDER

10  FOR YOU.

11    DEFENDANT ROLLINS:  I UNDERSTAND.

12    THE COURT:  I CAN ORDER FOR YOU -- THAT DAY,

13  BASICALLY, I GAVE YOU WHAT YOU WANTED.  I LET YOU GO PRO

14  PER, AND TOLD YOU WHAT YOU WERE CHARGED WITH.  I DON'T

15  SEE HOW THAT WOULD HAVE SIGNIFICANCE IN YOUR APPEAL.

16  AND THEN THE SECOND TIME I APPOINTED STANDBY COUNSEL AND

17  I APPOINTED AN INVESTIGATOR AND I GAVE YOU MONEY.

18    DEFENDANT ROLLINS:  NO.

19    THE COURT:  I DIDN'T GIVE YOU MONEY.

20    DEFENDANT ROLLINS:  NO, MA'AM.  THAT'S WHY I'M

21  HERE, TOO, ALSO.

22    THE COURT:  I AUTHORIZED PAYMENT FOR 20 HOURS

23  INVESTIGATION.  BIT THAT DIDN'T HAPPEN.  WE WILL GET TO

24  THAT IN A MINUTE.

25         BUT AS FAR AS WHAT HAPPENED THE LAST TIME

26  YOU WERE HERE, I DON'T REALLY SEE THE SIGNIFICANCE OR

27  RELEVANCE TO AN APPEAL.  SO IF YOU WANT OTHER THINGS

28  THAT HAPPENED IN OTHER PLACES, YOU'RE GOING TO NEED TO

1 | REQUEST THEM FROM THOSE COURTS.

2 |     DEFENDANT ROLLINS:  OKAY.

3 |     THE COURT:  THEY WILL HAVE TO MAKE A DETERMINATION

4 | WHETHER THERE'S ANY RELEVANCY TO ORDERING THOSE OR NOT.

5 |     DEFENDANT ROLLINS:  THE REASON WHY I'M ASKING THE

6 | COURT IS BECAUSE I'VE SUBMITTED SUBPOENAS TO THEM AND

7 | THEY'VE REFUSED TO ADHERE TO THE SUBPOENAS.

8 |     THE CLERK:  THEY SENT THE SUBPOENAS BACK.

9 |     THE COURT:  RIGHT.

10 |     THE CLERK:  IT DOESN'T NAME ANY PARTICULAR

11 | REPORTER OR ANYTHING.  HERE ARE THE COPIES OF HIS SDT'S.

12 |     THE COURT:  I DON'T NEED TO SEE THAT, BECAUSE IF

13 | THERE'S NO PARTICULAR REPORTER, THEY CAN'T COMPLY WITH

14 | IT.

15 |     HERE IS THE PROBLEM WITH REPRESENTING

16 | YOURSELF.  THERE'S A WAY TO DO THINGS TO GET THINGS

17 | DONE, AND THE LAWYERS KNOW HOW TO DO IT RIGHT THE FIRST

18 | TIME.  YOU'RE LEARNING HOW TO DO IT.  I CAN'T GIVE YOU

19 | LEGAL ADVICE.  I CAN'T TEACH YOU HOW TO DO IT.  IF IT IS

20 | NOT DONE RIGHT, YOU CAN'T GET WHAT YOU WANT.  I CAN'T

21 | HELP THAT, AND I CAN'T DO IT FOR YOU.  I'M NOT ALLOWED

22 | TO GIVE LEGAL ADVICE AND PRACTICE LAW.

23 |     MS. WILLIAMS:  I HAVE TO INTERJECT AND SAY ONE

24 | THING.  I THINK THERE WOULD BE A PROBLEM WITH HIM GOING

25 | BACK TO THE COURT TO GET THE COURT TO ORDER THE

26 | TRANSCRIPTS.  OBVIOUSLY IF HE WANTS THE TRANSCRIPTS, HE

27 | HAS TO SPECIFY THE DATE, SPECIFY THE REPORTER, AND GET

28 | IT SERVED ON THAT REPORTER.  BUT HE FILED A 170.6 MOTION

1  AGAINST JUDGE REHM, SO I THINK THAT HE WOULD HAVE TO

2  ACTUALLY APPLY TO THIS COURT FOR THE ORDER FOR THE

3  TRANSCRIPTS FROM THE OTHER COURT, BECAUSE I DON'T THINK

4  JUDGE REHM COULD RULE ON THEM.  JUST FOR THE ORDER AS TO

5  WHETHER OR NOT HE'S -- WHETHER YOU'RE GOING TO GIVE HIM

6  THE FUNDS.

7       THE COURT:  THERE'S NO RELEVANCY ON ANYTHING THAT

8  HAPPENED HERE.

9       MS. WILLIAMS:  HE HAS TO SPECIFY THE DATES AND

10 MAKE A SHOWING TO THE COURT WHY HE NEEDS THOSE, AND GET

11 AN ESTIMATE FROM THE COURT REPORTER AS TO THE AMOUNT IT

12 WOULD COST, AND THEN I THINK HE COULD ACTUALLY REQUEST

13 IT FROM THIS COURT.  BUT IN ORDER TO DO THAT, HE WOULD

14 HAVE TO GET AN ESTIMATE OF THE COST OF THE TRANSCRIPTS

15 WHAT WAS DONE ON THAT PARTICULAR DATE.

16      THE COURT:  STOP IT.  I DON'T THINK THE ESTIMATE

17 OF THE COST OF TRANSCRIPT WOULD BE RELEVANT AT ALL.

18      MS. WILLIAMS:  OKAY.

19      THE COURT:  BECAUSE IF HE'S LEGALLY ENTITLED TO

20 HAVE THE TRANSCRIPT, THE COST OF IT ISN'T GOING TO MAKE

21 A DIFFERENCE.

22      MS. WILLIAMS:  THAT'S FAIR.

23      THE COURT:  WHAT I'M SAYING IS I DON'T KNOW -- IF

24 HE'S SAYING THAT I WANT EVERYTHING THAT EVER HAPPENED IN

25 THERE, AND LIKE FOR THIS COURT ALL THAT HAPPENED WAS --

26      MS. WILLIAMS:  I AGREE.

27      THE COURT:  LET ME FINISH MY THOUGHT.

28           SO HE WOULD HAVE TO INDICATE THAT HE'S

1  REQUESTING THE TRANSCRIPT FROM SUCH AND SUCH DATE WITH

2  THAT REPORTER, AND THE SHOWING WOULD HAVE TO BE ON THAT

3  DATE JUDGE REHM RULED AGAINST ME ON A 995 MOTION OR A

4  1538 -- ARE YOU LISTENING?

5          DEFENDANT ROLLINS:  YES, I AM, MA'AM.

6          THE COURT:  OR 1538.5 MOTION.  BECAUSE IF --

7  HELLO.

8          DEFENDANT ROLLINS:  YES, MA'AM.  I HEAR YOU.

9          THE COURT:  YOU'RE LOOKING THE OTHER WAY.  I'M

10  SAYING IT FOR YOUR BENEFIT, SO I WANT TO MAKE SURE THAT

11  YOU BENEFIT.  I DON'T DO TOO WELL AT MULTI-TASKING.  I

12  HAVE TO FOCUS.

13         DEFENDANT ROLLINS:  I'M SORRY.

14         THE COURT:  IF THERE'S A SHOWING THAT YOU HAD A

15  995 MOTION ON THAT DAY AND YOU NEEDED A TRANSCRIPT ON

16  THAT, THAT WOULD BE RELEVANT.  I WOULD NEED TO KNOW THE

17  DATE, WHO THE REPORTER WAS, AND THE FACT THAT IT WAS A

18  995 MOTION.

19              AND IF YOU HAD A 1538.5 MOTION, THAT WOULD

20  HAVE SOME RELEVANCY.  IF YOU CAME OUT AND NOTHING MUCH

21  HAPPENED, AND YOU CAME BACK ANOTHER DAY, THAT IS

22  WASTEFUL OF THE MONEY, BECAUSE THERE'S NO REASON THAT

23  YOU WOULD NEED THAT TRANSCRIPT.  SO YOU'RE GOING TO HAVE

24  TO BE MORE SPECIFIC.

25              NOW, IF THESE ARE TRANSCRIPTS FROM THE --

26  BEFORE YOU CAME UP TO -- I GUESS THEY ARE ALL CALLED

27  SUPERIOR COURT NOW.  IF ANYTHING HAPPENED LIKE IN THE

28  PRELIMINARY HEARING, LIKE BEFORE YOU CAME UPSTAIRS,

```
 1  THAT'S THE ONLY WAY I CAN SAY IT, THEN YOU HAVE TO FILE
 2  IT THERE.
 3          IF IT IS SOMETHING THAT HAPPENED IN JUDGE
 4  REHM'S COURT -- AND THE DISTRICT ATTORNEY MADE A GOOD
 5  POINT -- BECAUSE YOU FILED A 170.6, HE SHOULDN'T MAKE A
 6  DECISION ON ANYTHING PERTAINING TO YOUR CASE, BUT
 7  BECAUSE I DON'T KNOW WHAT HAPPENED HERE, YOU WILL HAVE
 8  TO GIVE THE DATES, WHO THE REPORTER WAS, AND THE
 9  RELEVANCY OF WHAT HAPPENED.
10          JUST TO SAY THAT I WANT THE TRANSCRIPT OF
11  WHAT HAPPENED THAT DAY, THAT DOESN'T SHOW ME THE
12  RELEVANCY.  SHOW ME THAT YOU HAD MOTIONS ON THE MERITS
13  OF THIS CASE, ABOUT, YOU KNOW, SUBMISSION OF THE
14  EVIDENCE AND THINGS LIKE THAT, THEN I CAN SEE HOW THAT
15  WOULD BE RELEVANT.  SO YOU WILL HAVE TO DO THAT.
16          DEFENDANT ROLLINS:  OKAY.
17          THE REASON WHY I ASKED, YOUR HONOR, I DID --
18  I APPROACHED THIS PROBLEM THAT I HAD VERY, VERY
19  SERIOUSLY ABOUT -- AS FAR AS GETTING THE NAMES AND CASE
20  NUMBERS.  THE ONLY THING THAT I DIDN'T GET -- I SHOULD
21  HAVE GOTTEN -- I SHOULD HAVE ORDERED THE MINUTE ORDER.
22  I WILL SUBMIT ANOTHER REQUEST BECAUSE I DO --
23          THE COURT:  MAKE SURE THAT YOU REQUEST -- IF YOU
24  SUBMIT A REQUEST AND THE REQUEST IS "I WANT THE MINUTE
25  ORDERS AND TRANSCRIPTS OF ALL PROCEEDINGS," THAT'S TOO
26  OVERBROAD.  I NEED TO KNOW THAT YOU WANT A TRANSCRIPT OF
27  THE DAYS PROCEEDINGS ON X DATE BECAUSE ON THAT DATE THE
28  JUDGE DENIED MY MOTION FOR -- I DON'T KNOW WHETHER IT
```

1   WAS SUPPRESSED, 995, OR WHATEVER IT WAS.  THEN I CAN SAY

2   OKAY.  LET'S GIVE IT TO HIM.  ALL RIGHT.

3                DO YOU UNDERSTAND THAT?

4        DEFENDANT ROLLINS:  YES, MA'AM.

5        THE COURT:  IS THERE ANYTHING ELSE BEFORE I SEE

6   YOU ON THE PRETRIAL DATE?

7        THE CLERK:  DID YOU GRANT HIM FUNDS OR --

8        THE COURT:  HOW MUCH MONEY HAVE YOU GOTTEN

9   ALTOGETHER ON THIS CASE SO FAR?  ADD IT ALL UP.

10        DEFENDANT ROLLINS:  ABOUT $110.

11        THE COURT:  OKAY.  NOW --

12        DEFENDANT ROLLINS:  MAYBE LESS.

13        THE COURT:  THE PRO PER RULES SAY THAT THE PRO PER

14   IS TO HAVE $40 FOR THEIR ENTIRE CASE.  THE FACT THAT YOU

15   HAD $100 IS AMAZING TO ME.

16        DEFENDANT ROLLINS:  CAN I SEE THAT RULE, PLEASE.

17        THE COURT:  DO WE HAVE THE PRO PER RULES THERE?

18        DEFENDANT ROLLINS:  BECAUSE -- I'M SORRY.  BECAUSE

19   THEY GAVE ME A MEMORANDUM, AND THEY SAID --

20        THE CLERK:  YES.  THAT'S IT.

21        DEFENDANT ROLLINS:  THEY SAID IT IS --

22        THE COURT:  IT SAID WHAT?

23        DEFENDANT ROLLINS:  THE MEMORANDUM THAT THEY GAVE

24   ME, I THINK IT WAS KIND OF OUTDATED.  IT SAID THAT THE

25   FUNDS AVAILABLE TO PRO PERS WAS $75.

26        THE COURT:  DID THEY CHANGE IT?

27        DEFENDANT ROLLINS:  I DON'T KNOW.  WHEN I LOOKED

28   IN THE COMPUTER --

1    THE COURT:  DO WE HAVE A COPY OF THE PRO PER

2  RULES?

3    THE CLERK:  I THINK WE DO, YOUR HONOR.  LET ME

4  SEE.

5    THE COURT:  MR. ROLLINS, I'VE BEEN DOING THIS FOR

6  22 YEARS.  I'M TELLING YOU THAT BECAUSE I KNOW.  I NEVER

7  KNEW THAT THEY COUNTED FOR INFLATION.  IT WAS $40 22

8  YEARS AGO.  MAYBE THEY RAISED IT.  LET ME CHECK.  NOBODY

9  TOLD ME.  I'M GOING TO LOOK.

10    DEFENDANT ROLLINS:  I'M SAYING TOLD THAT FROM SOME

11  OF THE PRO PERS.  I'M AROUND PRO PERS ALL DAY.

12    THE COURT:  I'VE ALWAYS BEEN TOLD THAT IT WAS 40.

13  WE WILL LOOK IT UP.  LET'S ASSUME THAT IT IS 75.  YOU'VE

14  ALREADY EXCEEDED THAT, AND THIS IS A PETTY THEFT WITH A

15  PRIOR, SO I DON'T KNOW EXACTLY WHAT INVESTIGATION IS

16  NECESSARY, BUT WHAT'S YOUR SITUATION RIGHT NOW?

17    DEFENDANT ROLLINS:  MY SITUATION RIGHT NOW IS

18  THAT THE COUNTY JAIL FACILITY WHERE PRO PERS --

19    THE COURT:  BEFORE YOU TELL ME, I HAVE ANOTHER

20  SUGGESTION.  TELL ME WHAT YOU SPENT THAT MONEY ON.  TELL

21  ME HOW MUCH ADDITIONAL MONEY YOU'RE ASKING FOR, AND

22  WHAT -- FOR WHAT PURPOSE, AND THEN I CAN MAKE A

23  DETERMINATION IF YOU'VE BEEN ORDERING TWINKIES AND BEEF

24  JERKY OR --

25    DEFENDANT ROLLINS:  THAT'S IMPOSSIBLE.

26    THE COURT:  WE WILL NOT BE PAYING FOR THAT.  IF

27  YOU'RE CALLING YOUR FRIENDS AND RELATIVES AND SAYING HOW

28  ARE YOU DOING, WE WILL NOT PAY FOR THAT.  I NEED TO SEE

1   THAT IT IS FOR LEGITIMATE LEGAL SERVICES.

2        DEFENDANT ROLLINS:  I SENT IT IN WITH THE MOTION

3   THAT I MADE.  MOTION -- EX PARTE MOTION FOR PRO PER

4   FUNDS.  I SENT WITH THAT A TOTAL ESTIMATE OF THE

5   SPENDING.

6        THE COURT:  HOLD ON.  LET ME SEE IF I CAN FIND IT.

7        THE CLERK:  I DON'T KNOW IF THE PRO PER POLICY IS

8   ON LINE.  I CAN LOOK IT UP.  THESE LOOK LIKE OLD ONES,

9   BUT I DON'T SEE ANYTHING THAT MENTIONS THAT.

10       THE COURT:  I SEE A MOTION FOR INVESTIGATOR.

11  MOTION FOR TRANSCRIPT.  DO YOU HAVE A COPY THAT I CAN

12  LOOK AT?

13       DEFENDANT ROLLINS:  THE ONES THAT I SENT YOU WERE

14  ACTUALLY MY COPIES.

15       THE COURT:  HOLD ON.

16       DEFENDANT ROLLINS:  YOU KNOW, WE DON'T HAVE A COPY

17  MACHINE THERE.

18       THE COURT:  YES.  HOLD ON.

19       DEFENDANT ROLLINS:  SO I SENT YOU THE ORIGINALS.

20       THE COURT:  YOU HAVE PERFECT PRINTING.  OH, MY

21  GOD.

22       DEFENDANT ROLLINS:  THANK YOU VERY MUCH.

23       THE COURT:  DID I MENTION THAT BEFORE?

24       DEFENDANT ROLLINS:  NO.  NO, MA'AM.

25       THE COURT:  PERFECT.  I DON'T KNOW IF THEY GAVE

26  GRADES IN PENMANSHIP WHEN YOU WERE IN SCHOOL, BUT THEY

27  MUST HAVE BEEN "A" PLUSES.  YOU COULD HAVE GONE INTO

28  CALLIGRAPHY AND INVITATION WRITING INSTEAD OF SOMETHING

```
 1  ELSE.
 2       DEFENDANT ROLLINS:  I'M A PROFESSIONAL TAILOR BY
 3  TRADE.
 4       THE COURT:  I BET YOU ARE, BECAUSE THERE'S A
 5  CERTAIN ARTISTIC ABILITY, I WOULD GUESS, WITH THAT TO
 6  MAKE CLOTHING.  WELL, THEY MUST LOVE YOU IN THE LOCKUP.
 7  I DON'T KNOW IF -- LIKE IF YOU HELP THEM OUT, YOU KNOW,
 8  WITH PANTS THAT ARE TOO BIG OR NOT.  GOOD PERSON TO
 9  KNOW.  HOLD ON.  LET ME LOOK HERE.
10            I BELIEVE YOU SENT IT.  I'M LOOKING THROUGH
11  THE FILE HERE TO SEE IF I CAN FIND IT.  YOU KNOW, JUDGE
12  REHM HAS A LIST THAT SAYS "PRO PER MOTION CHECK LIST."
13       THE CLERK:  I HAVE ONE OF THOSE.
14       THE COURT:  HE'S FAR MORE ORGANIZED THAN I AM
15  BECAUSE I NEVER FILLED THIS OUT.  I'M LOOKING.  THIS
16  MIGHT HELP YOU WITH YOUR DATES.
17            ARE YOU LISTENING TO ME?
18       DEFENDANT ROLLINS:  YES, MA'AM.
19       THE COURT:  WHAT DID I JUST SAY?
20       DEFENDANT ROLLINS:  YOU SAID THAT JUDGE REHM
21  WAS --
22       THE COURT:  THAT'S OKAY.  YOU PASSED THE TEST.
23            DECEMBER 6TH HE HAS A MOTION TO APPOINT
24  PRIVATE INVESTIGATOR GRANTED.  MOTION FOR ADDITIONAL
25  FUNDS GRANTED.  MOTION TO CONTINUE GRANTED.
26            SO I'M JUST TRYING TO HELP YOU ALONG WITH
27  THE DATES THAT YOU MIGHT WANT TO BE REQUESTING.  IT
28  DOESN'T SEEM LIKE ANYTHING THERE IS SOMETHING THAT YOU
```

```
 1  MIGHT NEED, BECAUSE HE GAVE YOU EVERYTHING THAT DAY.
 2              JANUARY 4TH IS A MOTION TO SUPPRESS -- CASE
 3  NUMBER PA015 -- I DON'T KNOW WHAT THAT IS.  MOTION TO
 4  SUPPRESS TESTIMONY.  995 MOTION FOR -- OKAY.  YOU MIGHT
 5  WANT TO WRITE DOWN JANUARY 4TH, '08.  THE TRANSCRIPT OF
 6  THE PROCEEDINGS FOR JANUARY 4TH, '08.
 7        DEFENDANT ROLLINS:  I HAVE THE DATES WRITTEN DOWN.
 8        THE COURT:  YOU ALREADY KNOW.  SO I DON'T NEED TO
 9  GO OVER THIS.
10        DEFENDANT ROLLINS:  YES, YOUR HONOR.
11        THE COURT:  YOU UNDERSTAND -- YOU GOT TWO MOTIONS
12  GRANTED FOR ADDITIONAL FUNDS.
13        DEFENDANT ROLLINS:  MY PRELIMINARY PROCEEDING AND
14  ONE --
15        THE COURT:  NO.  I'M SAYING JUDGE REHM GRANTED YOU
16  ADDITIONAL FUNDS TWO DIFFERENT TIMES.
17        DEFENDANT ROLLINS:  YES.  TWO TIMES.
18        THE COURT:  LET ME SEE IF I CAN KEEP GOING HERE.
19  BY THE WAY, YOU CAN'T HAVE EX-PARTE MOTIONS FOR
20  CONTINUANCE.  THEY NEED TO KNOW.  IT IS AN OLD THING
21  THAT YOU HAVE HERE.  IT IS A MOTION TO CONTINUE.  THEY
22  NEED TO KNOW.
23        DEFENDANT ROLLINS:  I REALIZE THAT.
24        THE COURT:  OKAY.  JANUARY 4TH, IS THAT WHEN YOU
25  FILED YOUR MOTION FOR ADDITIONAL FUNDS?  I DO SEE
26  SOMETHING HERE.  LET ME TAKE A LOOK.
27        DEFENDANT ROLLINS:  WHEN I WENT TO JUDGE REHM --
28  THE FIRST TIME THAT I WENT INTO JUDGE REHM, I BELIEVE IT
```

```
 1  MIGHT HAVE BEEN THE 7TH.

 2       THE COURT:  IT SAYS JANUARY 4TH.

 3       DEFENDANT ROLLINS:  AROUND JANUARY 4TH.

 4       THE COURT:  HOLD ON ONE SECOND.  LET ME JUST READ

 5  THIS.

 6       MS. WILLIAMS:  THE FIRST TIME THAT YOU WENT THERE

 7  SHOULD HAVE BEEN DECEMBER 6TH.

 8       THE COURT:  NO.  I'M LOOKING AT ABOUT THE FUNDS.

 9  ARE YOU SAYING THAT YOU FILED SOMETHING WITH THIS COURT

10  AFTER THAT?

11       DEFENDANT ROLLINS:  I SENT IN AN EX PARTE MOTION

12  FOR PRO PER FUNDS.  MAILED THAT IN.

13       THE COURT:  HOLD ON.

14       DEFENDANT ROLLINS:  I REQUESTED FUNDS ON THE

15  PREVIOUS DATE.  FEBRUARY 4TH.

16       THE COURT:  DO YOU KNOW IF WE GOT THAT, CATHY?

17       THE CLERK:  EVERYTHING THAT I GET FROM

18  MR. ROLLINS, I PUT IN THE FILE SO --

19       THE COURT:  I DON'T HAVE ANYTHING AFTER THAT DATE.

20  HOW MUCH MONEY ARE YOU ASKING FOR?

21       DEFENDANT ROLLINS:  THE STANDARD AMOUNT.  WHATEVER

22  THE STANDARD AMOUNT IS.

23       THE COURT:  THE STANDARD AMOUNT YOU'VE EXCEEDED.

24       DEFENDANT ROLLINS:  WELL, I KNOW THAT WE EITHER

25  GET 40 OR $45.  I NEED EITHER 40 OR $45 FOR MY PHONE

26  CALLS.  I NEED EXTRA -- ADDITIONAL PAPER.  AS A MATTER

27  OF FACT, I WAS GETTING READY TO TELL YOU THAT IT'S BEEN

28  LIKE TWO OR THREE WEEKS SINCE I'VE HAD A PRO PER KIT.
```

