# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROLLINS, | Case No. CV 08-7300-RSWL (JEM) |
| Petitioner, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| SUPERIOR COURT OF LOS ANGELES, | |
| Respondent. | |

This Report and Recommendation is submitted to the Honorable Ronald S. W. Lew, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## **PROCEEDINGS**

On November 4, 2008, Dennis Rollins ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").

On June 10, 2009, the Court dismissed the Petition with leave to amend and ordered Petitioner to file a First Amended Petition ("FAP").  Petitioner filed his FAP on June 26, 2009.

On December 9, 2009, Respondent filed a Motion to Dismiss the FAP on the grounds that all four claims asserted therein are unexhausted. Petitioner did not file an Opposition. The Motion to Dismiss is now ready for decision.

## **BACKGROUND**

On January 27, 2009, in Los Angeles County Superior Court, Petitioner pled guilty to petty theft with a prior (Cal. Penal Code § 666.) Petitioner also admitted that he had been convicted previously of a serious or violent offense (Cal. Penal Code §§ 667(b)-(l), 1170.12(a)-(d)). Petitioner was sentenced to a term of two years eight months in state prison. (Lodged Doc. 1.) He did not file a direct appeal.

On January 10, 2008, about a year before he was convicted of the current offense, Petitioner filed a first petition for writ of mandate in the California Supreme Court (Lodged Doc. 2), which was transferred to the California Court of Appeal on January 18, 2008, with an order to deny the petition if it was found to be "substantially identical to a prior petition." (Lodged Doc. 3.) The petition was denied summarily by the California Court of Appeal on February 14, 2008. (Lodged Doc. 4.)

On January 30, 2008, Petitioner filed a second petition for writ of mandate in the California Supreme Court (Lodged Doc. 5), which was transferred on January 31, 2008, to the California Court of Appeal with an order to consider the petition in conjunction with the first petition. (Lodged Doc. 6.) The second petition also was denied summarily by the California Court of Appeal on February 14, 2008. (Lodged Doc. 7.)

On March 4, 2008, Petitioner filed third and fourth petitions for writ of mandate in the California Supreme Court, which were identical to the two earlier petitions. (Lodged Docs. 8 to 10.) The third and fourth petitions were denied summarily on March 19, 2008. (Lodged Doc. 11.)

On November 4, 2008, about three months before he was convicted of the current offense, Petitioner filed his original Petition in this Court, which was dismissed on June 10, 2009, with leave to amend.

After his conviction and sentencing, on June 23, 2009, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal (Lodged Doc. 12), which was denied summarily on July 2, 2009.  (Lodged Doc. 13.)

Petitioner filed his FAP in this Court on June 26, 2009.

## PETITIONER'S CLAIMS

Ground One:  Petitioner's "[s]ubstantial rights" were violated when the trial court denied his motion for a continuance to allow him to represent himself and prepare an affirmative defense.  (FAP at 5.)

Ground Two:  Petitioner's rights under the Confrontation Clause were violated when the trial court did not allow him to subpoena witnesses on his behalf or cross-examine the police officer who testified against him.  (FAP at 5.)

Ground Three:  Petitioner's "[s]ubstantial rights" were violated when the trial court denied a motion on January 4, 2008, "without consideration of material facts."  (FAP at 6.)

Ground Four:  Petitioner's constitutional rights were violated when the trial court considered a 1993 prior misdemeanor which was "too remote" and was not a prior conviction for the purpose of Cal. Penal Code § 666.  (FAP at 6.)

## DISCUSSION

### I. The Petition Should Be Dismissed for Failure to Exhaust State Remedies

#### A. The Exhaustion Requirement

As a matter of comity, a federal court will not grant habeas relief to a petitioner held in state custody unless he has exhausted the available state judicial remedies on every ground presented in the petition.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518-22 (1982).  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

1    Exhaustion requires that the petitioner's contentions be "fairly presented" to the state
2 courts and disposed of on the merits by the highest court of the state. See James v. Borg,
3 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d
4 225, 228 (9th Cir. 1979).  A claim has not been "fairly presented" unless the prisoner has
5 described in the state court proceedings both the operative facts and the federal legal
6 theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Davis
7 v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 999 (9th
8 Cir. 2005).  "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus
9 must include reference to a specific federal constitutional guarantee, as well as a statement
10 of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63
11 (1996).  Thus, a claim is unexhausted where the petitioner did not fairly present either the
12 factual or the legal basis for the claim to the state's highest court. See Picard v. Conor, 404
13 U.S. 270, 275 (1971).