1  WE DON'T HAVE FUNDS.  THEY ARE SUPPOSED TO GIVE YOU THE

2  KITS FOR FREE.

3       THE COURT:  I TELL YOU WHAT, I'M GOING TO GIVE YOU

4  AN EXTRA $45.

5       DEFENDANT ROLLINS:  THANK YOU.

6       THE COURT:  BUT THIS SHOULD DO IT, AND IF YOU

7  THINK THAT THERE'S GOING TO BE ANY FUTURE REQUESTS --

8  YOU'VE ALREADY EXCEEDED ANY AMOUNT THAT I'VE EVER GIVEN

9  ANYBODY.  I WILL NEED TO HAVE IT ITEMIZED WHAT YOU SPENT

10 IT ON AND WHAT YOU NEED IT FOR, ET CETERA, AND I WILL

11 HAVE TO FIGURE OUT HOW TO VERIFY IT, BECAUSE IT IS WAY

12 MORE THAN ANYBODY HAS RECEIVED, AND THAT'S ON -- I KNOW

13 THIS CASE IS VERY SERIOUS TO YOU, BUT I'M SAYING ON FAR

14 MORE SERIOUS, AS FAR AS PENALTY CASES, THAN YOUR CASE OF

15 PETTY THEFT WITH A PRIOR.

16      DEFENDANT ROLLINS:  YES, I UNDERSTAND.

17      THE COURT:  JUST SO THAT I REMEMBER, WHAT WAS YOUR

18 OFFER ON THIS CASE?

19      MS. WILLIAMS:  32 MONTHS.  I DON'T THINK WE'VE

20 EVER RECEIVED A COUNTEROFFER FROM THE DEFENDANT.

21      THE COURT:  I'M GOING TO ASK HIM.  MR. ROLLINS,

22 YOU DON'T HAVE TO PLEAD TO ANYTHING.  YOU DON'T HAVE TO

23 TAKE ANYTHING.

24      DEFENDANT ROLLINS:  I UNDERSTAND THAT.

25      THE COURT:  SO DON'T BE INSULTED IF I ASK YOU, BUT

26 IF WE COULD RESOLVE THE CASE AND THE SUBJECT NEVER CAME

27 UP, I FEEL LIKE I DIDN'T DO MY JOB BY ASKING.

28           IS THERE ANY COUNTEROFFER THAT YOU WOULD

1  TAKE ON THIS CASE?  IF THERE ISN'T, THAT'S FINE, AND IF

2  THERE IS, I'LL WRITE IT DOWN.

3       DEFENDANT ROLLINS:  RIGHT NOW I'M ABOUT TO FILE A

4  MOTION -- TWO MOTIONS.

5       THE COURT:  YOU DON'T HAVE TO TELL ME.  THE ANSWER

6  WILL BE, YES, I HAVE A COUNTEROFFER, OR, NO, I DON'T.

7  YOU DON'T HAVE TO EXPLAIN ANYTHING.

8       DEFENDANT ROLLINS:  NO COUNTEROFFER.

9       THE COURT:  SO THERE'S NOTHING THAT YOU WOULD

10 TAKE, BASICALLY, AT THIS POINT.  JUST TRIAL, PERIOD.

11      DEFENDANT ROLLINS:  YES.

12      THE COURT:  OKAY.  THEN THAT'S SIMPLE.  IF YOU

13 CHANGE YOUR MIND AT ANY TIME WITH A COUNTEROFFER, LET

14 THE D.A. NO.  IF NOT, THAT'S FINE.  THEN I WILL SEE YOU

15 ON -- I WILL SEE YOU ON THE APRIL 28TH.  ALL RIGHT.

16      DEFENDANT ROLLINS:  CAN I ASK YOU:  CAN I FILE

17 SOME MOTIONS WHILE I'M HERE?

18      THE COURT:  WHAT MOTIONS ARE HERE?

19      DEFENDANT ROLLINS:  THESE ARE MOTIONS THAT WILL BE

20 HEARD THE 28TH OF APRIL.

21      THE COURT:  DO YOU HAVE A COPY FOR THE D.A.?

22      DEFENDANT ROLLINS:  YES.

23      THE COURT:  THEN WE CAN HEAR THEM ON THE 28TH.

24      DEFENDANT ROLLINS:  RIGHT.  I CAN FILE IT WHILE

25 I'M HERE.

26      THE COURT:  IT MAKES SENSE WHILE YOU'RE HERE TO DO

27 IT RIGHT NOW.  THAT WILL SAVE THE COURT SOME MONEY FROM

28 HAVING THE INVESTIGATOR GO TO PICK IT UP.  WE APPRECIATE

1  THAT.  YOU'RE TAKING CARE OF THE EXTRA $45 THAT I GAVE

2  YOU BY DOING IT RIGHT HERE -- HAVING IT RIGHT HERE.

3       DEFENDANT ROLLINS:  IS IT ALL RIGHT IF I HAVE

4  THESE SUBPOENAS STAMPED?

5       THE COURT:  WE DON'T FILE SUBPOENAS.  I DON'T KNOW

6  WHAT YOU MEAN.

7       DEFENDANT ROLLINS:  DON'T THEY PUT OFFICIAL STAMPS

8  ON THEM RIGHT HERE?

9       THE COURT:  I DON'T KNOW IF --

10      DEFENDANT ROLLINS:  THEY ARE NOT OFFICIAL

11 UNLESS -- DO YOU WANT TO SEE IT?

12      THE COURT:  I DON'T WANT TO SEE ANY OF IT.  LET'S

13 PUT IT THIS WAY:  I'M NEVER GOING TO REPRESENT MYSELF

14 BECAUSE I MAY KNOW WHAT TO CALL IT OR SAY SOMETHING IS

15 ADMISSIBLE OR NOT, BUT DOING ALL THAT PAPERWORK, THAT'S

16 HARD STUFF.  THAT'S WHAT THE LAWYERS ARE FOR.  I WOULD

17 NEVER REPRESENT MYSELF, BUT THAT'S JUST ME.

18      DEFENDANT ROLLINS:  I WAS INSTRUCTED WHEN WE DO

19 SUBPOENAS IN A PRO PER MODULE, THAT THE SUBPOENA WOULD

20 EITHER NEED TO BE TAKEN INTO COURT TO HAVE THEM STAMPED

21 WITH AN OFFICIAL SEAL OR --

22      THE COURT:  I DON'T KNOW ANYTHING ABOUT THE

23 SUBPOENAS.  DO YOU KNOW?

24

25      (DISCUSSION OFF THE RECORD, NOT REPORTED.)

26

27      THE COURT:  MR. ROLLINS, WE GOT SOME FREE LEGAL

28 ADVICE.  THEY SAID IT IS A FORM AND IT DOESN'T NEED TO

1  BE STAMPED.  IF YOU'RE GETTING YOUR ADVICE FROM THE

2  OTHER PRO PERS, THEY MAY NOT KNOW THE LAW.

3        DEFENDANT ROLLINS:  THIS IS FOR THE COURT.

4        THE COURT:  WHAT IS THE MOTION?  WHAT DOES IT SAY?

5        DEFENDANT ROLLINS:  THIS IS A DEMURRER.  MOTION TO

6  DEMUR.  MOTION TO DEMUR FOR THE COURT.  THIS IS FOR THE

7  COURT.  THAT'S ONE MOTION THERE.  THAT'S FOR THE COURT.

8  THIS IS THE COPY FOR THE DISTRICT ATTORNEY.  CAN YOU

9  STAMP IT?

10       THE COURT:  THAT IT IS FILED TODAY, SURE.  WE CAN

11 DO THAT ON THE MOTIONS THAT ARE FILED WITH THE COURT.

12       THE BAILIFF:  THIS IS GOING TO THE COURT?

13       DEFENDANT ROLLINS:  YES.  UP IN THE RIGHT-HAND

14 CORNER.  THAT'S THE COURT'S COPY.

15       THE COURT:  DO YOU HAVE THE SAME ONE FOR THE D.A.?

16       DEFENDANT ROLLINS:  HERE IS THE D.A.'S COPY.

17       THE COURT:  HAND IT TO MS. WILLIAMS.

18       MS. WILLIAMS:  JUST GIVE IT TO ME.

19       THE COURT:  DO YOU NEED IT STAMPED?

20       MS. WILLIAMS:  I DON'T NEED IT STAMPED.

21       THE COURT:  AS LONG AS IT IS FILED WITH THE COURT

22 AND SHE'S GIVEN A COPY, THAT'S FINE.

23       DEFENDANT ROLLINS:  THIS IS MY COPY.  I NEED IT

24 STAMPED.  THIS IS A MOTION TO STRIKE.

25       THE COURT:  TO STRIKE WHAT?

26       DEFENDANT ROLLINS:  TO STRIKE THE ALLEGATIONS OF

27 THE STRIKE.

28       THE COURT:  OH, A ROMERO MOTION.

```
 1          DEFENDANT ROLLINS:  THIS IS THE COURT'S COPY.
 2          THE COURT:  OKAY.  WAIT.  THAT'S THE DISTRICT
 3   ATTORNEY'S COPY.  AS LONG AS YOU GIVE THE BEST COPY TO
 4   ME.
 5          DEFENDANT ROLLINS:  I'LL GIVE YOU THE BEST ONE.
 6   THIS IS THE COURT'S RIGHT HERE.
 7          THE COURT:  AT LEAST YOUR PRINTING IS SO GOOD THAT
 8   I CAN READ IT, BUT SOMETIMES IT GETS LIGHTER AS THINGS
 9   GO ON.
10          DEFENDANT ROLLINS:  THIS IS THE COURT'S COPY.
11          THE COURT:  WAS THERE A D.A. COPY OF THE MOTION TO
12   STRIKE THE STRIKE?
13          DEFENDANT ROLLINS:  YES.  HE HAS IT IN HIS HAND.
14   HERE IS THE D.A.'S COPY, RIGHT?
15          THE CLERK:  IS THIS THE ORIGINAL?
16          MS. WILLIAMS:  I THOUGHT HE HAD THE COURT'S COPY.
17          DEFENDANT ROLLINS:  HERE IS MY COPY AND HERE IS
18   THE DISTRICT ATTORNEY'S COPY.
19                TWO MORE THINGS.
20          THE COURT:  WHAT ELSE?
21          DEFENDANT ROLLINS:  I HAVE THE NOTICE OF MOTION
22   AND THE ACTUAL MOTION.
23          THE COURT:  MOTION OF WHAT?
24          DEFENDANT ROLLINS:  NOTICE OF MOTION THAT I SENT
25   TO THE COURT.
26          THE COURT:  NOTICE OF MOTION TO MOVE TO DO WHAT?
27          DEFENDANT ROLLINS:  COMPLIANCE TO -- NOTICE OF
28   MOTION FOR THIS HEARING THAT WE HAVE.
```

1    THE COURT:  WHAT KIND OF HEARING?

2    DEFENDANT ROLLINS:  NEVER MIND.  I'LL TAKE IT.  IT

3  IS ON THE RECORD ANYWAYS.

4    THE COURT:  ANYTHING ELSE?

5    DEFENDANT ROLLINS:  THAT'S ALL, MA'AM.

6    THE COURT:  I'LL SEE YOU APRIL 28TH.

7    DEFENDANT ROLLINS:  OKAY.

8    THE COURT:  ONE SECOND.  LET ME JUST SEE.  I HAVE

9  HIM SCHEDULED FOR -- HE'S OFF CALENDAR FOR --

10    MS. WILLIAMS:  28TH AND APRIL 4TH.

11    THE COURT:  I'M SORRY.  APRIL 28TH (SIC), THAT'S

12  OFF CALENDAR.

13    MS. WILLIAMS:  AND APRIL 4TH.

14    THE COURT:  AND WE HAD IT SET FOR TRIAL ON APRIL

15  4TH, SO THAT'S ALSO OFF CALENDAR.  OKAY.  WHAT'S HIS

16  CASE NUMBER?

17    THE CLERK:  BA328441.

18    THE COURT:  OKAY.  BUT REMEMBER, MR. ROLLINS, IF

19  YOU DECIDE TO SEE ME ONE DAY, YOU'RE NOT GOING TO SEE ME

20  THAT DAY.  I CAN'T JUST BRING YOU OUT.

21    DEFENDANT ROLLINS:  I UNDERSTAND.

22

23    (PROCEEDINGS CONCLUDED.)

24

25

26

27

28

1      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT NO. 128      HON.  MARSHA N. REVEL, JUDGE

4

5   THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                          )
6                          PLAINTIFF,     )
                                          )
7            VS.                          )  NO. BA328441
                                          )  REPORTER'S
8   DENNIS ROLLINS,                       )  CERTIFICATE
                                          )
9                          DEFENDANT.     )
                                          )
10  _____

11

12          I, GRACE E. DONESTER, OFFICIAL REPORTER OF

13  THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

14  COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

15  FOREGOING PAGES COMPRISE A FULL, TRUE AND CORRECT

16  TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED

17  MATTER ON MARCH 13, 2008.

18          DATED THIS 29TH DAY OF JULY 2008.

19

20

21

22          _____

23          GRACE E. DONESTER, CSR 3329
            OFFICIAL REPORTER

24

25

26

27

28

COPY

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                   FOR THE COUNTY OF LOS ANGELES

 3  DEPARTMENT NO. 128          HON. MARCIA N. REVEL, JUDGE

 4

 5  THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                            )
 6                        PLAINTIFF,        )
                                            ) SUPERIOR COURT
 7                   VS.                    ) NO. BA328441
                                            )
 8  DENNIS ROLLINS,                         )    JUL 2 9 2008
                                            )
 9                        DEFENDANT.        )
    ----------------------------------------)
10

11

12                   TRANSCRIPT OF PROCEEDINGS

13                  MONDAY, APRIL 28, 2008

14

15

16  APPEARANCES:

17

18  FOR THE PEOPLE:      STEVE COOLEY, DISTRICT ATTORNEY
                         BY:  SAM HULEFELD, DEPUTY
19                       1800 FOLTZ CRIMINAL JUSTICE CENTER
                         210 WEST TEMPLE, 18TH FLOOR
20                       LOS ANGELES, CALIFORNIA 90012

21  FOR DEFENDANT:       PRO PER

22

23

24

25

26

27                       GRACE E. DONESTER, CSR NO. 3329
                         OFFICIAL REPORTER
28
```

```
 1  CASE NUMBER:              BA328441
 2  CASE NAME:                PEOPLE VS. DENNIS ROLLINS
 3  LOS ANGELES, CALIF.       MONDAY, APRIL 28, 2008
 4  DEPARTMENT NO. 128        HON. MARSHA N. REVEL, JUDGE
 5  REPORTER:                 GRACE E. DONESTER, CSR NO. 3329
 6  TIME:                     A.M. SESSION
 7
 8  APPEARANCES:
 9       (THE DEFENDANT BEING PRESENT AND IN PRO PER;
10       THE PEOPLE BEING REPRESENTED BY SAM HULEFELD,
11       DEPUTY DISTRICT ATTORNEY, THE FOLLOWING
12       PROCEEDINGS WERE HELD:)
13
14       THE COURT:  MR. ROLLINS IS PRESENT IN COURT.
15  COULD I HAVE THOSE MOTIONS BACK OR DID YOU -- ALL RIGHT.
16  MR. ROLLINS, YOU'RE HERE TODAY -- BEFORE WE GET TO YOUR
17  EX-PARTE MOTIONS, WHAT KIND OF MOTIONS DO YOU HAVE
18  TODAY?     _____   motion to Compel
19            AS FAR AS DISCOVERY, I BELIEVE YOU'VE BEEN
20  GIVEN EVERYTHING, SO I DON'T THINK THERE'S ANYTHING ELSE
21  TO TURN OVER.  THE PEOPLE ALREADY GAVE YOU -- YOU HAVE A
22  COPY OF THE PRELIMINARY HEARING TRANSCRIPT.  THEY GAVE
23  YOU THE POLICE REPORTS, THE ARREST REPORTS.  AS FAR AS
24  DISCOVERY, IT IS ONGOING, BUT I DON'T KNOW IF THERE'S
25  ANYTHING NEW TO TURN OVER.
26            YES, MR. ROLLINS.
27       DEFENDANT ROLLINS:  YES, MA'AM.  HOW ARE YOU
28  DOING, YOUR HONOR?
```

```
 1        THE COURT:  I'M DOING FINE.

 2        DEFENDANT ROLLINS:  OKAY.  THE -- THE ITEM THAT I

 3   WANTED FROM THE PEOPLE WAS THE ITEM THAT THE PEOPLE

 4   MENTIONED.

 5        THE COURT:  WHICH WAS WHAT?

 6        DEFENDANT ROLLINS:  ON THE 13TH.  IT IS A COPY OF

 7   THE -- OF MR. SANCHEZ'S -- A DECLARATION OR -- OF

 8   MR. SANCHEZ'S STATEMENT STATING THAT THERE'S NO

 9   VIDEOTAPE, AND I NEED TO USE THAT -- I NEED TO HAVE

10   THAT.

11        THE COURT:  HOLD ON JUST A MINUTE.  WHAT YOU'RE

12   SAYING IS THAT MR. SANCHEZ SAID THERE WAS NO VIDEOTAPE,

13   AND YOU WANT THE PEOPLE TO GET A WRITTEN DECLARATION OF

14   THAT?

15        DEFENDANT ROLLINS:  THE PEOPLE SAID THEY HAD A

16   WRITTEN DECLARATION ON THE 13TH.

17        THE COURT:  THEY DID?

18        DEFENDANT ROLLINS:  YES, THEY DID.  AND I NEED A

19   COPY OF IT.

20        THE COURT:  WOULD YOU LOOK IN THE FILE TO SEE IF

21   THERE'S ANY WRITTEN DECLARATION INDICATING THAT

22   MR. SANCHEZ DID NOT HAVE A VIDEOTAPE?  THERE'S ANOTHER

23   D.A. THAT HAS OUR CALENDAR THIS MORNING BECAUSE THE D.A.

24   THAT USUALLY WORKS HERE IS IN TRIAL IN ANOTHER COURT.

25        MR. HULEFELD:  I DON'T SEE A WRITTEN DECLARATION

26   TO THAT EFFECT, YOUR HONOR, INDICATING THAT THERE IS NOT

27   A --

28        THE COURT:  I DON'T REMEMBER WHAT WAS SAID ON THE
```

```
 1  13TH.
 2       MR. HULEFELD:  I DO KNOW THAT MR. SANCHEZ HAS
 3  REPRESENTED TO US, BASED ON THE NOTES IN THE FILE, THAT
 4  THERE IS NO VIDEO.  MOREOVER, THAT WAS ON DECEMBER 12TH
 5  AS WELL AS JANUARY 25TH OF THIS YEAR, AND I DO SEE A
 6  NOTE FROM THE 13TH INDICATING THAT, IN ADDITION TO THE
 7  REPORTS IN THIS CASE DO NOT LIST A VIDEO.  THE PROPERTY
 8  REPORT DOES NOT LIST A VIDEO.
 9       THE COURT:  THE FACT THAT YOU DON'T HAVE SOMETHING
10  IN WRITING SAYING THAT THERE ISN'T ONE ISN'T A STUMBLING
11  BLOCK, BECAUSE THE TESTIMONY WOULD BE THAT THERE ISN'T
12  ONE.  IT IS JUST THAT HE'S NOT HERE NOW, SO WE CAN'T PUT
13  IT IN WRITING APPARENTLY.
14            THE REPORT DOES NOT MENTION ONE.  HE'S BEEN
15  CONTACTED VERBALLY, AND HE INDICATED THAT THERE ISN'T
16  ANY.  IT IS NOT GOING TO CHANGE.  HE CAN'T COME TO COURT
17  AND SAY, OH, HERE IT IS; I FOUND IT.
18       DEFENDANT ROLLINS:  NO, YOUR HONOR.  I HAVE A
19  STATEMENT -- ON THE TRANSCRIPT WHERE -- WHERE HE HAS
20  COMMITTED PERJURY IN REFERENCE TO THAT.
21       THE COURT:  WHEN YOU PRESENT YOUR CASE IN TRIAL,
22  YOU CAN CROSS-EXAMINE HIM ON IT.
23            WHAT'S THE NEXT THING?
24       DEFENDANT ROLLINS:  THE NEXT THING WAS A DEMAND
25  FOR TRANSCRIPTS.  DO YOU REMEMBER?
26       THE COURT:  YOU DON'T DEMAND IT FROM ME.  ARE YOU
27  TALKING ABOUT ONLY THINGS THAT HAPPENED IN MY COURT OR
28  FROM OTHER PLACES?
```

```
 1        DEFENDANT ROLLINS:  YOU HAD EXPLAINED TO ME ON THE
 2   13TH TO RESUBMIT REQUESTS FOR TRANSCRIPTS.
 3        THE COURT:  ONLY FOR THINGS THAT OCCURRED IN MY
 4   COURT OR OTHER COURTS?
 5        DEFENDANT ROLLINS:  THESE THINGS HAVE OCCURRED
 6   IN -- IN THIS CASE.
 7        THE COURT:  WELL, IF IT IS IN THIS COURT, IT IS
 8   SUBMITTED HERE, AND IF IT IS IN -- IF IT IS IN THE --
 9   WHY DON'T YOU BE MORE SPECIFIC?  WHAT IS IT THAT YOU'RE
10   REQUESTING?  TRANSCRIPTS OF WHAT?  BE SPECIFIC.
11        DEFENDANT ROLLINS:  I NEED TRANSCRIPTS FOR THE --
12   NOT ONLY THE PRELIMINARY HEARING -- YES, THE PRELIMINARY
13   PROCESS.
14        THE COURT:  I DON'T KNOW WHAT THE PRELIMINARY
15   PROCESS MEANS.  YOU HAVE A TRANSCRIPT OF THE PRELIMINARY
16   HEARING, CORRECT?
17        DEFENDANT ROLLINS:  YES.  I HAVE ONE, BUT NOT
18   BEFORE THEN.  ON THE 17TH OF THAT HEARING, IN DEPARTMENT
19   34, I NEED THOSE TRANSCRIPTS BECAUSE THERE WAS A
20   SUBSTANTIAL VIOLATION THAT I NEED TO --
21        THE COURT:  THEN YOU NEED TO -- NEED TO TELL ME
22   THE DATE.
23        DEFENDANT ROLLINS:  YES.  I HAVE IT.
24        THE COURT:  THE REPORTER, AND THEN -- DO YOU
25   KNOW -- MY CLERK IS NOT HERE.  HOW DO WE GO ABOUT
26   REQUESTING A TRANSCRIPT?  LET ME SEE IF THERE'S ANYTHING
27   HERE.
28        THE CLERK:  WHICH DATE?
```

1      THE COURT:  BEFORE I GET TO THAT, I'M TRYING TO

2 SEE IF THERE'S ANYTHING HERE THAT SAYS ANYTHING ABOUT

3 THAT.  I'M LOOKING TO SEE WHAT HAPPENED ON THE 13TH.

4 HOLD ON.

5           IT DOESN'T SPECIFICALLY MENTION THAT.  YOU

6 NEED TO GO SLOW.  ONE AT A TIME, LET ME KNOW WHAT DATE

7 YOU'RE REQUESTING.  WHAT DATE?

8      DEFENDANT ROLLINS:  YOUR HONOR, I HAVE A MOTION

9 HERE --

10      THE COURT:  JUST TELL -- LOOK AT THE MOTION.  IT

11 WOULD SAVE A LOT OF TIME IF YOU COULD JUST ANSWER THE

12 QUESTION SO THAT I CAN GET TO THE POINT.  IT WILL SAVE A

13 LOT OF TIME.

14      DEFENDANT ROLLINS:  SEPTEMBER 17TH.

15      THE COURT:  SEPTEMBER 17TH.

16      DEFENDANT ROLLINS:  2007.

17      THE COURT:  HOLD ON.  NOW, SEE, MY FILE DOESN'T GO

18 BACK THAT -- WAIT.  SEPTEMBER 17TH, 2007.  LET ME SEE

19 WHAT IT SAYS.  IT SAYS HERE, "BAIL SET.  MATTER

20 CONTINUED TO NEXT COURT DATE.  THE COURT ORDERS

21 DEFENDANT TO APPEAR NEXT COURT DATE.  WAIVE STATUTORY

22 TIME.  SET FOR PRELIMINARY HEARING."

23           YOU THINK SOMETHING HAPPENED THAT DAY THAT'S

24 IMPORTANT TO YOUR CASE?

25      DEFENDANT ROLLINS:  YES, IT IS.  SOMETHING DID

26 HAPPEN.

27      THE COURT:  SEPTEMBER 17TH, '07.  WAIT.  STOP.

28 THE REPORTER IS AMY -- NOW, WILL YOU ORDER THIS OR HOW