14    Petitioner has the burden of demonstrating that he has exhausted available state
15 remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972); Werts v.
16 Vaughn, 228 F.3d 178, 192 (3rd Cir. 2000).  For purposes of exhaustion, the petition "must
17 be read in context and understood based on the particular words used." Peterson v.
18 Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc); Davis, 511 F.3d at 1009 (citations
19 and quotations omitted).

20    "The appropriate time to assess whether a prisoner has exhausted his state remedies
21 is when the federal habeas petition is filed, not when it comes on for a hearing in the district
22 court or court of appeals." Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 2000) (quoting
23 Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)).  A petition containing solely
24 unexhausted claims is subject to immediate dismissal. See Jiminez v. Rice, 276 F.3d 478,
25 481 (9th Cir. 2001) (district court obligated to dismiss petition containing no exhausted
26 claims); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court
27 determines that a habeas petition contains only unexhausted claims, . . . it may simply
28 dismiss the habeas petition for failure to exhaust).

**B.     All of Petitioner's Claims Are Unexhausted and the FAP Should Be Dismissed Without Prejudice**

Here, Petitioner filed four petitions for writ of mandate with the California Supreme Court. (Lodged Docs. 2, 5, 8, and 10.) The first two, filed on January 10, 2008, and January 30, 2008 (Lodged Docs. 2 and 5), were transferred to the California Court of Appeal with instructions that they be dismissed if found to be repetitious. (Lodged Docs. 3 and 6.) The California Supreme Court did not consider Petitioner's claims on the merits and, therefore, they were never "fairly presented" for purposes of exhaustion.

Although the first petition, filed January 10, 2008, and the third petition, filed March 4, 2008, raised claims similar to those raised in Grounds Two through Four herein, Petitioner did not mention federal law or the United State Constitution. (See Lodged Docs. 2 and 8.) Instead, Petitioner cited only California law, thus failing to alert the California Supreme Court to the federal nature of his claims. See Gray, 518 U.S. at 162-63; see also Baldwin, 541 U.S. at 32.

The second petition, filed January 30, 2008, and the fourth petition, filed March 4, 2008, did not raise any of the claims raised by Petitioner in the FAP. (See Lodged Docs. 5 and 10.)

Moreover, because all four state petitions were filed before Petitioner was convicted, Petitioner never presented his claims in the context of a convicted criminal defendant challenging a judgment. A pre-conviction or pre-judgment writ of mandate is a disfavored remedy in California, limited only to questions of first impression and general importance, and its denial is discretionary. People v. Medina, 6 Cal.3d 484, 491 (1972) (writs of mandate are "extraordinary" and "prerogative") (disapproved of on other grounds by Kowis v. Howard, 3 Cal.4th 888, 899 (1992)); People v. Allison, 202 Cal. App. 3d 1084, 1086-87 (1988) (because denial of writs of mandate are discretionary, even when denied on the merits, they may be reconsidered on direct appeal); People v. Turner, 78 Cal. App. 4th 1131, 1140 n.16 (2000). Even if Petitioner raised some of the same claims in these pre-conviction petitions, the claims were not "fairly presented" to the California Supreme Court

for exhaustion purposes because they could have been, but were not, considered on the merits on post-conviction direct appellate or habeas review.  Pitchess v. Davis, 421 U.S. 482, 488 (1975) (motion to California Supreme Court for pre-trial writ of prohibition does not exhaust state remedies because not an adjudication on the merits and full post-trial appellate review is available after conviction, citing Medina); Castille v. Peoples, 489 U.S. 345, 351 (1989) (no exhaustion where claim presented to state court is presented in procedural context where merits will not be considered except in special circumstances and merits can be presented in later proceedings, citing Pitchess).

Because Petitioner has failed to exhaust his state remedies as to all four of his claims, the FAP should be dismissed without prejudice to re-filing after those claims have been exhausted.[1]

## II.     The Petition Should Be Dismissed for Failure to Prosecute

On November 4, 2008, the Court issued a Notice of Reference to a United States Magistrate Judge, in which Petitioner was warned:

> The Court must be notified within fifteen (15) days of any address change.  If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

On November 6, 2009, the Court filed and served the parties with an Order granting Respondent's second application for an enlargement of time to file a response to the FAP. The November 6 Order was returned to the Court as undeliverable on December 1, 2009.