```
 1   DO WE NOTIFY THEM?
 2        THE CLERK:  I CAN ORDER IT, BUT I NEED SPECIFIC
 3   DATES.
 4        THE COURT:  I'LL SAY IT TO YOU.  WHEN YOU'RE DONE,
 5   LET ME KNOW, AND WE CAN GO TO THE NEXT THING.  THIS IS A
 6   GROUP EFFORT HERE.
 7             SEPTEMBER 17TH.  DENNIS ROLLINS.  THE
 8   REPORTER IS AMY, A-M-Y, SCHLOTTERBECK,
 9   S-C-H-L-O-T-T-E-R-B-E-C-K.  HE'S REQUESTING A TRANSCRIPT
10   OF THOSE PROCEEDINGS.
11             WHAT ELSE?  WAIT.  ARE YOU DONE WITH THAT
12   ONE?
13        THE CLERK:  YES.
14        THE COURT:  NEXT ONE.
15        DEFENDANT ROLLINS:  SEPTEMBER 17TH THROUGH TO
16   OCTOBER 26TH.
17        THE COURT:  WE DON'T GO "THROUGH."  YOU ARE NOT
18   GOING TO HAVE A REPORTER GO BACK THERE AND START LOOKING
19   UP EVERY DATE THAT YOU WERE THERE.  YOU NEED TO KNOW THE
20   DATE.
21             WELL, THE NEXT TIME THAT YOU WERE THERE WAS
22   SEPTEMBER 24TH.
23        DEFENDANT ROLLINS:  RIGHT.
24        THE COURT:  AND IT SAYS WHAT HAPPENED WAS THE
25   MATTER WAS SET IN ERROR AND IS RESET TO THE CORRECT
26   ORIGINAL DATE DETAILED BELOW.  I DON'T KNOW IF YOU WERE
27   BROUGHT OUT THAT DATE.  WERE YOU?
28        DEFENDANT ROLLINS:  YES.  WHAT HAPPENED WAS A --
```

1    THE COURT:  YOU NEED A TRANSCRIPT OF THAT?

2    DEFENDANT ROLLINS:  THOSE TWO DATES.

3    THE COURT:  TO SHOW WHAT?

4    DEFENDANT ROLLINS:  SUBSTANTIAL RIGHT VIOLATIONS

5  TO THE SUPREME COURT.  I NEED TO HAVE THOSE.

6    THE COURT:  TO SHOW WHAT.

7    DEFENDANT ROLLINS:  SUBSTANTIAL RIGHT VIOLATION.

8    THE COURT:  IF YOU'RE PLANNING YOUR APPEAL -- WE

9  ARE TALKING ABOUT GETTING READY FOR THIS CASE.  THESE

10 ARE THINGS THAT YOU WANT TO DO FOR APPEALING TO THE

11 SUPREME COURT ON SOMETHING?

12    DEFENDANT ROLLINS:  WELL, I'VE HAD APPEAL --

13    THE COURT:  ONE SECOND.  THAT'S SEPTEMBER 24TH.

14 WHAT I'M SAYING, THAT'S NOT GOING TO HOLD UP OUR TRIAL.

15 I'LL ORDER THOSE TRANSCRIPTS FOR YOU, BUT THAT HAS

16 NOTHING TO DO WITH WHERE WE ARE RIGHT NOW.  SEPTEMBER

17 24TH.  AND THAT'S DENISE, D-E-N-I-S-E, ALDAY, A-L-D-A-Y.

18         OKAY.  WHAT ELSE?

19    DEFENDANT ROLLINS:  JANUARY -- LET'S SEE.

20 DECEMBER THE 7TH.

21    THE COURT:  HOLD ON.

22    DEFENDANT ROLLINS:  2008.

23    THE COURT:  HOLD ON.

24    DEFENDANT ROLLINS:  2007.

25    THE COURT:  LET ME SEE WHAT HAPPENED IN DECEMBER.

26 WHAT'S THE DATE THAT YOU SAID?  DECEMBER WHAT?

27    DEFENDANT ROLLINS:  DECEMBER 7TH.

28    THE COURT:  DECEMBER 7TH IT SAYS, "DEFENSE FILES

1  MOTION TO CONTINUE.  1050 IS HEARD.  NO OBJECTION BY THE

2  PEOPLE.  DEFENSE FILES NOTICE OF MOTION FOR PRIVATE

3  INVESTIGATOR WHICH IS HEARD AND GRANTED.  MICHAEL LOGASH

4  (PHONETIC) WAS APPOINTED.  AUTHORIZED $500.  DEFENSE

5  FILES MOTION FOR ADDITIONAL FUNDS."  $45 TO ASSIST YOU.

6  AND APPOINTS STANDBY COUNSEL BRENT MERRITT.

7          WHY DO YOU NEED A TRANSCRIPT OF THAT?  IT

8  COSTS A LOT OF MONEY TO MAKE A TRANSCRIPT, AND IF IT IS

9  ACTUALLY RELEVANT TO SOMETHING, I DON'T MIND ORDERING

10 IT, BUT YOU GOT EVERYTHING YOU WANTED THAT DAY.  WHAT IS

11 IT THAT -- DO YOU WANT TO WITHDRAW YOUR REQUEST FOR A

12 TRANSCRIPT OF THAT DAY?

13     DEFENDANT ROLLINS:  YOUR HONOR, WHAT I'M TRYING TO

14 GET IS LIKE -- I'LL REPEAT:  THAT I'M TRYING TO GET THE

15 TRANSCRIPTS TO GO WITH MY WRIT OF MANDATE.

16     THE COURT:  I'LL TELL YOU RIGHT NOW.  THERE'S

17 ABSOLUTELY NO RELEVANCE OR MATERIAL REASON I CAN THINK

18 OF TO ORDER A TRANSCRIPT OF YOU GETTING EVERYTHING THAT

19 YOU WANTED:  YOUR CONTINUANCE, YOUR APPOINTMENT OF AN

20 INVESTIGATOR AND ADDITIONAL FUNDS.

21          HOW IS THAT GOING TO HELP ANY CASE THAT YOU

22 HAVE?  IT SAYS THAT I ASKED FOR STUFF AND GOT IT.

23     DEFENDANT ROLLINS:  THAT SPECIFIC DATE, THAT

24 DECEMBER 7TH DATE --

25     THE COURT:  YES.

26     DEFENDANT ROLLINS:  -- SINCE YOU MENTIONED THAT, I

27 SHOULDN'T HAVE PUT "THROUGH."  YOU KNOW WHAT I'M SAYING?

28 I PUT "THROUGH."

1    THE COURT:  YOU DIDN'T KNOW.  NOW THAT I'VE TOLD

2  YOU WHAT HAPPENED -- EVERYTHING WENT YOUR WAY THAT DAY.

3  I DON'T THINK YOU WANT TO SAY I'M COMPLAINING BECAUSE I

4  GOT EVERYTHING I WANTED.

5    DEFENDANT ROLLINS:  I'M JUST SAYING --

6    THE COURT:  WHAT'S THE NEXT DATE?

7    DEFENDANT ROLLINS:  THE WAY I HAD LISTED IT WAS

8  THROUGH THOSE DATES BECAUSE I DIDN'T HAVE A MINUTE

9  ORDER.

10    THE COURT:  I UNDERSTAND.  NOW THAT I SAID THAT TO

11  YOU, YOU'RE NOT ASKING FOR THAT.

12    DEFENDANT ROLLINS: THERE WAS A -- THERE WAS A

13  HEARING THAT WAS HELD -- MOTION AND HEARING THAT WAS

14  HELD -- I'M NOT QUITE SURE.  I THINK IT WAS JANUARY --

15    THE COURT:  JANUARY 4TH?

16    DEFENDANT ROLLINS:  YES.  I NEED THAT.

17    THE COURT:  WAIT.  WAIT.  995 MOTION WAS DENIED.

18  1538.5 WAS HEARD AND DENIED.  LET ME JUST FIND OUT.

19    OFF THE RECORD.

20

21    (DISCUSSION HELD OFF THE RECORD, NOT REPORTED.)

22

23    THE COURT:  A TRANSCRIPT OF THE PROCEEDINGS FROM

24  JANUARY 4TH.  ROSEMARY ARTEAGA, A-R-T-E-A-G-A, IN

25  DEPARTMENT 127.  I DIDN'T TELL YOU WHICH DEPARTMENTS THE

26  OTHER ONES WERE, DID I?  YOU NEED TO KNOW THE

27  DEPARTMENTS, DON'T YOU?

28    THE CLERK:  YES.

```
 1        THE COURT:  I'M SORRY.  THE PREVIOUS ONE -- LET ME
 2   DOUBLE CHECK NOW.
 3        THE CLERK:  NO.  I DO NOT.
 4        THE COURT:  YOU WILL GO THROUGH THE REPORTER'S
 5   OFFICE.
 6             WHAT ELSE?
 7        DEFENDANT ROLLINS:  THAT SHOULD BE SUFFICIENT.
 8   YES, MA'AM.
 9        THE COURT:  OTHER THAN YOUR EX-PARTE MOTIONS
10   REGARDING, YOU KNOW, FUNDING AND STUFF LIKE THAT, ARE
11   THERE ANY OTHER MOTIONS TODAY?
12        DEFENDANT ROLLINS:  YES.  TODAY WE'RE SUPPOSED TO
13   HAVE A HEARING FOR MY DEMURRER MOTION AND MY STRIKE
14   MOTION.
15        THE COURT:  HOLD ON.  YOU DIDN'T FILE A DEMURRER,
16   SO I DON'T HAVE A DEMURER MOTION.
17        DEFENDANT ROLLINS:  I FILED IT ON THE 13TH.
18        THE COURT:  13TH OF WHAT?
19        DEFENDANT ROLLINS:  13TH OF MARCH, MA'AM.  AND I
20   FILED A STRIKE MOTION.
21        THE COURT:  HOLD ON.  HOLD ON.  LET ME SEE WHAT I
22   HAVE HERE.  I'M TRYING TO FIGURE OUT WHY I DIDN'T DO IT
23   ON THE 13TH.  THE 13TH OF MARCH?  HOLD ON.  MARCH 13TH.
24             IT SAYS, "PRETRIAL AND MOTIONS DATED 3-28
25   AND JURY TRIAL 4-4 IN DEPARTMENT 128 ADVANCED AND
26   VACATED."  I APPOINTED AN INVESTIGATOR.  YOU SAY IT WAS
27   DATED MARCH 13TH.
28             DO YOU HAVE THOSE IN YOUR FILE,
```

```
1  MR. HULEFELD?
2       MR. HULEFELD:  I DO HAVE A DEMURRER, YOUR HONOR.
3       THE COURT:  OKAY.  LET ME SEE, THEN, IF IT IS IN
4  HERE.  USUALLY MY -- USUALLY MY CLERK PUTS IT IN MY
5  HOMEWORK, BUT SHE'S NOT HERE TODAY.  LET ME SEE WHAT
6  THIS IS.  I HAVE THINGS FILED DECEMBER 26TH.  DECEMBER
7  26TH.  I HAVE NOTHING IN THE COURT FILED MARCH 13TH.  SO
8  I DON'T KNOW IF THE PEOPLE GOT MY COPY, BUT ALL I HAVE
9  ARE THINGS FILED IN DECEMBER, AND I HAVE APRIL 25TH.
10 LET ME SEE.  I'M LOOKING TO SEE IF IT IS BEHIND HERE.
11 APRIL 25TH.  I DON'T HAVE ANYTHING IN THE FILE
12 WHATSOEVER REGARDING WHAT YOU'RE TALKING ABOUT.
13          MAY I BORROW YOUR COPIES, MR. HULEFELD?
14      MR. HULEFELD:  OF COURSE.
15      THE COURT:  THERE'S NOTHING IN THE FILE, THAT'S
16 WHY I DIDN'T KNOW ABOUT IT.
17      DEFENDANT ROLLINS:  I GAVE EVERYONE A COPY, AND I
18 HAD MY STAMPED.
19      THE COURT:  WAIT.  WAIT.  MAYBE IT IS IN HERE.  I
20 TAKE THAT BACK.  HERE IT IS, MARCH 13TH.  WHEN I WAS
21 LOOKING THROUGH YOUR FILE TO SEE HOW MUCH YOU GOT SO
22 FAR, OVER $130 DOLLARS, I TOOK EVERYTHING OUT.
23          A DEMURRER.  LET ME SEE.  WHAT IS YOUR
24 DEMURRER GOING TO?  DEMURRER MEANS THAT IT DOESN'T STATE
25 A CAUSE OF ACTION ON THE INFORMATION, AND THIS IS
26 INDICATING PETTY THEFT WITH A PRIOR, SO LET ME READ WHAT
27 THE SUBSTANCE OF YOUR DEMURRER IS.
28          WHAT IS IT THAT YOU'RE INDICATING DOESN'T
```

1 | STATE A CAUSE OF ACTION?

2 |     DEFENDANT ROLLINS:  OKAY.  YOUR HONOR, THE

3 | PRIOR -- THE PRIOR THAT THEY ARE ALLEGING FOR THE

4 | SPECIFIC ENHANCEMENTS OF THE 666 IS NOT A QUALIFYING

5 | PRIOR.  IT IS A MISDEMEANOR FOR ONE.

6 |     THE COURT:  WELL, IT CAN BE A MISDEMEANOR IF YOU

7 | SPENT ONE DAY IN JAIL.  THAT'S THE ONLY REQUIREMENT,

8 | THAT YOU WENT TO JAIL.

9 |     DEFENDANT ROLLINS:  IT IS A MISDEMEANOR FOR ONE.

10 |     THE COURT:  A MISDEMEANOR IS FINE.

11 |     DEFENDANT ROLLINS:  WHICH IS UNCONSTITUTIONAL.

12 |     THE COURT:  UNDER THE LAW IT IS NOT.

13 |     DEFENDANT ROLLINS:  IT IS ALSO TOO REMOTE WHICH IS

14 | NUMBER 2.

15 |     THE COURT:  THAT'S NOT A REQUIREMENT FOR 666.

16 |     DEFENDANT ROLLINS:  AND 3 -- AND NUMBER 3, YOUR

17 | HONOR, IT IS NOT -- THE PRIOR ITSELF WAS A SUSPENDED

18 | SENTENCE AND IT IS NOT A CONVICTION OR JUDGMENT, SO IT

19 | DOESN'T QUALIFY.

20 |     THE COURT:  YOUR DEMURRER IS DENIED.  WHAT ELSE DO

21 | YOU HAVE?  LEGALLY YOU'RE A LITTLE BIT -- YOU THINK

22 | YOU'RE RIGHT, BUT IT IS NOT CORRECT UNDER THE LAW.  THE

23 | DEMURRER IS DENIED.

24 |     WHAT'S THE NEXT MOTION THAT'S STILL PENDING

25 | HERE?

26 |     DEFENDANT ROLLINS:  CAN I STATE SOMETHING FOR THE

27 | RECORD.

28 |     THE COURT:  YES, YOU CERTAINLY MAY.  I WANT YOU TO

1  MAKE A RECORD BECAUSE I KNOW THAT YOU DON'T UNDERSTAND

2  OR YOU DON'T THINK THAT I'M CORRECT, BUT I'LL LET YOU

3  MAKE A RECORD BECAUSE IF FOR ANY REASON I TOTALLY DON'T

4  KNOW THE LAW AND I'VE MESSED UP, YOU WILL HAVE YOUR

5  RECORD FOR APPEAL.  GO AHEAD.

6        DEFENDANT ROLLINS:  I'D LIKE TO MAKE, FOR THE

7  RECORD.  UNDER CALIFORNIA RULES OF COURT 4.111, I HAVE

8  NOT RECEIVED AN OPPOSITION TO THE MOTION THAT I FILED.

9        THE COURT:  OKAY.  THAT'S ON THE RECORD.

10        DEFENDANT ROLLINS:  I'D LIKE TO MAKE A RECORD OF

11  THAT.

12        THE COURT:  WHAT OTHER MOTION DO YOU HAVE?

13        DEFENDANT ROLLINS:  THE OTHER MOTION THAT I HAVE

14  IS THE STRIKE MOTION, BUT, YOUR HONOR, I HAD --

15        THE COURT:  THE ROMERO MOTION?

16        DEFENDANT ROLLINS:  YES.  THERE WERE SOME

17  TRANSCRIPTS DELIVERED TO THE COURT BY THE HALL OF

18  JUSTICE THAT I WAS SUPPOSED TO GET.

19        THE COURT:  I DON'T HAVE ANY TRANSCRIPTS DELIVERED

20  HERE BY THE HALL OF JUSTICE.  I DON'T KNOW WHAT YOU'RE

21  TALKING ABOUT.

22        DEFENDANT ROLLINS:  THEY GAVE ME A RESPONSE.  I

23  HAVE ORDERED SOME TRANSCRIPTS.

24        THE COURT:  I DON'T HAVE ANYTHING HERE.

25        DEFENDANT ROLLINS:  THE HALL OF JUSTICE SAID THAT

26  THEY SENT THE TRANSCRIPTS.

27        THE COURT:  DID THEY SAY THEY SENT IT TO ME?

28        DEFENDANT ROLLINS:  THEY SAID THEY SENT IT TO THIS

```
 1  COURT.
 2          THE COURT:  DO YOU HAVE ANYTHING THERE?
 3          THE CLERK:  NO.
 4          DEFENDANT ROLLINS:  MY INVESTIGATOR WHO WAS HERE
 5  THIS MORNING, HE MIGHT HAVE PICKED THEM UP OR HE MIGHT
 6  HAVE GOTTEN THEM.  I DON'T KNOW.
 7          THE COURT:  FIRST OF ALL, WHAT ARE THESE
 8  TRANSCRIPTS?  HOLD ON.  LET ME SEE WHAT THESE ARE
 9  TRANSCRIPTS OF.  THIS IS YOUR PRELIMINARY HEARING.
10  OKAY.  I THOUGHT -- I DIDN'T KNOW WHICH TRANSCRIPTS YOU
11  ORDERED, AND I SAW THAT THERE WERE TRANSCRIPTS IN THE
12  FILE.
13          I'M LOOKING RIGHT NOW.  THIS IS OCTOBER
14  26TH, '07.  THAT'S YOUR PRELIMINARY HEARING, I BELIEVE.
15  AND THIS SAYS "OCTOBER 24TH, PAGES 1 THROUGH 4," AND --
16  IS THAT ONE OF THE THINGS THAT YOU ASKED FOR, OCTOBER
17  24TH?  IS THAT ONE OF THE THINGS THAT I JUST ASKED FOR
18  OR NOT?
19          THE CLERK:  NO, YOUR HONOR.
20          THE COURT:  BECAUSE YOU MUST HAVE ASKED FOR THAT
21  AT A DIFFERENT TIME, BECAUSE THAT'S IN THE COURT FILE.
22  SO I DON'T KNOW -- I'M STILL LOOKING BECAUSE I DON'T
23  WANT TO SAY I DON'T HAVE ANY TRANSCRIPTS BECAUSE WHAT
24  COULD HAPPEN IS I COULD BE WITH MY JURY TRIAL AND THE
25  TRANSCRIPT ARRIVES AND THE CLERK COULD PUT IT IN THE
26  FILE.  IF MY REGULAR CLERK WERE HERE, SHE WOULD BE ABLE
27  TO TELL ME, NO, THERE WEREN'T OR, YES, THERE WERE.
28          I'M LOOKING THROUGH THE FILE NOW BECAUSE IF
```

1  I HAVE A TRANSCRIPT HERE, THEN I WOULD BE MORE THAN

2  HAPPY TO GIVE IT TO YOU.  I DO NOT HAVE A TRANSCRIPT

3  HERE.  I DON'T KNOW WHAT YOUR INVESTIGATOR MAY OR MAY

4  NOT HAVE PICKED UP, SO -- BUT, NOW, ARE YOU SAYING THAT

5  YOU FILED A ROMERO MOTION?

6        DEFENDANT ROLLINS:  THE ROMERO MOTION WAS FILED AT

7  THE SAME TIME THE DEMURRER WAS FILED.

8        THE COURT:  OKAY.  SO THAT WOULD BE WITH THE

9  THINGS FROM THE 13TH.  HOLD ON.  LET ME DOUBLE CHECK.

10 DO YOU HAVE THAT?  DO YOU HAVE THE ROMERO MOTION?

11       MR. HULEFELD:  YES, MA'AM.

12       THE COURT:  IT MUST BE IN HERE SOMEWHERE.  HOLD

13 ON.  I AM REALLY SORRY, MR. ROLLINS.  I LIKE TO BE

14 PREPARED BEFORE I TAKE THE BENCH, AND I HAD NO IDEA THAT

15 THOSE OTHER THINGS WERE IN THE FILE.

16       DEFENDANT ROLLINS:  I UNDERSTAND THAT.

17       THE COURT:  I HAVE THE THINGS FOR APRIL 25TH.  SO

18 JUST GIVE ME A MINUTE, BECAUSE I SPECIFICALLY SET ASIDE

19 TIME FOR YOU.  THIS IS YOUR DAY.

20            MOTION TO STRIKE.  IS THAT 3.1322?  ROMERO.

21 HERE IT IS.  I HAVE IT NOW.  GIVE ME A COUPLE OF MINUTES

22 TO READ IT.

23       DEFENDANT ROLLINS:  YOUR HONOR, WHAT I WANTED TO

24 STATE WAS BECAUSE I DON'T HAVE THE RECORDS -- I HAVEN'T

25 RECEIVED THE RECORDS THAT I NEED TO REVIEW, THAT I WOULD

26 HAVE TO PUT THIS OFF AND CONTINUE THIS HEARING FOR --

27       THE COURT:  AS FAR AS THE ROMERO MOTION, YOU WANT

28 TO HAVE THAT HEARD ON ANOTHER DATE?

1    DEFENDANT ROLLINS:  YES, YOUR HONOR.

2         THE COURT:  BECAUSE YOU WANT TO BE ABLE TO SUPPLY

3    MORE INFORMATION TO THE COURT THAT MIGHT ASSIST ME IN

4    DECIDING WHETHER TO STRIKE IT OR NOT?

5         DEFENDANT ROLLINS:  RIGHT.

6         THE COURT:  WHAT'S THE STRIKE FOR?

7         DEFENDANT ROLLINS:  THERE'S ALLEGATIONS THAT --

8         THE COURT:  THERE'S A COUPLE ALLEGED.

9              NOW, DID YOU REQUEST BOTH THE 2002 AND THE

10   1998 FILES OR TRANSCRIPTS?

11        DEFENDANT ROLLINS:  2002 AND 1998, YES, MA'AM.

12   FROM THE HALL OF JUSTICE.

13        THE COURT:  I DON'T KNOW WHERE THEY ARE, BUT I

14   MUST SAY THAT YOUR GETTING INTO THE ROMERO MOTION,

15   SOMETIMES THE FACTS AND CIRCUMSTANCES OF A PRIOR

16   CONVICTION DOES MAKE A DIFFERENCE TO THE COURT.  YOU CAN

17   REVIEW IT FIRST AND SEE IF IT WILL BE HELPFUL.  IF IT

18   IS, YOU CAN PRESENT THAT TO THE COURT.

19              SO THE ROMERO MOTION WILL BE PUT OVER.  WAS

20   THERE ANY OTHER MOTION?

21        DEFENDANT ROLLINS:  THAT'S IT, YOUR HONOR.

22        THE COURT:  OKAY.  NOW, LET ME JUST GO BACK TO

23   YOUR ORIGINAL CASE.  THIS IS A PETTY THEFT WITH A PRIOR,

24   AND -- WHAT WAS THE OFFER THAT THEY MADE YOU?

25        DEFENDANT ROLLINS:  SHE OFFERED -- THEY OFFERED ME

26   32 MONTHS.

27        THE COURT:  DID YOU EVER MAKE A COUNTEROFFER OR

28   YOU WEREN'T INTERESTED IN ANYTHING?

```
 1          DEFENDANT ROLLINS:  I NEVER MADE A COUNTEROFFER.

 2          THE COURT:  OKAY.  SHE'S NOT HERE NOW.  SHE WILL

 3   BE HERE AT THE NEXT SETTING.  I WANT TO KNOW IF THERE'S

 4   ANY COUNTEROFFER THAT YOU WANT TO CONVEY TO HER FOR HER

 5   TO THINK ABOUT; TAKE A LOOK AT OR NOT.

 6          DEFENDANT ROLLINS:  NO, MA'AM.

 7          THE COURT:  THIS IS DAY -- LET ME SEE.

 8          MR. HULEFELD:  0 OF 30, YOUR HONOR.

 9          THE COURT:  I THINK WE SHOULD PICK A TRIAL DATE

10   BECAUSE YOU CAN HAVE YOUR ROMERO MOTION ON THE TRIAL

11   DATE.  THAT WOULD BE LIKE 0 OF 10.  SO WE CAN RESOLVE

12   ANY OTHER MOTIONS ON THAT DATE, AND IF YOUR MOTIONS ARE

13   GRANTED, THAT'S ONE THING; OR IF THEY ARE NOT GRANTED OR

14   YOUR CASE ISN'T DISMISSED, THEN IT SHOULD GO TO TRIAL

15   WITHIN THAT TEN-DAY PERIOD.

16              SO DO YOU KNOW ABOUT HOW MUCH LONGER YOU

17   THINK YOU MIGHT NEED TO -- I DON'T KNOW IF YOUR

18   INVESTIGATOR TOLD YOU ABOUT WHETHER HE'S ABLE TO PICK UP

19   THE TRANSCRIPTS OR WHAT HAPPENED.

20          DEFENDANT ROLLINS:  YEAH.  WE -- ON THE 13TH, WE

21   SUGGESTED THAT WE WOULD BE -- WHEN WE CAME BACK FOR THIS

22   HEARING TODAY, IT WOULD BE 0 OF 30.  AS A MATTER OF

23   FACT, THE --

24          THE COURT:  YOU AND YOUR INVESTIGATOR SAID THAT?

25          DEFENDANT ROLLINS:  NO.  THE PROSECUTOR ASKED YOU

26   TO SET --

27          THE COURT:  AS A 0 OF 30.  RIGHT.  THIS IS A 0 OF

28   30 TODAY.
```

1    DEFENDANT ROLLINS:  RIGHT.

2    THE COURT:  SO WHAT I'M SUGGESTING IS THAT -- YOU

3  HAVE A COUPLE OF CHOICES.  YOU CAN HAVE IT SET FOR TRIAL

4  WITHIN THIS 30 DAYS WHICH IS YOUR RIGHT AND I'LL BE

5  HAPPY TO DO THAT.  IF YOU THINK THAT'S ENOUGH TIME,

6  THAT'S WHAT WE WILL DO.  I WILL SET IT ON DAY 20 OF 30.

7         IF YOU NEED MORE TIME, I'LL GIVE YOU THE

8  TIME, BUT I WOULD PUT IT OVER FOR THE NEXT TIME AS 0 OF

9  10, SO IT IS NOT ANOTHER 0 OF 30.  SO IF YOU WANT TO TRY

10 IT WITHIN THE 30 DAYS, I CAN TELL YOU WHAT DAY 20 OF 30

11 IS IF YOU LIKE THAT.  IF YOU NEED MORE TIME, I'LL GIVE

12 IT TO YOU, BUT IT WILL HAVE TO BE 0 OF 10 SO WE KNOW

13 AFTER THE NEXT SETTING IT WILL BE FOR TRIAL.

14    DEFENDANT ROLLINS:  SO THE NEXT TIME I COME BACK,

15 IT WILL BE AT 0 OF 10?

16    THE COURT:  YOU HAVE TWO CHOICES.  EITHER WE -- WE

17 WILL STAY WITHIN THE TIME, AND THE 20 OF 30 -- WHETHER

18 YOU CALL IT 0 OF 10, 20 OF 30 OR WHATEVER, WE CAN SET IT

19 WITHIN THE TIME IF YOU WANT TO KEEP IT WITHIN THE TIME.

20 IF YOU FEEL YOU NEED MORE TIME, I'LL LET YOU PICK THE

21 DATE, BUT THE NEXT DATE, IF IT IS BEYOND THAT 30 DAYS,

22 WILL BE 0 OF 10.

23         HOLD ON JUST A MINUTE BECAUSE THE CLERK

24 WANTS TO TALK TO ME.

25         DO YOU THINK YOU WANT TO KEEP IT WITHIN THE

26 30 OR DO YOU THINK YOU NEED MORE TIME?

27    DEFENDANT ROLLINS:  I REALLY SHOULD TALK TO -- MY

28 INVESTIGATOR IS RIGHT NOW TRYING TO GET THE TAPE -- THE

```
 1 VIDEOTAPE.
 2      THE COURT:  WELL, IF THERE ARE NO VIDEOTAPES, HE'S
 3 GOING TO HAVE A HARD TIME GETTING SOMETHING.
 4      DEFENDANT ROLLINS:  MR. SANCHEZ SAYS THAT IT WAS.
 5 IT IS ON THE TRANSCRIPT.  HE SAID THAT THERE WERE SOME.
 6      THE COURT:  HE MAY HAVE THOUGHT THERE WAS.  YOU
 7 KNOW, YOU WILL FIND OUT.  THE CLERK DID JUST INFORM ME,
 8 BECAUSE YOU REQUESTED OTHER TRANSCRIPTS, THAT THE
 9 REPORTERS PROBABLY NEED 30 DAYS TO GET THOSE TRANSCRIPTS
10 PREPARED FOR YOU, WHICH I DIDN'T THINK ABOUT.  BUT
11 BECAUSE THOSE TRANSCRIPTS WON'T HAVE ANY EFFECT ON THE
12 TRIAL, IF YOU WANT YOUR CASE TRIED WITHIN 30 DAYS,
13 THAT'S OKAY, BECAUSE YOU WILL STILL GET THOSE
14 TRANSCRIPTS BEFORE EVERYTHING IS DONE, AND IT WON'T HAVE
15 ANY EFFECT ON WHAT HAPPENS IN THE TRIAL.
16           IF YOU WANT IT WITHIN THE 30 DAYS, I'LL SET
17 IT FOR 20 OF 30.  IF YOU WANT MORE TIME THAN THAT, I'LL
18 SET A DATE BEYOND THAT DATE AS 0 OF 10.  WHICH DO YOU
19 PREFER?
20      DEFENDANT ROLLINS:  A DATE BEYOND THAT DATE, 0 OF
21 10, IS FINE.
22      THE COURT:  LOOK AT THE CALENDAR.  PICK A DATE
23 THAT'S NOT CROSSED OFF.  CAN YOU SEE THAT FROM THERE?
24      DEFENDANT ROLLINS:  A LITTLE.
25      THE COURT:  PICK A DATE.  IF IT IS A DATE CROSSED
26 OFF, I'LL LET YOU KNOW THAT IT IS A DATE CROSSED OFF.
27 DON'T PICK A DATE THAT I'M NOT GOING TO BE HERE.
28      DEFENDANT ROLLINS:  CAN I PICK THE 26TH OF MAY?
```

```
 1  IS THAT TOO --
 2       THE COURT:  THAT'S MEMORIAL DAY AND THAT'S A
 3  HOLIDAY.  IT IS PRETTY GOOD OUT OF ALL THE DATES.
 4  THAT'S OKAY.
 5       DEFENDANT ROLLINS:  LET'S DO THE 28TH.
 6       THE COURT:  LET ME SEE.  THE 28TH.  HOLD ON.
 7       DEFENDANT ROLLINS:  THAT'S ON A WEDNESDAY.
 8       THE COURT:  I HAVE A HUGE SENTENCING THAT DAY.
 9  I'D RATHER SET YOU ON A DAY WHEN I DON'T HAVE A LOT OF
10  STUFF.  YOU KNOW WHAT, HOW IS MAY 30TH?  I WAS SUPPOSED
11  TO HAVE A REAL BIG HEARING THAT DAY, SO I SET ASIDE
12  TIME, AND THAT HEARING IS GOING TO BE CONTINUED.
13            IS MAY 30TH OKAY FOR YOU?
14       DEFENDANT ROLLINS:  MAY 30TH IS PERFECT.
15       THE COURT:  AS 0 OF 10.
16       DEFENDANT ROLLINS:  YES.
17       THE COURT:  ALL RIGHT.  MR. ROLLINS, YOU HAVE THE
18  RIGHT TO BE BROUGHT TO TRIAL SOONER.  ARE YOU WILLING TO
19  GIVE UP THAT RIGHT AND AGREE YOU NEED NOT BE BROUGHT TO
20  TRIAL UNTIL WITHIN 10 DAYS AFTER MAY THE 30?TH.
21       DEFENDANT ROLLINS:  YES, I DO.
22       THE COURT:  ALL RIGHT.  THAT'S 0 OF 10.  AND THE
23  ROMERO MOTION WILL BE PUT OVER TO THAT DATE ALSO.  AND
24  KEEP IN MIND ON THE ROMERO MOTION, IF I GRANT IT, THAT'S
25  ONE THING.  IF I DON'T GRANT IT AND YOU GO TO TRIAL AND
26  YOU'RE CONVICTED, YOU CAN STILL MAKE A ROMERO MOTION
27  EVEN IF YOU ARE CONVICTED BEFORE THAT JUDGE WHO HEARS
28  THE TESTIMONY; SO YOU GET MORE THAN ONE SHOT AT IT IF
```

1  YOU WANT IT.  AND YOU MIGHT BE FOUND NOT GUILTY, AND

2  THEN IT WILL BE A MOOT SUBJECT.  ALL RIGHT.

3       DEFENDANT ROLLINS:  WHAT I WANT TO ASK YOU ABOUT

4  IS THE AUXILIARY FUNDS.

5       THE COURT:  HERE IS THE PROBLEM.  THE PRO PER

6  SCHEDULE SAYS $40.  YOU GOT AN ADDITIONAL 45, AN

7  ADDITIONAL 40, AN ADDITIONAL 45.  IT IS 130 OVER THE

8  ORIGINAL $40.  YOU'RE WAY OVER WHAT ANYBODY GETS.  THIS

9  CASE ISN'T COMPLICATED.  AND WITH EVERYTHING THAT I'VE

10 SEEN HERE, AS FAR AS YOUR EXPENSES -- I MEAN SOME OF IT

11 ARE HAIRCUTS AND HYGIENE, WHICH IS A GOOD THING.  YOU

12 KNOW, YOUR HYGIENE AND HAIR LOOKS NICE, BUT THOSE ARE

13 NOT THINGS PROPER FOR PRO PER FUNDS.  YOU WOULD HAVE TO

14 SHOW ME WHERE THE 130-PLUS DOLLARS WENT BEFORE --

15      DEFENDANT ROLLINS:  I THINK I GAVE YOU A RECEIPT

16 FOR PHONE -- FOR THE PHONE --

17      THE COURT:  NOT FOR $130 WORTH.

18      DEFENDANT ROLLINS:  NO.  I MEAN OVER A PERIOD OF

19 TIME, I HAD TO --

20      THE COURT:  YOU TOLD ME IT IS EXPENSIVE.  LET'S

21 PUT IT THIS WAY:  EVEN IF IT IS EXPENSIVE, $130 ON A

22 PETTY THEFT WITH A PRIOR CASE IS A LOT OF PHONE CALLS.

23 YOU HAVE TO SHOW ME THAT THEY ARE PERTAINING TO THIS

24 CASE.

25      DEFENDANT ROLLINS:  NOT EVERY LAST ONE OF THOSE

26 WERE.  I HAD -- I SUBMITTED RECORDS PRIOR IN 129 -- NOT

27 129 BUT 127.

28      THE COURT:  RIGHT.  BUT YOU GOT ADDITIONAL FUNDS

 1 | EACH TIME.

 2 |     DEFENDANT ROLLINS:  EXACTLY.  I'VE ALSO -- I'VE

 3 | ALSO --

 4 |     THE COURT:  NO MATTER HOW YOU ADD IT, IT DOESN'T

 5 | ADD UP TO OVER $130.  AND THOSE WERE JUST THE ADDITIONAL

 6 | FUNDS.  I'M ASSUMING THAT YOU MUST HAVE GOT $40 AT THE

 7 | PRELIM COURT WHICH BRINGS IT TO $170, AT LEAST.

 8 |          HOW MUCH DO YOU BELIEVE THAT YOU'VE GOTTEN

 9 | SO FAR?  IT SAYS "ADDITIONAL, ADDITIONAL, ADDITIONAL."

10 | IT'S OVER 130.

11 |     DEFENDANT ROLLINS:  I BELIEVE IT WAS 160 OR LESS.

12 | SOMETHING LIKE THAT.

13 |     THE COURT:  EVERYONE ELSE GETS 40.  EVEN ON A

14 | MURDER CASE.  YOU HAVE A PETTY THEFT WITH A PRIOR, AND

15 | IT DOESN'T ADD UP TO THAT.  AND PART OF YOUR EXPENSES

16 | ARE HYGIENE AND HAIRCUTS.

17 |     DEFENDANT ROLLINS:  YOU'RE SAYING $40 SHOULD BE

18 | SUFFICIENT TO FIGHT THIS WHOLE CASE?

19 |     THE COURT:  WHAT I'M SAYING, YOU'VE GOT ABOUT 160

20 | OR $170.

21 |     DEFENDANT ROLLINS:  YOU'RE SAYING THAT'S

22 | SUFFICIENT?

23 |     THE COURT:  NO.  I'M SAYING IF YOU SHOW ME THAT

24 | YOU SPENT $170 ON THINGS PERTAINING TO FIGHTING YOUR

25 | CASE, EVEN THOUGH IT IS WAY ABOVE WHAT ANYBODY ELSE

26 | GETS, I WOULD ENTERTAIN IT, BUT IT IS NOWHERE NEAR THAT

27 | FROM WHAT I'VE SEEN.

28 |     DEFENDANT ROLLINS:  I SAID THAT I'VE SUBMITTED

1    THE COURT:  RIGHT, AND IT DOESN'T ADD UP TO THIS
2  MUCH.  IT IS FAR LESS THAN THAT.  I'LL TELL YOU WHAT:
3  LET ME TAKE A LOOK AND SEE WHAT'S IN HERE.  CAN I ASK
4  YOU TO LOOK AT IT?
5    MR. MERRITT:  I CAN'T.  I HAVE TO HANDLE TWO
6  MATTERS BEFORE 10:30.  I CAN COME BACK IN AFTER I'M DONE
7  WITH THOSE.
8    THE COURT:  OKAY.  EVEN IF WE ARE IN JURY TRIAL,
9  THEN WHAT I WOULD LIKE TO HAVE YOU DO IS LOOK THROUGH --
10  LOOK THROUGH ALL OF HIS STUFF THERE.  IF YOU COULD JUST
11  ADD IT UP OR HAND IT TO ME; THE THINGS THAT WENT TO
12  LEGITIMATE WORKING ON YOUR CASE -- IF IT COMES UP TO
13  THE ALMOST $170, I DON'T HAVE A PROBLEM, BUT IF IT COMES
14  UP TO $60 AND HE HAS MORE THAN DOUBLE THAT, THEN I CAN'T
15  JUSTIFY GIVING HIM MORE MONEY.
16    MR. MERRITT:  I'LL TOTAL UP WHATEVER I CAN FIND IN
17  THE FILE.
18    THE COURT:  LET'S FIND OUT.  WE WILL FIND OUT,
19  BECAUSE IF IT WAS ALL SPENT ON LEGITIMATE STUFF FOR YOUR
20  CASE, I DON'T HAVE A PROBLEM WITH IT, EVEN THOUGH IT IS
21  WAY BEYOND WHAT ANYBODY ELSE GETS.  IF IT IS NOT, I HAVE
22  A PROBLEM WITH IT.  SECOND CALL.
23
24    (THE DEFENDANT BEING PRESENT AND IN PRO PER;
25     THE PEOPLE BEING REPRESENTED BY DAYAN MATHAI,
26     DEPUTY DISTRICT ATTORNEY, THE FOLLOWING
27     PROCEEDINGS WERE HELD:)
28  ///

1        THE COURT:  ALL RIGHT.  MR. ROLLINS, HAVE A SEAT.

2  SORRY.  STANDBY COUNSEL IS NOT HERE RIGHT NOW.  HE WROTE

3  OUT EVERYTHING FOR ME REGARDING YOUR EXPENDITURES.

4        IT SAYS INDIGENT KIT -- USUALLY THEY ARE

5  $5.22.  INDIGENT KIT LOAN -- I DON'T KNOW WHAT THAT IS.

6  THERE'S ANOTHER ONE, TWO, THREE, FOUR, FIVE, SIX, SEVEN,

7  EIGHT, NINE, TEN, ELEVEN -- LIKE TWELVE INDIGENT KITS,

8  AND THAT SEEMS LIKE A LOT OF INDIGENT KITS.  I'M NOT

9  SUGGESTING THAT YOU'RE SELLING THEM, BUT I DON'T KNOW

10 WHY YOU NEED SO MANY.  EVEN WITH THE PAPERWORK THAT YOU

11 TURNED OVER HERE, IT SEEMS LIKE A LOT OF KITS.

12        IN LOOKING AT YOUR PHONE, I SEE A LOT OF

13 CALLS TO DALLAS, TEXAS, AND I CAN'T THINK OF ANY

14 RELEVANCE TO THIS CASE IN PREPARATION FOR YOUR DEFENSE.

15 PHONE CALLS TO DALLAS, TEXAS.  THERE'S ONE, TWO, THREE,

16 FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, TEN CALLS TO

17 DALLAS, TEXAS.

18     DEFENDANT ROLLINS:  CAN I TELL YOU SOMETHING.

19 DALLAS, TEXAS IS THE MAIN OFFICE WHERE THE CONNECTION

20 FOR THE PHONE COMPANY IS AT.  AND THE PRO PER KITS,

21 THAT'S THE LIST OF THE PRO PER KITS -- THOSE ARE ALL

22 FREE KITS THAT ARE GIVEN TO INMATES WHO ARE INDIGENT AND

23 DON'T HAVE ANY FUNDS.

24     THE COURT:  WHEN YOU SAY "FREE," WHY DO YOU HAVE

25 ONE DOZEN OF THEM, AND IT HAS MONEY NEXT TO THEM.

26     DEFENDANT ROLLINS:  A DOZEN OF THEM?

27     THE COURT:  YES.

28     DEFENDANT ROLLINS:  I DON'T RECALL THAT.

1    THE COURT:  AN INDIGENT KIT LOAN FOR 6147.

2    DEFENDANT ROLLINS:  INDIGENT KITS ARE GIVEN TO --

3    THE COURT:  IT WAS GIVEN TO YOU.  YOU DON'T NEED

4 TWELVE OF THEM.

5    DEFENDANT ROLLINS:  AND THE COUNTY HOLDS YOU

6 RESPONSIBLE FOR THE -- FOR REPAYMENT OF THE MONEY, SO

7 THEY ADD EACH ONE UP EVERY TIME YOU GET IT.

8    THE COURT:  YOU HAVE ABOUT 18 OF THEM.

9    DEFENDANT ROLLINS:  EVERY TIME YOU GET ONE, THEY

10 ADD IT UP.  I HAVEN'T HAD MONEY ON THE BOOKS.

11    THE COURT:  YOU HAVEN'T USED 18 OF THEM.

12    DEFENDANT ROLLINS:  I HAVEN'T HAD -- I HAVEN'T HAD

13 MONEY ON THE BOOKS, AND I'VE HAD A FEW OF THEM.  I'M NOT

14 SURE HOW MANY I'VE HAD OVER A YEAR.

15    THE COURT:  THAT'S NUMBER 1.  NUMBER 2, THERE'S A

16 LOT OF OTHER PHONE CALLS.  THERE'S -- THE D.A. ON THE

17 CASE IS NOT HERE, SO THIS IS PRETTY MUCH EX PARTE.  THE

18 PEOPLE ON THE NEXT TRIAL, THEY DON'T KNOW, CARE, OR WILL

19 TELL ANYBODY.  SO THIS IS --

20    MR. MATHAI:  JUST ME.

21    THE COURT:  YOU'RE HERE, BUT YOU DON'T --

22    MR. MATHAI:  WELL, I AM HERE.

23    THE COURT:  THERE'S A D.A. HERE, BUT NOT CONNECTED

24 WITH THIS CASE.

25    MR. MATHAI:  RIGHT.

26    THE COURT:  HE'S HERE ON THE NEXT JURY TRIAL.  SO

27 THIS MAINLY IS CONCERNING WHETHER I'M GOING TO GIVE YOU

28 MORE MONEY OR NOT.

1          WHAT ELSE DO WE HAVE HERE?  IT SAYS THAT YOU

2  HAD A 30-MINUTE PHONE CALL, 9:40 P.M., TO CYPRESS,

3  CALIFORNIA.  MOST OF YOUR CALLS ARE TO CYPRESS,

4  CALIFORNIA.  ONE, TWO, THREE, FOUR.  WHO IS IN CYPRESS

5  CONNECTED WITH THIS CASE?

6          DEFENDANT ROLLINS:  WELL, CYPRESS, CALIFORNIA,

7  THERE'S SOME RELATIONS -- SOME RELATIONS TO ME.

8          THE COURT:  WHAT I'M SAYING TO YOU -- YOU CAN CALL

9  YOUR RELATIVES, BUT THAT HAS NOTHING TO DO WITH THE

10 PREPARATION ON THIS CASE.  THE COURT IS GIVING YOU MONEY

11 NOT TO CALL YOUR RELATIVES.

12         DEFENDANT ROLLINS:  WELL, THE THING IS FOR THE

13 PREPARATION OF MY CASE.  I HAVE -- I TRY TO GET SOMEONE

14 OF MY RELATIVES TO BE A LEGAL RUNNER FOR ME AND TO PICK

15 UP THINGS THAT I NEED, AND TO GET INFORMATION OFF THE

16 INTERNET AND THINGS OF THAT NATURE.

17         THE COURT:  WELL, THAT'S NOT WHAT THIS MONEY IS

18 FOR.  WHEN YOU SAY TO GET THINGS OFF THE INTERNET, I

19 DON'T KNOW OF ANYTHING THAT YOU GOT OFF THE INTERNET

20 YET.

21         DEFENDANT ROLLINS:  CAN I GIVE YOU AN EXAMPLE.

22         THE COURT:  NO.  A FIVE-MINUTE CALL.  NOT YET.

23 THREE MINUTE CALL.  30-MINUTE CALL.  THEN THERE'S

24 SOMEBODY IN PASADENA.  NORTH HOLLYWOOD.  TWO-MINUTE CALL

25 TO CYPRESS.  ANOTHER CALL TO HUNTINGTON BEACH.  A

26 22-MINUTE CALL TO HUNTINGTON BEACH.  NOW, WHAT'S

27 CONNECTED WITH THIS CASE IN HUNTINGTON BEACH?  I'M

28 SAYING YOUR PERSONAL PHONE CALLS, THE COUNTY WILL NOT

1  PAY FOR THAT.

2      DEFENDANT ROLLINS:  I UNDERSTAND THAT.  I DON'T

3  MAKE PERSONAL PHONE CALLS.  I'M A 51-YEAR-OLD MAN.  I DO

4  NOT MAKE PERSONAL PHONE CALLS.

5      THE COURT:  I'M OLDER THAN YOU AND I MAKE PERSONAL

6  PHONE CALLS.

7      DEFENDANT ROLLINS:  EVERY CALL THAT I MADE IN

8  THERE HAS TO DO WITH ME GETTING LEGAL INFORMATION.

9      THE COURT:  NOW, THIS MATTER IS NOT GOING TO BE

10 TURNED OVER TO THE D.A.

11          A 22-MINUTE CALL TO HUNTINGTON BEACH.  WHAT

12 WOULD THAT BE FOR CONNECTED WITH THIS CASE?

13     DEFENDANT ROLLINS:  I CAN'T REMEMBER.  I DON'T

14 REMEMBER THAT.

15     THE COURT:  AND THE 30-MINUTE CALL TO WEST LOS

16 ANGELES.  ANOTHER FIVE-MINUTE CALL.  THESE AREN'T TO

17 YOUR INVESTIGATOR.  THESE ARE -- YOU'RE GOING TO HAVE --

18     DEFENDANT ROLLINS:  YOU KNOW, I'VE HAD MR. --

19 WHAT'S HIS NAME?  MR. WALBASH WHO I WAS TRYING TO RUN

20 DOWN FOR A WHILE.

21     THE COURT:  I KNOW, BUT YOU'VE HAD ALMOST $170,

22 AND I DO NOT SEE EVEN $50 OF LEGAL MATERIALS ON HERE

23 CONNECTED WITH YOUR CASE.

24          NOW, HOW MUCH MONEY DO YOU HAVE ON YOUR

25 BOOKS RIGHT NOW?

26     DEFENDANT ROLLINS:  I HAVE NONE.  ZERO.

27     THE COURT:  OKAY.  DOES YOUR INVESTIGATOR TAKE

28 COLLECT CALLS.

1      DEFENDANT ROLLINS:  I HAVE NO IDEA.

2      THE COURT:  DO THEY ALLOW THEM TO MAKE COLLECT

3 CALLS FROM THE JAIL.

4      THE BAILIFF:  YES.

5      THE COURT:  THEY DO?  ALL RIGHT.  HOW MUCH IS ONE

6 PHONE CALL?

7      DEFENDANT ROLLINS:  THE CALLS ARE A DOLLAR A

8 MINUTE, AND EVEN --

9      THE COURT:  I'LL AUTHORIZE $5.  YOU CAN CALL YOUR

10 INVESTIGATOR, AND YOU CAN TELL YOUR INVESTIGATOR THAT I

11 WILL AUTHORIZE ADDITIONAL FUNDS FOR HIM FOR ANY COLLECT

12 PHONE CALLS THAT HE ACCEPTS FROM YOU.  THAT WILL GIVE

13 YOU AT LEAST FIVE CALLS TO HIM.  AND IF THERE'S

14 SOMETHING ELSE CONNECTED WITH THIS CASE, THEN HE CAN

15 CALL ME AND LET ME KNOW WHAT IT IS.

16      DEFENDANT ROLLINS:  OKAY, MA'AM.  I WOULD LIKE TO

17 ASK YOU A QUESTION, MA'AM.

18      THE COURT:  SURE.

19      DEFENDANT ROLLINS:  CAN I HAVE --

20      THE COURT:  THAT'S ALREADY MORE THAN I'VE EVER

21 GIVEN ANYBODY IN THE HISTORY OF PROPERS.

22      DEFENDANT ROLLINS:  THAT'S ALL RIGHT.  CAN I HAVE

23 THE MINUTE ORDER FOR THE 13TH AND THE MINUTE ORDER FOR

24 TODAY'S PROCEEDINGS?

25      THE COURT:  I WILL SEE TO IT THAT YOU HAVE A COPY

26 OF THE MINUTE ORDER FROM THE 13TH.  AS FAR AS THE MINUTE

27 ORDER TODAY, IT IS NOT TYPED IN YET.

28      DEFENDANT ROLLINS:  WHENEVER YOU GET IT TYPED IN,

1  CAN YOU SEND IT TO ME?

2       THE COURT:  ONE SECOND.  I DON'T KNOW HOW WE DO

3  THAT.  DO WE KEEP THEM HERE UNTIL LATE SO HE CAN HAVE A

4  COPY OF TODAY'S MINUTE ORDER, OR IS IT SOMETHING THAT

5  YOU MAIL TO HIM.  I HAVE NO IDEA.

6       THE CLERK:  USUALLY HE WOULD HAVE TO PICK IT UP ON

7  THE NEXT DATE.

8       THE COURT:  HE WANTS IT BEFORE THE NEXT DATE.  I'M

9  GUESSING YOU CAN'T WAIT UNTIL THE NEXT DATE OR NOT.

10      DEFENDANT ROLLINS:  NO, BECAUSE I HAVE -- I HAVE

11 TO FIGHT A CASE, AND I HAVE TO BE ABLE TO GET THESE

12 THINGS IN ORDER --

13      THE COURT:  HOLD ON.

14      DEFENDANT ROLLINS:  -- BEFORE THAT DATE.  I ALSO

15 WOULD LIKE TO FILE THIS MOTION.

16      THE COURT:  STOP JUST A MINUTE.  ONE AT A TIME.

17 SO THE QUESTION IS -- I DON'T KNOW IF THAT'S GOING TO BE

18 READY BEFORE 4:00 TODAY OR IF THERE'S SOME WAY TO MAIL

19 IT TO HIM.  THOSE ARE KIND OF THE TWO OPTIONS THAT WE

20 HAVE.

21      THE CLERK:  I CAN MAIL IT TO HIM; HOWEVER, I WOULD

22 NEED ALL OF HIS INFORMATION.

23      THE COURT:  WRITE DOWN ALL THE INFORMATION FOR THE

24 CLERK, AND HE WILL MAIL IT TO YOU.  OKAY.  BECAUSE HE

25 HAS TO DO ALL THESE THINGS IN THE TRIAL AND THE

26 EXHIBITS, AND HE HASN'T HAD A CHANCE TO EVEN TYPE ANY

27 INFORMATION ON THE MINUTE ORDER YET.  IT IS NOT LIKE WE

28 HAVE IT HERE AND WILL NOT MAKE YOU A COPY.  IT IS NOT

1  DONE YET.

2          WHAT WAS THE LAST THING YOU WERE GOING TO

3  SAY?

4      DEFENDANT ROLLINS:  THE LAST THING IS THAT I WOULD

5  LIKE TO SUBMIT THESE MOTIONS BASED ON THE FACT THAT IT

6  IS GOING TO BE HARD FOR ME TO BE ABLE TO MAIL THESE OUT

7  TO YOU.  I WOULD LIKE TO SUBMIT THEM TO YOU NOW.

8          I HAVE OF A MOTION IN LIMINE.

9      THE COURT:  HOLD ON.  YOU'RE TALKING ABOUT -- AS

10 FAR AS MAILING THEM OUT, YOU HAVE AN INVESTIGATOR.

11     DEFENDANT ROLLINS:  YES.

12     THE COURT:  YOUR INVESTIGATOR CAN BRING THE

13 MOTIONS HERE.

14     DEFENDANT ROLLINS:  WELL, I'VE BEEN HAVING A

15 LITTLE -- I'VE BEEN TRYING.  I'M TRYING.

16     THE COURT:  I'M GIVING YOU $20.  THAT WILL GIVE

17 YOU PLENTY OF -- YOU WILL ABLE TO MAIL.

18     DEFENDANT ROLLINS:  WHATEVER IS OKAY WITH YOU,

19 YOUR HONOR.  I'M NOT BEGGING FOR MONEY.

20     THE COURT:  HERE IS THE THING.  I WANT YOU TO BE

21 ABLE TO DO WHAT YOU NEED TO DO.

22     DEFENDANT ROLLINS:  THAT'S WHAT I WANT.

23     THE COURT:  I DON'T WANT TO PAY FOR -- EVEN THOUGH

24 I APPRECIATE YOUR HYGIENE -- YOUR HAIRCUTS.

25     DEFENDANT ROLLINS:  NO.

26     THE COURT:  AND CALLING FRIENDS AND RELATIVES.

27     DEFENDANT ROLLINS:  THEY DON'T ALLOW US TO PAY FOR

28 HYGIENE PRODUCTS OUT OF PRO PER FUNDS.  NEITHER DO THEY

1  ALLOW US CALLING RELATIVES AND STUFF.

2        THE COURT:  AND IF YOU'RE GOING TO ASK FOR ONE

3  MORE PENNY IN THE FUTURE -- THIS IS TOO VAGUE.  YOU WILL

4  HAVE TO TELL ME MORE ABOUT THAT.

5        DEFENDANT ROLLINS:  CAN I SAY SOMETHING.  I DON'T

6  HAVE ANY RELATIVES IN THE STATE OF CALIFORNIA BESIDES MY

7  WIFE.

8        THE COURT:  FRIENDS.

9        DEFENDANT ROLLINS:  I DON'T HAVE ANY FRIENDS

10  BESIDES MY WIFE AND KIDS.  THAT'S IT.

11        THE COURT:  I'M SAYING CALLING OTHER -- ANYWAY, IF

12  YOU'RE GOING TO MAKE A 30-MINUTE CALL TO CYPRESS, IF IT

13  IS CONNECTED WITH THIS CASE, THEN --

14        DEFENDANT ROLLINS:  IT IS.

15        THE COURT:  IF IT IS -- YOU'RE TELLING ME IT IS

16  DOESN'T NECESSARILY MEAN THAT I DETERMINE THAT IT IS.

17  THAT MIGHT BE SOMETHING THAT YOU CAN WRITE OUT SECRETLY

18  EX-PARTE FOR NO ONE ELSE TO SEE EXCEPT ME, AND THEN I'LL

19  HAVE SOME IDEA.  I'M NOT GOING TO USE IT AGAINST YOU.

20  I'M ONLY GOING TO SAY THAT -- IN MY OWN MIND THAT HE WAS

21  USING IT FOR THAT THAT WAS CONNECTED WITH THIS CASE AND

22  THAT'S OKAY.  I'M NOT PAYING FOR YOU TO CONTACT SOMEBODY

23  TO DO LEGAL RESEARCH FOR YOU ON THE INTERNET, BECAUSE

24  YOU'RE ACTING AS YOUR OWN LAWYER.  THAT DOESN'T MEAN

25  THAT I'M PAYING FOR SOMEBODY ELSE TO ACT AS YOUR LAWYER

26  AND GIVE YOU BUM INFORMATION.  I DON'T TRUST WHAT

27  SOMEBODY PUTS UP ON THE INTERNET ANYWAY.

28        DEFENDANT ROLLINS:  MAY I GIVE YOU AN EXAMPLE?

1    THE COURT:  IT DOESN'T MATTER.  ALL RIGHT.  GIVE

2  ME THE ONE EXAMPLE.

3    DEFENDANT ROLLINS:  I WAS RESEARCHING THE CASE OF

4  PEOPLE VERSUS MOZZARELLA (PHONETIC).  WHEN I WAS IN THE

5  LAW LIBRARY, THEY HAD CODED THE CASE CITE WRONG.  I HAD

6  TO SEND OUT TO DIFFERENT COLLEGES AND UNIVERSITIES TO

7  SEE IF THEY COULD PULL THAT CASE UP FOR ME.  FINALLY,

8  ABOUT A MONTH LATER, THEY SENT ME THE CASE, AND I

9  REALIZED THAT THE INFORMATION THAT WE WERE GETTING ON

10  THE TERMINAL IN COUNTY JAIL IS INCORRECT INFORMATION.

11    THE COURT:  I CAN'T IMAGINE THAT THEY ARE GIVING

12  YOU WRONG CASE CITATIONS; THAT SOMEBODY IS PUTTING IN

13  THE WRONG NUMBERS.  IT IS HARD ENOUGH TO GET THE RIGHT

14  NUMBERS THERE, SO I DON'T KNOW.  SO YOU NEED TO

15  CORRELATE WHAT THESE CHARGES ARE IN CONNECTION WITH YOUR

16  CASE, BUT I'M GIVING YOU $20.  THAT WAY YOU SHOULD BE

17  ABLE TO DO -- IF YOU HAVE MOTIONS THAT YOU'RE GOING TO

18  BE SUBMITTING FOR THE NEXT DATE, IF YOU HAVE THEM WITH

19  YOU NOW, BY ALL MEANS IF YOU WANT TO FILE THEM TODAY

20  WHILE YOU'RE HERE, THAT'S A GREAT IDEA.

21    DEFENDANT ROLLINS:  THANK YOU.

22    MR. ROLLINS:  I HAVE A MOTION IN LIMINE THAT I

23  WOULD LIKE TO FILE.

24    THE COURT:  IS THAT FOR THE TRIAL?

25    DEFENDANT ROLLINS:  YES.

26    THE COURT:  THAT'S REGARDING WHAT?

27    DEFENDANT ROLLINS:  REGARDING EVIDENCE.

28    THE COURT:  OKAY.

1       DEFENDANT ROLLINS:   IF I  HAD --

2       THE COURT:  THAT'S SOMETHING THAT THE D.A. SHOULD

3  GET A COPY OF.  DO YOU HAVE A COPY FOR THE D.A.?

4       DEFENDANT ROLLINS:  YES.

5       THE COURT:  WOULD YOU TAKE THAT ON BEHALF OF THE

6  D.A. TO GO INTO THE COURT FILE -- I MEAN YOUR FILE.

7       DEFENDANT ROLLINS:  THIS IS FOR THE JUDGE AND FOR

8  THE DISTRICT ATTORNEY.

9       THE COURT:  I THINK HE THOUGHT HE WAS DONE HERE.

10  IT NEEDS TO GO INTO THE ROLLINS FILE.

11      MR. MATHAI:  IF I LEAVE IT ON THE TABLE, WILL HE

12  GET IT?

13      THE COURT:  NO.  IT IS A DIFFERENT D.A. EVERY DAY.

14  IT IS A D.A. DEJURE .  LEAVE IT THERE.  WE WILL TELL THE

15  CALENDAR DEPUTY TOMORROW.

16            I DON'T NEED TO LOOK AT IT NOW.  I'LL LOOK

17  AT IT FOR THE NEXT SETTING.  SURE.  SAVE A LITTLE

18  POSTAGE.

19            HAVE A NICE DAY, MR. ROLLINS.  WHAT'S THE

20  NEXT COURT DATE?  MAY 30TH WE SAID?

21      THE CLERK:  YES.

22      THE COURT:  I WILL SEE YOU MAY 30TH.

23

24      (PROCEEDINGS CONCLUDED.)

25

26

27

28

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3 DEPARTMENT NO. 128       HON.  MARSHA N. REVEL, JUDGE

4

5 THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                )

6                PLAINTIFF,    )
                                )

7      VS.                 ) NO. BA328441
                                ) REPORTER'S

8 DENNIS ROLLINS,             ) CERTIFICATE
                                )

9               DEFENDANT.    )
                                )

10 _____

11

12         I, GRACE E. DONESTER, OFFICIAL REPORTER OF

13 THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

14 COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

15 FOREGOING PAGES COMPRISE A FULL, TRUE AND CORRECT

16 TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED

17 MATTER ON APRIL 28, 2008.

18         DATED THIS 29TH DAY OF JULY 2008.

19

20

21

22                     _____

23                     GRACE E. DONESTER, CSR 3329
                    OFFICIAL REPORTER

24

25

26

27

28

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2         FOR THE COUNTY OF LOS ANGELES

3  DEPARTMENT NO. 128        HON. MARCIA N. REVEL, JUDGE

4

5  THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                            )
6                    PLAINTIFF,             )
                                            ) SUPERIOR COURT
7            VS.                            ) NO. BA328441
                                            )
8  DENNIS ROLLINS,                          )  JUL 2 9 2008
                                            )
9                    DEFENDANT.             )
   ----------------------------------------)

10

11

12              TRANSCRIPT OF PROCEEDINGS

13              FRIDAY, MAY 30, 2008

14

15

16  APPEARANCES:

17
    FOR THE PEOPLE:      STEVE COOLEY, DISTRICT ATTORNEY
18                       BY:  DARA WILLIAMS, DEPUTY
                         1800 FOLTZ CRIMINAL JUSTICE CENTER
19                       210 WEST TEMPLE, 18TH FLOOR
                         LOS ANGELES, CALIFORNIA 90012
20

21  FOR DEFENDANT:       PRO PER

22

23

24

25

26

27                       GRACE E. DONESTER, CSR NO. 3329
                         OFFICIAL REPORTER
28

```
 1   CASE NUMBER:              BA328441
 2   CASE NAME:                PEOPLE VS. DENNIS ROLLINS
 3   LOS ANGELES, CALIF.       FRIDAY, MAY 30, 2008
 4   DEPARTMENT NO. 128        HON. MARSHA N. REVEL, JUDGE
 5   REPORTER:                 GRACE E. DONESTER, CSR NO. 3329
 6   TIME:                     A.M. SESSION
 7
 8   APPEARANCES:
 9        (THE DEFENDANT BEING PRESENT AND IN PRO PER;
10        THE PEOPLE BEING REPRESENTED BY DARA WILLIAMS,
11        DEPUTY DISTRICT ATTORNEY, THE FOLLOWING
12        PROCEEDINGS WERE HELD:)
13
14        THE COURT:  ALL RIGHT.  MR. ROLLINS IS ONCE AGAIN
15   BACK IN COURT.
16             MR. ROLLINS, I'M GOING TO TRY TO ORDER THOSE
17   THREE FILES HERE BECAUSE IF THERE IS A TRANSCRIPT OF THE
18   PLEA AND THE SENTENCING, THEY SHOULD BE IN THE FILES AND
19   WE WILL HAVE THE FILES HERE.  SO THERE'S NO POINT IN
20   SENDING YOUR INVESTIGATOR BECAUSE HE'S NOT GOING TO --
21   NOT ONLY WILL HE BE SEEING ANYTHING MORE THAN ME, THEY
22   MAY SHOW HIM LESS THAN I CAN LOOK AT IN THE FILE.
23        THE CLERK:  YOUR HONOR, THAT GENTLEMAN FROM THE
24   DEPARTMENT OF JUSTICE CALLED BACK.  I WAS READY TO TAKE
25   THE VERDICT.  I ASKED HIM TO CALL BACK IN 10 MINUTES.
26        DEFENDANT ROLLINS:  YOUR HONOR, YOU SAID YOU WILL
27   ORDER THE FILES?
28        THE COURT:  I WILL ORDER THE FILES.
```

1    THE DEFENDANT:  IS IT POSSIBLE WHEN YOU GET THE

2  FILES -- THEY WILL BE SEALED WHEN YOU GET THEM?

3    THE COURT:  WHEN I GET THE FILES, I WILL LOOK

4  THROUGH THE FILES.  IF THERE'S ANYTHING IN THE FILE

5  REGARDING ANY TRANSCRIPT OF ANYTHING, I WILL PULL THEM

6  OUT AND LET YOU SEE IT.

7    MS. WILLIAMS:  I WON'T LOOK AT THEM BEFORE

8  MR. ROLLINS LOOKS AT THEM.

9    DEFENDANT ROLLINS:  THANK YOU.

10    THE COURT:  I'LL NEED THEM BACK.  IF THERE'S

11  SOMETHING THAT HELPS YOU, WE WILL MAKE A COPY.  IF IT IS

12  NOT SOMETHING THAT HELPS YOU, WE WILL PUT IT BACK IN THE

13  FILE.

14    DEFENDANT ROLLINS:  I KNOW EXACTLY WHAT I'M

15  LOOKING FOR.  YES.

16    THE COURT:  THAT'S FINE.  I'M SAYING THAT'S GOING

17  TO SAVE THE COUNTY A LOT OF MONEY, AND I WILL GET MORE

18  INFORMATION OUT OF IT THAN YOUR INVESTIGATOR COULD GET

19  ANYWAY.

20    WHAT ELSE?

21    DEFENDANT ROLLINS:  I ALSO WANTED TO SAY, YOUR

22  HONOR, THAT -- ONE SECOND.

23    THE COURT:  SURE:

24    DEFENDANT ROLLINS:  IN A CRIMINAL PROSECUTION, A

25  DEFENDANT --

26    THE COURT:  YOU'RE READING SOMETHING?

27    DEFENDANT ROLLINS:  YES.

28    THE COURT:  JUST GET TO THE POINT OF WHAT YOU'RE

```
 1   TALKING ABOUT.
 2        DEFENDANT ROLLINS:  I HAVEN'T GOTTEN MY AUXILIARY
 3   FUNDS.  I HAVEN'T GOT MY --
 4        THE COURT:  WAIT.  STOP.  SHE'S TALKING, TOO.  WE
 5   ORDERED THEM.  I DON'T KNOW WHAT YOU MEAN YOU DIDN'T GET
 6   THEM.  HOLD ON.  LET ME SEE WHEN THE LAST TIME THAT I
 7   ORDERED THEM WAS.
 8             THE DEFENDANT IS INDICATING THAT HE DIDN'T
 9   GET THE AUXILIARY FUNDS.  THE LAST TIME WE WERE HERE,
10   APRIL 28TH, THERE WERE ADDITIONAL --
11        THE CLERK:  YOUR HONOR, IF YOU LOOK IN THE FILE,
12   THERE'S A FAX THAT SHOWS THAT IT WAS RECEIVED BY THE
13   SHERIFFS; THAT I FAXED IT OUT THAT DAY.
14        THE COURT:  ALL I CAN SAY IS THAT WE SENT IT
15   THERE, AND -- WE WILL INDICATE THAT THE SHERIFF'S
16   DEPARTMENT SHOULD HAVE RECEIVED A FAX REGARDING THE $20
17   ADDITIONAL FUNDS, AND THEY ARE TO PUT IT ON YOUR ACCOUNT
18   FORTHWITH.
19        DEFENDANT ROLLINS:  ALL RIGHT.  I HAD MADE A
20   REQUEST TO THEM IN REFERENCE TO THAT, AND THEY GAVE ME
21   SOMETHING IN RESPONSE THAT THEY DON'T KNOW WHAT I'M
22   TALKING ABOUT OR WHATEVER, BUT --
23        THE COURT:  WE SENT THE FAX.
24        DEFENDANT ROLLINS:  I'VE ALSO BEEN HAVING SOME
25   PROBLEMS.
26        THE COURT:  WELL, PROBLEMS YOU'RE HAVING WITH THE
27   JAIL -- WHAT KIND OF PROBLEMS?
28        DEFENDANT ROLLINS:  I NEED A COURT ORDER.
```

1   THE COURT:  WELL, YOU'RE SUPPOSED TO PREPARE A

2   COURT ORDER.  IT DEPENDS ON WHAT IT IS FOR.  COURT ORDER

3   FOR WHAT.  LAWYERS PREPARE COURT ORDERS AND THEY SHOW

4   THEM TO THE COURT.  COURT ORDER FOR WHAT?

5   DEFENDANT ROLLINS:  I JUST NEED THIS GENERAL

6   RESTRAINING ORDER.  I NEED HIM TO STAY AWAY FROM ME.

7   THE COURT:  I CANNOT GIVE YOU A RESTRAINING ORDER.

8   I DON'T KNOW WHAT YOU'RE TALKING ABOUT.  DO YOU WANT ME

9   TO APPOINT COUNSEL TO REPRESENT YOU.

10   DEFENDANT ROLLINS:  NO, I DON'T.

11   THE COURT:  OKAY.  A REQUEST FOR ME TO ORDER A

12   RESTRAINING ORDER FROM SOMEONE AT THE JAIL, I CAN'T DO

13   THAT.

14   DEFENDANT ROLLINS:  HE THREATENED ME.

15   MS. WILLIAMS:  DAN, IS THERE SOME WAY FOR HIM TO

16   GO TO THE JAIL TO SAY THAT SOMEBODY HAS THREATENED HIM?

17   THE BAILIFF:  PUT IN AN INMATE COMPLAINT FORM.

18   THE COURT:  YOU HAVE TO LISTEN.  YOU CAN'T TALK AT

19   THE SAME TIME.

20   MS. WILLIAMS:  HE PUTS IN AN INMATE COMPLAINT FORM

21   AND THEY WILL LOOK AT IT AND MAKE A DETERMINATION IF HE

22   SHOULD BE KEPT AWAY FROM SOMEBODY ELSE.

23   THE BAILIFF:  AND IT WOULD HELP TO PUT THE

24   PERSON'S NAME AND/OR THEIR BOOKING NUMBER AND WHERE THEY

25   ARE HOUSED WITHIN YOUR AREA WHERE YOU'RE AT?

26   MS. WILLIAMS:  MR. ROLLINS, HE'S TRYING TO TELL

27   YOU WHAT YOU HAVE TO DO.  IF THE SHERIFF DOESN'T THINK

28   THERE'S A THREAT, THEY ARE NOT GOING TO DO ANYTHING

1  ABOUT IT.   THE JUDGE CAN'T ORDER THE SHERIFF'S

2  DEPARTMENT TO DO THINGS THAT HAVE TO DO WITH THE HOUSING

3  OF PEOPLE UNLESS THERE'S A SPECIFIC THING RELATING TO

4  YOUR CASE, OKAY.   SO IF YOU'RE HAVING PROBLEMS IN THE

5  JAIL, THEN YOU JUST HAVE TO GO THROUGH THE PROPER

6  CHANNELS.

7        DEFENDANT ROLLINS:   WITH ME IT IS UNJUSTIFIABLE

8  INTERFERENCE WITH MY CASE.

9        THE COURT:   I DON'T KNOW WHAT YOU'RE TALKING

10  ABOUT.

11        DEFENDANT ROLLINS:   THERE'S A MAN IN THERE THAT --

12        THE COURT:   DID THEY TAKE AWAY YOUR PRO PER ITEMS?

13        DEFENDANT ROLLINS:   THEY ARE HARASSING ME.   THE

14  MONEY THAT IS SUPPOSED TO BE IN MY ACCOUNT THAT YOU SAID

15  YOU WIRED ME IS NOT THERE.   I'M HAVING PROBLEMS WITH

16  THIS GENTLEMAN THREATENING ME.

17        THE COURT:   DO YOU WANT ME TO APPOINT A LAWYER TO

18  REPRESENT YOU?   IT IS NOT MY JOB TO TAKE CARE OF YOU.

19        DEFENDANT ROLLINS:   I DIDN'T ASK YOU TO.

20        THE COURT:   YOU FILED A COMPLAINT.   I CAN'T ISSUE

21  A RESTRAINING ORDER BASED UPON WHAT YOU'RE TELLING ME

22  RIGHT NOW.

23        DEFENDANT ROLLINS:   WHY IS THAT?

24        THE COURT:   OKAY.

25        DEFENDANT ROLLINS:   JUST EXPLAIN THAT.

26        THE COURT:   DO YOU WANT ME TO APPOINT COUNSEL TO

27  REPRESENT YOU?

28        DEFENDANT ROLLINS:   I HAVEN'T ASKED FOR COUNSEL.

1    THE COURT:  I JUST ASKED YOU.  WHAT'S THE NEXT

2  ITEM REGARDING YOUR CASE?

3    DEFENDANT ROLLINS:  THE NEXT ITEM REGARDING MY

4  CASE IS A -- I NEED TO -- I NEED TO ASK FOR AN EXTENSION

5  AT THIS POINT.

6    THE COURT:  YOU DID FILE A 1050.

7    DEFENDANT ROLLINS:  YES, I DID.

8    THE COURT:  HOW MUCH TIME DO YOU NEED?

9    DEFENDANT ROLLINS:  ABOUT TWO WEEKS.

10    THE COURT:  OKAY.  IS THAT ENOUGH TIME?  JUST LET

11  ME KNOW.

12    DEFENDANT ROLLINS:  IS IT POSSIBLE --

13    MS. WILLIAMS:  THE COURT'S CALENDAR IS REALLY

14  CLOGGED, SO IF YOU NEED MORE TIME, TELL HER NOW.

15    THE COURT:  IF YOU'RE TRYING TO MAKE IT CLOSE TO

16  DO ME A FAVOR, IT IS MORE OF A FAVOR --

17    DEFENDANT ROLLINS:  I'M NOT DOING NO ONE A FAVOR.

18    THE COURT:  I'M SAYING AS FAR AS PICKING A DATE.

19  IF YOU'RE DOING IT BECAUSE YOU WANT IT SOONER RATHER

20  THAN LATER, THAT'S FINE WITH ME.  WE WILL DO IT SOONER

21  RATHER THAN LATER.  I DIDN'T KNOW IF YOU'RE

22  ACCOMMODATING ME TO MAKE IT SOONER OR YOU WANT IT LATER.

23    DEFENDANT ROLLINS:  AS SOON AS I GET THIS

24  INFORMATION, I'LL BE READY FOR TRIAL.  I MADE THIS

25  CLEAR.

26    THE COURT:  BEFORE YOU SAY ANYTHING FURTHER, I

27  WANT TO FIND OUT IF MY CLERK HAS ANY IDEA HOW LONG IT

28  MIGHT TAKE TO GET THOSE FILES, BECAUSE THEY COULD EVEN

1  BE IN ARCHIVES.  ONE IS FROM 1994.  BECAUSE IF YOU COME

2  BACK HERE -- IF YOU COME BACK HERE BEFORE WE HAVE THOSE

3  FILES, YOU MIGHT NEED MORE TIME.  SO LET'S -- I DON'T

4  KNOW HOW LONG IT TAKES.  LET ME ASK MY CLERK.

5      THE CLERK:  YOUR HONOR, THEY ARE IN THREE SEPARATE

6  COURTHOUSES, NOT DOWNTOWN, SO IT COULD TAKE AS MANY AS

7  TWO WEEKS OR MORE.  I DON'T KNOW.  I ASKED MY COURTROOM

8  ASSISTANT JUST NOW TO ORDER THEM, SO SHE'S GOING TO DO

9  THAT TODAY, BUT IT VARIES ON WHEN THESE THINGS GET HERE.

10      THE COURT:  OKAY.  WITH THAT IN MIND, IF YOU WANT

11 TO COME BACK HERE IN TWO WEEKS, MR. ROLLINS, WE WILL DO

12 IT IN TWO WEEKS.  IF YOU WANT TO DO IT IN THREE WEEKS SO

13 WE HAVE A LITTLE BIT MORE TIME TO MAKE SURE THAT WE HAVE

14 THOSE FILES, WE WILL DO IT IN THREE WEEKS.  IT IS YOUR

15 RIGHTS.  IT IS YOUR CASE.  WHENEVER YOU WANT IT, I'LL BE

16 MORE THAN HAPPY TO ACCOMMODATE YOU.

17      DEFENDANT ROLLINS:  THREE WEEKS.

18      THE COURT:  OKAY.  HOW ABOUT -- LET'S SAY -- THAT

19 WOULD BE JUNE 20TH, AND PUT DOWN -- CROSS OUT THE 20TH

20 AND I WILL NOT HAVE A JURY COME IN THAT DATE.

21      THE CLERK:  YOUR HONOR, I'VE ALREADY GOT IT

22 CROSSED OFF BECAUSE WE HAVE TWO MOTIONS.

23      THE COURT:  WE HAVE THE COLE SENTENCING AND TWO

24 PITCHESS MOTIONS.

25      THE CLERK:  I THINK IT IS A MISTAKE TO HAVE IT

26 THAT DAY.  I'M SORRY.

27      THE COURT:  THEN WE WON'T.  HOW IS THE DAY BEFORE?

28 HOW IS JUNE 19TH?

```
 1        DEFENDANT ROLLINS:  JUNE 19TH?

 2        THE COURT:  I'M CHECKING WITH THE CLERK.  HOW IS

 3   JUNE 19TH?

 4        MS. WILLIAMS:  WE HAVE EIGHT MATTERS.  I DON'T

 5   THINK WE HAVE ANYTHING SPECIAL.

 6        THE COURT:  OKAY.  JUNE 19TH IT IS.  THAT'S ONE

 7   DAY SHY OF THREE WEEKS.

 8             IS THAT ALL RIGHT WITH YOU, MR. ROLLINS?

 9        DEFENDANT ROLLINS:  THAT'S FINE.

10        THE COURT:  WE WILL MAKE IT 0 OF 10 FOR TRIAL.

11        DEFENDANT ROLLINS:  YES, MA'AM.

12        THE COURT:  I NEED TO DO A COUPLE MORE THINGS

13   BEFORE HE'S DONE.  I'LL TRY TO CALL TO SEE ABOUT THE

14   MONEY.

15             MR. ROLLINS, YOU HAVE THE RIGHT TO BE

16   BROUGHT TO TRIAL SOONER.  ARE YOU WILLING TO GIVE UP

17   THAT RIGHT AND AGREE THAT YOU NEED NOT BE BROUGHT TO

18   TRIAL UNTIL WITHIN 10 DAYS AFTER JUNE 19TH?

19        DEFENDANT ROLLINS:  I DO AGREE.

20        THE COURT:  DO WE HAVE A NUMBER TO CALL ABOUT THE

21   $20?

22        THE CLERK:  I CALLED THEM ALREADY, YOUR HONOR.  I

23   WILL FAX IT OVER TO THEM AGAIN AND IT SHOULD BE

24   DEPOSITED.

25        THE COURT:  ALL RIGHT.  SORRY FOR THAT DELAY.  MY

26   CLERK DID EVERYTHING SHE COULD DO.  I ORDERED IT.

27   YOU'VE MADE THE COMPLAINT, BUT I CAN'T ISSUE A

28   RESTRAINING ORDER AS YOU REQUESTED.
```

1          DEFENDANT ROLLINS:  IS IT POSSIBLE THAT I CAN HAVE

2   MY COPY BACK, YOUR HONOR.

3          THE COURT:  YOUR COPY OF WHAT?

4          DEFENDANT ROLLINS:  COPY OF THE LETTER FROM THE

5   DEPARTMENT OF CORRECTIONS -- JUSTICE.

6          THE COURT:  YES, YOU MAY.  I NEED TO PICK UP THE

7   PIECES, BECAUSE AS YOU HEARD, EVERYTHING JUST FELL ON

8   THE FLOOR.  IF I DISAPPEAR FOR A MOMENT, I'M NOT

9   DESERTING YOU, MR. ROLLINS.

10         DEFENDANT ROLLINS:  I HAVE A LOT OF RESPECT FOR

11  YOU.

12         THE COURT:  I'M TRYING TO GET THINGS GOING FOR

13  YOU, TOO.  HOLD ON.  LET ME COME DOWN THERE AND FIND IT

14  ALL.

15         DEFENDANT ROLLINS:  TAKE YOUR TIME.

16         THE COURT:  ON THIS LETTER, I WROTE SOME PHONE

17  NUMBERS ON HERE, SO KEEP THIS ONE.  IF I NEED TO CALL

18  BACK FOR ANY REASON, THE NUMBERS ARE ON HERE.  I'LL GIVE

19  THIS TO YOU.  THIS IS WHAT YOU'RE ASKING FOR.

20         DEFENDANT ROLLINS:  I NEED LIKE FOUR PAGES.

21  THAT'S MY ONLY COPY I GOT.

22         THE COURT:  OKAY.  LET'S -- HERE IS THE COPY OF

23  YOUR SUBPOENA.  I JUST DON'T KNOW IF THEY WERE GOING TO

24  CALL ME AND ASK ME MORE PARTICULARS, BUT THEY SHOULD BE

25  ABLE TO FIND THAT.

26         THE CLERK:  YOUR HONOR, IF YOU WANT ME TO MAKE A

27  COPY OF THAT --

28         THE COURT:  I'M JUST GUESSING IN CASE THEY CALL

```
 1  BACK OR THEY CAN'T THE SUBPOENA, IT WILL BE IMPORTANT TO
 2  KNOW EVERYTHING THAT YOU'RE ASKING.
 3       DEFENDANT ROLLINS:  RIGHT.
 4       THE COURT:  OKAY.  SO IS THIS EVERYTHING?  I'LL
 5  GIVE THAT PORTION TO MY CLERK TO MAKE A COPY, AND YOU
 6  CAN TAKE IT BACK WITH YOU BEFORE YOU GO.
 7       DEFENDANT ROLLINS: YES, IT IS.
 8       THE CLERK:  I'LL MAKE THAT COPY AND GIVE IT RIGHT
 9  BACK TO YOU.
10       MS. WILLIAMS:  HE'S ON PROBATION ON ANOTHER
11  MATTER.  I DON'T KNOW IF IT IS A D.A. CASE OR CITY
12  ATTORNEY CASE, BUT I CAN'T IMAGINE THAT HE HASN'T
13  EXHAUSTED PRETTY MUCH ALL HIS CUSTODY TIME ON THAT CASE.
14  RATHER THAN HAVING IT TRAIL ALONG, YOU MIGHT WANT TO
15  TERMINATE.
16       THE COURT: YES.  THAT'S A NICE, PRACTICAL
17  APPROACH.  IT IS A 647(F).
18       MS. WILLIAMS:  JUST TERMINATE PROBATION.
19       THE COURT:  ON CASE 6PY07326, MR. ROLLINS, DO YOU
20  HAVE ANY OBJECTIONS TO ME TERMINATING PROBATION ON THAT
21  CASE?
22       DEFENDANT ROLLINS:  NO, I DON'T.
23       THE COURT:  PROBATION IS TERMINATED.
24       DEFENDANT ROLLINS:  CAN I MAKE A STATEMENT FOR THE
25  RECORD, PLEASE.
26       THE COURT:  GO SLOWLY.  IT HAS BEEN A LONG DAY.
27  GO AHEAD.
28       DEFENDANT ROLLINS:  I JUST WANT TO MAKE AN
```

1  OBJECTION TO THE DEMURRER HEARING; TO THE RULING ON THE

2  DEMURRER. I JUST WANT TO MAKE IT CLEAR BECAUSE I DIDN'T

3  GET A CHANCE.

4      THE COURT:  YOU DISAGREE WITH IT.  YOU SAID YOU

5  DIDN'T HAVE A CHANCE TO ARGUE IT?

6      DEFENDANT ROLLINS:  I DIDN'T EVEN GET A CHANCE TO

7  SPEAK IT.  I PRACTICED FOR THREE MONTHS.

8      THE COURT:  GO AHEAD.

9      DEFENDANT ROLLINS:  NO.

10     THE COURT:  I HAVE TO TELL YOU HONESTLY,

11  MR. ROLLINS, AS WE SIT HERE TODAY, I DON'T REMEMBER

12  EXACTLY WHAT HAPPENED.

13     DEFENDANT ROLLINS:  IT WAS LIKE -- IT WAS MORE

14  CHAOS THEN BECAUSE YOU WERE -- TRIAL WAS RIGHT THERE AT

15  THE DOOR, SO YOU WERE REALLY READY TO JUST --

16     THE COURT:  I HAVE TWO TRIALS, BUT IT IS STILL

17  YOUR DAY IN COURT.

18     DEFENDANT ROLLINS:  THAT'S OKAY.

19     THE COURT:  IF YOU WANT TO SAY SOMETHING FOR THE

20  RECORD REGARDING YOUR DEMURRER --

21     DEFENDANT ROLLINS:  I SAID IT ALREADY.  I

22  APPRECIATE IT.

23     THE COURT:  I DON'T MEAN TO CUT YOU OFF.

24     DEFENDANT ROLLINS:  THAT'S OKAY.

25     THE COURT:  THANK YOU.

26     DEFENDANT ROLLINS:  THANK YOU.

27     THE COURT:  THEN I WILL SEE YOU --

28     DEFENDANT ROLLINS:  ON THE 19TH.

```
 1        THE COURT:  NOW, REGARDING YOUR INVESTIGATOR.  HE
 2  DIDN'T SHOW UP TODAY, SO HERE IS THE THING:  I THINK HE
 3  PUT IN A REQUEST FOR ADDITIONAL FUNDS ADDING UP TO ABOUT
 4  $800, AND A LOT OF THAT WAS GOING TO GETTING THESE FILES
 5  THAT WE ARE GOING TO, HOPEFULLY, HAVE HERE AND BE ABLE
 6  TO PROVIDE YOU THE INFORMATION THAT YOU NEED.  HOWEVER,
 7  IF YOU TALK TO HIM, I WILL AGREE TO PAY FOR HIM TO GO
 8  OUT AND TALK TO THAT WITNESS.
 9        DEFENDANT ROLLINS:  YES.  THERE ARE SEVERAL.
10        THE COURT:  AS FAR AS WITNESSES.  HE CAN SEND ME A
11  NEW REQUEST REGARDING JUST INTERVIEWING THE WITNESSES.
12  AS YOU KNOW, I'VE APPROVED OTHER THINGS ALREADY FOR HIM.
13        DEFENDANT ROLLINS:  OKAY.
14        THE COURT:  OKAY.  BUT JUST -- I'M NOT GOING TO
15  APPROVE ANY FUNDS FOR HIM TO GO OUT AND LOOK THROUGH
16  THOSE FILES BECAUSE WE ARE TAKING CARE OF THAT ANYWAY.
17  HE WILL HAVE TO SUBMIT SOMETHING NEW TO ME WITHOUT THAT.
18        DEFENDANT ROLLINS:  OKAY.
19        THE COURT:  THANK YOU.
20        DEFENDANT ROLLINS:  THANK YOU, MA'AM.
21
22        (PROCEEDINGS CONCLUDED.)
23
24
25
26
27
28
```

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2              FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT NO. 128        HON.  MARSHA N. REVEL, JUDGE

4

5   THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                           )
6                        PLAINTIFF,        )
                                           )
7           VS.                            )  NO. BA328441
                                           )  REPORTER'S
8   DENNIS ROLLINS,                        )  CERTIFICATE
                                           )
9                        DEFENDANT.        )
    _____)

10

11

12         I, GRACE E. DONESTER, OFFICIAL REPORTER OF

13  THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

14  COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

15  FOREGOING PAGES COMPRISE A FULL, TRUE AND CORRECT

16  TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED

17  MATTER ON MAY 30, 2008.

18         DATED THIS 29TH DAY OF JULY 2008.

19

20

21

22         _____
           GRACE E. DONESTER, CSR 3329
23         OFFICIAL REPORTER

24

25

26

27

28

## CONTINUATION SHEET

Los Angeles Police Department

| PAGE NO. 2 | TYPE OF REPORT Crime/Arrest | | | | BOOKING NO. 9925708 | DR NO. 0702 |
|---|---|---|---|---|---|---|

| ITEM NO. | QU AN | ARTICLE | SERIAL NO | BRAND | MODEL NO. | MISC DESCRIPTION (EG. COLOR, SIZE, INSCRIPTIONS, CALIBER, REVOLVER, ETC) | DOLLAR VALUE |
|---|---|---|---|---|---|---|---|

**Deft:** Rollins, Dennis    M/B    Dob (02/05/57)
**Vict:** Food 4 Less    1700 W. 6th St
**Wit1:** Sanchez, Sam    M/H
**Wit2:** Torres, Jesus

**Source of Activity:**
On 09/01/07 at approx 1515hrs my partner Officer Diaz #38437 and I, Officer Talbot #31941 were in full uniform driving a marked blk/wht police vehicle U2A45. We received a radio call to respond to the Food 4 Less at 1700 W. 6th st for a male adult who was in custody for shoplifting (inc #070901002788).

**Investigation:**
Upon our arrival Officers met with Wit1 who stated he is store security for Food 4 Less. Wit1 stated he observed the Deft select a twelve pack of Heineken beer from the shelf. Wit1 then observed the Deft walk to the (front of the store) carrying the beer. Wit1 observed the Deft pass numerous opened/manned cash registers and failed to offer payment for the beer. The Deft exited the store at which time Wit1 and Wit2 (also store security) (approached) the Deft and identified themselves as store security verbally and with a badge. The Deft began to resist slightly with the Wits but was eventually taken into custody for very[...] with them.

**Arrest:** Wit1 placed the Deft under Private Persons Arrset for 484(A)PC Petty Theft and notified P.D. My partner and I transported the Deft to Rampart station and after running his criminal history we discovered he had been arrested for 484(A)PC and had served 45 days in county jail. The Deft was then re-arrested for 666PC Petty Theft with a Prior.

**Booking:**
The Deft was booked for 666PC on the approval of Sgt Beach #17113 and transported to PAB Jail.

**Injury/MT:**
The Deft was treated at PAB dispensary for depression by Dr Singh.

**Property Taken/Recovered:**

| 1 | 1 | Beer | | Heineken | | 12 pack | $ 14.70 |
|---|---|---|---|---|---|---|---|
| | | | | | | total | $ 14.70 |

**Court Info:**
My partner and I can testify to Wit1's statements and Wit1 can testify to the elements of the crime.

A

See Statement Form

**Witness Statement:**
On 9-4-07 Agent of record interviewed LAPD-Rampart Detective Gutierrez whom stated Subject admitted to being intoxicated.

**Security Officer Statement:**
On 9-5-07, Agent of Record interviewed Security Officer Sanchez whom stated Subject admitted to stealing the beer and tried to resist arrest. Mr. Sanchez also stated Subject appeared intoxicated.

**Court Info:**
Pending Charge P666 next court date pending

**Attachments:**
COP dated10-5-06 DR#0702-24988

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Rollins, Dennis | K 99347 |

| VICTIM: | SOURCES OF INFORMATION (THIS PAGE) |
|---|---|
| | ☐ PROBATION RECORDS    ☐ POLICE REPORT (S)    ☐ DISTRICT ATTORNEY<br>☒ VICTIM(S)    ☐ WITNESS(ES)    ☐ COURT RECORDS<br>☐ OTHER: |

| NAME | COUNT(S) |
|---|---|
| FOOD FOR LESS SUPERMARKET | 1 |

**INJURY: PROPERTY LOSS (TYPE / COST / ETC.)**
12-PACK OF HEINEKEN BEER; VALUE $14.70. STOLEN/RECOVERED

| LOSS: ☐ YES ☒ NO | ESTIMATED LOSS<br>0. | RESTITUTION ALREADY MADE | APPLIED FOR VICTIM RESTITUTION FUND<br>☐ UNK   ☐ YES   ☒ NO |
|---|---|---|---|

**VICTIM STATEMENT:**

ON 11-08-07, SPOKE TO MR SAM SANCHEZ (EMPLOYEE FOR FOOD FOR LESS). HE DOES NOT COMPLETELY RECALL THE INCIDENT. HOWEVER, HE BELIEVES THE BEER WAS RECOVERED AND THERE ARE NO LOSSES. HE HAS NO FURTHER COMMENT.

| RESTITUTION | TOTAL NUMBER OF VICTIMS<br>1 | ESTIMATED LOSS TO ALL VICTIMS<br>0 | VICTIM(S) NOTIFIED OF HEARING PURSUANT TO PC 1191.1<br>☒ YES ☐ NO ☐ NOTIFIED BY MAIL /I/O |
|---|---|---|---|

| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION:<br>☐ YES    ☐ NO    ☐ UNKNOWN (NOT INTERVIEWED) | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. |
|---|---|

☐ **ADDITIONAL VICTIM NEXT PAGE**

- 3 - (ROLLINS - X1526701)
PROB. 19SC (REV. 08/07)

Probation Department's Official Copy

IN THE MUNICIPAL COURT OF SAN FERNANDO JUDICIAL DISTRICT,
COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

NO. PA015443                                          PAGE NO.  1
THE PEOPLE OF THE STATE OF CALIFORNIA    VS.    CURRENT DATE 10/26/07
DEFENDANT 01:  DENNIS KEITH ROLLINS
LAW ENFORCEMENT AGENCY EFFECTING ARREST: LAPD - METROPOLITAN DIVISION

| BAIL: APPEARANCE | AMOUNT | DATE | RECEIPT OR | SURETY COMPANY | REGISTER |
|---|---|---|---|---|---|
| DATE | OF BAIL | POSTED | BOND NO. | | NUMBER |

CASE FILED ON 11/08/93.
 COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING
COMMITTED, ON OR ABOUT 11/04/93 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING
OFFENSE(S) OF:
   COUNT 01: 211 PC FEL  - ROBBERY.
   COUNT 02: 11350(A) H&S FEL  - POSS NARCOTIC CONTROL SUBSTANC.
   PROBABLE CAUSE FOUND.
NEXT SCHEDULED EVENT:
   11/08/93   830 AM  ARRAIGNMENT   DIST SAN FERNANDO COURTHOUSE DIV  130


ON 11/08/93 AT  830 AM  IN SAN FERNANDO COURTHOUSE DIV  130

   CASE CALLED FOR ARRAIGNMENT
PARTIES: COMR. RICHARD BRAND (JUDGE)  JAMES SHERMAN  (CLERK)
               DEBRA STEIN  (REP)      NONE  (CA)
STIPULATED THAT COMR. RICHARD BRAND (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
   JUDGE.
DEFENDANT DEMANDS COUNSEL.
COURT REFERS DEFENDANT TO THE PUBLIC DEFENDER.
PUBLIC DEFENDER APPOINTED.  THOMAS GORDON D.P.D.
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY THOMAS GORDON DEPUTY PUBLIC
   DEFENDER
DEFENDANT STATES HIS/HER TRUE NAME AS CHARGED.
DEFENDANT ADVISED OF THE FOLLOWING RIGHTS ORALLY:
 DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS AT MASS
   ADVISEMENT:  SPEEDY PUBLIC TRIAL, TRIAL WITHIN 30/45 DAYS, RIGHT
   TO REMAIN SILENT, SUBPOENA POWER OF COURT, CONFRONTATION AND
   CROSS EXAMINATION, JURY TRIAL, COURT TRIAL, RIGHT TO ATTORNEY,
   SELF REPRESENTATION, REASONABLE BAIL, CITIZENSHIP, EFFECT OF

   PRIORS, PLEAS AVAILABLE PROBATION.
A COPY OF THE COMPLAINT AND THE ARREST REPORT GIVEN TO DEFENDANTS COUNSEL.
DEFENDANT ADVISED THAT IN ANY CASE IN WHICH YOU ARE FURNISHED A LAWYER, EITHER
   THROUGH THE PUBLIC DEFENDER OR PRIVATE COUNSEL APPOINTED BY THE COURT, UPON
   CONCLUSION OF THE CRIMINAL PROCEEDINGS IN THE TRIAL COURT, THE COURT SHALL
   MAKE A DETERMINATION OF YOUR PRESENT ABILITY TO PAY ALL OR A PORTION OF THE
   COST OF COUNSEL.  IF THE COURT DETERMINES THAT YOU HAVE THE PRESENT ABILITY
   TO PAY ALL OR PART OF THE COST, IT SHALL ORDER YOU TO PAY THE SUM TO THE
   COUNTY IN ANY INSTALLMENTS AND MANNER WHICH IT BELIEVES REASONABLE AND
   COMPATIBLE WITH YOUR FINANCIAL ABILITY.  EXECUTION MAY BE ISSUED ON THE ORDER
   IN THE SAME MANNER AS ON A JUDGEMENT IN A CIVIL ACTION;
DEFENDANT WAIVES ARRAIGNMENT, READING OF COMPLAINT, AND STATEMENT OF
   CONSTITUTIONAL AND STATUTORY RIGHTS.
DEFENDANT WAIVES FURTHER ARRAIGNMENT.
DEFENDANT PLEADS NOT GUILTY TO COUNT 01, 211 PC - ROBBERY.

E

DEF NO.  01

DEFENDANT PLEADS NOT GUILTY TO COUNT 02, 11350(A) H&S - POSS NARCOTIC CONTROL
   SUBSTANC.
   REMAND ORDER ISSUED.
BAIL SET AT $30,000.
NEXT SCHEDULED EVENT:
11/18/93   900 AM  PRELIMINARY HEARING    DIST SAN FERNANDO COURTHOUSE DIV  133

CUSTODY STATUS: REMANDED TO CUSTODY


ON 11/18/93 AT  900 AM  IN SAN FERNANDO COURTHOUSE DIV  133

   CASE CALLED FOR PRELIMINARY HEARING
PARTIES: JUELANN CATHEY (JUDGE)  MARGARET PHELPS  (CLERK)
                KATHRYN HELMKAMP      (REP)  ROBERT A. DVER  (DA)
DEFENDANT IS NOT PRESENT IN COURT, BUT REPRESENTED BY DENNIS CANNON DEPUTY
   PUBLIC DEFENDER
BAIL SET AT $30,000

   CASE TRAILED.
NEXT SCHEDULED EVENT:
   11/22/93   900 AM  PRELIMINARY HEARING    DIST SAN FERNANDO COURTHOUSE DIV
   133

CUSTODY STATUS: REMANDED TO CUSTODY


ON 11/22/93 AT  900 AM  IN SAN FERNANDO COURTHOUSE DIV  133

   CASE CALLED FOR PRELIMINARY HEARING
PARTIES: MORRIS GOLUGTH (JUDGE)  MARGARET THELPS  (CLERK)
                PAM TAWNEY  (REP)     P. WAYNE LITTLE  (DA)
DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY DENNIS CANNON DEPUTY PUBLIC
   DEFENDER
 ON PEOPLE'S MOTION, COURT ORDERS COMPLAINT AMENDED BY INTERLINEATION TO ADD
   VIOLATION 484(A) PC FEL  -THEFT OF PROPERTY AS COUNT 03.
DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:
   WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN
COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.


COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
   MADE;
COUNT (01) : DISPOSITION: DISMISSAL IN FURTH OF JUSTICE PER 1385 PC
THE DEFENDANT WITH THE COURTS APPROVAL, PLEADS NOLO CONTENDERE TO COUNT 03 A
   VIOLATION OF SECTION 484(A) PC.  THE COURT FINDS THE DEFENDANT GUILTY.
COUNT (03) : DISPOSITION: CONVICTED
COURT ACCEPTS PLEA
   COURT FINDS DEFENDANT GUILTY.
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT:
   PROBATION AND SENTENCE HEARING
WAIVES STATUTORY TIME.
NEXT SCHEDULED EVENT 2:
   01/20/94   900 AM  DIVERSION HEARING    DIST SAN FERNANDO COURTHOUSE DIV  133
   DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE

$E$



JOHN A. CLARKE
EXECUTIVE OFFICER / CLERK

COURT REPORTER SERVICES
111 NORTH HILL STREET, ROOM 234
LOS ANGELES, CA 90012-3014

# *Superior Court of California*
# *County of Los Angeles*

January 14, 2008

Dennis Rollins Booking No. 9925708
P.O. Box 86164
Terminal Annex
Los Angeles, CA 90086-0164

Re:    **Request for transcripts**
       **People vs. Dennis Rollins**
       **LASC Case No. PA015443**

Dear Mr. Rollins:

I am in receipt of your letter.

I regret to inform you those transcripts for the date of November 22, 1993 and August 17, 1994 cannot be prepared. The court reporter's notes have been destroyed according to Section 69955 of the Government Code. I have attached a copy of the *Application and Certificate for Disposal of Court Reporters Notes* and *Order* for your information and review. If you have any questions, please feel free to write me again.

If this matter was appealed you may wish to write to the Appellate Court that heard the appeal. It is my understanding that appellate transcripts are kept for approximately 20 years.

You may also contact the Department of Justice and/or Los Angeles Superior Court Archives to see if they are able to further assist you.

Department of Justice                    Los Angeles Superior Court Archives
Criminal Records                         222 North Hill Street, Room 213
P.O. Box 903417                          Los Angeles, CA 90012
Sacramento, CA 94203-4170                (213)974-1378
(800)952-5225

Sincerely,

L. Sibis
Court Services Assistant III
Court Reporter Services

E.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

FILED
LOS ANGELES SUPERIOR COURT

JUL 22 1994

EDWARD M. KRITZMAN, CLERK
BY D. WILLIAMS, DEPUTY

APPLICATION AND CERTIFICATE FOR DISPOSAL OF
COURT REPORTERS NOTES AND ORDER THEREON
(Section 69955 Government Code)

I, EDWARD M. KRITZMAN, Executive Officer/Clerk of the Superior Court of the State of California, County of Los Angeles, request the court to make an order permitting the disposal of the court reporting notes taken prior to January 1, 1984 that are in the custody of the Executive Officer/Clerk, and do hereby certify:

That as of January 1, 1994 more that ten (10) years have elapsed from the taking of the notes, and that the court reporting notes taken prior to January 1, 1984 may be properly disposed of under §69955 of the Government Code;

That the court reporting notes in capital cases have been removed and set aside pursuant to the order of the Supreme Court of California of California dated November 3, 1989.

IN WITNESS WHEREOF, I have hereunto set my hand this

22ⁿᵈ day of July, 1994.

EDWARD M. KRITZMAN, Executive Officer/
Clerk of the Superior Court of the State of
California for the County of Los Angeles

By: _____
D. E. Williams, Deputy

E.

# ORDER AUTHORIZING DESTRUCTION OF

# COURT REPORTERS NOTES

Good cause appearing therefore,

IT IS HEREBY ORDERED that, except as otherwise expressly ordered by the Court and the Supreme Court of California, the court reporting notes taken prior to January 1, 1984, that are in the custody of the Executive Officer/Clerk, may be destroyed in accordance with the provisions of §69955 of the Government Code, effective January 1, 1994.

IT IS FURTHER ORDERED that the Executive Officer/Clerk is authorized to periodically destroy the court reporting notes filed with him ten (10) years after the taking of the notes; and that said disposition be in accordance with the provisions of §69955 of the Government Code, and the order of the Supreme Court of California.

Dated this 22nd day of July 1994,

_____
Presiding Judge



*GROCERY COMPANY*



WAREHOUSE STORES

CORPORATE OFFICES      P.O. Box 54143  •  Los Angeles, California 90054

June 9, 2008

Mr. Dennis Rollins
P.O. Box 86161
Terminal Annex
Los Angeles, CA 90086-0164

Dear Mr. Rollins:

**Re:    Subpoena Duces Tecum**
**People vs. Dennis Rollings**
**Case No. BA 328441**

## CERTIFICATION OF NO RECORDS

I, the undersigned, being duly authorized as the Custodian of Records for Ralphs Grocery Company certify that a thorough search of our files revealed no records for Connecting Report #9070461 and video surveillance from Food 4 Less Store located at 1700 6th Street, Los Angeles, CA 90019, between the hours of 14:00 and 17:00 as called for in the attached Subpoena Duces Tecum.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge.

*Millie Smith*
Millie Smith
Custodian of Records,
Ralphs Grocery Company

RALPHS • FOOD 4 LESS • BELL MARKETS • CALA FOODS • FOODS CO

**S161429**

RECEIVED

MAR – 4 2008

CLERK SUPREME COURT

1 of 12

1. Dennis Rollins
2. Booking No. 9925708
3. 2500-A-09
4. 441 Bauchet St.
5. Los Angeles CA 90012
6.
7. California Supreme Court

SUPREME COURT
FILED

MAR – 4 2008

Frederick K. Ohlrich Clerk

Deputy

8.
9. Dennis Rollins                    Case No. B205386
10.                   petitioner      Petition for Writ of
11.     Vs                            Mandate Requesting
12. Superior Court of                 Relief from due process
13. Los Angeles                       Violations of disqualification
14.           Respondant              procedures under CCP §
15.                                   170.... et seq.
16.        Introduction I
17. Jan 25, 2008 judge consent to Disqualification of
18. timely filed motion.
19.      Judicial Council Chair judge did not hold
20. Court proceedings according to disqualification Rules
21. of Court.
22.      petitioner alleges there was No Agreement on the
23. assignment of new judge, who petitioner Claim Shares
24. the same intrest as the disqualified judge.
25.     petitioners Rights to a fair and impartial trial
26. are presently being violated in the due process and
27. EQual protection of Laws.
28. petitioner Seeks Injunctive / Declaratory Relief

## Parties II

1.
2. Dennis Rollins, Booking No. 9925708 Case No. BA328441
3. petitioner is presently being detained at Men's County
4. Jail Facility, Los Angeles CA 90012. 441 Bauchet St.
5. 2500-A-09 Supervising Director Sheriff Leroy Baca.
6. ## Statement of Facts III
7. Jan 25, 2008 petitioner was Summon to department 100
8. Judicial Council Judge, Steven Vansicklen who informed
9. the petitioner that a Consent to disqualify was filed.
10.     Judge Vansicklen Ordered petitioner back to dept. 127
11. for a reconsideration hearing held by the disqualified Judge
12. C.H. Rehm. petitioner further Complains that he was first
13. ordered to return to dept. 100 Supervising Judicial Council
14. for the determination of reassignment to another Judge.
15. then once the hearing Session ended the disqualified
16. Judge immediately ordered petitioner to report to
17. department 128 where he "the disqualified Judge" has a
18. personal interest and is able to be a party in the matter
19. which he was disqualified. It was explained to the
20. petitioner by the Judge of department 128 that arrangement
21. via phone were being made by the disqualified Judge
22. to the Judicial Council Judge to request my ("petitioners")
23. Transfer to department 128 implimenting old procedures
24. Call a "Buddy System."
25.     petitioner further alleges that the Judge in dept. 128
26. Shares the Same bias and prejudice as the disqualified
27. Judge in dept. 127. In fact it was told to the petitioner
28. by dept. 128 Judge during petitioners introduction to

1. department 128 on Nov. 9, 2007. petitioners arraignment
2. was held in 128 with the same judge who explained she
3. shared the same interest as Judge C.H. Rehm of dept 124.
4. and because he was unavailable she was conducting
5. his matters." petitioner clearly recalls the blaten insults
6. handed down to him by that judge concerning his cross-
7. examination, and motion request for dismissal during the
8. preliminary process. petitioner also recall motioning the
9. Court to speak and was told "No" in violation of Right
10. according to the Constitution First Amendment (Freedom of
11. Speech).
12.        Petitioner motioned the Court to schedule
13. hearing on vital issues of previously filed motions which
14. are important to his affirmative defense. Motion to
15. Compel Discovery, Motion in demand for Records/
16. Transcripts, Motion for Ancillary funds, Motion for re-
17. appointment of private investigator. petitioner states
18. No reply was given to his motion, violations of Cal Rules
19. of Court 4.111 and CCP § 1005. and § 1005.5
20.        petitioner does not foresee a fair and impartial
21. trial process and entertain doubt that this judge is
22. Capable of not being bias or impartial.
23.                 Contentions IV
24.      1.) 170.3 Subd (d)
25. Obtaining review by writ for Claims of due process
26. violations
27.      2.) Cal. Crim pract. 60.04(1)
28. Person having Authority to assign the matter to another

1. department Judge.
2.     3.) Cal Crim. pract. 60.03
3. Orders or rulings after the disqualification will be vacated
4. Second Appellate district & view does bar retrial
5.     4.) Cal Rules of Court § §
6.     5.) penal Code § 987.2
7. Right to effective Counsel.
8.          <u>Prayer for Relief V</u>
9. petitioner is faced with great injustice and he enter-
10. tains doubt the he will receive a fair an impartial trial
11. process Save by writ of mandate. wherefore petitioner
12. pray to this Court for Justice
13.    1.) Issue Stay of proceedings.
14.    2.) Sanction the Court for State and Federal Statutory
15. Rights violations, and or Constitutional.
16.    3.) Dismissal of Case.
17.    4.) Injunctive / Declaratory Relief
18.      <u>Memorandum of points and Authorities</u>
19.     Under Code of Civil procedures 170.3 Sub. (d) A
20. petition for a Writ of mandate is the exclusive method
21. of obtaining review of a denial of a motion to disqualify
22. a Judge. Never the less a Criminal defendant may
23. assert on appeal a Claim of denial of the due process
24. Right to an impartial Judge.
25. people v Mayfield (1997) 14 Cal 4th 668, 60 Cal Rptr 2d 1.
26. 928 p 2d 485, 1997 Cal Lexis 2 petition for Certiorari filed
27. and Stay granted.
28.      Cal. Crim pract. 60.04 (1)

1. When ever a Judge or Justice knows of any disqualifying
2. facts the Judge must notify the presiding Judge of the
3. Court or the person having the Authority to assign the Matter
4. to another Judge. I Ref. 170.3 (a)(4).
5.     Once a motion to disqualify is made the Court has No.
6. Jurisdiction to hold further proceedings.
7. MC Cartney V Commission on Judicial Qualifications
8. (1974) 12 Cal 3d 512, 531-532, people V Hall (1978) 86
9. Cal App 3d 753, 759, 150 Cal Rptr 412.
10.     A Judge who concedes his disqualification to try a
11. case without an objection having been made thereto need not
12. when the parties have made No agreement regarding the selection
13. of a Judge, request the assignment of some Judge to try the
14. cause who has been agreed upon by the parties, since this
15. section specifically Authorizes appointment by the Chair of
16. the Judicial Council when the parties fail to agree upon a
17. trial Judge. Giraldini V Russell (1933) 134 Cal App
18. 524, 25 p 2d 845. 1933 Cal App Lexis 196.
19.     Cal Crim pract 60.03
20. If it is determined that the challenged Judge is disqualified
21. all orders and rulings of the disqualified Judge made
22. after the filing of the statement will be Vacated 21. the
23. Courts of appeal are split over whether double jepardy
24. bars retrial if the Judge disqualifies himself or herself
25. because of impartiality and declare a mistrial. The
26. first appellate district division one 21.1 and the sixth
27. appellate district 21.2 are of the view that double jepardy
28. does not bar retrial, while the Second appellate

1. district division fair 21.3 is of the view that it does bar
2. retrial. Scott v Municipal Court (1971) 17 Cal App 3d
3. 885, 95 Cal Rptr 460.
4.     Cal Rules of Court § 4.111 pretrial motions in
5. Criminal Cases. (a) time for filing papers and proof of
6. Service unless otherwise ordered or Specifically
7. provided by law, all pretrial motions accompanied
8. by a memorandum must be Served and filed at least
9. 10 Calender days, all papers opposing the motion at
10. least 5 Calender days, and all reply papers at least
11. 2 Court days before the time appointed for hearing.
12. proof of Service of the moving papers must be filed
13. No later than 5 Calender days before the time appointed
14. for hearing.
15.     Cal Civil procedures 1005. 1005.5 proceedings
16. on the Service of Motion. A motion upon all the grounds
17. Stated in the written Notice thereof is deemed to have
18. been made and to be pending before the Court for all
19. purposes, upon the due Service and filing of the notice of
20. Motion, but this shall not deprive a party of a hearing of
21. the Motion to which he is otherwise entitled.
22.     Even properly adopted local rules are only valid
23. to the extent they do not Conflict with existing law or the
24. Cal Rules of Court as provided in Code of Civil proc. § 575.1
25. Subd (a) and Govr. Code § 68070. Subd (a) this is true
26. of a local Court room rule as well as an informal Court
27. policy. While Judges have inherent power to Control
28. Litigations before them, they have NO Authority to

1. issue Local Courtroom rules that Conflict with any
2. Statewide Statute rule or Law or Cal judicial Council
3. Rule. Then it is an inappropriate Exercise of that Courts
4. powers.
5. *Kalivas v Barry Controls Corp (1996 2nd Dist) 49 Cal*
6. *App 4th 1152. Ponchito Hall v Superior Court of*
7. *Los Angeles. 133 Cal App 4th 908.*
8.    In a Criminal prosecution the defendants due
9. process Right to effective Counsel includes the right to
10. Ancillary Services necessary in the preparation of a defense
11. Such Right is Codified in penal Code § 987.2
12. *people v Faxel (1979 2nd Dist) 91 Cal App 3d 327,*
13. *154 Cal Rptr 132. 1979 Cal App Lexis 1576.*
14.                    Conclusion
15.    for all the above Stated reasons, the relief Sought
16. in this petition Should be granted.
17. II Samuel 23:3 He who rules over men must be Just,
18. Ruling in the fear of God.
19. Date: Jan 27, 2008
20.                              Dennis Roller
21.                    Respectfully Submitted
22.
23.
24.
25.
26.
27.
28.

*Verification*

1. 
2. I Dennis Rollins State;
3. I am the petitioner in this Action. I have read the foregoing
4. petition for writ of Mandate and facts Stated therein are
5. true of my own knowledge except as to matters that are
6. therein Stated on my own information and belief, as to
7. these matters I believe them to be true. petitioner further
8. States that he is making Request for Transcripts/Records
9. by Subpoena, and that the Statements herein reflect the
10. true Record.
11.     I declare under penalty of perjury of the laws of
12. the State of California, that these Statements are true and
13. Correct. This declaration was Executed on: Jan 27, 2008
14. 
15. 9925708
16. number
17. 
18. S160476
19. Supreme Court number
20. 
21. petitioner
22. 
23. 
24. 
25. 
26.

1. Dennis Rollins
2. Booking No. 9925708
3. Case No. BA328441
4.
5. Proof of Service
6.
7. I declare that I am a resident of Los Angeles
8. California. I am over the age of 18 years
9. My residence address is 441 Bauchet St Los Angeles
10. CA 90012. On Feb 27, 2008 I served the attached
11. Writ of Mandate for injunctive/Declaratory Relief
12. to the California Supreme Court by placing a true
13. copy thereof enclosed in a sealed envelope with postage
14. thereon fully paid, in the United States Mail at
15. Men's County Jail Facility addressed as follows;
16. California Supreme Court 300 South Spring St. Fl 2
17. Los Angeles CA 90013-1233.
18.
19. Date: Feb. 27, 2008.
20.
21. Dennis Rollins
22. Dennis Rollins
23.
24.
25.
26.
27.
28.

S160476

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

DENNIS ROLLINS, Petitioner,

v.

SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

SUPREME COURT
**FILED**

JAN 3 1 2008

Frederick K. Ohlrich Clerk

—————————
Deputy

    The application for stay and petition for writ of mandate filed on January 30, 2008, is transferred to the Court of Appeal, Second Appellate District, Division Eight, to be considered with (B205127/S159958) *Rollins v. Superior Court of Los Angeles County* pending before that court.

CHIN, J.
Acting Chief Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

COURT OF APPEAL - SECOND DIST.

F I L E D

FEB 1 4 2008

JOSEPH A. LANE                Clerk

E. AMOS                   Deputy Clerk

DENNIS ROLLINS,

Petitioner,

v.

SUPERIOR COURT OF THE STATE
OF CALIFORNIA FOR THE COUNTY
OF LOS ANGELES,

Respondent;

THE PEOPLE OF THE STATE OF
CALIFORNIA,

Real Party in Interest.

B205386

(Super. Ct. No. BA328441)

(Carol H. Rehm, Jr., Judge)

**ORDER**

THE COURT:

We have read and considered the petition for writ of mandate filed on
January 30, 2008.

The petition is denied.

COOPER, P.J.            FLIER, J.            EGERTON, J.*

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice
pursuant to article VI, section 6, of the California Constitution.

S161429

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

DENNIS ROLLINS, Petitioner,

v.

LOS ANGELES COUNTY SUPERIOR COURT, Respondent;

THE PEOPLE, Real Party in Interest.

The application for stay and petition for writ of mandate are denied.

SUPREME COURT
**FILED**

MAR **1 9** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice



EXHIBIT 3

```
          USPS ALTA LOMA STATION
          ALTA LOMA, California
               917373573
          0569390710 -0098
07/22/2008                  12:19:35 PM
          (800)275-8777
```

| Product Description | Sales Receipt Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| | | | $4.80 |

```
LOS ANGELES CA
90013-1266  Zone-1
Priority Mail
15.70 oz.
    Certified                          $2.70
    Label #:    7006081000044615086
                                       ========
                                        $7.50

    Issue PVI:
                                        $4.80
LOS ANGELES CA 90012
Zone-1 Priority Mail
1 lb. 14.80 oz.
                                       ========
                                        $4.80

    Issue PVI:
                                       --------
                                        $12.30

Total:

Paid by:                               $12.30
Debit Card       XXXXXXXXXXXX3689
   Account #:    060441
   Approval #:   110
   Transaction #:
23 903500759
   Receipt#:     002534

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000202473988
Clerk: 04
    All sales final on stamps and postage.
```

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

LOS ANGELES CA 90013-1266

| | | |
|---|---|---|
| | | $4.80 |
| Postage | $ | |
| Certified Fee | | $2.70 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $7.50 |

07/22/2008

Sent To: *CAL. SUPREME CT*
Street, Apt. No.; or PO Box No. *300. S. SPRING ST. FL 2*
City, State, ZIP+4 *L.A. CA 90013-1266*

PS Form 3800, June 2002          See Reverse for Instructions

**PROOF OF SERVICE BY MAIL**

RE: Dennis Rollins, Petitioner vs. Supreme Court of Los Angeles, Respondent and Case Number: S161428.

I, John D. Mouzakis, declare that I am a resident of the County of San Bernardino, over the age of 18 years, a citizen of the United States and not a party to the within action. My address is 6331 Haven Avenue, Suite 13-193, Alta Loma, and California 91737.

I served the attached: by placing a true copy thereof in a sealed envelope with postage fully prepaid in the United States mails at Alta Loma, California address as follows:

California Supreme Court

300 South Spring Street, Floor 2

Los Angeles, California 90012-1266

On the 22 day of: July 2008

I, John D. Mouzakis, declare under the penalty of perjury that the foregoing is true and correct.

Executed this 23 day of: July 2008, at Alta Loma, California.

John D. Mouzakis, CCDI

Declarant

**PROOF OF SERVICE BY US MAIL**

JOHN C. ROSSI
ASSISTANT CLERK-ADMINISTRATOR

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

### Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

July 23, 2008

Mr. John Mouzakis
Standard Research & Investigative
 Serivces, LLC
6331 Haven Avenue, Ste. 13-193
Alta Loma, CA  91737

Re:   **S161428: Rollins v. Superior Court (People)**

Dear Mr. Mouzakis:

I return herewith the conformed copy, received today from your office, of the above-referenced Petition for Writ of Mandate, which I had previously forwarded to your client at Los Angeles County Jail on or about June 30, 2008. The Court denied this Petition on March 19, 2008 (see docket sheet enclosed.).

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: Patricia A. Quinn
Deputy Clerk

Paq/la/sf
Enclosures

Dennis Rollins
Booking No. 9925708
2500 D-1
441 Bauchet St.
Los Angeles CA. 90012

<u>Declaration of Dennis Rollins;</u>
I declare I am the attorney of Record in
Case number BA328441. I mailed a declaration
with my writ of mandate explaining my circum-
stances in the County Jail facility, as far as
access to Copy machines, legal documentation,
etc. I promised to forward the transcripts as
Soon as the Superior Court made them available
to me. I declare furthermore that these rec-
ords and transcripts were received July 30,
2008. and that I am Sending the originals, and
ask that You would please Copy them because
these are the only records I have and I
need a Set for my file.
I declare under the penalty of perjury of the law
of the State of California, that these Statements
are true and Correct, to the best of my knowledge

Date: July 31, 2008

Dennis Roll
Declarant

PROOF OF SERVICE BY MAIL

Re: People v. _Dennis Rollins_, Case No. _S161428_

    I, _WAYNE SAUNDERS_, declare that I am a resident of the County of Los Angeles, over the age of 18 years, a citizen of the United States and not a party to the within action. My address is 441 Bauchet Street, Los Angeles, California 90012.

    I served the attached _writ of mandate with_ _Verbatim transcripts Exhibits_ by placing a true copy thereof in a sealed envelope with postage fully prepaid in the United States mails at Los Angeles, California addressed as follows: _California Supreme Court 300 S. Spring St. Flor 2. Los Angeles CA. 90013_

on the _1_ day of _Aug. 2008_, 19____.

    I, _WAYNE SAUNDERS_, declare under the penalty of perjury that the foregoing is true and correct.

    Executed this _1_ day of _Aug, 2008_, 19____, at Los Angeles, California.



_Wayne Saunders_
_WAYNE SAUNDERS_,
Declarant.

DAH:phh
060491
LAMCJ                    PROOF OF SERVICE BY MAIL

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR
JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES



**Supreme Court of California**

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

August 7, 2008

Mr. Dennis Rollins
#9925708
Los Angeles County Jail
P.O. Box 86164
Los Angeles, CA  90086-0164

Re:    **S161428:  Rollins v. Superior Court (People)**

Dear Mr. Rollins:

<u>We again return herewith the conformed copy, received today from you. As a courtesy to you and for your records, this conformed copy was forwarded to you on or about June 30, 2008.</u>  On July 23, 2008, we received this copy from your investigator, John Mouzakis; after a telephone conversation with our office, we returned it to Mr. Mouzakis by letter of same date.

The Writ of Mandate under **#S161428**, <u>with the issues raised and considered therein,</u> was denied on March 19, 2008.  The order was final forthwith and may not be reconsidered.  Please rest assured, however, that the petition, and the contentions made therein, were considered by the entire court, and that the denial expresses the decision of the court on this matter.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By: N. Robinson,
Supervising Deputy Clerk

Paq/la/sf
Enclosures

Haven Avenue, Suite 13 – PMB 195

Loma, California

FILE

PENSE RECEIPT NUMBER: _____

Other Expenses w/o receipts

INHOUSE CHARGES

Printing:

___ #Copies

@ $ 0.02 Each = _____

___ #Color Pictures (4x6)

917373573
0569390710 -0096
08/25/2008    (800)275-8777    11:47:34 AM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| LOS ANGELES CA 90013 | | | $4.80 |
| Zone-1 Priority Mail | | | |
| 1 lb.  2.00 oz. | | | |
| Certified | | | $2.70 |
| Label #: | 70071490000336883757 | | |
| Issue PVI: | | | $7.50 |
| Total: | | | $7.50 |

Paid by:
Debit Card                                $7.50
Account #:         XXXXXXXXXXXXX3689
Approval #:
Transaction #:     979
23 903500755
Receipt#:          007226

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#:
Clerk:

LOS ANGELES CA 90013

| | | |
|---|---|---|
| Postage | $ | $4.80 |
| Certified Fee | | $2.70 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $7.50 |

08/25/2008

ALTA LOMA CA 91701
AUG 2008
Postmark Here
USPS

Sent To _Supreme Ct of Ca_

_300  S. Spring St._

_L.A.  Ca.  90013_

DATE: _August 25, 2008_
TIME:
RECEIPT #:
FOR:

| | | Amount |
|---|---|---|
| PEOPLE VS.: _Rollins_ | Amount: $ | _7.50_ |
| PEOPLE VS.: | Amount: $ | |
| PEOPLE VS.: | Amount: $ | |
| PEOPLE VS.: | Amount: $ | |
| PEOPLE VS.: | Amount: $ | |

Original Master Cash Expense File: _____

RECEIVED

MAR – 4 2008

CLERK SUPREME COURT

1. Dennis Rollins
2. Booking No. 9925708
3. 2500 – A – 09
4. 441 Bauchet St.
5. Los Angeles CA 90012

SUPREME COURT
FILED

MAR – 4 2008

Frederick K. Ohlrich Clerk

Deputy

7. California Supreme Court

Case No. B205127

9. Dennis Rollins

10.                petitioner

11.        V6

12. Superior Court of

13. Los Angeles

14.        Respondant

Ex parte Motion for
Stay of Proceedings
Cal. Rules of Court §3.515
Chapter 2. CCP §404.5

16. Notice is hereby given Requesting Order to Stay All
17. proceedings pending determination of Appeal.
18. petitioner Reasonably entertain doubt that the Court
19. presiding over his Case is Capable of being Fair and
20. Impartial and not Bias. petitioner is in fear of Injustice.
21. petitioner will need time to access Records and
22. Transcripts So the Court Can make a Fair Ruling.
23. Declaration of Dennis Rollins Counsel for the Defense
24. I declare under penalty of perjury of the Laws of this
25. State of California that this Statement is true and Correct
26. to the best of my knowledge.
27. Executed on: Feb 27, 2008          Dennis Rollins
28.

1. Dennis Rollins                                                    1 of 3
2. Booking no. 9925708
3. 2500 - D - 1
4. 441 Bauchet St
5. Los Angeles CA 90012
6.
7.        United States District Court
8.               Western Division
9.                                          Case no. BA 328441
10. Dennis Rollins                          Notice of motion to
11.                  petitioner             "Stay" Pending
12.     Vs                                  determination of Appeal
13.                  Respondant             CRC Rule 33.515 and
14. Superior Court of                       CCP § 404.5, penal code
15. Los Angeles.                            § 1243.
16.
17. Notice is hereby given for an Order to "Stay"
18. proceedings pending determination of Appeal.
19. petitioner argues that his commitment is unlawful
20. due to several fundamental Rights violations.
21.     A writ or Order Staying execution of a Criminal
22. judgement pending appeal shall issue in all
23. cases where the appeal presents debatable
24. questions on which there may be an honest
25. diffrence of opinion, and will be refused only
26. where the appeal is frivolous.
27. People Vs Burnette (1939) 34 Cal App 2d 663.[2]
28.     In this prosecution where the defendant on

1. his appeal urged insufficiency of the evidence
2. to justify the verdict; misconduct of the trial
3. judge, unwarranted restriction of cross-examin-
4. ation and misconduct of the district attorney,
5. and an examination of the reporters transcripts.
6. demonstrated that the appeal was not frivolous,
7. defendant was entitled to a Writ of (Supersedeas)
8. to Stay execution pending the appeal.
9. People Vs Burnette (1929) 34 Cal App 2d 663.[3]
10.    A right to Stay of proceedings in proper cases
11. is very important part of Right of Appeal.
12. People Vs Clark (1899) 125 Cal 251.
13.    Petitioner entertains Serious doubt that
14. he will receive a fair trial in this Court based
15. on Constant and Continual deprivation of fed-
16. eral and State Statutory Rights and Constitutional.
17.    Id. the appellant from a Judgement of
18. Conviction of a felony has a right to have it determ-
19. ined by the trial Court, or by a Justice of this
20. Court whether there is probable Cause for his app-
21. eal and to have a Stay of proceedings in a pro-
22. per Case and is entitled to a reasonable Stay
23. until the matter can be determined.
24. People Vs Clark (1899) 125 Cal 251.
25. People Vs Lane 96 Cal 596, 31 p. 580
26. in re Adams 81 Cal 163, 22 p. 547.
27. People Vs Caallanar 144 Cal 656, 79 p. 378
28.    CRC § 8.490 If a Writ or Order issues

directed to any judge, Court, board, or other officer, the reviewing Court Clerk must promptly send a Certified Copy of the writ or Order to the person or entity to whom it is addressed.

If the writ or order stays or prohibits proceedings set to occur within 7 days or requires action within 7 days or in any other urgent situation — the reviewing Court Clerk must make a reasonable effort to notify the Clerk of the respondent Court by telephone. The Clerk of the respondent Court must then notify the judge or officer most directly concerned.

Date: _____

I declare under the penalty of perjury of the laws of the State of California, that the statements are True and Correct to the best of my Knowledge.

_____
declarant



1.  Dennis Rollins
2.  Booking no. 9925708
3.  P.O. Box 86164
4.  Terminal Annex
5.  Los Angeles CA. 90086-0164
6.
7.         Superior Court of the State of California
8.         County of Los Angeles
9.  ———————————————         Case No. KA 328441
10. Dennis Rollins              Motion for
11.         defendant           Stay of Execution
12.   Vs                        CA. Crim. pract. § 101.11
13. The people of the State     penal Code § 1244 and
14. of California               § 1467.
15.         plaintiff
16.
17. Honorable justice of the Court,  Defendant Move for
18. motion to stay all proceedings pending appeal to the
19. higher Courts for the reconsideration of defendant's motions
20. hearing was held, Jan. 4th 2008. Defendant Claims bias
21. and prejudice was demostrated towards him while
22. presentation and argument of said motions which the
23. defendant Claims were denied without the proper fair
24. Consideration due. defendant also Claims violations
25. of Cal. Rules of Court and Commission on judicial
26. performance Code of judicial Ethics. Defendant
27. was also denied the Right to prepare his defense
28. on appeal and in the up coming motion hearing because he

1.  was denied review for ancillary services
2.  people V Faxel (1979 2nd Dist) 91 Cal App 3d 327
3.  "In a Criminal prosecution the defendent's due process
4.  Right to effective Counsel includes the right to ancillary
5.  Services necessary in the preparation of a defense.
6.  Defendant Claims Rights to a fair and Impartial trial
7.  process, Equal protection of Laws and due process Rights,
8.  Defendant will need more time to prepare motions and to
9.  Request re-assignment of new private investigator due to
10. ineffective assistance, Defendant will also Compel the
11. Court to demand Discovery which is pas due defendant's
12. due process has been affected from preliminary to pretrial
13. and defendant doubts if he will receive a fair and
14. Impartial trial.

15.
16. Date: Jan 11, 2008

      _Dennis Kellen_
      Attorney of Record

19. I declare under the penalty of perjury of the Laws of the
20. State of California that the Statements is true and Correct
21. to the best of my Knowledge.

22.
23.
24.
25.
26.
27.
28.

15.

1. Dennis Rollins
2. BK# 9925708
3. Case No. BA328441

4.
5. Proof of Service
6.
7. I declare that I am a Resident of Los Angeles
8. California. I am over the age of 18 years.
9. My residence address is 441 Bauchet St. Los Angeles
10. CA 90012. On Feb. 27, 2008 I Served the attached
11. Writ of Mandate to the California Supreme Court
12. by placing a true Copy thereof enclosed in a Sealed
13. envelope with postage thereon fully paid, in the
14. United States Mail at Men's County Jail facility
15. addressed as follows; California Supreme Court
16. 300 S. Spring Street, Floor 2, Los Angeles CA 90013-
17. 1233.
18. Executed on Feb. 27, 2008
19.
20.                                         Dennis Rollins
21.                                         Declarant.
22.
23.
24.
25.
26.
27.
28.

16.

1. Dennis Rollins
2. R.K # 9925708
3. Case No. BA 328441
4.
5.                    Proof of Service
6. I declare that I am a Resident of Los Angeles
7. California. I am over the age of 18 years. My residence
8. address is 441 Bauchet St. Los Angeles CA 90012
9. on Feb 27, 2008. I served the attached Writ of
10. Mandate for Reconsideration to the District Attorney
11. and Attorney General by placing a true Copy thereof
12. enclosed in a Sealed envelope with postage thereon
13. fully paid in the United States mail at Men's County
14. Jail facility addressed as follows; 210 west Temple
15. St. District Attorney office C/o Attorney General
16. Los Angeles CA 90012

17.
18. Executed on Feb 27, 2008.

19.
20.
21.                              Dennis Rollins
                                    Declarant
22.
23.
24.
25.
26.
27.
28.

SUPREME COURT
FILED

JAN 1 8 2008

Frederick K. Ohlrich Clerk

_____
                    Deputy

No. S159958

# IN THE SUPREME COURT OF CALIFORNIA

DENNIS ROLLINS, Petitioner,

v.

THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

The above entitled matter is transferred to the Court of Appeal, Second Appellate District, for consideration in light of *Hagan v. Superior Court* (1962) 57 Cal.2d 767. In the event the Court of Appeal determines that this petition is substantially identical to a prior petition, the repetitious petition must be denied.

**GEORGE**

_____
                *Chief Justice*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

COURT OF APPEAL - SECOND DIST.

**F I L E D**

**FEB 14 2008**

JOSEPH A. LANE                    Clerk

E. AMOS                    Deputy Clerk

| | |
|---|---|
| DENNIS ROLLINS, <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, <br><br> Respondent; <br><br> _____ <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Real Party in Interest. | B205127 <br><br> (Super. Ct. No. BA328441) <br><br> (Carol H. Rehm, Jr., Judge) <br><br><br><br> **ORDER** |

THE COURT:

We have read and considered the petition for writ of mandate filed on January 10, 2008.

The petition is denied.


COOPER, P.J.                    FLIER, J.                    EGERTON, J.*

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.

Dennis Rollins
9925708
2500-D-1
441 Bauchet St.
Los Angeles Ca. 90012

United States District Court, Western
Division.
Declaration of Dennis Rollins,
I declare that I am the attorney of record in
Case BA328441. and I declare the following
disabilities; firstly the County jail facility does
not have a Copy machine in which to make the
necessary Copies required by this Court. Please
assist me in making the required Copies, also
Return Copies of the write, and Exhibits with a
filing date Received. These are my originals I
need a Copy for my Record. Furthermore I de-
clare I am presently awaiting for June 19, 2008.
transcript of that proceeding, and will forward
any and all information received to Support my
arguments.
Date: Executed    10-21-08
    I declare under penalty of perjury of the laws
of the State of California, that the Statements
are true and Correct.

Dennis Rollins
declarant

Dennis Rollins
9925708
2500 - D - 1
441 Bauchet St.
Los Angeles CA. 90012

Case no.

I David Bell declare that I am a res-
ident of the County of Los Angeles, over the age
of 18 years, a Citizen of the United States and
not a party to the within action. my address
is 441 Bauchet Street, Los Angeles, California 90012
I served the attached writ of mandate, Fed-
eral habeas Corpus with Exhibits. by placing a
true Copy thereof in a Sealed envelope with
postage fully prepaid in the United States Mail
at Los Angeles California addressed as
follows; United States District Court
Central District of California, Western Division
312 North Spring Street room G-8.
Los Angeles CA. 90012

Executed on; 10-21-08
I David Bell declare under the penalty of
perjury that the foregoing is true and Correct.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive
and Clerk of Court

Tuesday, November 04, 2008

**DENNIS ROLLINS**
**#9925708**
**441 BAUCHET STREET**
**LOS ANGELES, CA  90012**

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
CV08- 7300 RSWL (JWJ)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number                      and also assigned the civil case number

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge _____

[X] Magistrate Judge ____**Jeffrey W. Johnson**_____

at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA  90012

[ ] Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA  92701-4516
(714) 338-4750

[ ] U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

By: ____MDAVIS_____

Deputy Clerk

CV-17  (01/01)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**TERRY NAFISI**
District Court Executive
and Clerk of Court

Tuesday, November 04, 2008

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

DENNIS ROLLINS
#9925708
441 BAUCHET STREET
LOS ANGELES, CA  90012

Dear Sir/Madam:

Your petition has been filed and assigned civil case number        CV08- 7300 RSWL (JWJ)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

[X] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

[X] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

MDAVIS

By: _____

Deputy Clerk