---

[1] Although the FAP is dismissed without prejudice to re-filing after the claims asserted therein have been exhausted, the Court admonishes Petitioner that any new petition would be subject to the statute of limitations set forth in 28 U.S.C. § 2244(d).  28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of "a properly filed application for State post-conviction or other collateral review."  However, the limitations period is not tolled while a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 176-78, 181 (2001).  The Court makes no finding as to the timeliness or viability of any future federal habeas petition.

On January 11, 2010, the Court filed and served the parties with an Order granting petitioner an extension of time to file his opposition to the Motion to Dismiss. The January 11 Order was returned to the Court as undeliverable on January 19, 2010.

Central District Local Rule 41-6 provides:

> ***Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.*** A party appearing pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Petitioner was specifically notified of the requirement to keep the Court apprised of his current address. (See Docket 2.) Orders were mailed to Petitioner on November 6, 2009, and January 11, 2010. Both Orders were returned to the Court as undeliverable. More than fifteen (15) days have passed since these documents were served, and Petitioner has failed to notify the Court of his current address in violation of Local Rule 41-6.

Petitioner's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439 (9th Cir. 1988). There, the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute pursuant to a local rule similar to Local Rule 41-6. The Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id. at 1441.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388-89 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir.

2002), cert. denied, 538 U.S. 909, 123 S. Ct. 1481 (2003). A dismissal under Rule 41(b) - other than for lack of jurisdiction, improper venue, or failure to join a party - operates as an adjudication on the merits.

Because dismissal is a harsh penalty, the Court must weigh the following factors when determining whether to dismiss an action for failure to comply with court orders or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Carey, 856 F.2d at 1440; see also Pagtalunan, 291 F.3d at 642; Al-Torki v. Kaempen, 78 F.3d 1381, 1384-85 (9th Cir. 1996); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Having weighed these factors, the Court finds that dismissal of the action without prejudice is warranted.

In the instant case, the first two factors favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). On November 4, 2008, Petitioner was advised that he must keep the Court and all parties apprised of his current address. Petitioner has failed to do so. Petitioner's conduct hinders the Court's ability to move this case toward disposition and indicates that Petitioner does not intend to litigate this action diligently. His failure to comply with the Court's directives have interfered with the public's interest in the expeditious resolution of this litigation.

The third factor, risk of prejudice to the defendant, weighs in favor of dismissal. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92. Here, Petitioner has not offered any excuse for his failure to comply with court orders and keep the Court apprised of his current address. Moreover, in some cases, "'[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'" In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)); see also

Morris v. Morgan Stanley & Co., 942 F.2d 648, 651-52 (9th Cir. 1991).  Because Petitioner has offered no reason for his failure to keep the Court apprised of his current address and has failed to prosecute his case diligently, the "prejudice" element also favors dismissal.

The fourth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal.  In the instant case, however, there is no less drastic sanction available.  The Court warned Petitioner that he must keep the Court apprised of his current address.  Nevertheless, Petitioner has not done so.  "[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).  In these circumstances, there is no less drastic sanction available to the Court.  As in Carey, the Court cannot contact Petitioner to threaten him with some lesser sanction because the Court cannot locate him.  See Carey, 856 F.2d at 1441.

The fifth and final factor requires the Court to consider the public policy favoring disposition of cases on their merits.  "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."  Morris, 942 F.2d at 652.  Here, Petitioner has failed to meet this responsibility.

In light of Petitioner's failure to comply with Local Rule 41-6 and the factors weighing in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted.  See Link, 370 U.S. at 630-31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

///
///
///
///

## **RECOMMENDATION**

**IT, THEREFORE, IS RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action without prejudice.

DATED: February 17, 2010         /s/ John E. McDermott
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE

# PROPOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROLLINS, | Case No. CV 08-7300-RSWL (JEM) |
| Petitioner, | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| SUPERIOR COURT OF LOS ANGELES, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss be granted and that judgment be entered dismissing this action without prejudice.

DATED: _____

_____
RONALD S. W. LEW
UNITED STATES DISTRICT JUDGE

# PROPOSED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROLLINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF LOS ANGELES,<br><br>　　　　Respondent. | Case No. CV 08-7300-RSWL (JEM)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　In accordance with the Report and Recommendation of the United States Magistrate Judge filed concurrently herewith,

　　**IT IS HEREBY ADJUDGED** that this action is dismissed without prejudice.


DATED: _____

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　RONALD S. W. LEW
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE